## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP. | ) Case No. 19-80064-TLS |
| Debtor. | ) |
| Tax I.D. No. 20-3940029 | ) |
| In re: | ) Chapter 11 |
| PAMIDA STORES OPERATING CO., LLC, | ) Case No. 19-80065-TLS |
| Debtor. | ) |
| Tax I.D. No. 20-3606157 | ) |
| In re: | ) Chapter 11 |
| PAMIDA TRANSPORTATION, LLC, | ) Case No. 19-80063-TLS |
| Debtor. | ) |
| Tax I.D. No. 47-0714219 | ) |
| In re: | ) Chapter 11 |
| PENN-DANIELS, LLC, | ) Case No. 19-80066-TLS |
| Debtor. | ) |
| Tax I.D. No. 37-1110040 | ) |
| In re: | ) Chapter 11 |
| PLACE'S ASSOCIATES' EXPANSION, LLC, | ) Case No. 19-80067-TLS |
| Debtor. | ) |
| Tax I.D. No. 43-1827526 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RETAINED R/E SPE, LLC, | ) Case No. 19-80068-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-4936679 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SHOPKO FINANCE, LLC, | ) Case No. 19-80069-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 80-0781152 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SHOPKO GIFT CARD CO., LLC, | ) Case No. 19-80070-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 62-4422161 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SHOPKO HOLDING COMPANY, LLC, | ) Case No. 19-80071-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-3940171 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SHOPKO INSTITUTIONAL CARE SERVICES CO., LLC, | ) Case No. 19-80072-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-1717112 | ) |

2

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SHOPKO OPTICAL MANUFACTURING, LLC, | ) Case No. 19-80073-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-3616346 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SHOPKO PROPERTIES, LLC, | ) Case No. 19- 80074-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 41-1740865 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SHOPKO STORES OPERATING CO., LLC | ) Case No. 19-80075-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-3606109 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SVS TRUCKING, LLC, | ) Case No. 19-80076-TLS |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 41-1400592 | ) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Specialty Retail Shops Holding Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state as follows in support of this motion (this "Motion"):

3

### Relief Requested

1.    The Debtors seek entry of an order:  (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief.  The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Specialty Retail Shops Holding Corp. (the ultimate parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | Case No. 19- 80064-TLS |
| Debtors. | (Jointly Administered) |

2.    The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Specialty Retail Shops Holding Corp. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nebraska directing joint administration for procedural purposes only of the chapter 11 cases of:  Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co.,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The docket in Case No. 19-80064-TLS should be consulted for all matters affecting this case.

4.     The Debtors also seek authority to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees*, issued by the Office of the United States Trustee for the District of Nebraska (the "U.S. Trustee"), on a consolidated basis, but the Debtors shall track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

5.     Finally, the Debtors respectfully request leave to submit a proposed form of order for the Court's consideration granting the relief requested herein.

### Jurisdiction and Venue

6.     The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     The bases for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Rule 9013-1 of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules").

## Background

9.     The Debtors are engaged in the sale of general merchandise including clothing, accessories, electronics, and home furnishings, as well as company operated pharmacy and optical services departments.  The Debtors are headquartered in Green Bay, Wisconsin, and operate approximately 367 stores in 25 states throughout the United States, as well as e-commerce operations.  The Debtors and their non-Debtor subsidiaries generated appoximately $2.6 billion in revenue in fiscal year 2017 and currently employ approximately 14,000 people throughout the United States.

10.     On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b)  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

11.     A description of the Debtors' businesses is more fully set forth in the *Declaration of Russell L. Steinhorst, Chief Executive Officer of Specialty Retail Shops Holding Corp., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

6

## Basis for Relief

12.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The fourteen (14) Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> In all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the trustee or other interested party files an objection to joint administration within 14 days after the meeting of creditors and gives notice of a hearing date on such objection.

Local Bankr. R. 1015-1.

14.     Joint administration is generally non-controversial, and courts in this jurisdiction and others routinely order joint administration in cases with multiple related debtors.  *See, e.g.*, *In re Gordmans Stores, Inc.*, No. 17-80304 (TLS) (Mar. 13, 2017) (granting joint administration); *In re Brodkey Bros.*, No. 13-80203 (TLS) (Bankr. D. Neb. Feb. 5, 2013) (same); *In re Premium Protein Prods., LLC*, No. 09-43291 (TLS) (Bankr. D. Neb. Nov. 27, 2009) (same); *see also In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 14, 2016) (same); *In re Arch Coal,* No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) (same); *In re BCBG Max Azria Global Holdings, LLC*, No. 17-10466 (SCC) Bankr. S.D.N.Y. Mar. 2, 2017) (same).[2]

---

[2]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

15.     Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

16.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

**<u>Notice</u>**

17.     The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Nebraska; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the District of Nebraska; and (j) any party that has requested notice pursuant to

8

Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

18.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: January 16, 2019
  Omaha, Nebraska

/s/ *Michael T. Eversden*

James J. Niemeier (NE Bar No. 18838)
Michael T. Eversden (NE Bar No. 21941)
Lauren R. Goodman (NE Bar No. 24645)
**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:      (402) 341-3070
Facsimile:      (402) 341-0216
Email:          jniemeier@mcgrathnorth.com
                meversden@mcgrathnorth.com
                lgoodman@mcgrathnorth.com

- and -

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Travis M. Bayer (*pro hac vice* pending)
Jamie Netznik (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                patrick.nash@kirkland.com
                travis.bayer@kirkland.com
                jamie.netznik@kirkland.com

- and -

Steven Serajeddini (*pro hac vice* pending)
Daniel Rudewicz (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          steven.serajeddini@kirkland.com
                daniel.rudewicz@kirkland.com

*Proposed Co-Counsel to the Debtors*