## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1]) | Case No. 19-80064 -TLS |
| | ) |
| Debtors. | ) (Joint Administration Requested) |

## DEBTORS' MOTION FOR (I) AUTHORITY
## TO (A) PREPARE A LIST OF CREDITORS IN LIEU OF A
## FORMATTED MAILING MATRIX, (B) FILE A CONSOLIDATED
## LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS,
## (C) REDACT PERSONAL INFORMATION FOR INDIVIDUAL CREDITORS,
## (II) APPROVAL OF THE FORM AND MANNER OF NOTICE OF THE
## COMMENCEMENT OF THESE CHAPTER 11 CASES, AND (III) RELATED RELIEF

Specialty Retail Shops Holding Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1.    The Debtors seek entry of an order authorizing the Debtors to:  (a) prepare a consolidated list of creditors in lieu of submitting separate, formatted mailing matrices for each Debtor (the "Creditor Matrix"); (b) file a consolidated list of the Debtors' 30 largest unsecured creditors; and (c) redact certain personal identification information for individual creditors.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

2.      The Debtors also respectfully request (a) approval of the form and manner of notifying creditors of the commencement of these chapter 11 cases, substantially in the form attached as **Exhibit A** and (b) related relief, as the Court finds appropriate.

3.      Additionally, the Debtors respectfully request leave to submit a proposed order for the Court's consideration to grant the relief requested herein.

## Jurisdiction and Venue

4.      The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a), 342(a), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (d) and 2002(a) and (f), and Rules 9013-1 and 9037-1.C of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules").

## Background

7.      The Debtors are engaged in the sale of general merchandise including clothing, accessories, electronics, and home furnishings, as well as company operated pharmacy and optical services departments.  The Debtors are headquartered in Green Bay, Wisconsin, and operate approximately 367 stores in 25 states throughout the United States, as well as e-commerce operations.  The Debtors and their non-Debtor subsidiaries generated approximately

2

$2.6 billion in revenue in fiscal year 2017 and currently employ approximately 14,000 people throughout the United States.

8.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b)  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

9.      A description of the Debtors' businesses is more fully set forth in the *Declaration of Russell L. Steinhorst, Chief Executive Officer of Specialty Retail Shops Holding Corp., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

### Basis for Relief

10.      Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) (collectively, the "Notice Rules") require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the 30 largest unsecured claims against the debtor.  Bankruptcy Rule 2002(a)(1) also provides that the clerk (or other person directed by the court) must give the debtor, the United States Trustee, all creditors, and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.  Bankruptcy Rule 2002(f)(1) also provides that notice of the order for relief shall be sent by mail to all creditors.

11.     The Debtors submit that permitting them to maintain a single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor is warranted under the circumstances of these chapter 11 cases.  Specifically, maintaining a single consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties-in-interest and reduce the potential for duplicate mailings. Indeed, many of the Debtors' creditors overlap and thus, to the extent that the Debtors are required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice.

12.     There are 14 Debtors in these chapter 11 cases.  As of the Petition Date, the Debtors have borrowed or issued approximately $440 million in aggregate principal amount of funded indebtedness in addition to other obligations arising in the ordinary course of the Debtors' business operations.  The Debtors estimate that there are thousands of potential creditors and parties in interest (on a consolidated basis) in these chapter 11 cases.  As such, requiring the Debtors to comply with the matrix requirements would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error of information already on computer systems maintained by the Debtors or their agents.

13.     Accordingly, the Debtors, working with their proposed notice and claims agent, have prepared a single, consolidated list of the Debtors' creditors in electronic format.  To ensure that no parties-in-interest are prejudiced, the Debtors will make their consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense).  The Debtors therefore submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

14.     Concurrently with the filing of this motion, the Debtors are seeking to retain Prime Clerk LLC ("Prime Clerk"), as their notice and claims agent in these chapter 11 cases.[2] If this application is granted, the proposed notice and claims agent will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database.

