# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | )   Case No. 19- 80064-TLS |
| | ) |
| Debtors. | )   (Joint Administration Requested) |
| | ) |

## DEBTORS' MOTION FOR (I) APPROVAL OF NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND (II) RELATED RELIEF

Specialty Retail Shops Holding Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1. By this motion, the Debtors respectfully seek authority to: (a) approve certain notification and hearing procedures, substantially in the form of **Exhibit A** attached hereto (the "Procedures"), related to certain transfers of and declarations of worthlessness with respect to, Debtor Specialty Retail Shops Holding Corp.'s existing common stock or any Beneficial Ownership[2] therein (any such record or Beneficial Ownership of common stock, the "Common

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); ShopKo Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder and includes direct, indirect, and constructive ownership (e.g., (a) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (b) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (c) an individual and such individual's family members may be treated as one individual, (d) persons and entities

Stock"); (b) direct that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void *ab initio*; and (c) obtain related relief, as the Court finds appropriate.

2.      Additionally, the Debtors respectfully request leave to submit a proposed order for the Court's consideration to grant the relief requested herein.

### Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 362 and 541 of the Bankruptcy Code, Bankruptcy Rules 3002 and 9014, and Rule 9013-1.C of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules").

---

acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (e) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

## Background

6.      The Debtors are engaged in the sale of general merchandise including clothing, accessories, electronics, and home furnishings, as well as company operated pharmacy and optical services departments.  The Debtors are headquartered in Green Bay, Wisconsin, and operate approximately 367 stores in 25 states throughout the United States, as well as e-commerce operations.  The Debtors and their non-Debtor subsidiaries generated approximately $2.6 billion in revenue in fiscal year 2017 and currently employ approximately 14,000 people throughout the United States.

7.      On the date hereof, (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b)  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

8.      A description of the Debtors' businesses is more fully set forth in the Declaration of Russell L. Steinhorst, Chief Executive Officer of Specialty Retail Shops Holding Corp., in Support of Chapter 11 Petitions and First Day Motions (the "First Day Declaration"), filed contemporaneously herewith.

## The Tax Attributes

9.      Generally, a company generates net operating losses ("NOLs," and together with certain other tax attributes, "Tax Attributes") if the expenses and deductions it has incurred exceed its income during a single tax year.  A company may apply, or "carry forward," NOLs to

reduce future tax payments in a tax year or years up to 20 years after the year in which the NOLs

were generated for federal tax purposes (subject to certain conditions as discussed below) in the

case of NOLs arising in tax years beginning before January 1, 2018, and indefinitely for NOLs

arising in taxable years starting in or after 2018.  26 U.S.C. §§ 39, 172.

10.    As of January 31, 2018, the Debtors estimate they had approximately $241.2

million of federal NOLs, and additional NOLs have been generated in 2018.  The balance of

these NOLs and Tax Attributes provide the potential for material future tax savings or other tax

structuring possibilities in these chapter 11 cases.   The NOLs and Tax Attributes are of

significant value to the Debtors and their estates because the Debtors may be able to carry

forward such Tax Attributes to offset future taxable income (for up to 20 years in the case of

NOLs arising in tax years beginning before January 1, 2018 and indefinitely for NOLs arising in

taxable years starting in or after 2018), thereby reducing their future aggregate tax obligations.

In addition, the Debtors may utilize such Tax Attributes to offset any taxable income generated

by transactions consummated during these chapter 11 cases.  The value of the Tax Attributes will

inure to the benefit of all of the Debtors' stakeholders.

## I.    An "Ownership Change" May Negatively Affect the Debtors' Utilization of the Tax Attributes.

11.    Sections 382 and 383 of the IRC limit the amount of taxable income that can be

offset by a corporation's NOLs and certain other Tax Attributes in taxable years (or a portion

thereof) following an "ownership change."  26 U.S.C. § 382.  Generally, an "ownership change"

occurs if the percentage (by value) of the stock of a corporation owned by one or more direct or

indirect five-percent shareholders has increased by more than 50 percentage points over the

lowest percentage of stock owned by such shareholders at any time during the three-year testing

4

period ending on the date of the ownership change or, if shorter, since the last ownership change.

For example, an ownership change would occur in the following situation:

> An individual ("A") owns 50.1 percent of the stock of corporation XYZ.  A sells her 50.1 percent interest to another individual ("B"), who owns 5 percent of XYZ's stock.  Under section 382, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5 percent to 55.1 percent) during the testing period.  The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a 5-percent shareholder and increases his ownership by more than 50 percentage points during the testing period.

