## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| In re:<br><br>SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*[1],<br><br>Debtors. | ) <br>) Chapter 11 <br>) <br>) Case No. 19- 80064- TLS <br>) <br>) (Joint Administration <br>Requested) ) |

**DECLARATION OF MACKENZIE L. SHEA IN SUPPORT
OF DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO ASSUME
THE CONSULTING AGREEMENT, (II) APPROVING PROCEDURES
FOR STORE CLOSING SALES, AND (III) GRANTING RELATED RELIEF**

I, Mackenzie L. Shea, make this declaration pursuant to 28 U.S.C. § 1746:

1.       I am the Associate General Counsel of Gordon Brothers Group, LLC ("Gordon Brothers"), parent company of Gordon Brothers Retail Partners, LLC ("GBRP" or the "Consultant"), a retail consulting firm that has been hired by the above-captioned debtors and debtors in possession (collectively, the "Debtors") to act as their exclusive consultant to assist with ongoing "store closing" or similar themed sales at certain of the Debtors' retail locations that have been designated by Debtors' management for closing (the "Closing Stores"). I am over the age of 18 and authorized to submit this Declaration on behalf of the Consultant. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); ShopKo Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin, 54304.

2.       I submit this declaration (this "Declaration") in support of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closings and (III) Granting Related Relief* (the "Store Closing Motion"), filed contemporaneously herewith.  I have reviewed and am familiar with the Store Closing Motion and the relief sought therein. The facts set forth in this Declaration are based upon my personal knowledge, information and belief, my opinion based upon my experience, or client matter records kept in the ordinary course of business that were reviewed by me or other employees of Gordon Brothers and/or GBRP under my supervision and direction.

## Qualifications

3.       Gordon Brothers and its affiliates (including GBRP) serve clients throughout the United States, Europe, Australia, Brazil, and Japan with customized solutions to maximize the value of their assets.  Gordon Brothers was founded in 1903 and has facilitated store closings, store openings, and strategic and non-strategic inventory and furniture, fixtures, and equipment dispositions valued at more than $145 billion.

4.       GBRP is a retail consulting firm with significant experience advising companies on the conduct of "store closing" and similar themed sales and the maximization of inventory and other store assets in connection therewith, both in and out of bankruptcy cases. The Debtors have utilized the Consultant's services since 1999, and since then, the Consultant has assisted the Debtors with closing over 200 stores.

5.       Prior to the commencement of the Debtors' Chapter 11 Cases, the Debtors retained the Consultant to serve as the Debtors' exclusive independent consultant in connection with the store closing sales at the Closing Stores and the disposition of the inventory and furniture, fixtures and equipment located therein (the "Store Closure Assets").  In this latter connection, at present, the Debtors and the Consultant are parties to the following executory contracts providing for the

2

Consultant's provision of consulting services regarding the Closing Stores and Store Closure

Assets:

      i.      *Letter Agreement*, dated September 24, 2018, among GBRP, as "Consultant", and Shopko Stores Operating Co., LLC;

      ii.      *Letter Agreement*, dated October 31, 2018, among GBRP, as "Consultant", and Shopko Stores Operating Co., LLC;

      iii.      *Letter Agreement*, dated December 5, 2018, among GBRP, as "Consultant", and Shopko Stores Operating Co., LLC; and

      iv.      *Letter Agreement,* dated December 18, 2018, among GBRP, as "Consultant", and Shopko Stores Operating Co., LLC.

      v.      *Letter Agreement* dated January 14, 2019, among GBRP, as "Consultant", and Shopko Stores Operating Co., LLC.

Based on its extensive industry experience, coupled with its extended experience advising the

Debtors specifically, the Consultant is well qualified to assist the Debtors in these Chapter 11

Cases in the "store closing" sales at the Closing Stores.

**Parties-In-Interest**

      6.      In the ordinary course of its business, GBRP, through its parent company, Gordon

Brothers, maintains a database for purposes of performing "conflicts checks." The database

contains information regarding the present and past representations and transactions of Gordon

Brothers and all other companies presently controlled by Gordon Brothers (including GBRP). I

obtained a list of each of the Debtors, certain of the Debtors' creditors, and other parties in interest

(collectively, the "Parties-In-Interest") from counsel to the Debtors. The Parties-In-Interest

identified on Schedule 1 hereto will be searched in the aforementioned database for purposes of

determining the connection(s) which Gordon Brothers and other companies presently controlled

by Gordon Brothers (including GBRP) have with such entities, and this Declaration will be

supplemented to the extent necessary to make any required disclosures. To the best of my knowledge and belief, after conducting an initial , during the last two (2) years, GBRP has no connection with the Debtors, in matters related to the Debtors, except as disclosed or otherwise described in this Declaration, including:

> a) In addition to the existing consulting agreements disclosed in Paragraph 5 regarding the currently ongoing sales, GBRP has executed previous consulting agreements for "store closing" sales at other locations that have since concluded. In connection with its consulting services, GBRP has also executed confidentiality agreements with the Debtors.

> b) Gordon Brothers owns a minority interest in, has certain contractual relationships with, and from time to time may provide contractual services to, Gordon Brothers Finance Company ("Finance Company") in the ordinary course of its business. Finance Company is not an affiliate of GBRP or Gordon Brothers; rather, Gordon Brothers owns a minority interest in and has certain contractual relationships with Finance Company. Finance Company's own subsidiary Gordon Brothers Finance Company, LLC, which also in not an affiliate of GBRP or Gordon Brothers, is a secured lender to the Debtors. GBRP performed contractual services for Finance Company related to the Debtors, the most recent of which was completed on or about November 2018.

