# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064-TLS |
| Debtors. | ) (Joint Administration) |
| | ) **Re: Docket No. 20** |

**ORDER (I) AUTHORIZING THE DEBTORS TO PAY
PREPETITION CLAIMS OF LIEN CLAIMANTS, IMPORT CLAIMANTS,
AND 503(B)(9) CLAIMANTS, (II) CONFIRMING ADMINISTRATIVE EXPENSE
PRIORITY OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to pay prepetition claims held by certain claimants, (b) confirming the administrative expense priority of Outstanding Orders, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Subject to: (i) any order approving the Debtors' use of cash collateral and/or any postpetition financing facilities (the "DIP Order"), the documentation in respect of any such postpetition financing facilities and/or use of cash collateral (the "DIP Documents"), and the budget governing any such postpetition financing and/or use of cash collateral (the "DIP Budget"); and (ii) any and all claims, liens, security interests, and priorities granted in connection with such postpetition financing facilities and/or use of cash collateral (the "DIP Claims"), the Debtors are authorized, but not directed, to pay prepetition claims on account of Lien Charges, Import Charges, and 503(b)(9) Claims, and are authorized to pay all undisputed amounts related to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

3. Notwithstanding anything to the contrary contained in this Order or otherwise: (i) nothing in this Order shall amend, modify, or impair any provision of the DIP Order or DIP Budget, or the rights of agent under the DIP Facility (the "Agent") and lenders thereunder; and (ii) to the

extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall control.

4. Any party that accepts payment from the Debtors on account of an Obligation shall be deemed to have agreed to the terms and provisions of this Order.

5. Subject to paragraph 2 of this Order, all undisputed obligations related to the Outstanding Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to any order authorizing use of cash collateral.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Omaha, Nebraska
Dated: January 17, 2019          /s/Thomas L. Saladino
                                 UNITED STATES BANKRUPTCY JUDGE