**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) |
| | ) Case No. 19-80064-TLS |
| Debtors. | ) |
| | ) (Joint Administration) |
| | ) |
| | ) **Re:  Docket No. 21** |

**ORDER (I) AUTHORIZING AND
APPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES
(II) AUTHORIZING AND APPROVING PROCEDURES
TO ASSUME, ASSUME AND ASSIGN, AND REJECT EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to reject certain of unexpired leases (collectively the "Vacant Leases") set forth on **Exhibit A to the Motion**; (b) authorizing and approving procedures to assume, assume and assign, and reject executory contracts and unexpired leases, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on

the Motion were appropriate under the circumstances and no other notice need be provided; and

this Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Vacant Leases identified on **Exhibit A** to the Motion are hereby rejected,

effective *nunc pro tunc* to the Petition Date.

3.      Counterparties to the Vacant Leases that are rejected pursuant to this Order must

file a proof of claim relating to the rejection of such Contracts or Leases, if any, by the later of

(a) any applicable claims bar date established in these chapter 11 cases, or (b) 30 days after entry

of this Order.

4.      All rights and defenses of the Debtors are preserved, including all rights and

defenses of the Debtors with respect to a claim for damages arising as a result of a Vacant Lease

rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In

addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert

that any particular Vacant Lease is terminated and is no longer an executory contract or unexpired

lease, respectively.

5.      The following procedures (the "Rejection Procedures") are approved in connection

with rejecting Contracts:

> a.      *Rejection Notice*.  The Debtors shall file a notice, in the form annexed as
> **Exhibit B** to the Motion (the "Rejection Notice"), which Rejection Notice

2

shall be filed after consultation with the Consultation Parties, on three days' advance written notice, to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract(s) to be rejected and a basic description of such Contract(s); (ii) the names and addresses of the counterparties to such Contract(s); (iii) the effective date of the rejection for each such Contract (the "Rejection Date"), which date may not be before the date of service of the Rejection Notice; (iv) if such Contract is a lease, the personal property to be abandoned, if any, and the Debtors' good faith estimate of the fair market value of such property, if such can be determined after reasonable inquiry; and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; provided that the number of Contracts listed on the Rejection Notice shall be fewer than or equal to 100.

b.  *Service of Rejection Notice*. The Debtors will cause the Rejection Notice to be served (i) by overnight delivery service upon any Affected Party (as defined in the Case Management Order) and (ii) by first class mail, email, or fax upon the Standard Parties (as defined in the Case Management Order).

c.  *Objection Procedures*. Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that it is filed with the Court and actually received by the following parties no later than ten calendar days after the date the Rejection Notice is filed: (i) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Travis Bayer, and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven Serajeddini; (ii) proposed co-counsel to the Debtors, McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha, Nebraska 68102, Attn: James Niemeier, Esq.; (iii) the Office of the United States Trustee for the District of Nebraska, 111 South 18th Plaza, # 1125 Omaha, Nebraska 68102, Attn: Jerry Jensen, Esq.; (iv) counsel to Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn: Chad Simon, Esq.; and (v) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases, (collectively, the "Notice Parties")..

d.  *No Objection*. If no Objection to a Rejection Notice is timely filed and served, the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with the Court; provided that the effective date of a rejection of a real property Lease shall not occur until the later of (i) the date the Debtors file and serve a Rejection Notice for the Lease, and (ii) the date the Debtors relinquish control of the Premises by notifying the affected Landlord in writing of the Debtors' surrender of the Premises and turn over keys, key codes, and securities codes, if any, to the

3

affected Landlord (such applicable date, the "Rejection Date").  If no timely objection to the Rejection Notice is received, the Debtors shall file a certification of counsel seeking entry of an order approving the rejection of the Contract[s].

e.  ***Unresolved Objections***.  If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least 10 ten days' notice of such hearing to the objecting party and the Objection Notice Parties.  If the Court ultimately upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date, or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.

f.  ***No Application of Security Deposits***.  If the Debtors have deposited funds with a counterparty to a Contract or a Landlord as a security deposit or other arrangement, such counterparty or Landlord may not setoff or otherwise use such deposit without the prior authority of the Court or agreement of the Debtors.

g.  ***Abandoned Property***.   Notwithstanding anything in the Rejection Procedures to the contrary, to the extent that the Debtors determine that any interest of the Debtors in any personal property located on the Premises has little or no value or that the preservation thereof will be burdensome to the Debtors' estates compared with the expense of removing and storing such property, the Debtors are authorized, but not directed, to abandon such property remaining at the Premises as of the Rejection Date..

h.  ***Rejection Damages***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) 30 days after the Rejection Date, and (iii) any date established by further order of the Court.  If no proof of claim is timely filed in accordance with this subparagraph (h), such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

6.   The  following  procedures  (the  "Assumption  Procedures")  are  approved  in connection with assuming and assuming and assigning Contracts:

a.  ***Assumption Notice***.  The Debtors shall file a notice, in the form annexed as **Exhibit C** attached to the Motion (the "Assumption Notice"), which Assumption Notice shall be filed after consultation with the Consultation Parties, on three days' advance written notice, to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:  (i) the Contract(s) to be assumed; (ii) the names

4

and addresses of the counterparties to such Contract(s); (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the effective date of the assumption for each such Contract(s) (the "Assumption Date"), which date may not be before the date of service of the Assumption Notice; (v) the proposed cure amount, if any; (vi) a description of any material amendments to the Contract made outside of the ordinary course of business (and any costs to the Debtors in connection therewith), if any; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of Contracts listed on the Assumption Notice shall be fewer than or equal to 100.

b. ***Service of Assumption Notice***. The Debtors will cause the Assumption Notice to be served: (i) by overnight delivery service upon any Affected Party (as defined in the Case Management Order) and (ii) by first class mail, email, or fax upon the Standard Parties (as defined in the Case Management Order).[3]

c. ***Objection Procedures***. Parties objecting to a proposed assumption must file and serve a written objection so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than 10 days after the date the Debtors serve the relevant Assumption Notice (the "Assumption Objection Deadline").

d. ***No Objection***. If no objection to the assumption of any Contract is timely filed, each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract, and no amount in excess thereof shall be paid for cure purposes; provided, however, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice. If no timely objection is received by the Debtors, the Debtors shall file a certification of counsel seeking entry of an order approving the assumption of the Contract[s].

e. ***Unresolved Objections***. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten10 days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date to

---

[3]    The Debtors shall serve a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' proposed counsel.

which the Debtors and the counterparty to such Contract have agreed, or as ordered by the Court.

    f.      ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

7.      With regard to Contracts to be assigned, pursuant to section 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).

8.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contract(s), with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contract(s) except as otherwise provided for in this Order or other order of the Court and (b) execute and deliver to any applicable Assignee such

6

assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract(s).

9.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively (directly or indirectly) restrict, prohibit, condition, or limit the assignment of or the effectiveness of the applicable Contract are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

10.      An Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing or relating to a period prior to the applicable closing date, unless otherwise ordered by the Court.

11.      Nothing herein or in the Motion shall preclude the Debtors from seeking to assume, assume and assign, and reject a Contract other than the Vacant Leases by separate motion.

12.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.   In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

14.      The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

15.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Omaha, Nebraska
Dated: January 17, 2019

/s/Thomas L. Saladino
UNITED STATES BANKRUPTCY JUDGE