## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064 (TLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No.** 159 |

## ORDER GRANTING (I) AUTHORITY TO RETAIN
## AND COMPENSATE PROFESSIONALS UTILIZED IN THE
## ORDINARY COURSE OF BUSINESS AND (II) RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to retain and compensate the professionals identified

on the OCP List (collectively, the "OCPs") contained in the Motion, in the ordinary course of

business, pursuant to the following OCP Procedures:

(a)      Within 14 days of the later of (i) date on which an OCP commences
work for the Debtors or (ii) entry of an order approving this Motion,
such OCP shall cause a declaration of disinterestedness,
substantially in the form attached hereto as **Exhibit A** (each, a
"Declaration of Disinterestedness"), to be filed with the Court and
served upon: (i) the Debtors, Specialty Retail Shops Holding Corp.,
700 Pilgrim Way, Green Bay, Wisconsin, 54304, Attn: Susan
Buckna, General Counsel; (ii) proposed counsel to the Debtors,
Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654,
Attn: Robert McLellarn, Esq.; Kirkland & Ellis LLP, 601
Lexington Avenue, New York, New York 10022, Attn: Daniel
Rudewicz, Esq. (iii) proposed co-counsel to the Debtors, McGrath
North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha,
Nebraska 68102, Attn: James Niemeier, Esq.; (iv) the Office of the
United States Trustee for the District of Nebraska, 111 South 18th
Plaza, # 1125 Omaha, Nebraska 68102, Attn: Jerry Jensen, Esq.;
(v) counsel to Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park
Avenue, New York, New York 10169, Attn: Chad Simon, Esq.; (vi)
counsel to Shopko Note Holding, LLC successor to Spirit Realty
L.P., Fried, Frank, Harris, Shriver & Jacobson LLP, One New York
Plaza, New York, New York 10004, Attn: Peter Siroka; and
(vii) counsel to the official committee of unsecured creditors
Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd.,
13th Floor, Los Angeles, California 90067, Attn: Jeffrey
Pomerantz, Esq. (collectively, the "Notice Parties").

(b)      The Notice Parties shall have 14 days after the date of filing of each
OCP's Declaration of Disinterestedness (the "Objection Deadline")
to object to the retention of such OCP. The objecting party shall file

and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline.  If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court no less than 14 days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(c)     If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to:  (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

(d)     The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided,* that fees paid to OCPs in Tier 1, excluding costs and disbursements, may not exceed $80,000 per month per OCP in the aggregate, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "Tier 1 OCP Cap"), and that the fees paid to OCPs in Tier 2, excluding costs and disbursements, may not exceed $175,000 per month per OCP in the aggregate, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "Tier 2 OCP Cap" and together with the Tier 1 OCP Cap, the "OCP Caps"), (it being understood and agreed that there shall be no application of a rolling three-month average for the first month).

(e)     To the extent that fees payable to any OCP exceed the applicable OCP Caps, the applicable OCP shall file a fee application ("Fee Application") with the Court for the amount in excess of the OCP Caps in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

(f)     Beginning on the quarter ending March 31, 2019, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall within 30 days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly

Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

(g)    The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

3.    The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtors shall file the amended OCP List with this Court and serve such list on the Notice Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within 14 days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.    Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Omaha, Nebraska                          BY THE COURT:
Dated:   January 25, 2019
                                         /s/Thomas L. Saladino
                                         _____
                                         THE HONORABLE THOMAS L. SALADINO
                                         UNITED STATES BANKRUPTCY JUDGE