**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re:<br><br>  SPECIALTY RETAIL SHOPS HOLDING<br>  CORP., *et al.*<br><br>                      Debtors.[1] | Chapter 11<br><br>Case No. 19-80064-TLS |

**STATEMENT OF SHOPKO NOTE HOLDING, LLC (AS SUCCESSOR TO SPIRIT**
**MTA REIT, L.P.) AND JOINDER TO DEBTORS' MOTION FOR ENTRY OF ORDERS**
**(I) ESTABLISHING BIDDING PROCEDURES FOR THE PHARMACY ASSETS, (II)**
**APPROVING THE TRANSACTIONS, AND (III) GRANTING RELATED RELIEF**

Shopko Note Holding, LLC (successor to Spirit MTA REIT, L.P.) ("SNH"), as the Term

Loan B-1 Lender under the Third Amended and Restated Loan and Security Agreement dated

February 7, 2012, as amended (the "Loan Agreement"), hereby respectfully submits this Statement

and Joinder to Debtors' Motion, Doc No. 27, and respectfully states as follows.

1.      Affiliates of SNH are currently the Debtors' largest landlord, and in January 2018,

SNH provided $35 million in first lien secured financing to the Debtors.  SNH currently holds

$34,416,375 million of the Debtors' first lien Term Loan B-1 and is a DIP Lender.

2.      SNH has always held out every hope that the Debtors would succeed in their efforts

to maximize value through an equity investment or the purchase of the Debtors' assets in order to

obtain the greatest proceeds to maximize value for the Debtors' stakeholders.  Indeed, Houlihan

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

Lokey, Inc. was engaged by the Debtors in May 2017 and has spent over a year and a half trying to achieve the same. As related by the Debtors, the secured financing provided by SNH was critical for the Debtors in their efforts to "right-size its store footprint and pursue potential sale transactions." *See Decl. of Russell L. Steinhorst* ¶ 43-46 [Doc. No. 4]. Unfortunately, notwithstanding this exhaustive pre-petition process, the Debtors' efforts to find a pathway towards a reorganization have been unsuccessful. At no time over the past year and a half has an investor emerged willing to sponsor a reorganization plan.

3.     SNH is fully supportive of the Court's approval of the sale of the Debtors' pharmacy assets. However, the results of the auction are in and it is now clear, if it was not before, that there will be no plan of reorganization. The Debtors conducted an auction for their pharmacy assets on January 23, 2019, and as shown in the Debtors' own submissions, generated just approximately $52 million. *Decl. of Stephen Spencer* ¶ 18 [Doc. No. 192]. This auction was supposed to be the main event at which the bulk of the pharmacy assets were sold, in order to generate sufficient proceeds to meet the $84,241,000 milestone set forth in the DIP Budget. It is clear to all parties today that Debtors will not achieve that goal.[2]

4.     As an integral part of the negotiations with respect to the DIP Facility, the Debtors are now constrained to pivot to comply with the Sale Milestones as set forth in the DIP Order and commence the liquidation of all of the Debtors' remaining assets and properties. With the proverbial writing now on the wall, there is no reason for the Debtors to wait until the next testing

---

[2] While the DIP Budget projected $84,241,000 in proceeds from the sale of the pharmacy assets, Debtors are permitted a "negative variance" of up to 15%. Interim Order at 20, § 5.4(p) [Doc. No. 89]. That is, Debtors will be deemed to have met the milestone—and to have avoided a "Sale Trigger Event"—if the sale of the pharmacy assets generates at least $71,604,850. Even with this generous cushion, Debtors will plainly not be meeting the required threshold. Of the 234 pharmacy locations the Debtors owned, only 26 locations remain. *See Decl. of Stephen Spencer* ¶¶ 10, 17 [Doc. No. 192]. And with respect to these few remaining pharmacy assets, as related by counsel to the Debtors at the first day hearing, "[w]e really view these assets as the quintessential melting ice cube, the value of the assets is going to decrease substantially every day of this case." Jan. 16, 2019 Hearing at 1:29:35-1:29:48 [Doc. No. 59].

date under the DIP to do so.  Indeed, all that will occur between now and then is the incurrence of additional and wholly unnecessary administrative expenses, including professional fees and expenses.  This will only serve to diminish recoveries for the Debtors' stakeholders (in contravention of the Debtors' stated intentions).[3]

5.      Accordingly, SNH requests that the order approving the sale of the Debtors' pharmacy assets be entered forthwith.  SNH further requests that the Court compel the Debtors to immediately comply with the Sale Milestones as set forth in the DIP Order.  SNH reserves all of its rights, remedies and claims, including with respect to requesting further relief from the Court in the absence of the Debtors complying with the Sale Milestones in the immediate term.

## RELIEF REQUESTED

For the foregoing reasons, SNH respectfully requests that the Court approve the sale of pharmacy assets and compel the Debtors to immediately comply with the Sale Milestones.


Dated:  Omaha, Nebraska
      January 27, 2019

By: /s/ *Brian J. Koenig*
     Brian J. Koenig, NE#23807
     KOLEY JESSEN P.C., L.L.O.
     One Pacific Place, Suite 800
     1125 South 103rd Street
     Omaha, NE  68124-1079
     (402) 390-9500
     (402) 390-9005 (facsimile)
     Brian.Koenig@koleyjessen.com

and

---

[3] Of course, all professionals retained pursuant to Section 330 of the Bankruptcy Code are already aware that the Court shall not allow compensation for fees and other charges that are not reasonably likely to benefit the Debtors' estates or are not necessary to the administration of the case.  All professionals should therefore be mindful that the $30,342,000 in "restructuring related" disbursements contained in the Debtors' Budget, *see* Interim Order at Ex. 2 [Doc No. 89], is a ceiling in connection with a go-forward transaction, and is neither a floor nor a justification or basis for the incurrence of charges that are not of benefit in a liquidation scenario.

FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
Brad Eric Scheler (admitted *pro hac vice*)
Michael C. Keats (admitted *pro hac vice*)
Peter B. Siroka (admitted *pro hac vice*)
One New York Plaza
New York, New York  10004-1980
(212) 859-8000
(212) 859-4000 (facsimile)
Brad.Eric.Scheler@friedfrank.com
Michael.Keats@friedfrank.com
Peter.Siroka@friedfrank.com

*Attorneys for Shopko Note Holding, LLC*

## CERTIFICATE OF SERVICE

On this 27th day of January, 2019, I electronically filed the foregoing with the Clerk of the

Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF

participants.

/s/ *Brian J. Koenig*
Brian J. Koenig