IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK 19-80064-TLS |
| | ) | Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING | ) | |
| CORP., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | |

## NOTICE OF WITHDRAWAL OF McKESSON CORPORATION'S MOTION TO TRANSFER VENUE

COMES NOW McKesson Corporation ("McKesson"), by and through its undersigned counsel, and hereby withdraws its Motion to Transfer Venue (Fil. # 100) which was filed with this Court on January 18, 2019 (the "Venue Motion"). In support of this withdrawal, McKesson states and alleges as follows:

1. McKesson has entered into a stipulation with the Debtors (the "Stipulation"). A copy of the Stipulation is attached hereto marked Exhibit "A" and incorporated herein by this reference.

2. A condition of the Stipulation requires McKesson to withdraw its Venue Motion.

3. The Debtors intend to file a Motion for Approval of the Stipulation pursuant to *Fed. R. Bankr. P. 9019* and *Neb. R. Bankr. P. 9019*.

WHEREFORE, McKesson hereby withdraws its Venue Motion with prejudice.

Dated: January 28, 2019

CLINE WILLIAMS WRIGHT JOHNSON &
    OLDFATHER, L.L.P.

*/s/ Michael J. Whaley*
Richard P. Garden, Jr., #17685
Michael J. Whaley, #19390
Cline Williams Wright Johnson
 Oldfather, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE  68124
Telephone:    (402) 397-1700
Facsimile:    (402) 397-1806
rgarden@clinewilliams.com
mwhaley@clinewilliams.com

1

and

BUCHALTER
A Professional Corporation


/s/ Jeffrey K. Garfinkle
Jeffrey K. Garfinkle (CA 153496)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Tel: (949) 760-1121
jgarfinkle@buchalter.com


# CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019 I caused the above document to be filed with the Clerk of the Court using the CM/ECF system which gave notification electronically upon all parties who filed an appearance by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following:

None


*/s/ Michael J. Whaley*

4824-8458-9958, v. 1

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement (this "*Stipulation*"), dated as of January 25, 2019, by and among (i) Specialty Retail Shops Holding Corp. and certain of its affiliates (the "*Debtors*") and (ii) McKesson Corporation Inc. (together with its affiliates, successors and assignees, collectively, "*McKesson*"). Each of the Debtors and the McKesson is referred to as a "*Party*" and collectively, the "*Parties*."

WHEREAS, on or about February 1, 2017, the Debtors and McKesson entered into that certain Restated Supply Agreement (together with all amendments, the "*Supply Agreement*"), whereby McKesson supplied the Debtors with pharmaceutical goods ("*Pharmaceutical Goods*") in connection with the Debtors' pharmacy business.

WHEREAS, on January 16, 2019 (the "*Petition Date*"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in United States Bankruptcy Court for the District of Nebraska (the "*Court*").

WHEREAS, on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 35] (the "*DIP Motion*").

WHEREAS, McKesson filed a limited objection to the DIP Motion on January 16, 2019 [Docket No. 41] (the "*DIP Objection*").

WHEREAS, the Court granted the DIP Motion on an interim basis on January 18, 2019 [Docket No. 89].

WHEREAS, on the Petition Date, the Debtors filed the *Debtors' Motion to for Entry of Orders (I) Establishing Bidding Procedures for the Pharmacy Assets, (II) Approving the Transactions, and (III) Granting Related Relief* [Docket No. 27] (the "*Pharmacy Sale Motion*").

WHEREAS, the Court entered an order establishing the bidding procedures on January 17, 2019 [Docket No. 77] (the "*Pharmacy Bid Procedures Order*").

WHEREAS, at the hearing on the Petition Date, McKesson expressed an objection to the Pharmacy Sale Motion (the "*Pharmacy Sale Objection*").

WHEREAS, on January 18, 2019, McKesson filed the *Motion of McKesson Corporation Inc. to Transfer Venue of Affiliated Chapter 11 Bankruptcy Cases to the United States Bankruptcy Court for the Eastern District of Wisconsin* [Docket No. 100] (the "*Venue Motion*").

5568986.2



NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT[1]

1.  Upon execution of this Stipulation, McKesson will withdraw its objections to and will not contest entry of orders related to the DIP Motion and the Pharmacy Sale Motion, and McKesson shall withdraw the Venue Motion with prejudice.

