# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) ) ) | Case No. 19-80064-TLS |
| Debtors. | ) ) ) | (Jointly Administered) |

## ORDER (I) AUTHORIZING THE TRANSACTIONS OF CERTAIN PHARMACY ASSETS FREE AND CLEAR OF ALL INTERESTS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"): (a) authorizing the sale(s), liquidation(s), or other disposition(s) (the "Transaction(s)") of the Debtors' Pharmacy Inventory, Pharmacy Files, and/or the Acquired Assets (as defined in the Bidder APA), (the "Pharmacy Assets") located at, and for customers serviced from, such prescription pharmacies (the "Pharmacies"), lists of which are attached hereto as **Exhibit A** (the "Purchase Schedule"), free and clear of liens, claims, interests, and encumbrances (collectively, the "Interests") with any such Interests to attach to the proceeds thereof with the same validity and priority (under the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the *Debtors' Motion for Entry of Orders (I) Establishing Bidding Procedures for the Pharmacy Assets, (II) Approving the Transactions, and (III) Granting Related Relief* [Docket No. 27] or the *Order (I) Establishing Bidding Procedures for the Pharmacy Assets and (II) Granting Related Relief* [Docket No. 77] (the "Bidding Procedures Order"), and the bidding procedures attached thereto (the "Bidding Procedures"), as applicable.

Code) as such Interests had immediately prior to the consummation of the Transactions; and (b) granting related relief, all as more fully described in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors provided due and proper notice that is adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion and any objections or other responses to the relief requested therein (the "Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and upon consideration of the record of the Hearing, and all proceedings had before the Court, the arguments of counsel made, and the evidence proffered and adduced, at the Hearing; and it appearing that due notice of the Motion and the form of this Order has been provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections or other responses to the relief requested herein having been withdrawn, resolved, or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY FOUND THAT**:

      A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact

2

constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The statutory and other legal predicates for the relief sought in the Motion are sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Rule 6004-1.

C. A fair and reasonable opportunity to object to and to be heard with respect to the Motion, the Transactions, and the relief requested in the Motion has been given, as required by the Bankruptcy Code and the Bankruptcy Rules, to all Persons[3] entitled to notice, including the following: (a) all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 and (b) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in any of the Pharmacy Assets.

D. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for this Court to grant the relief requested in the Motion, specifically, without limitation, the Transactions of the Pharmacy Assets as set forth in and pursuant to the purchase agreements listed on **Exhibit A** attached hereto (the "Bidder APAs") by and entered into with the Successful Bidders and entry into the Bidder APAs. The Debtors' entry into and performance under the Bidder APAs: (a) constitutes a sound and reasonable exercise of the Debtors' business judgment and are in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; (b) provides value to and are beneficial to the Debtors' estates, and are in the best interests of the Debtors and their stakeholders; and (c) is reasonable and appropriate

---

[3] "Person" means an individual, a partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture, an unincorporated organization, or any other entity, including any governmental authority (meaning any federal, state, local, or foreign government or governmental or regulatory authority, agency, board, bureau, commission, court, department, or other governmental entity) or any group of any of the foregoing.

under the circumstances. Business justifications for the Transactions include the following: (a) the Bidder APAs constitute the highest and best offer received for the Pharmacy Assets; (b) the Bidder APAs present the best opportunity to maximize the value of the Pharmacy Assets; (c) unless the Transactions and all of the other transactions contemplated by the Bidder APAs are concluded expeditiously, as provided for pursuant to the Bidder APAs, recoveries to creditors may be materially diminished; and (d) the value of the Debtors' estates will be maximized through sale(s), liquidation(s), or other disposition(s) of the Pharmacy Assets pursuant to the Bidder APAs.

        E.      This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). To the extent any inconsistency arises between this Order and the Bidder APAs, this Order shall control.

