# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064 (TLS) |
| Debtors. | ) (Jointly Administered) |

## DEBTORS' MOTION FOR APPROVAL TO EXTEND
## THE TIME WITHIN WHICH THE DEBTORS MUST ASSUME OR
## REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Specialty Retail Shops Holding Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[2] respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1. The Debtors seek approval to extend by 90 days (*i.e.*, through Wednesday, August 14, 2019) the time period within which the Debtors must assume or reject the Debtors' unexpired leases of nonresidential real property (collectively, the "Unexpired Leases").

2. Additionally, the Debtors respectfully request leave to submit a proposed order for the Court's consideration, as to grant the relief requested herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Russell L. Steinhorst, Chief Executive Officer of Specialty Retail Shops Holding Corp., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions under chapter 11.

KE 59158337

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are section 365(d)(4) of the Bankruptcy Code.

**Background**

6. The Debtors are engaged in the sale of general merchandise including clothing, accessories, electronics, and home furnishings, as well as company operated pharmacy and optical services departments. The Debtors are headquartered in Green Bay, Wisconsin, and operate approximately 367 stores in 25 states throughout the United States, as well as e-commerce operations. The Debtors and their non-Debtor subsidiaries generated approximately $2.6 billion in revenue in fiscal year 2017 and currently employ approximately 14,000 people throughout the United States.

7. On January 16, 2019 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b)

KE 59158337

[Docket No. 25]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases. On January 18, 2019, the United States Trustee for the District of Nebraska (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 95].

**The Debtors' Chapter 11 Cases and Assessment of the Unexpired Leases**

**I.     The Unexpired Leases.**

8.     The Unexpired Leases consist of, among other agreements, the Debtors' retail store lease and warehouse agreements in various states and office lease agreements for their corporate headquarters in Green Bay, Wisconsin. The Debtors' initial 120-day period to assume or reject the Unexpired Leases will expire on May 16, 2019, pursuant to section 365(d)(4)(A)(i) of the Bankruptcy Code.

**II.    The Necessity of the Requested Extension.**

9.     An extension of the period during which the Debtors may assume or reject the Unexpired Leases is necessary and warranted under the facts and circumstances of these chapter 11 cases. More specifically, the Debtors have utilized the initial period of these cases to stabilize their operations, obtain Court approval of important operational programs, conduct sales of their pharmacy assets, and begin work on their schedules of assets and liabilities and statements of financial affairs for all Debtors. The Debtors have also engaged in discussions with their key constituents, including their lenders, the Committee, and the U.S. Trustee with respect to the Debtors' path forward in these chapter 11 cases. Additionally, pursuant to the milestones under the Debtors' postpetition financing facility, the Debtors must obtain entry of an order approving the extension of the 365(d)(4)(A)(i) deadline within 45 days of the Petition Date.

3

**III.    The Requested Extension.**

10. Section 365(d)(4)(A)(i) of the Bankruptcy Code provides for the automatic rejection of the Unexpired Leases on May 16, 2019 if the Debtors do not assume or reject such leases sooner. 11 U.S.C. § 365(d)(4)(A)(i). In light of the many matters that the Debtors are managing in these chapter 11 cases and the Debtors' ongoing evaluation of store performance and profitability, the Debtors require additional time to decide whether to assume or reject their Unexpired Leases. Accordingly, the Debtors seek a 90-day extension of the period (*i.e.*, through Wednesday, August 14, 2019) to continue to evaluate the Unexpired Leases. The Debtors submit that all parties will be best served by an extension, which will avoid needless distraction, ensure the Debtors can continue to negotiate with certain landlords, and provide the appropriate environment for the major stakeholders in these chapter 11 cases to work collaboratively regarding the Unexpired Leases (and otherwise). Therefore, cause exists to extend the section 365(d)(4) deadline (subject to any further consensual extensions negotiated with any applicable lease counterparties).

## Basis for Relief

11. Section 365(d)(4) of the Bankruptcy Code provides, in relevant part, as follows:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of —
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the [debtor] or lessor for cause.

4

12. As noted above, section 365(d)(4)(B)(i) of the Bankruptcy Code authorizes a court to grant an extension of time to assume or reject unexpired leases of nonresidential real property for "cause." *See* 11 U.S.C. § 365(d)(4)(B)(i). Courts consider various factors in determining whether such "cause" exists, including, but not limited to:

    a. whether the lease is the debtor's primary asset;

    b. whether the debtor has had sufficient time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan of reorganization;

    c. whether the lessor continues to receive rent for the use of the property;

    d. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

    e. whether the case is exceptionally complex and involves a large number of leases;

    f. whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

    g. any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g.*, *In re Twin Cities Stores, Inc.*, 421 B.R. 522, 523 (Bankr. D. Minn. 2009); *In re Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (recognizing that a court may extend the deadline under section 365(d)(4) if "there is 'cause' for granting the extension"); *see also S. St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996) (listing factors that demonstrate cause for an extension).

13. The foregoing factors weigh heavily in favor of granting the requested extension, and cause exists to extend the time within which the Debtors may assume or reject the Unexpired Leases. ***First***, the Debtors reasonably require additional time to assess the assumption or rejection of their Unexpired Leases. The Debtors are in the midst of a comprehensive process, aided by their advisors, to assess the potential value of the Unexpired Leases. To allow the Debtors

5

sufficient time to evaluate the assumption or rejection of the Unexpired Leases in the context of their restructuring efforts as a whole, the Debtors believe the 90-day extension requested herein is appropriate.

