**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re:<br><br>SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 18-80064 (TLS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 35<br>Obj. Deadline: February 4, 2019 |

**LIMITED OBJECTION OF NATIONAL RETAIL PROPERTIES, INC., REALTY INCOME CORPORATION, HAILE TEKLE AND HIWOT TEKLE, AND ST. CROIX TRAIL, LLC TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION TO THE PREPETITION LENDERS, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL HEARING, AND (VII) GRANTING RELATED RELIEF**

National Retail Properties, Inc., Realty Income Corporation, Haile Tekle and Hiwot Tekle, and St. Croix Trail, LLC (the "Landlords"), by and through their undersigned counsel, hereby submit this limited objection (the "Objection") to the *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To Obtain Postpetition Financing, (II) Authorizing The Debtors To Use Cash Collateral, (III) Granting Liens And Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection To The Prepetition Lenders, (V) Modifying The Automatic Stay, (VI) Scheduling A Final Hearing, And*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).

*(VII) Granting Related Relief* (the "Motion").[2]  In support of this Objection, the Landlords respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Debtors are seeking approval of a financing package and budget that forces the Landlords to both provide the Debtors with an interest free loan in the form of Stub Rent (as defined below) and bear the risk that such "loan" may never be repaid. The current form of Budget (as defined below) does not contemplate the payment of Stub Rent and, upon information and belief, the Debtors do not plan on paying Stub Rent. The Budget and proposed financing package will, however, allow the Debtors to use and occupy the premises, including to conduct store closing sales (the "GOB Sales") and liquidate their collateral for the benefit of their secured lenders while unsecured creditors such as the Landlords are forced to pay the costs of liquidation. The Landlords should not have to provide free space to the Debtors while incurring losses in the form of lost rent and additional rent that may never be repaid.

2. Despite failing to provide for the payment of Stub Rent, the lenders are also seeking waivers of sections 506(c) and 552(b) of the Bankruptcy Code. These provisions were specifically enacted by Congress to prevent the exploitation of the Debtors and their unsecured creditors – namely, forcing unsecured creditors to pay for the liquidation of the lenders' collateral. The Debtors seek to do this through a postpetition financing package that fully protects the lenders through the payment of fees and interest while the Landlords are forced to become involuntary interest free lenders.

---

[2]  Docket No. 35. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

## BACKGROUND

3.  The Landlords are the owners, affiliates, or managing agents of the owners of shopping centers located throughout the United States where the Debtors lease retail space pursuant to written leases (each, a "Lease," and collectively, the "Leases") for the stores at the locations listed on the attached Exhibit A (collectively, the "Leased Premises"). Most or all of the Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

4.  On January 16, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have continued to manage their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.  On the Petition Date, the Debtors filed the Motion, and following the hearing on the Motion, the Court entered an order (the "Interim DIP Order") granting the Motion on an interim basis.[3] The budget (the "Budget") outlining the Debtors' anticipated postpetition cash expenditures in the initial 13 weeks of the chapter 11 cases was annexed to the Interim DIP Order as Exhibit 2.

6.  The Budget does not provide for the payment of rent owed to the Landlords for the use of their property for the period of January 16, 2019 through January 31, 2019 (the "Stub Rent") and the Debtors have not paid the Landlords the Stub Rent due under the Leases for the Debtors' continued use and occupancy of the Leased Premises.

---

[3] Docket No. 89.

7. The Budget does not indicate whether Stub Rent will be paid as an administrative claim but, upon information and belief, the Debtors do not intend to pay the Stub Rent as an administrative claim.

### THE LANDLORDS ARE ENTITLED TO PAYMENT OF STUB RENT FOR THE DEBTORS' POSTPETITION USE OF THE LANDLORDS' PROPERTY OUTSIDE OF THE ORDINARY COURSE OF BUSINESS

8. The Debtors are seeking the use of cash collateral to operate outside of the ordinary course of business through the potential rejection or assumption and assignment of leases and the GOB sales. As each day passes, the Debtors are enjoying the use and occupancy of the Leased Premises. Yet, the Budget does not include a line item for Stub Rent even though the Debtors are seeking 506(c) and 552(b) waivers in favor of the secured lenders. In essence, the Debtors are seeking to have the Landlords finance the use of the Leased Premises and the possible GOB Sales for the benefit of the secured lenders.