15.     Specifically, the Debtors propose that their proposed notice and claims agent undertake all mailings directed by the Court, the United States Trustee for the District of Nebraska (the "U.S. Trustee"), or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached hereto as **Exhibit A** (the "Notice of Commencement"). The Debtors believe that using the proposed notice and claims agent to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, the Debtors' proposed notice and claims agent will assist the Debtors in preparing creditor lists and mailing initial notices.   Accordingly, the Debtors believe maintaining electronic-format lists of creditors rather than preparing and filing separate creditor matrices for each Debtor will not only maximize efficiency and accuracy, but also reduce costs.

16.     Additionally, the Debtors do not believe that members of its customer rewards program hold "claims" as defined in section 101(5) of the Bankruptcy Code, or qualify as

---

[2]    The request to retain the proposed notice and claims agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties-in-interest so long as the costs of the services are paid for out of assets of the estate.   *See* 28 U.S.C. § 156(c); *see also Debtors' Application for Entry of An Order (I) Authorizing the Retention and Appointment of Prime Clerk LLC as Claims, Noticing, and Solicitation Agent, Effective Nunc Pro Tunc to the Petition Date and (II) Granting Related Relief*, filed contemporaneously herewith.

"creditors" under section 101(10) of the Bankruptcy Code, on account of their participation in such program.  Accordingly, the Debtors do not believe that such members are entitled to service on account of such participation, unless otherwise requested in these chapter 11 cases.

I.      **Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.**

17.     As stated above, the Notice Rules require a debtor to file a list containing the name and address of each creditor.  In addition, and as discussed below, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the 30 largest unsecured claims against the debtor.  Further, Bankruptcy Rule 2002(a)(1) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 21-days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code."  *See* Fed. R. Bankr. P. 2002(a)(1).  Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

18.     Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these cases.  Indeed, because the Debtors have many thousands of potential creditors and other parties-in-interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk and recurrence of error with respect to information already on computer systems maintained by the Debtors or their agents.  As such, the Debtors submit that the proposed maintenance of an electronic list of creditors under the auspices of the proposed notice and claims agent is consistent with applicable Local Rules.

19.    The Debtors, working together with the proposed notice and claims agent, already have prepared a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make that list available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the Court's clerk's office.

20.    Courts in this circuit and other jurisdictions routinely grant this type of relief and have approved relief similar to the relief requested in this motion with respect to preparation of a consolidated, electronic list of a debtor's creditors.  *See, e.g.*, *In re Gordmans Stores, Inc.*, No. 17-80304 (TLS) (Bankr. D. Neb. Mar. 14, 2017); *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 15, 2016); *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016); *see also In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y July 16, 2015); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).[3]

## II.    Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors.

21.    Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 30 largest unsecured claims, excluding insiders."  *See* Fed. R. Bankr. P. 1007(d).  Because certain of the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors.

22.    Compiling separate top 30 creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources.  Further, the Debtors believe a

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

single, consolidated list of the Debtors' 30 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.  As such, the Debtors believe that filing a single consolidated list of the 30 largest unsecured creditors in these chapter 11 cases is appropriate.

23.     Courts in this circuit and other jurisdictions routinely grant this type of relief requested in this motion with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates.  *See*, *e.g.*, *In re Gordmans Stores, Inc.*, No. 17-80304 (TLS) (Bankr. D. Neb. Mar. 14, 2017); *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 15, 2016); *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016); *see also In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 15, 2015); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re LightSquared, Inc.*, No. 12-12080 (SCC) (Bankr. S.D.N.Y. May 15, 2012).[4]

## III.     Redaction of Certain Confidential Information.

24.     Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  *See* 11 U.S.C. § 107(c)(1)(A).  The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—from the Creditor Matrix because such information could be

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

used to perpetrate identity theft.  The Debtors propose to provide, under seal, an unredacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

## IV.   Authority to Mail Initial Notices to Creditors.

25.    As stated above, the Debtors request that the proposed notice and claims agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases.  The proposed notice and claims agent's assistance with the mailing and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee.  With such assistance, the Debtors can file a computer-readable consolidated list of creditors and also undertake all necessary mailings.