12.    An "ownership change" can also occur as a result of a "worthless stock deduction" claimed by any "50-percent shareholder."  A 50-percent shareholder is any person that owned 50 percent or more of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" in which the worthless stock deduction is claimed.  26 U.S.C. § 382(g)(4)(D).  If the 50-percent shareholder still owns the corporation's stock at the end of the year, section 382 of the IRC essentially treats the person as newly-purchasing the stock on the first day of the next taxable year.  For example, if a person with 50.1% of a corporation's stock claims a worthless stock deduction with respect to the 2018 tax year but does not sell such stock, that person is treated (a) as not having owned the stock at the end of 2018 and (b) as having purchased the stock on the first day of the 2019 tax year.  That deemed purchase would cause an ownership change, because the shareholder would be deemed to have a 50.1 percentage point increase in its stock ownership.  Notably, while the seminal case of *Prudential Lines* is generally relied upon to support equity trading motions in general, the specific issue in *Prudential Lines* was, in fact, a worthless stock deduction.  928 F.2d 565 (2d Cir. 1991).

13.    If an ownership change occurs, section 382 of the IRC limits the amount of a corporation's future income that may be offset by its "pre-change losses" to an annual amount equal to the fair market value of all of the stock of the corporation prior to the ownership change

multiplied by the long-term tax exempt rate (currently, approximately 2.51 percent for an ownership change occurring in January 2019).  *See* I.R.C. § 382(b).  Pre-change losses include the Debtors' federal NOLs, certain other Tax Attributes, and any net unrealized built-in loss (as defined in section 382(h)(3) of the IRC).  A net unrealized built-in loss is equal to the excess of the aggregate adjusted basis of all of a corporation's assets over their fair market value immediately prior to the ownership change.  IRC § 382(h)(1)(B).  Built in losses subject to limitation include, among other things, certain tax losses resulting from the disposition of assets.  Once an NOL or other Tax Attribute is limited under section 382 of the IRC, its use is limited forever.  Thus, certain transfers of Common Stock affected before the effective date of the Debtors' emergence from chapter 11 protection may trigger an "ownership change" for IRC purposes, severely endangering the Debtors' ability to utilize the Tax Attributes, and causing substantial damage to the Debtors' estates.  Likewise, if a 50-percent or greater shareholder of the Debtors were, for federal or state tax purposes, to treat its Common Stock as having become worthless prior to the Debtors emergence from chapter 11 protection, such a claim could trigger an ownership change under section 382(g)(4)(D) of the IRC, thus inhibiting the Debtors' ability to use the NOLs.

14.    Notably, the Debtors have limited the relief requested herein to the extent necessary to preserve estate value.  Specifically, the relief sought herein will affect only (a) holders of the equivalent of more than 45,000 shares of Common Stock[3] (i.e., 4.5 percent or more of outstanding Common Stock), and also parties who are interested in purchasing sufficient Common Stock to result in such party becoming a holder of 4.5 percent or more of outstanding

---

[3]    Based on approximately 1,000,000 shares of Common Stock outstanding as of the Petition Date.

Common Stock, and (b) any "50-percent shareholder" seeking to claim a worthless stock deduction (as defined below).

15.    To maximize the use of the Tax Attributes and enhance recoveries for the Debtors' stakeholders, the Debtors seek limited relief that will enable them to closely monitor certain transfers of Common Stock and certain worthless stock deductions with respect to Common Stock, as to be in a position to act expeditiously to prevent such transfers or worthlessness deductions, if necessary, with the purpose of preserving the Tax Attributes.  By establishing and implementing such Procedures, the Debtors will be in a position to object to "ownership changes" that threaten their ability to preserve the value of their NOLs for the benefit of the estates.

**B.**    **Proposed Procedures for Transfers of or Declarations of Worthlessness With Respect to Common Stock.**

16.    The Procedures are the mechanism by which the Debtors propose that they will monitor, and if necessary, object to certain transfers of Common Stock and declarations of worthlessness with respect to Common Stock to ensure preservation of the Tax Attributes.  The Procedures, which are fully set forth in **Exhibit A** attached hereto, are summarized below.[4]

*Procedures for Transfers of Common Stock*

    a.    The Debtors will serve notice of an order granting this motion and the Procedures upon all parties-in-interest, including all registered holders of Common Stock, no later than two business days after entry of such order.[5]

---

[4]    Capitalized terms used in this section but not otherwise defined herein have the meanings ascribed to them in the Procedures.  To the extent that this summary and the terms of the Procedures are inconsistent, the terms of the Procedures control.