7.     Except as otherwise may be disclosed herein, to the best of my knowledge and belief, after reasonable inquiry, neither I, GBRP, nor any principal, consultant or employee thereof:

> a)      are creditors, equity security holders, or insiders of the Debtors; and/or

> b)      are (or within two (2) years before the Petition Date were) a director or officer of the Debtors.

8.     As a part of a large and diverse business operation, Gordon Brothers (including its affiliates including GBRP) has previously, is currently, and may in the future appear or participate (as agent, consultant, appraiser, professional, advisor, investor, principal or otherwise) in numerous cases, proceedings, transactions and engagements, with, among other market participants, professionals, advisors, banks and other lenders, landlords, restructuring firms, liquidation firms, vendors, insurance carriers and brokers, operating companies, and equity and/or

debt holders, each of whom may be involved in these proceedings, may represent Parties- in-Interest in these cases, and/or may be Parties-in-Interest in these cases ("Ordinary Course Interactions"). Except as disclosed in Paragraph 6 above, none of the Ordinary Course Interactions are believed to be matters directly connected or relating to the Debtors or these Chapter 11 Cases, nor does GBRP believe that any of the Ordinary Course Interactions will interfere with or impair GBRP's activities, actions, responsibilities or objectives in these cases. Without limiting the generality of the foregoing disclosure, and by way of example only for purposes of erring on the side of adequate disclosure:

a) Gordon Brothers has a corporate banking relationship with a syndicate of lenders including Bank of America N.A., Citizen Bank N.A., Santander Bank N.A., KeyBank National Association, and Eastern Bank;

b) Gordon Brothers has close relationships with several law firms based upon such firms' extensive representation of it and its affiliates, including, without limitation, Riemer & Braunstein LLP, Choate Hall & Stewart LLP; Katten Muchin Rosenman LLP; DLA Piper LLP; Goulston & Storrs, P.C., and Ropes & Gray LLP. One or more of these law firms may represent other Parties-In-Interest in these Chapter 11 Cases.  Further, the Debtors have engaged Kirkland & Ellis LLP ("K&E") as their lead bankruptcy counsel. K&E has previously represented GBRP in matters unrelated to the Debtors or these Chapter 11 Cases;

c) Gordon Brothers' affiliate, Gordon Brothers Asset Advisors, LLC, provides various appraisal services in the ordinary course of business to many lenders, investors, and other market participants, some of whom may be Parties-In-Interest in these Chapter 11 Cases. In addition, other Gordon Brothers' affiliates have been or are engaged by these financial institutions to perform other services for such clients and/or their respective borrowers. Except for any disclosed in Paragraph 6 above, such transactions are unrelated to the Debtors or these Chapter 11 Cases;

d) Gordon Brothers' affiliate, DJM Realty Services, LLC, provides various real estate advisory and consulting services (including without limitation lease and fee-owned acquisition, disposition, and restructuring services) in the ordinary course of business to many tenants, landlords, guarantors, lessors, lessees, and managers.

e)  Gordon Brothers' affiliate, Gordon Brothers Commercial and Industrial, LLC, provides various commercial and industrial disposition services in the ordinary course of business to many business operators, lenders and other debt holders, and equity holders.

f)  Gordon Brothers' affiliate, Gordon Brothers Brands, LLC, values, acquires, restructures and invests in intellectual property.

g)  Gordon Brothers' affiliate, Gordon Brothers International, LLC, provides many of the same appraisal, disposition, and other services provided by other Gordon Brothers affiliates, primarily in jurisdictions outside North America.

h)  Gordon Brothers and its affiliates may have had Ordinary Course Interactions with certain of the Parties-In-Interest within the prior two years, but as noted previously, other than as set forth in Paragraph 6 above, none of such Ordinary Course Interactions are believed to be related to the Debtors or these Chapter 11 cases.

8.      Without limiting the generality of the foregoing paragraph, it is possible that one or more law firms engaged by the Debtors or other Parties-In-Interest have previously or are currently representing Gordon Brothers or its affiliates in matters unrelated to the Debtors or these Chapter 11 Cases, and that such representations are not necessarily reflected in Gordon Brothers' database for purposes of performing "conflicts checks." Except as disclosed in Paragraph 7, any such law firm's representation of Gordon Brothers and its affiliates is not material to its business and in any event, is unrelated to the Debtors and these Chapter 11 Cases.

9.      In addition, Gordon Brothers is a portfolio company of investment funds managed by Stone Point Capital LLC (such investment funds and manager, collectively, "Stone Point").  No facts or circumstances concerning Stone Point, or any other portfolio company of any investment fund managed by Stone Point or any other entities affiliated with Stone Point (collectively, "Stone Point Entities") were reviewed or considered as part of preparing this Declaration (and thus were not disclosed as part of this Declaration).

10.     Insofar as other connections with Parties-in-Interest are concerned, it is possible that one or more shareholders, directors, officers and employees of GBRP, its parent and affiliates may have personal or social connections with certain Parties-in-Interest.  Additionally, it is possible that one or more shareholders, directors, officers and employees of Gordon Brothers, its parent and affiliates (including GBRP) may hold gift cards, credits or have other ordinary business relationships with the Debtors.

11.     Neither I, GBRP, nor any principal, consultant or employee thereof has agreed to share or will share any portion of the compensation to be received from the Debtors by GBRP with any other person other than the principals and regular employees of GBRP, except as permitted by the Consulting Agreement.

12.     To the best of my knowledge, neither I, GBRP, nor any principal, consultant or employee thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which GBRP is engaged.

13.     The disclosures identified above are based upon my knowledge and belief after reasonable inquiry. GBRP, its parent, and affiliates will continue to review their relationships. Accordingly, this Declaration will be supplemented as appropriate.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements are true and correct.

Dated: Boston, Massachusetts
   January 16, 2019

                  Mackenzie L. Shea
                  Associate General Counsel