2.  McKesson retains any rights it may have as of the date of this Stipulation, to the extent provided under the Bankruptcy Code or applicable law, to assert a claim and file a proof of claim for reclamation with respect to the Pharmaceutical Goods and marshaling rights, if any; provided that (a) any such claims and rights of McKesson shall be junior and subordinate in all respects to the liens, claims, and interests of the Agent and Lenders in the Collateral to the extent set forth in the Interim DIP Order or Final DIP Order; and (b) except as specifically set forth in paragraph 5, below, McKesson shall not assert (other than by filing a proof of claim) any such reclamation claims or marshalling rights, or seek adequate protection or a 507(b) Claim (as defined below) in connection with any such claims or rights, until the earlier of (i) the final indefeasible payment in full of all Obligations in accordance with the terms of the Loan Agreement and Interim DIP Order or Final DIP Order, as applicable; or (ii) the entry of final non-appealable orders (A) granting an Objection filed by any party other than McKesson in accordance with the Interim DIP Order or Final DIP Order that invalidates all liens of the Agent and Lenders on the Pharmaceutical Goods, and (B) denying any application of the Agent and Lenders for an administrative expense claim in connection with the Interim DIP Order or Final DIP Order, or in connection with the Loan Agreement or any funds advanced by the Lenders to the Debtors. For the avoidance of doubt, this Stipulation and Agreement shall not modify, impair, or waive and arguments or defenses of Debtors or any other party in defense or opposition to any such claims or arguments of McKesson. For the further avoidance of doubt, McKesson is permitted to file a proof of claim against the Debtors' estates on account of its reclamation claims and marshaling rights.

3.  If (a) all Pre-Petition Obligations and Post-Petition Obligations (subject to Section 4.1 of the Interim DIP Order or Final DIP Order, as applicable) are indefeasibly paid in full in cash in accordance with the Loan Agreement, and (b) the Court enters a final order providing that, as of the Petition Date, McKesson held a valid enforceable reclamation claim with respect to the Pharmaceutical Goods and enforceable marshaling rights related to the reclaimed Pharmaceutical Goods, then McKesson shall receive a superpriority claim to the extent allowed under section 507(b) of the Bankruptcy Code for the value of the reclamation and marshaling claims (the "*507(b) Claim*"); provided that any such 507(b) Claim shall be junior and subordinate in all respects to any allowed administrative claim of the Agent and Lenders

---

[1] Terms used but not defined herein have the meaning ascribed to them in the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 89] ("*Interim DIP Order*").

pursuant to the Interim DIP Order or Final DIP Order, or in connection with the Loan Agreement or any funds advanced by the Lenders to the Debtors.

4. No later than 120 days after entry of an order approving this Stipulation, the Debtors shall return any remaining Pharmaceutical Goods in their possession previously delivered under the Supply Agreement, pursuant to section 7.A. of the Supply Agreement (the "***Return Goods***"). Upon acceptance of such Pharmaceutical Goods in accordance with the Supply Agreement and McKesson's standard procedures governing returned goods (as provided in the Supply Agreement), McKesson will provide the Debtor with an accounting of the credit value of such Pharmaceutical Goods (the "***Return Goods Credit***") calculated in accordance with McKesson's standard procedures governing returned goods (as provided in the Supply Agreement).

5. Notwithstanding the terms set forth in Paragraphs 2-3 above, the Return Goods Credit shall be applied pro rata between McKesson's allowed administrative claim under section 503(b)(9) of the Bankruptcy Code (the "***503(b)(9) Claim***"), if any, and McKesson's allowed 507(b) Claim, if any, based on the following formula:

(i) 503(b)(9) Claim: 50% of the Return Goods Credit.

(ii) 507(b) Claim: 50% of the Return Goods Credit.

If McKesson does not hold either a 503(b)(9) Claim or a 507(b) Claim, the portion of the Return Goods Credit attributable to such disallowed claim will be applied against McKesson's allowed general unsecured claim. If the Return Goods Credit is sufficient to satisfy in full the 503(b)(9) Claim or the 507(b) Claim granted by the Court, then any excess Return Goods Credit shall be setoff against McKesson's allowed general unsecured claim.

6. Notwithstanding sections 362 and 553 of the Bankruptcy Code, McKesson will be entitled to apply, setoff and/or recoup the Return Goods Credit against its allowed claims under sections 503(b)(9) and 507(b) of the Bankruptcy Code and its general unsecured claims, as provided herein. The Return Goods Credit is not subject to disgorgement or recovery under Section 5 of the Bankruptcy Code.

7. The Debtors shall propose the following language for the final orders approving the DIP Motion and Pharmacy Sale Motion:

> Notwithstanding anything herein to the contrary, McKesson's rights to assert reclamation rights, marshalling rights, or a superpriority claim under section 507(b) of the Bankruptcy Code are preserved to the extent forth in the Stipulation and Settlement Agreement between Debtors and McKesson Corporation Inc. approved pursuant to the Court's order granting *Debtors' Motion for Approval of a Settlement with McKesson Corporation Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019*.

3

5568986.2

8. McKesson hereby agrees that it will not file an Objection or otherwise seek disgorgement or recovery of any amounts paid by the Debtors to the Agent and Lenders pursuant to the terms and conditions of the Loan Agreement.

9. The Parties reserve the right to seek appropriate relief from the Court for any breach or alleged breach of the foregoing terms.

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by the parties hereto on the date first herein above written.

**SPECIALTY RETAIL SHOPS HOLDING CORP.**, on behalf of itself and each of its affiliated chapter 11 debtors

By: _____
Name:
Title:
Date:

MCKESSON CORPORATION INC.

By: _____
Name:
Title:
Date:

6

5568986.2