        F.      The Debtors and their advisors (i) engaged in a robust and extensive marketing and sale process, and (ii) conducted a fair and open sale process. The sale process and the Bidding Procedures were non-collusive, duly noticed, pursued diligently and in good faith, and provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Pharmacy Assets. The total consideration provided by each Successful Bidder, upon the terms and conditions set forth in the applicable Bidder APAs (including the form and total consideration to be realized by the Debtors pursuant to the Bidder APAs), is the highest and best offer received by the Debtors and constitutes fair value, fair, full, and adequate consideration, reasonably equivalent value and reasonable market value for the respective Pharmacy Assets for purposes of the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and the other laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

G. Under the facts and circumstances of these chapter 11 cases, the purchase prices for the Pharmacy Assets are fair and reasonable.

H. The Bidder APAs were proposed, negotiated, and entered into based upon arm's length bargaining, without collusion or fraud, and in good faith as that term is used in sections 363(m) and 364(e) of the Bankruptcy Code.

I. The Successful Bidders are purchasers in good faith with respect to the Pharmacy Assets, as that term is used in sections 363(m) and 364(e) of the Bankruptcy Code and, as such, are entitled to all the protections afforded thereby. The Debtors were free to deal with any other party interested in buying or selling some or all of the Pharmacy Assets on behalf of the Debtors' estates. The Bidder APAs and each of the transactions contemplated therein were negotiated, proposed, and entered into by the Debtors and the Successful Bidders in good faith, without collusion and from arm's-length bargaining positions.

J. The Successful Bidders are not, and will not be, mere continuations of, or successors to, and are not holding themselves out as mere continuations of, or successors to, the Debtors in any respect, and there is no continuity of enterprise between the Debtors or the Successful Bidders. The Transactions do not amount to a consolidation, merger, or *de facto* merger of the Successful Bidders and the Debtors. No Successful Bidder or any of their Affiliates[4] and their respective successors, assigns, members, partners, principals, and shareholders (or equivalent) shall assume or in any way be responsible for any obligation or liability of any Debtor

---

[4] "Affiliate" means, with respect to any specified Person, any other Person that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, such specified Person, where "control" means the power, directly or indirectly, to direct or cause the direction of the management and policies of another Person, whether through the ownership of voting securities, by contract, or otherwise.

5

(or any Affiliates thereof) and/or any Debtor's estate, including any obligation under any labor practice agreement, except as expressly provided in the Bidder APAs or herein.

K. The Transactions neither impermissibly restructure the rights of the Debtors' creditors nor impermissibly dictate the terms of a liquidating plan of reorganization of the Debtors. The Transactions do not constitute a *sub rosa* plan.

L. All the requirements of sections 363 of the Bankruptcy Code have been met with respect to the sales of the Pharmacy Assets.

M. The Debtors may sell the Pharmacy Assets free and clear of all Interests, including all liens (including, to the extent permitted under the Bankruptcy Code, those related to the so-called "bulk sales," "bulk transfer" and similar laws), claims (including those that constitute a "claim" as defined in section 101(5) of the Bankruptcy Code), rights (including reclamation rights, rights of first refusal, rights of first offer, or consent rights), liabilities, judgments, servitudes, encumbrances, options, purchase options, mortgages, subleases, charges, hypothecations, indentures, security interests, security agreements, loan agreements, instruments, conditional sale or other title retention agreements, pledges, demands, offsets, recoupment, rights of recovery, decrees of any court or foreign or domestic governmental entity, and other interests of any kind or nature whatsoever against the Debtors or the Pharmacy Assets, whether arising prior to or subsequent to the commencement of these chapter 11 cases, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, and whether imposed by agreement, understanding, law, equity, or otherwise arising under or out of, in connection with, or in any way related to the Debtors, the Debtors' interests in