14. *Second*, although the Debtors have already spent a significant amount of time appraising their financial situation and the potential value of the Unexpired Leases to their restructuring, an appraisal of and negotiations regarding the Debtors' financial situation and potential value of the Unexpired Leases will require more time. Compelling the Debtors to determine which Unexpired Leases to prematurely assume or reject could otherwise have a substantial negative impact on the Debtors' ability to maximize value. Accordingly, to allow the Debtors to evaluate their financial situation and determine whether assumption or rejection of the Unexpired Leases is in the best interest of the Debtors' estates, the Debtors submit that it is appropriate for the Court to extend the section 365(d)(4) deadline as set forth herein.

15. *Third*, if the Debtors precipitously assume or reject the Unexpired Leases or are deemed to reject the Unexpired Leases by virtue of the operation of section 365(d)(4) of the Bankruptcy Code, they may forego significant value in such Unexpired Leases or incur unnecessary rejection damages or administrative claims, as the case may be. Because of the value that may be gained or lost, the Debtors respectfully request that they be given an extension of time to more fully analyze the value of such leases to their estates.

16. *Fourth*, these chapter 11 cases are complex. Beyond the complexities of operating their business enterprise, conducting certain store closings, and finalizing their pharmacy asset sales,[3] the Debtors continue to face the challenges that contributed to the commencement of these

---

[3] *See Order (I) Authorizing the Transactions of Certain Pharmacy Assets Free and Clear of All Interests and (II) Granting Related Relief* [Docket No. 208].

6

chapter 11 cases. Considering the multitude of tasks the Debtors have been and will be required to complete to address and evaluate all potential alternatives, extending the section 365(d)(4) deadline by 90 days is appropriate.

17.   In addition, the lessors under the Unexpired Leases will not be prejudiced by the extension of time requested by the Debtors because: (a) the Debtors have performed and intend to continue to perform in a timely manner their undisputed postpetition obligations for so long as the Debtors maintain the Unexpired Leases; (b) the Debtors' continued occupation of the leased premises is not at all likely to damage the facilities or harm the lessors; and (c) any lessor may at its discretion request that the Court fix an earlier date by which the Debtors must assume or reject its lease in accordance with section 365(d)(4) of the Bankruptcy Code, to the extent required by the circumstances. Thus, the relief requested herein will not harm lessors but will merely preserve the *status quo* while the Debtors analyze the Unexpired Leases and decide whether to assume or reject them. *See, e.g.*, *In re Am. Healthcare Mgt., Inc.*, 900 F.2d at 832 ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.").

18.   Accordingly, the proposed extension of the section 365(d)(4) deadline through and including the additional 90 days provided by section 365(d)(4) of the Bankruptcy Code is necessary, appropriate, and in the best interests of the Debtors' estates and should be granted. Furthermore, courts have routinely granted similar relief in other chapter 11 cases in this district and others. *See, e.g., In re Gordmans Stores, Inc.*, No. 17-80304 (TLS) (Bankr. D. Neb. Mar. 14, 2017) (extending the deadline by which the debtors must assume or reject unexpired leases of nonresidential real property by 90 days)*; In re Noranda Aluminum, Inc.*, No. 16-10083-399 (BSS) (Bank. E.D. Mo. July 18, 2016) (same); *In re Gander Mountain Co.*, No. 17-30673 (MER) (Bankr. Minn. Apr. 6, 2017) (same); *In re Arch Coal, Inc.*, No. 16-40120-705 (CER) (Bankr. E.D. Mo.

KE 59158337

July 5, 2016) (same); and *In re HHGregg, Inc.*, No. 17-01302-11 (RLM) (Bankr. S.D. Ind. Mar. 17, 2017) (same).[4]

## Notice

19. The Debtors will provide notice of this Motion to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the District of Nebraska; (b) counsel to the Committee; (c) the agents under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the District of Nebraska; (j) the lessors under the Unexpired Leases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given. A copy of this Motion is also available on the website of the Debtors' notice and claims agent at https://cases.primeclerk.com/shopko/.

## No Prior Request

20. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

---

[4] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

KE 59158337

WHEREFORE, the Debtors respectfully request: (1) that the Court enter an order granting the relief requested herein; and (2) leave to submit a proposed order for the Court's consideration granting such relief.

| | |
|---|---|
| Dated: January 30, 2019<br>Omaha, Nebraska | /s/ Michael T. Eversden<br>James J. Niemeier (NE Bar No. 18838)<br>Michael T. Eversden (NE Bar No. 21941)<br>Lauren R. Goodman (NE Bar No. 24645)<br>**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, Nebraska 68102<br>Telephone:  (402) 341-3070<br>Facsimile:   (402) 341-0216<br>Email:         jniemeier@mcgrathnorth.com<br>                  meversden@mcgrathnorth.com<br>                  lgoodman@mcgrathnorth.com<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>Travis M. Bayer (*pro hac vice* pending)<br>Jamie Netznik (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br>Email:         james.sprayregen@kirkland.com<br>                  patrick.nash@kirkland.com<br>                  travis.bayer@kirkland.com<br>                  jamie.netznik@kirkland.com<br><br>- and -<br><br>Steven Serajeddini (*pro hac vice* pending)<br>Daniel Rudewicz (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:         steven.serajeddini@kirkland.com<br>                  daniel.rudewicz@kirkland.com<br><br>*Proposed Co-Counsel to the Debtors* |

KE 59158337