9. The Debtors should be required to pay Stub Rent immediately, or at a minimum, reserve for it as part of any cash collateral budget. The Court should not grant Debtors' cash collateral requests and allow the Debtors to use and occupy the Leased Premises rent without first requiring immediate payment of Stub Rent, or a fully-funded reserve therefor. Otherwise, the estate will undoubtedly face a slew of adequate protection motions or motions to compel payment of administrative claims filed by affected landlords.

18. Further, section 503(b)(1) of the Bankruptcy Code provides for an allowed administrative expense for "the actual and necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1). *See In re Burival*, 406 B.R. 548, 555 (8th Cir. B.A.P. 2009); *see also In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010). A court has discretion to determine when an administrative expense will be paid. *In re Garden Ridge Corp.*,

4

323 B.R. 136 (Bankr. D. Del. 2005).  The Court should consider: (1) prejudice to the Debtors, (2) hardship to the claimant, and (3) the potential detriment to other creditors. *Id.*

        19.     The outcome of these cases is uncertain.  The Debtors do not know if they will be able to reorganize or if they will be selling all of their assets to a purchaser.  Irrespective of the outcome, it is highly unlikely that unsecured creditors, including the Landlords, will be paid in full.  Accordingly, there is a real risk to the Landlords that the Stub Rent will never be paid.  GOB Sales should not be run out of the Landlords' stores for the benefit of a secured lender, without, at a minimum, reserving for Stub Rent. Otherwise, requests for 506(c) and 552(b) waivers should be denied.

WHEREFORE, the Landlords respectfully request that the Court (i) deny approval of the Motion unless and until the Debtors agree to the immediate payment of the Stub Rent or establishment of a fully funded reserve therefor and (ii) grant such other and further relief as the Court deems just and proper.

Dated:     February 4, 2019             KELLEY DRYE & WARREN LLP
           New York, New York

                                        By: */s/ Robert L. LeHane*
                                        Robert L. LeHane, Esq.
                                        Maeghan J. McLoughlin, Esq.
                                        Kayci G. Hines, Esq.
                                        101 Park Avenue
                                        New York, New York 10178
                                        Tel: (212) 808-7800
                                        Fax: (212) 808-7897

                                        *Counsel for National Retail Properties, Inc.,*
                                        *Realty Income Corporation, Haile Tekle*
                                        *and Hiwot Tekle, and St. Croix Trail, LLC*

## **EXHIBIT A**

| NATIONAL RETAIL PROPERTIES, INC. | | |
|---|---|---|
| **Mall Name** | **Location** | **Landlord** |
| 4060 Riverdale Road | Riverdale, UT | National Retail Properties, LP |
| 9520 N. Newport | Spokane, WA | National Retail Properties, LP |
| 1710 S. Main Street | West Bend, WI | National Retail Properties, LP |
| **REALTY INCOME CORPORATION** | | |
| **Mall Name** | **Location** | **Landlord** |
| 810 W. State Highway 23 | Paynesville, MN | Realty Income Corporation |
| 216 Main Avenue NE | Warroad, MN | Realty Income Corporation |
| 935 3rd Street SE | Mayville, ND | Realty Income Corporation |
| 1401 State Street | Phillipsburg, KS | Realty Income Corporation |
| 1180 S. 16th Street | Clarinda, IA | Realty Income Corporation |
| 1000 US Highway 67 | Presidio, TX | Realty Income Texas Properties 1, LLC |
| 2320 Lineville Road | Green Bay, WI | Realty Income Properties 28, LLC |
| N. 66 W. 25201 County Highway VV | Sussex, WI | Realty Income Properties 28, LLC |
| **HAILE TEKLE & HIWOT TEKLE** | | |
| **Mall Name** | **Location** | **Landlord** |
| Pine Ridge Mall | Chubbuck, ID | Haile Tekle & Hiwot Tekle |
| **ST. CROIX TRAIL, LLC** | | |
| **Mall Name** | **Location** | **Landlord** |
| 5630 St. Croix Trail | North Branch, MN | St. Croix Trail, LLC |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 4th day of February 2019, I caused a copy of the foregoing to be served via ECF notification upon all parties requesting service via ECF notification.

                                    /s/ *Robert L. LeHane*
                                    Robert L. LeHane