## V.   Customer Rewards Program Members.

26.    Currently, approximately 3.2 million active customers are enrolled in the Debtors' customer rewards program, the Shopko Rewards℠ Loyalty Program ("the Rewards Program").  However, as stated in the terms and conditions of the Rewards Program, rewards points accumulated through this program do not have any cash or other monetary value, and the Debtors retain all right, title, and interest, including property rights, in such points.  As such, the Rewards Program members do not hold "claims," as defined in section 101(5) of the Bankruptcy Code, or qualify as "creditors" under section 101(10) of the Bankruptcy Code, on account of their participation in the Rewards Program.

27.    Also, section 107(b)(1) of the Bankruptcy Code provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1).  This statute is implemented through Bankruptcy Rule 9018, which provides that the Court may "make

any order which justice requires to," among other things, "protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018(b). Commercial information includes, among other things, information that would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

28.     Accordingly, the Debtors believe this information to be commercially sensitive information and the Debtors do not believe that the Rewards Program members are entitled to service on account of such participation, unless otherwise requested in these chapter 11 cases and respectfully seek an order of the Court confirming that fact out of an abundance of caution.

## Notice

29.     The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Nebraska; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the District of Nebraska; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

30.     No prior request for the relief sought in this motion has been made to this or any other court.

10

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting

the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Dated:  January 16, 2019              /s/ *Michael T. Eversden*
  Omaha, Nebraska                     James J. Niemeier (NE Bar No. 18838)
                                      Michael T. Eversden (NE Bar No. 21941)
                                      Lauren R. Goodman (NE Bar No. 24645)
                                      **MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**
                                      First National Tower, Suite 3700
                                      1601 Dodge Street
                                      Omaha, Nebraska 68102
                                      Telephone:      (402) 341-3070
                                      Facsimile:      (402) 341-0216
                                      Email:          jniemeier@mcgrathnorth.com
                                                      meversden@mcgrathnorth.com
                                                      lgoodman@mcgrathnorth.com

                                      - and -

                                      James H.M. Sprayregen, P.C.
                                      Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
                                      Travis M. Bayer (*pro hac vice* pending)
                                      Jamie Netznik (*pro hac vice* pending)
                                      **KIRKLAND & ELLIS LLP**
                                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                      300 North LaSalle
                                      Chicago, Illinois 60654
                                      Telephone:      (312) 862-2000
                                      Facsimile:      (312) 862-2200
                                      Email:          james.sprayregen@kirkland.com
                                                      patrick.nash@kirkland.com
                                                      travis.bayer@kirkland.com
                                                      jamie.netznik@kirkland.com

                                      - and -

                                      Steven Serajeddini (*pro hac vice* pending)
                                      Daniel Rudewicz (*pro hac vice* pending)
                                      **KIRKLAND & ELLIS LLP**
                                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                      601 Lexington Avenue
                                      New York, New York 10022
                                      Telephone:      (212) 446-4800
                                      Facsimile:      (212) 446-4900
                                      Email:          steven.serajeddini@kirkland.com
                                                      daniel.rudewicz@kirkland.com

                                      *Proposed Co-Counsel to the Debtors*

## **Exhibit A**

**Notice of Commencement**

**Information to identify the case:**

Debtor: **Specialty Retail Shops Holding Corp.**, *et al.*                    EIN: 20-3940029

**United States Bankruptcy Court District of Nebraska**

Case Number: 19 - [____] ([__])                    Date case filed for chapter 11: January 16, 2019

**Official Form 309F (For Corporations or Partnerships)**

**Notice of Chapter 11 Bankruptcy Case**                    12/15

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.  Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov) or at the website maintained by the Debtor's noticing and claims agent, Prime Clerk LLC, at https://cases.primeclerk.com/shopko.

**The staff of the bankruptcy clerk's office cannot give legal advice.  Do not file this notice with any proof of claim or other filing in the case.**

1.  **Debtor's full name:** Specialty Retail Shops Holding Corp.