[5]    The notice provisions in the Procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the relevant counterparties with notice and an opportunity to object and attend a hearing.  *See, e.g.*, *In re Atamian*, 368 B.R. 375, 378 (Bankr. D. Del. 2007) ("Rule 9014 does not require a hearing, only an opportunity for a hearing." (citation omitted)), *aff'd*, No. 05-20040 (MFW), 2008 WL 853462 (D. Del. Mar. 31, 2008), 300 F. App'x 175 (3d Cir. 2008); *Flynn v. Eley (In re Colo. Mountain Cellars, Inc.)*, 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014).

b.    Any person or entity that has direct or indirect Beneficial Ownership of 4.5 percent or more of Common Stock must file with the Court and serve upon the Notice Parties a Declaration of Status as a Substantial Shareholder, substantially in the form annexed to the Procedures as **Exhibit A-1** on or before the later of (i) 30 calendar days after the date of the Notice of Order, and (ii) 10 calendar days after becoming a Substantial Shareholder.

c.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would (i) affect the size of a Substantial Shareholder's Beneficial Ownership, or (ii) would result in another entity becoming or ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court and serve upon the Notice Parties, as applicable, a Declaration of Intent to Accumulate Common Stock, substantially in the form annexed to the Procedures as **Exhibit A-2**, or a Declaration of Intent to Transfer Common Stock, substantially in the form annexed to the Procedures as **Exhibit A-3**.

i.    The Debtors shall have 30 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve upon such person or entity an objection to the proposed transaction on the grounds that such claim might adversely affect the Debtors' ability to utilize the NOLs.

ii.    If the Debtors timely object, the proposed transaction will remain ineffective pending a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

iii.    If the Debtors do not object, the proposed transaction may proceed solely as described in the Declaration of Proposed Transfer.

***Procedures for Declarations of Worthlessness of Common Stock***

a.    Any person or entity that currently is or becomes a 50-Percent Shareholder[6] must file with the Court and serve upon proposed counsel to the Debtors a Declaration of Status as a 50-Percent Shareholder, substantially in the form annexed to the Procedures as **Exhibit A-4**, on or before the later of (i) 30 calendar days after the date of the Notice of Order, and (ii) 10 calendar days after becoming a 50-Percent Shareholder.

---

[6]    For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015, has owned 50 percent or more of the Common Stock of the Debtors (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

b.      Prior to filing any federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Common Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon proposed counsel to the Debtors a Declaration of Intent to Claim a Worthless Stock Deduction, substantially in the form annexed to the Procedures as **Exhibit A-5**.

        i.      The Debtors will have 30 calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their NOLs.

        ii.      If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

        iii.      If the Debtors do not object within such 30-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

### Basis for Relief

17.    Section 541 of the Bankruptcy Code provides that property of the estate comprises, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The Tax Attributes are property of the Debtors' estates.  *See In re Prudential Lines, Inc.*, 107 B.R. 832, 839 (Bankr. S.D.N.Y. 1989) ("[D]ebtor's potential ability to utilize NOLs is property of an estate."), *aff'd*, 119 B.R. 430 (S.D.N.Y. 1990), *aff'd*, 928 F.2d 565 (2d Cir. 1991), *cert. denied*, 502 U.S. 821 (1991); *see also*

*In re Forman Enters., Inc.*, 273 B.R. 408, 416 (Bankr. W.D. Pa. 2002) (holding that NOLs are property of the debtors' estates); *In re Delta Air Lines, Inc.*, No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (same); *In re White Metal Rolling & Stamping Corp.*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) (same).  Moreover, section 362(a)(3) of the Bankruptcy Code stays "any act [of a person or entity] to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."    11 U.S.C. §  362(a)(3). Accordingly, any act of a holder of a debtor's equity securities that causes the termination or limits use of the NOLs violates the automatic stay.  *In re Grossman's, Inc.*, No. 97-695 (PJW), 1997 WL 33446314, at *1 (Bankr. D. Del. Oct. 9, 1997) (holding that the debtors' NOLs were property of the debtors' estates and protected by the automatic stay); *In re Phar-Mor, Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) ("[T]he sale of stock is prohibited by § 362(a)(3) as an exercise of control over the NOL, which is property of the estate.").