the Pharmacy Assets, the operation of the Debtors' businesses before the Closing (throughout this Order, as defined in the applicable Bidder APA), or the transfer of the Debtors' interests in the Pharmacy Assets to the Successful Bidders, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Without limiting the generality of the foregoing, "Interests" shall include any and all liabilities or obligations whatsoever arising under or out of, in connection with, or in any way relating to: (a) any of the employee benefit plans, including any Interests related to unpaid contributions or current or potential withdrawal or termination liability; (b) the Worker Adjustment and Retraining Notification Act of 1988; or (c) any of the Debtors' current and former employees. For the avoidance of doubt, the interests identified on **Exhibit B** attached hereto constitute Interests and the Pharmacy Assets may be sold free and clear of such Interests.

N.     The total consideration provided by each Successful Bidder, upon the terms and conditions set forth in the applicable Bidder APA (including the form and total consideration to be realized by the Debtors pursuant to the Bidder APAs), reflects each Successful Bidder's reliance on this Order to provide it, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the Pharmacy Assets free and clear of all Interests (including any potential derivative, vicarious, transferee, or successor liability claims).

O.     As of the Closing, the transfer of the Pharmacy Assets to the Successful Bidders will be a legal, valid, and effective transfer of the Pharmacy Assets, and will vest the Successful Bidders with all right, title, and interest of the Debtors in, and to, the Pharmacy Assets, free and clear of all Interests.

P.     The Debtors (a) have full corporate or limited liability company (as applicable) power and authority to execute the Bidder APAs and all other documents contemplated

thereby, and the Transactions have been duly and validly authorized by all necessary corporate action of the Debtors, (b) have all of the corporate or limited liability company (as applicable) power and authority necessary to consummate the transactions contemplated by the Bidder APAs, and (c) upon entry of this Order, other than any consents identified in the Bidder APAs (including with respect to antitrust matters), need no consent or approval from any other Person to consummate the Transactions.

Q. The Transactions of the Pharmacy Assets must be approved and consummated promptly in order to preserve the value of the Pharmacy Assets. Therefore, time is of the essence in consummating the Transactions, and the Debtors and Successful Bidders intend to close the Transactions as soon as reasonably practicable. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Transactions as contemplated by the Bidder APAs. Accordingly, there is sufficient cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regards to the transactions contemplated by this Order.

R. The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Any responses or objections to, unless otherwise adjourned, or reservations of rights regarding, the entry of this Order or the relief granted herein or requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice. All holders of Interests or other persons and entities that failed to timely object, or withdrew their objections, to

the Motion or this Order are deemed to consent to the relief granted herein for all purposes, including pursuant to sections 363(f)(2) of the Bankruptcy Code.

3.  Each holder of any Interest against the Debtors, their estates, or any of the Pharmacy Assets: (a) has, subject to the terms and conditions of this Order, consented to the Transactions or is deemed to have consented to the Transactions; (b) could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such Interest; or (c) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.

4.  Notice of the Hearing was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

5.  The Bidder APAs and the ancillary documents thereto and the consummation thereof, and the Transactions themselves shall not be avoided under section 363(n) or chapter 5 of the Bankruptcy Code.  The consideration provided by each Successful Bidder under the applicable Bidder APA is fair and reasonable.  Neither the Debtors nor the Successful Bidders have engaged in any conduct that would cause or permit any of the Bidder APAs to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

6.  All of the Bidder APAs listed on **Exhibit A** attached hereto, any schedules or exhibits thereto, and all transactions contemplated therein, and all of the terms and conditions thereof are hereby approved and are incorporated herein by reference, and the Debtors are authorized to take any and all actions necessary or appropriate to consummate the Bidder APAs. The failure specifically to include any particular provision of a Bidder APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that each Bidder APA, be authorized and approved in its entirety.