**Jointly Administered Cases**

| DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|
| Specialty Retail Shops Holding Corp. | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 20-3940029 |
| Pamida Stores Operating Co., LLC | 8800 F Street, Omaha, Nebraska 68127 | 19-[____] | 20-3606157 |
| Pamida Transportation, LLC | 8800 F Street, Omaha, Nebraska 68127 | 19-[____] | 47-0714219 |
| Penn-Daniels, LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 37-1110040 |
| Place's Associates' Expansion, LLC | 8800 F Street, Omaha, Nebraska 68127 | 19-[____] | 43-1827526 |
| Retained R/E SPE, LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 20-4936679 |
| Shopko Finance, LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 80-0781152 |
| Shopko Gift Card Co., LLC | 4161 Second Street South, St. Cloud, Minnesota, 56301 | 19-[____] | 82-4422161 |
| ShopKo Holding Company, LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 20-3940171 |
| ShopKo Institutional Care Services Co., LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 27-1717112 |
| ShopKo Optical Manufacturing, LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 20-3616346 |

| DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|
| ShopKo Properties, LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 41-1740865 |
| ShopKo Stores Operating Co., LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 20-3606109 |
| SVS Trucking, LLC | 700 Pilgrim Way, Green Bay, Wisconsin, 54304 | 19-[____] | 41-1400592 |

2.  **All other names used in the last 8 years:** N/A


3.  **Address:** 700 Pilgrim Way, Green Bay, Wisconsin, 54304
4.  **Debtors' Proposed Counsel**

Steven Serajeddini (*pro hac vice* admission pending)
Daniel Rudewicz (*pro hac vice* admission pending)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          steven.serajeddini@kirkland.com
                 daniel.rudewicz k@kirkland.com

- and –

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Travis Bayer (*pro hac vice* admission pending)
Jamie Netznik (*pro hac vice* admission pending)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          james.sprayregen@kirkland.com
                 patrick.nash@kirkland.com
                 travis.bayer@kirkland.com
                 jamie.netznik@kirkland.com

James Niemeier (NE Bar No. 18838)
Michael T. Eversden (NE Bar No. 21941)
Lauren R. Goodman (NE Bar No. 24645)
McGrath North Mullin & Kratz, P.C. LLO,
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:     (402) 341-3700
Facsimile:     (402) 341-0216
Email:          jniemeier@mcgrathnorth.com
                 meversden@mcgrathnorth.com
                 lgoodman@mcgrathnorth.com

5.  **Bankruptcy clerk's office**

Documents in this case may be filed at this address.

You may inspect all records filed in this case at this office or online at www.pacer.gov.

**Address of the Bankruptcy Clerk's Office:**
**Roman L. Hruska, United States Courthouse**
**111 South 18th Plaza, Suite 1125**
**Omaha, NE  68102**

**Hours open:**
**Monday − Friday**
**8:00 AM − 4:30 PM**
**Contact phone  402−661−7444**

6.  **Meeting of creditors**

The debtor's representative must attend the meeting to be questioned under oath.

Creditors may attend, but are not required to do so.

**Time and Date To be Determined**

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

**Location:**
**To Be Determined**

7.    **Proof of claim deadline**

        **Deadline for filing proof of claim: Not yet set. If a deadline is set, notice will be sent at a later time.**

        A proof of claim is a signed statement describing a creditor's claim. A proof of claim form is attached and may be obtained at www.neb.uscourts.gov or any bankruptcy clerk's office

        Your claim will be allowed in the amount scheduled unless:
- Your claim is designated as *disputed*, *contingent* or *unliquidated*;
- You file a proof of claim in a different amount; or
- You receive another notice

        If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

        You may review the schedules at the bankruptcy clerk's office or online at www.neb.uscourts.gov

        Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

8.    **Exception to discharge deadline**

        The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

        You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).

        **Deadline for filing the complaint: To be Determined**

9.    **Creditors with a foreign address**

        If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

10.    **Filing a Chapter 11 bankruptcy case**

        Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

11.    **Discharge of debts**

        Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.