18.    Implementation of the Procedures is necessary and appropriate to enforce the automatic stay and, critically, to preserve the value of the Tax Attributes for the benefit of the Debtors' estates.   Under section 382 of the IRC, certain transfers of or declarations of worthlessness with respect to Common Stock prior to the consummation of a chapter 11 plan could cause the termination or limit the use of the Tax Attributes.  As stated above, the Debtors believe they had approximately $241.2 million of federal NOLs as of January 31, 2018 and the Debtors have generated additional NOLs in 2018.  The Tax Attributes translate to the potential for material future tax savings or other potential tax structuring opportunities in these chapter 11 cases.  The termination or limitation of the Tax Attributes could be materially detrimental to all parties-in-interest.    Thus, granting the relief requested herein will preserve the Debtors' flexibility in operating their businesses during the pendency of these chapter 11 cases and also

implementing an exit plan that makes full and efficient use of the Tax Attributes, maximizing the value of their estates.

19.    Additionally, the Procedures do not bar all transfers of Common Stock.  The Debtors seek to establish the procedures only to monitor those types of transactions that would pose a serious risk under the ownership change test pursuant to section 382 of the IRC, and to preserve the Debtors' ability to seek substantive relief if it appears that a proposed transfer or declaration of worthlessness could jeopardize the Debtors' utilization of the Tax Attributes. Because of the Tax Attributes' importance to the Debtors' restructuring, and consequently all parties-in-interest, the benefits of implementing the Procedures outweigh subjecting a limited number of transfers to the Procedures.

20.    Courts in this Circuit and others have routinely restricted transfers of equity interests and declarations of worthlessness with respect to a debtor's stock, or instituted notice procedures regarding proposed transfers and declarations of worthlessness, to protect a debtor against the possible loss of its tax attributes.  *See, e.g.*, *In re Gordman's Stores, Inc.*, Case No. 17-80304 (TLS)(Bankr. D. Neb. March 14, 2017)(final order entered after first hearing on motion establishing notification and hearing procedures related to certain stock transfers and declarations of worthlessness); *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. May 17, 2016); *In re Arch Coal,* No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 14, 2016); *In re Noranda Aluminum, Inc.,* No. 16-10083 (BSS) (Bankr. E.D. Mo. Mar. 15, 2016); *see also In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016) (final order entered at first day hearing establishing notification and hearing procedures related to certain stock transfers and declarations of worthlessness); *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. July 15, 2016) (final order entered after first hearing on motion establishing

11

notification and hearing procedures related to certain stock transfers and declarations of worthlessness); *In re Ultra Petrol. Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. June 13, 2016) (final order entered establishing notification and hearing procedures related to certain stock transfers and declarations of worthlessness); *In re SandRidge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (final order entered after first day hearing establishing notification and hearing procedures related to certain stock transfers); *In re Midstates Petrol. Co., Inc.*, No. 16-32237 (DRJ) (Bankr. S.D. Tex. May 2, 2016) (final order entered at first day hearing establishing notification and hearing procedures related to certain stock transfers and declarations of worthlessness).[7]

21.    Accordingly, the Debtors respectfully request that the Court approve the Procedures to protect the Debtors against the possible loss of the Tax Attributes.

### Bankruptcy Rule 6003 Does Not Apply to the Relief Requested Herein

22.    Under Bankruptcy Rule 6003, the Court may grant relief regarding a motion to use, sell, or lease property of the estate within 21 days after the Petition Date if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Debtors respectfully submit that Bankruptcy Rule 6003 does not apply to this Motion because the Debtors are not seeking to use, sell, or lease property of the estate. *See* Fed. R. Bankr. P. 6003 advisory comm.'s note to 2011 amend. ("[T]he rule does not prohibit the court from entering orders in the first 21 days of the case that *may relate* to the motions and applications set out in (a), (b), and (c); it is only prohibited from granting the relief requested by those motions or applications." (emphasis added)).