7.  Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to execute, deliver and perform their obligations under and comply with the terms of the Bidder APAs and to consummate the Transactions, pursuant to, and in accordance with, the terms and conditions of the Bidder APAs and this Order.  The provisions of this Order shall be self-executing, and neither the Debtors nor the Successful Bidders shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

8.  The Debtors, their Affiliates and their respective officers, employees and agents, are authorized to execute and deliver, and authorized to perform under, consummate and implement all additional instruments and documents that may be reasonably necessary or desirable to implement the Bidder APAs and to take all further actions as may be: (a) reasonably requested by the Successful Bidders for the purpose of assigning, transferring, granting, conveying, and conferring to a Successful Bidder, or reducing to possession, the applicable Pharmacy Assets; or (b) necessary or appropriate to the performance of the obligations contemplated by the applicable Bidder APA, all without further order of the Court.

9.  All Persons that are currently, or are on or after the Closing, in possession of some or all of the applicable Pharmacy Assets are hereby directed to surrender possession of such Pharmacy Assets to the applicable Successful Bidder as of the Closing or at such time as a Successful Bidder requests.

10.  Each and every federal, state, local, or foreign government or governmental or regulatory authority, agency, board, bureau, commission, court, department, or other governmental entity is hereby directed to accept this Order and any and all other documents and

instruments necessary and appropriate to consummate the transactions contemplated by the Bidder APAs.

11. Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Pharmacy Assets in accordance with the terms of the Bidder APAs. The Pharmacy Assets shall be transferred to the Successful Bidders (or their Affiliates), and upon the Closing, such transfers shall: (a) be valid, legal, binding, and effective, (b) vest the Successful Bidders with all right, title, and interest of the Debtors (who are presently the sole and rightful owners of the Pharmacy Assets) in the Pharmacy Assets, and (c) be free and clear of all Interests (including, for the avoidance of doubt, the Interests identified on **Exhibit B**) in accordance with section 363(f) of the Bankruptcy Code, with all Interests that represent interests in property to attach to the net proceeds of the Transactions, in the same amount and order of their priority, with the same validity, force, and effect which they have against the Pharmacy Assets, and subject to any claims and defenses the Debtors may possess with respect thereto, in each case immediately before the Closing.

12. Except as otherwise provided in the applicable Bidder APA, all Persons (and their respective successors and assigns) including all debtholders, equityholders, governmental, tax and regulatory authorities, lenders, employees, former employees, pension plans, multiemployer pension plans, labor unions, trade creditors, and any other creditors holding Interests against the Debtors or the Pharmacy Assets, are hereby forever barred, estopped and permanently enjoined from asserting or pursuing such Interests against the Successful Bidders, their Affiliates, successors or assigns, their property or the Pharmacy Assets.

13. This Order (a) shall be effective as a determination that, as of the Closing, all Interests (including, for the avoidance of doubt, the Interests identified on **Exhibit B**) have been

unconditionally released, discharged, and terminated as to the Successful Bidders and the Pharmacy Assets, and that the conveyances and transfers described herein have been effected, and (b) is and shall be binding upon and govern the acts of all Persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any asset; and each of the foregoing Persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the applicable Bidder APA.

14. Following the Closing, no holder of any Interest shall interfere with each Successful Bidder's title to or use and enjoyment of the Pharmacy Assets based on or related to any such Interest or based on any actions the Debtors may take in these chapter 11 cases.

15. The Debtors are hereby authorized to take all actions necessary to implement and effectuate the terms of this Order and the relief granted pursuant to this Order, the Transactions, and the Bidder APAs.

16. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

17. Pursuant to section 363(m) of the Bankruptcy Code, the Successful Bidders shall be, and hereby are, deemed to have purchased the Pharmacy Assets in good faith. The transactions contemplated by the Bidder APAs are undertaken by each Successful Bidder in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, each

Successful Bidder is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code and the reversal or modification on appeal of the authorization provided herein of any Transaction shall neither affect the validity of such Transaction nor the transfer of the Pharmacy Assets to the Successful Bidders (or their Affiliates), free and clear of Interests (including, for the avoidance of doubt, the Interests identified on **Exhibit B**).