---

[7]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

23.     Even if Bankruptcy Rule 6003 applied to this Motion, however, the "immediate and irreparable harm" standard is satisfied.  As discussed herein, the Tax Attributes are a key asset of the Debtors' estates and essential to the Debtors' restructuring.  Additionally, once a Tax Attribute is limited under section 382 of the IRC, its use is limited forever.  The loss of the NOLs would therefore cause immediate and irreparable harm to the Debtors' estates.  Moreover, the relief requested herein is necessary on an immediate basis because absent such relief, any of the holders of Common Stock could transfer or take a worthless stock deduction with respect to such Common Stock at any time.  The relief requested herein seeks to prevent certain of these actions that could cause the Debtors' estates this irreparable harm.  Accordingly, to the extent that Bankruptcy Rule 6003 applies to the relief requested herein, it does not require the Court to wait 21 days before granting the requested relief.

**<u>Reservation of Rights</u>**

24.     Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim, (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any payment made pursuant to the Court's order

13

is not intended and should not be construed as an admission as to the validity of any particular

claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

25.    To implement the foregoing successfully, the Debtors seek a waiver of the notice

requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use,

sale, or lease of property under Bankruptcy Rule 6004(h).

## Notice

26.    The Debtors have provided notice of this Motion to the following parties or their

respective counsel: (a) the office of the U.S. Trustee for the District of Nebraska; (b) the holders

of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents

under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP

Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue

Service; (g) the United States Securities and Exchange Commission; (h) the office of the

attorneys general for the states in which the Debtors operate; (i) the United States Attorney's

Office for the District of Nebraska; and (j) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no

other or further notice need be given.

## No Prior Request

27.    No prior request for the relief sought in this motion has been made to this or any

other court.

*[Remainder of page intentionally left blank]*

14

WHEREFORE, the Debtors respectfully request:   (1) that the Court enter an order approving the relief sought herein; and (2) leave to submit a proposed order for the Court's consideration granting such relief.

| | |
|---|---|
| Dated:  January 16, 2019<br>  Omaha, Nebraska | /s/ Michael T. Eversden |

James J. Niemeier (NE Bar No. 18838)
Michael T. Eversden (NE Bar No. 21941)
Lauren R. Goodman (NE Bar No. 24645)
**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:     (402) 341-3070
Facsimile:     (402) 341-0216
Email:           jniemeier@mcgrathnorth.com
                     meversden@mcgrathnorth.com
                     lgoodman@mcgrathnorth.com

- and -

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Travis M. Bayer (*pro hac vice* pending)
Jamie Netznik (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:           james.sprayregen@kirkland.com
                     patrick.nash@kirkland.com

                     travis.bayer@kirkland.com
                     jamie.netznik@kirkland.com

- and -

Steven Serajeddini (*pro hac vice* pending)
Daniel Rudewicz (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:           steven.serajeddini@kirkland.com
                     daniel.rudewicz@kirkland.com
*Proposed Co-Counsel to the Debtors*

**<u>Exhibit A</u>**

**Procedures for Transfers of and Declarations of
Worthlessness With Respect to Common Stock**

## Procedures for Transfers of and Declarations of
## Worthlessness with Respect to Common Stock

The following procedures apply to transfers of Common Stock:[1]

a.   Any entity (as defined in section 101(15) of the Bankruptcy Code) that currently is or becomes a Substantial Shareholder must file with the Court, and serve upon:  (i) the Debtors, Specialty Retail Shops Holding Corp., 700 Pilgrim Way, Green Bay, Wisconsin, 54304, Attn: Russell L. Steinhorst, Chief Operating Officer; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., and Jamie Netznik, Esq.; Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven Serajeddini, Esq. (iii) proposed co-counsel to the Debtors, McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha, Nebraska 68102, Attn: James Niemeier, Esq.; (iv) the Office of the United States Trustee for the District of Nebraska, 111 South 18th Plaza, # 1125 Omaha, Nebraska 68102, Attn: Jerry Jensen, Esq.; (v) counsel to Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn: Chad Simon, Esq.; and (vi) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of **Exhibit A-1** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (1) 30 calendar days after the date of the Notice of Order (as defined below), and (2) 10 calendar days after becoming a Substantial Shareholder.

b.   Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would (i) result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership, or (ii) result in an entity or individual becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court and serve upon the Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit A-2** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' Motion for (I) Approval of Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Related Relief.*

c.   Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would (i) result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership, or (ii) result in an entity or individual ceasing to be a Substantial Shareholder (as to either Common Stock), such Substantial Shareholder must file with the Court and serve upon the Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit A-3** attached to these Procedures (each, a "<u>Declaration of Intent to Transfer Common Stock</u>," and together with a Declaration of Intent to Accumulate Common Stock, a "<u>Declaration of Proposed Transfer</u>").