18. To the extent any of the deadlines set forth in this Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Order shall govern.

19. Notwithstanding the applicability, or the possible applicability, of Bankruptcy Rules 4001, 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Order shall not be stayed in any respect and shall be immediately effective and enforceable upon its entry. This Order constitutes a final order upon which the Debtors and the Successful Bidders are entitled to rely.

20. The terms and provisions of the Bidder APAs and this Order shall be binding in all respects upon, or shall inure to the benefit of, the Debtors, their estates and their creditors (whether known or unknown), the Successful Bidders, and their respective Affiliates, successors and assigns, and any affected third parties, including all Persons asserting an Interest in the Pharmacy Assets (collectively, the "Bound Parties"), notwithstanding any subsequent appointment of any trustee, examiner, receiver, party, entity, or other fiduciary under any chapter of the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such provisions and terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, or any trustee, examiner or receiver, party, entity, or other fiduciary. The provisions of this Order and the terms and provisions of the Bidder APAs, and any actions taken pursuant

Document      Page 14 of 20

hereto or thereto as of the date of the entry of such Order shall survive the entry of any order that may be entered confirming or consummating any plan(s) of the Debtors or converting the Debtors' cases from chapter 11 to chapter 7, and the terms and provisions of the applicable Bidder APA, as well as the rights and interests granted pursuant to this Order and applicable Bidder APA shall continue in these or any superseding cases and shall be binding upon the Bound Parties and their respective successors and permitted assigns, including any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.

21.     In the event that there is any conflict or derogation between the terms of this Order and the terms of (a) any Bidder APA, or (b) any other order of this Court, the terms of this Order shall control.  Nothing contained in any chapter 11 plan hereinafter confirmed in these chapter 11 cases, or any order confirming such plan, or any other order in these chapter 11 cases (including any order approving the wind-down or dismissal of these chapter 11 cases or any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from the provisions of the Bidder APAs or the terms of this Order. This Order shall survive any dismissal of any of these chapter 11 cases.

22.     The Bidder APAs, and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed by each party, and in accordance with the terms thereof, without further order of the Court; provided that any such modification, amendment or supplement does not materially change the terms of the Bidder APAs or any related agreements, documents, or other instruments.

23.     Notwithstanding anything to the contrary in this Order, the Bidder APAs or any related agreements, documents, or other instruments, or otherwise, (a) following the closing

date of any Transaction, on the date the proceeds or any portion thereof are received by the Debtors, the Debtors shall pay such proceeds of the Pharmacy Assets from the closing of such Transaction to Wells Fargo Bank, N.A. as the administrative agent and collateral agent under the Loan Agreement (as defined in the DIP Orders) for application and payment of all obligations owing by the Debtors to Agent and the Lenders (as defined in the DIP Orders), in accordance with the DIP Orders and Section 6.4 of the Loan Agreement, until such time as all such obligations have been fully repaid and satisfied in full in accordance with the terms and conditions of the DIP Orders and the Loan Agreement; and (b) to the extent of any conflict between (i) the terms of this Order, the Bidder APAs or any related agreements, documents, or other instruments and (ii) the terms of the DIP Orders, the terms of the DIP Orders shall control; *provided*, *however*, that the Agent for the Lenders has provided written consent for the disposition of the Pharmacy Assets to the Successful Bidders (or, in the event of a default of by one or more Successful Bidders to one or more Backup Bidders) in accordance with this Order.

24. Notwithstanding anything herein to the contrary, McKesson's rights to assert reclamation rights, marshalling rights, or a superpriority claim under section 507(b) of the Bankruptcy Code are preserved to the extent forth in the Stipulation and Settlement Agreement between Debtors and McKesson Corporation Inc. approved pursuant to the Court's order granting *Debtors' Motion for Approval of a Settlement with McKesson Corporation Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019*.