d.   The Debtors shall have 30 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize the NOLs.  If the Debtors file an objection, such transaction will remain ineffective unless the Debtors withdraw such objection or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 30-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide 5 business days' notice of that decision to counsel to counsel to any statutory committee(s) appointed in the Debtors' chapter 11 cases.  Further transactions within the scope of this paragraph are the subject of additional notices in accordance with these Procedures, with an additional 30-day waiting period for each Declaration of Proposed Transfer.

e.   For purposes of these Procedures: (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least [45,000] shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock);[2] (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "<u>Option</u>" to acquire stock includes

---

[2]   Based on approximately 1,000,000 shares of Common Stock outstanding as of the Petition Date.

2

any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

The following procedures apply to declarations of worthlessness of Common Stock:

a.  Any person or entity that currently is or becomes a 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form of **Exhibit A-4** attached to these Procedures (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) 30 calendar days after the date of the Notice of Order, and (ii) 10 calendar days after becoming a 50-Percent Shareholder.

b.  Prior to filing any federal or state tax return or any amendment to such a return that claims any deduction for worthlessness of Common Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties an advance written declaration substantially in the form of **Exhibit A-5** attached to these Procedures (each, a "Declaration of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

c.  The Debtors will have 30 calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize the NOLs. If the Debtors file an objection, the filing of the return or amendment with such claim remains ineffective pending a final ruling on the objection (and thereafter in accordance with the ruling and applicable appellate rules and procedures), and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction. If the Debtors do not object within such 30-day period, the filing of the return or amendment with such claim will be permitted as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide 5 business days' notice of that decision to counsel to any statutory committee(s) appointed in the Debtors' chapter 11 cases. Additional returns or amendments within the scope of this paragraph are the subject of additional notices in accordance with these Procedures as set forth herein, with an additional 30-day waiting period for each Declaration of Intent to Claim a Worthless Stock Deduction.

d.      For purposes of these procedures a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015 has owned 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

### Notice Procedures

The following notice procedures apply to these Procedures:

a.      No later than two business days following entry of an order approving these Procedures, the Debtors shall serve by overnight mail, postage prepaid, a notice substantially in the form of **Exhibit A-6** attached to these Procedures (the "Notice of Order"), on: (a) the Office of the United States Trustee for the District of Nebraska; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the state attorneys general for states in which the Debtors conduct business; (d) the Nebraska Department of Revenue; (e) the Office of the United States Attorney for the District of Nebraska; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) counsel to Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn: Chad Simon, Esq.; (i) the registered and nominee holders of the common stock; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

b.      All registered holders of Common Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

c.      Any entity, broker, or agent acting on such entity's or individual's behalf that sells in excess of 45,000 shares of Common Stock[3] (i.e., approximately 4.5 percent of all issued and outstanding shares of Common Stock) to another entity shall be required to serve a copy of the Notice of Order on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

d.      As soon as is practicable following entry of an order granting these Procedures, the Debtors shall submit a copy of the Notice of Order (modified for publication) for publication in *The Omaha World-Herald*.

e.      To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors *shall not* be in redacted form.  The Debtors shall keep all

---

[3]      Based on approximately 1,000,000 shares of Common Stock outstanding as of the Petition Date.

4

information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person or entity, subject to further Court order.

[*Remainder of page intentionally left blank*]

**<u>Exhibit A-1</u>**

**Declaration of Status as a Substantial Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) | Case No. 19-[____] (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial

Shareholder with respect to the common stock of Specialty Retail Shops Holding Corp. or of any

Beneficial Ownership therein (the "Common Stock"). Specialty Retail Shops Holding Corp. is a

debtor and debtor in possession in Case No. 19-[____] (___) pending in the United States

Bankruptcy Court for the District of Nebraska.