25. This Court shall retain jurisdiction (to the greatest extent allowed by applicable law) with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order, the Bidder APAs, all amendments thereto, and any waivers and consents thereunder (and of each of the agreements executed in connection therewith),

to adjudicate disputes related to this Order or the Bidder APAs (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

Omaha, Nebraska
Dated: January 29, 2019                   /s/Thomas L. Saladino
                                          UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

### Purchase Schedule

| Pharmacy Assets (Store Number and Location) | Successful Bidder | Agreement Type |
|---|---|---|
| 62 Great Falls, MT | Albertsons | Asset Purchase Agreement |
| 68 Idaho Falls, ID | Albertsons | Asset Purchase Agreement |
| 529 Dillon, MT | Albertsons | Asset Purchase Agreement |
| 556 Prosser, WA | Albertsons | Asset Purchase Agreement |
| 758 Douglas, WY | Albertsons | Asset Purchase Agreement |
| 773 Lewistown, MT | Albertsons | Asset Purchase Agreement |
| 774 Livingston, MT | Albertsons | Asset Purchase Agreement |
| 526 Afton, WY | Broulim Supermarkets | Asset Purchase Agreement |
| 748 Pipestone, MN | Coborn's Inc. | Asset Purchase Agreement |
| 5 De Pere, WI | CVS | Asset Purchase Agreement |
| 20 La Crosse, WI | CVS | Asset Purchase Agreement |
| 24 Eau Claire, WI | CVS | Asset Purchase Agreement |
| 32 Monona, WI | CVS | Asset Purchase Agreement |
| 99 Onalaska, WI | CVS | Asset Purchase Agreement |
| 112 Helena, MT | CVS | Asset Purchase Agreement |
| 140 Jacksonville, IL | CVS | Asset Purchase Agreement |
| 177 Green Bay, WI | CVS | Asset Purchase Agreement |
| 501 De Pere, WI | CVS | Asset Purchase Agreement |
| 502 Green Bay, WI | CVS | Asset Purchase Agreement |
| 613 Winneconne, WI | CVS | Asset Purchase Agreement |
| 630 Arcadia, WI | CVS | Asset Purchase Agreement |
| 735 Aitkin, MN | CVS | Asset Purchase Agreement |
| 698 Gothenburg, NE | Gothenburg Discount Pharmacy | Asset Purchase Agreement |
| 683 Audubon, IA | GRX Holdings, LLC | Asset Purchase Agreement |
| 671 Waukon, IA | Hartig Drug Company | Asset Purchase Agreement |
| 742 East Grand Forks, MN | Hugo's Family Marketplace | Asset Purchase Agreement |
| 201 Emmetsburg, IA | Hy-Vee | Asset Purchase Agreement |
| 611 Saint Peter, MN | Hy-Vee | Asset Purchase Agreement |
| 661 West Point, NE | Hy-Vee | Asset Purchase Agreement |
| 679 Toledo, IA | Hy-Vee | Asset Purchase Agreement |
| 689 Mount Ayr, IA | Hy-Vee | Asset Purchase Agreement |
| 791 Forest City, IA | Hy-Vee | Asset Purchase Agreement |
| 49 Aberdeen, SD | Kessler's Inc. | Asset Purchase Agreement |
| 704 Falls City, NE | Kex Rx Falls City, LLC | Asset Purchase Agreement |
| 92 Kennewick, WA | Kroger | Asset Purchase Agreement |
| 22 Mitchell, SD | Lewis Drug | Asset Purchase Agreement |
| 681 Ida Grove, IA | Lewis Drug | Asset Purchase Agreement |
| 746 Madison, SD | Lewis Drug | Asset Purchase Agreement |
| 747 Luverne, MN | Lewis Drug | Asset Purchase Agreement |