**PLEASE TAKE FURTHER NOTICE** that as of _____ , 2019, the undersigned

party currently has Beneficial Ownership of _____ shares of Common Stock. The

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] For purposes of this declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership (as defined below) of at least 45,000 shares of Common Stock (representing approximately 4.5 percent of 1,000,000 shares of Common Stock outstanding as of the Petition Date); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

following table sets forth the date(s) on which the undersigned party acquired Beneficial

Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

*(Attach additional page(s) if necessary)*

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order Granting
(I) Approval of Notification and Hearing Procedures for Certain Transfers of and Declarations
of Worthlessness with Respect to Common Stock and (II) Related Relief* [Docket No. __]
(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon:
(1) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois
60654, Attn: Patrick J. Nash, Jr., P.C., and Jamie Netznik, Esq.; Kirkland & Ellis LLP, 601
Lexington Avenue, New York, New York 10022, Attn: Steven Serajeddini, Esq.; (2) proposed
co-counsel to the Debtors, McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha,
Nebraska 68102, Attn: James Niemeier, Esq., proposed co-counsel to the Debtors; (3) counsel to
Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn:
Chad Simon, Esq.; and (4) counsel to any statutory committee(s) appointed in the Debtors'
chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

3

**<u>Exhibit A-2</u>**

**Declaration of Intent to Accumulate Common Stock**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) | Case No. 19-[____] (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of common stock of Specialty Retail Shops Holding Corp. or of any Beneficial Ownership therein (the "Common Stock").  Specialty Retail Shops Holding Corp. is a debtor and debtor in possession in Case No. 19-[____] (___) pending in the United States Bankruptcy Court for the District of Nebraska (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2]  For purposes of this declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership (as defined below) of at least 45,000 shares of Common Stock (representing approximately 4.5 percent of 1,000,000 shares of Common Stock outstanding as of the Petition Date); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that if applicable, on _____, 2019, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order Granting (I) Approval of Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon: (1) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., and Jamie Netznik, Esq.; Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven Serajeddini, Esq.; (2) proposed co-counsel to the Debtors, McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha, Nebraska 68102, Attn: James Niemeier, Esq.; (3) counsel to Wells Fargo Bank, N.A., Otterbourg

P.C., 230 Park Avenue, New York, New York 10169, Attn: Chad Simon, Esq.; and (4) counsel to any statutory committee(s) appointed in the Debtors' chapter 11 cases..

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 30 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or the Court approves such transaction by a final and non-appealable order.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court and served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

## Exhibit A-3

**Declaration of Intent to Transfer Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) | Case No. 19-[_____] (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of common stock of Specialty Retail Shops Holding Corp. or of any Beneficial Ownership therein (the "Common Stock"). Specialty Retail Shops Holding Corp. is a debtor and debtor in possession in Case No. 19-[_____] (___) pending in the United States Bankruptcy Court for the District of Nebraska (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] For purposes of this declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership (as defined below) of at least 45,000 shares of Common Stock (representing approximately 4.5 percent of 1,000,000 shares of Common Stock outstanding as of the Petition Date); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that if applicable, on _____, 2019, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that pursuant the *Order Granting (I) Approval of Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Related Relief* [Docket No. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon: (1) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., and Jamie Netznik, Esq.; Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven Serajeddini, Esq.; (2) proposed co-counsel to the Debtors, McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha, Nebraska 68102, Attn: James Niemeier, Esq.; (3) counsel to Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn: Chad Simon, Esq.; and (4) counsel to any statutory committee(s) appointed in the Debtors' chapter 11 cases.

2

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 30 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless the Debtors withdraw such objection or the Court approves such transaction by a final and non-appealable order. If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock each will require an additional notice filed with the Court, and served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

3

## Exhibit A-4

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-[____] (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

### DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder with respect to the common stock of Specialty Retail Shops Holding Corp. or of any

Beneficial Ownership therein (the "Common Stock"). Specialty Retail Shops Holding Corp. is a

debtor and debtor in possession in Case No. 19-[____] (___) pending in the United States

Bankruptcy Court for the District of Nebraska (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2019, the undersigned

party currently has Beneficial Ownership of _____ shares of Common Stock. The

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2]   For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015 has owned 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended, and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code and the applicable Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

*(Attach additional pages if necessary)*

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order Granting (I) Approval of Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Related Relief* [Docket No. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon: (1) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., and Jamie Netznik, Esq.; Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven Serajeddini, Esq.; (2) proposed co-counsel to the Debtors, McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha, Nebraska 68102, Attn: James Niemeier, Esq.; (3) counsel to Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn: Chad Simon, Esq.; and (4) counsel to any statutory committee(s) appointed in the Debtors' chapter 11 cases.