| Pharmacy Assets (Store Number and Location) | Successful Bidder | Agreement Type |
|---|---|---|
| 749 Saint James, MN | Lewis Drug | Asset Purchase Agreement |
| 751 Sisseton, SD | Lewis Drug | Asset Purchase Agreement |
| 744 Roseau, MN | Mattson Pharmacy, Inc. | Asset Purchase Agreement |
| 561 Cokato, MN | NuDak Ventures, LLC | Asset Purchase Agreement |
| 627 Neillsville, WI | Prohaska Bros | Asset Purchase Agreement |
| 633 Park Falls, WI | Prohaska Bros | Asset Purchase Agreement |
| 205 Delta, UT | Quality Pharmacy | Asset Purchase Agreement |
| 66 Spokane, WA | Rite Aid | Asset Purchase Agreement |
| 69 Coeur d'Alene, ID | Rite Aid | Asset Purchase Agreement |
| 72 Lewiston, ID | Rite Aid | Asset Purchase Agreement |
| 73 Union Gap, WA | Rite Aid | Asset Purchase Agreement |
| 122 Wenatchee, WA | Rite Aid | Asset Purchase Agreement |
| 659 Auburn, NE | U-Save Pharmacy of Auburn | Asset Purchase Agreement |
| 668 New Hampton, IA | Vogt Pharmacies | Asset Purchase Agreement |
| 673 Ainsworth, NE | Vogt Pharmacies | Asset Purchase Agreement |
| 690 Holdrege, NE | Vogt Pharmacies | Asset Purchase Agreement |
| 692 Superior, NE | Vogt Pharmacies | Asset Purchase Agreement |
| 695 Broken Bow, NE | Vogt Pharmacies | Asset Purchase Agreement |
| 7 La Crosse, WI | Walgreens | Asset Purchase Agreement |
| 10 Marquette, MI | Walgreens | Asset Purchase Agreement |
| 11 Kingsford, MI | Walgreens | Asset Purchase Agreement |
| 14 Beaver Dam, WI | Walgreens | Asset Purchase Agreement |
| 16 Escanaba, MI | Walgreens | Asset Purchase Agreement |
| 17 Saint Cloud, MN | Walgreens | Asset Purchase Agreement |
| 23 Hutchinson, MN | Walgreens | Asset Purchase Agreement |
| 37 Chippewa Falls, WI | Walgreens | Asset Purchase Agreement |
| 51 Fort Atkinson, WI | Walgreens | Asset Purchase Agreement |
| 63 Chubbuck, ID | Walgreens | Asset Purchase Agreement |
| 67 Twin Falls, ID | Walgreens | Asset Purchase Agreement |
| 70 Spokane Valley, WA | Walgreens | Asset Purchase Agreement |
| 75 Missoula, MT | Walgreens | Asset Purchase Agreement |
| 78 Rapid City, SD | Walgreens | Asset Purchase Agreement |
| 88 Layton, UT | Walgreens | Asset Purchase Agreement |
| 89 Walla Walla, WA | Walgreens | Asset Purchase Agreement |
| 96 Redding, CA | Walgreens | Asset Purchase Agreement |
| 98 Eugene, OR | Walgreens | Asset Purchase Agreement |
| 102 Marinette, WI | Walgreens | Asset Purchase Agreement |
| 106 Billings, MT | Walgreens | Asset Purchase Agreement |
| 109 Riverdale, UT | Walgreens | Asset Purchase Agreement |
| 111 Salem, OR | Walgreens | Asset Purchase Agreement |
| 114 Duluth, MN | Walgreens | Asset Purchase Agreement |
| 119 Dixon, IL | Walgreens | Asset Purchase Agreement |
| 120 Monroe, WI | Walgreens | Asset Purchase Agreement |
| 123 Houghton, MI | Walgreens | Asset Purchase Agreement |