2

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

3

## **Exhibit A-5**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) | Case No. 19-[____] (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Proposed Worthlessness Claim") with respect to one or more shares of common stock of Specialty Retail Shops Holding Corp. or of any Beneficial Ownership therein (the "Common Stock"). Specialty Retail Shops Holding Corp. is a debtor and debtor in possession in Case No. 19-[____] (___) pending in the United States Bankruptcy Court for the District of Nebraska (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] For purposes of this Declaration: (i) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015 has owned 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended, and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code and the applicable Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2019 the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order Granting (I) Approval of Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Related Relief* [Docket No. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon: (1) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., and Jamie Netznik, Esq.; Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven Serajeddini, Esq.; (2) proposed co-counsel to the Debtors, McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha, Nebraska 68102, Attn: James Niemeier, Esq.; (3) counsel to Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn: Chad Simon, Esq.; and (4) counsel to any statutory committee(s) appointed in the Debtors' chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 30 calendar days after receipt of this Declaration to

2

object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless the Debtors withdraw such objection or the Court approves such action by a final and non-appealable order.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party each will require an additional notice filed with the Court to be served in the same manner as this Declaration, and are subject to an additional 30-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

3

## Exhibit A-6

## Notice of Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-[____] (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## NOTICE OF (A) DISCLOSURE PROCEDURES
## APPLICABLE TO CERTAIN HOLDERS OF COMMON
## STOCK, AND (B) DISCLOSURE PROCEDURES FOR TRANSFERS
## OF AND DECLARATIONS OF WORTHLESSNESS WITH
## RESPECT TO COMMON STOCK

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF
GORDMANS STORES, INC. (THE "COMMON STOCK").**

**PLEASE TAKE NOTICE** that on _____, 2019 (the "Petition Date"), the
above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions
with the United States Bankruptcy Court for the District of Nebraska (the "Court") under chapter
11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").
Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to
obtain possession of or exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the
*Debtors' Motion for (I) Approval of Notification and Hearing Procedures for Certain Transfers
of and Declarations of Worthlessness with Respect to Common Stock and (B) Related Relief*
[Docket No. __] (the "Motion").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida
Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained
R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopo Gift Card Co., LLC (2161); ShopKo Holding
Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing,
LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC
(0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2017, the Court entered the *Order Granting (I) Approval of Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Related Relief* [Docket No. __] (the "Order") approving procedures for certain transfers of or declarations of worthlessness with respect to Common Stock, as set forth in **Exhibit A** attached to the Motion (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock, or Beneficial Ownership of Common Stock, in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership of Common Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock, or any Beneficial Ownership of Common Stock, by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the notice, solicitation, and claims agent for the Debtors, Prime Clerk LLC**,** will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such Order and declarations are also available via ECF/PACER on the Court's

---

[2]   Capitalized terms used in this Notice and not immediately defined have the meanings given to such terms in the Motion or in the First Day Declaration as applicable.

2

website at https://www.neb.uscourts.gov/ for a fee, or by accessing the Debtors' restructuring website at https://cases.primeclerk.com/shopko.

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PROHIBITED PURCHASE, SALE, OTHER TRANSFER OF, OR DECLARATION OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK, BENEFICIAL OWNERSHIP THEREOF, OR OPTION WITH RESPECT THERETO IN VIOLATION OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT THE REQUIREMENTS SET FORTH IN THE ORDER ARE IN ADDITION TO THE REQUIREMENTS OF APPLICABLE LAW AND DO NOT EXCUSE COMPLIANCE THEREWITH.**

Dated: January 16, 2019
Omaha, Nebraska

/s/ *Michael T. Eversden*

James J. Niemeier (NE Bar No. 18838)
Michael T. Eversden (NE Bar No. 21941)
Lauren R. Goodman (NE Bar No. 24645)
**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:     (402) 341-3070
Facsimile:     (402) 341-0216
Email:           jniemeier@mcgrathnorth.com
                    meversden@mcgrathnorth.com
                    lgoodman@mcgrathnorth.com

- and -

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Travis M. Bayer (*pro hac vice* pending)
Jamie Netznik (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:           james.sprayregen@kirkland.com
                    patrick.nash@kirkland.com
                    travis.bayer@kirkland.com
                    jamie.netznik@kirkland.com

- and -

Steven Serajeddini (*pro hac vice* pending)
Daniel Rudewicz (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:           steven.serajeddini@kirkland.com
                    daniel.rudewicz@kirkland.com

*Proposed Co-Counsel to the Debtors*