| Pharmacy Assets (Store Number and Location) | Successful Bidder | Agreement Type |
|---|---|---|
| 127 Delavan, WI | Walgreens | Asset Purchase Agreement |
| 130 River Falls, WI | Walgreens | Asset Purchase Agreement |
| 132 Rice Lake, WI | Walgreens | Asset Purchase Agreement |
| 133 Belvidere, IL | Walgreens | Asset Purchase Agreement |
| 170 Rhinelander, WI | Walgreens | Asset Purchase Agreement |
| 179 North Branch, MN | Walgreens | Asset Purchase Agreement |
| 215 Shawano, WI | Walgreens | Asset Purchase Agreement |
| 503 Port Washington, WI | Walgreens | Asset Purchase Agreement |
| 510 Waupaca, WI | Walgreens | Asset Purchase Agreement |
| 512 Ellsworth, WI | Walgreens | Asset Purchase Agreement |
| 604 Abbotsford, WI | Walgreens | Asset Purchase Agreement |
| 606 Calumet, MI | Walgreens | Asset Purchase Agreement |
| 608 Brillion, WI | Walgreens | Asset Purchase Agreement |
| 609 Kiel, WI | Walgreens | Asset Purchase Agreement |
| 616 Sister Bay, WI | Walgreens | Asset Purchase Agreement |
| 617 Wautoma, WI | Walgreens | Asset Purchase Agreement |
| 619 Adams, WI | Walgreens | Asset Purchase Agreement |
| 624 L'Anse, MI | Walgreens | Asset Purchase Agreement |
| 626 Lancaster, WI | Walgreens | Asset Purchase Agreement |
| 635 Savanna, IL | Walgreens | Asset Purchase Agreement |
| 640 Tuscola, IL | Walgreens | Asset Purchase Agreement |
| 687 Greenfield, IA | Walgreens (Scripts), Vogt Pharmacies (Inventory) | Asset Purchase Agreement |
| 688 Missouri Valley, IA | Walgreens | Asset Purchase Agreement |
| 710 Gallatin, MO | Walgreens | Asset Purchase Agreement |
| 732 Glencoe, MN | Walgreens | Asset Purchase Agreement |
| 739 Glenwood, MN | Walgreens | Asset Purchase Agreement |
| 752 Torrington, WY | Walgreens | Asset Purchase Agreement |
| 753 Hot Springs, SD | Walgreens | Asset Purchase Agreement |
| 757 Belle Fourche, SD | Walgreens | Asset Purchase Agreement |
| 759 Sturgis, SD | Walgreens | Asset Purchase Agreement |
| 760 Green River, WY | Walgreens | Asset Purchase Agreement |
| 765 Mountain View, WY | Walgreens | Asset Purchase Agreement |
| 789 Waupaca, WI | Walgreens | Asset Purchase Agreement |
| 790 Stanley, WI | Walgreens (Scripts), Prohaska Bros (Inventory) | Asset Purchase Agreement |
| 793 Mayville, WI | Walgreens | Asset Purchase Agreement |
| 794 Quincy, WA | Walgreens | Asset Purchase Agreement |
| 799 Tremonton, UT | Walgreens | Asset Purchase Agreement |

## Exhibit B

### Listed Interests

| Party | Interest |
|---|---|
| Lenders party to the Credit Agreement | - Any security interest in, a lien upon, or a right of set off against the Pharmacy Assets pursuant to, and as described more fully in, that certain Third Amended and Restated Loan and Security Agreement, dated as of February 7, 2012 (as amended, including by that certain Ratification and Amendment Agreement, dated as of January 16, 2019, the "Credit Agreement"). |
| McKesson Corporation | - Alleged reclamation claim in certain Pharmacy Assets, delivered by McKesson Corporation pursuant to state law, 11 U.S.C. § 546(c) and/or the State of Wisconsin, Circuit Court proceeding *McKesson Corporation v. Shopko Stores Operating Co., LLC*, Case No. 2019-CV-000033. (Note: The Debtors contest any and all purported rights, claims, or interests of McKesson Corporation in the Pharmacy Assets.) |