**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064 (TLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 16, 87** |

**FINAL ORDER GRANTING**
**DEBTORS' MOTION FOR ENTRY OF INTERIM AND**
**FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO ASSUME**
**THE CONSULTING AGREEMENT, (II) APPROVING PROCEDURES**
**FOR STORE CLOSING SALES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession
(collectively, the "Debtors") for entry of a final order (this "Order"): (a) authorizing the Debtors
to assume the Consulting Agreement, (b) authorizing and approving the Sale Guidelines, with
such sales to be free and clear of all liens, claims, and encumbrances, and (c) granting related
relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this
Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska
General Rule 1.5 of the United States District Court for the District of Nebraska; and that this
Court may enter a final order consistent with Article III of the United States Constitution; and
this Court having found that venue of this proceeding and the Motion in this district is proper
pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida
Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained
R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding
Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing,
LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC
(0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby:

FOUND AND DETERMINED THAT: [3]

1.    The Debtors have advanced sound business reasons for seeking to assume the Consulting Agreement, Letter Agreements, and adopt the Sale Guidelines, as set forth in the Motion and at the Hearing, and entering into the Consulting Agreement is a reasonable exercise of the Debtors' business judgment and in the best interests of the Debtors and their estates.

2.    The conduct of the Store Closings in accordance with the Sale Guidelines will provide an efficient means for the Debtors to dispose of the Store Closure Assets.

3.    The Consulting Agreement was negotiated, proposed and entered into by the Consultant and the Debtors without collusion, in good faith, and from arm's length bargaining positions.

4.    The assumption of the Consulting Agreement is a sound exercise of the Debtors' business judgment.

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052.

5.      The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates and the Debtors have demonstrated good, sufficient and sound business purposes and justifications for the relief approved herein.

6.      The Store Closings and Sales are in the best interest of the Debtors' estates.

7.      The entry of this Order is in the best interest of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and now therefore;

IT IS HEREBY ORDERED THAT:

8.      The Motion is granted on a final basis as provided herein.

9.      The Debtors are authorized and empowered to take any and all further actions as may be reasonably necessary or appropriate to give effect to this Order.

10.      To the extent of any conflict between this Order, the Sale Guidelines, and the Consulting Agreement, the terms of this Order shall control over all other documents and the Sale Guidelines shall control over the Consulting Agreement.

11.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall take effect immediately upon its entry.

**I.      Authority to Assume the Consulting Agreement and Letter Agreements.**

12.      The assumption of the Consulting Agreement and Letter Agreements by the Debtors pursuant to section 365 of the Bankruptcy Code is approved on a final basis.  The Debtors are authorized to act and perform in accordance with the terms of the Consulting Agreement and Letter Agreements, including, (i) making payments required by the Consulting Agreement to the Consultant without the need for any application of the Consultant or a further order of the Court, (ii) allowing the sale of Additional Consultant Goods, and (iii) participating in an Augmentation Program, all as permitted under the Consulting Agreement.  Consultant's fees and expenses shall be paid from the gross proceeds of the Sales, without adherence to any

weekly, monthly or aggregate limitation in a DIP financing or cash collateral budget entered in connection with these chapter 11 cases, but shall be subject to the terms of the Consulting Agreement itself, including as to any expense budget attached thereto.

13.     Subject to the restrictions set forth in this Order and the Sale Guidelines, the Debtors and the Consultant are hereby authorized to take any and all actions as may be necessary or desirable to implement the Consulting Agreement and the Store Closings; and each of the transactions contemplated by the Consulting Agreement, and any actions taken by the Debtors and the Consultant necessary or desirable to implement the Consulting Agreement and/or the Store Closings prior to the date of this Order, hereby are approved and ratified.

14.     Notwithstanding anything to the contrary in the Consulting Agreement, the Debtors and their estates shall not indemnify the Consultant for any damages arising primarily out of the Consultant's fraud, willful misconduct, or gross negligence.

15.     For the avoidance of doubt, the definition of "Merchandise" in the Consulting Agreement does not include pharmaceutical goods supplied to the Debtors by McKesson Corporation Inc. pursuant to that certain Restated Supply Agreement dated on or about February 1, 2017.

## II.     Authority to Engage in Store Closings.

16.     The Debtors are authorized pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to immediately continue and conduct the Store Closings in accordance with this Order, the Sale Guidelines and the Consulting Agreement.

17.     The Sale Guidelines are approved in their entirety on a final basis.

18.     The Debtors are authorized to discontinue operations at the Stores in accordance with this Order and the Sale Guidelines.

19.     All entities that are presently in possession of some or all of the Merchandise or FF&E in which the Debtors hold an interest that are or may be subject to the Consulting Agreement or this Order hereby are directed to surrender possession of such Merchandise or FF&E to the Debtors or the Consultant.

20.     Neither the Debtors nor the Consultant nor any of their officers, employees, or agents shall be required to obtain the approval of any third party, including (without limitation) any Governmental Unit (as defined under section 101(27) of the Bankruptcy Code) or landlord, to conduct the Store Closings and to take the related actions authorized herein.

**III.    Conduct of the Sales.**

21.     All newspapers and other advertising media in which the Store Closings may be advertised and all landlords are directed to accept this Order as binding authority so as to authorize the Debtors and the Consultant to conduct the Sales pursuant to the Consulting Agreement, including, without limitation, to conduct and advertise the sale of the Merchandise and FF&E in the manner contemplated by and in accordance with this Order, the Sale Guidelines, and the Consulting Agreement.

22.     The Debtors and Consultant are hereby authorized to take such actions as may be necessary and appropriate to implement the Consulting Agreement and to conduct the Store Closings without necessity of further order of this Court as provided in the Consulting Agreement or the Sale Guidelines, including, but not limited to, advertising the sale as a "store closing sale", "sale on everything", "everything must go", or similar-themed sales through the posting of signs (including the use of exterior banners at non-enclosed mall closing locations, and at enclosed mall closing locations to the extent the applicable closing location entrance does not require entry into the enclosed mall common area), use of signwalkers and street signage.

23.     Notwithstanding anything herein to the contrary, and in view of the importance of the use of sign-walkers, banners, and other advertising to the sale of the Merchandise and FF&E, to the extent that, prior to the Final Hearing, disputes arise during the course of such sale regarding laws regulating the use of sign-walkers, banners or other advertising and the Debtors and the Consultant are unable to resolve the matter consensually, any party may request an immediate telephonic hearing with this Court pursuant to these provisions.  Such hearing will, to the extent practicable, be scheduled initially no later than the earlier of (a) the Final Hearing or (b) within two business days of such request.  This scheduling shall not be deemed to preclude additional hearings for the presentation of evidence or arguments as necessary.

24.     Except as expressly provided in the Consulting Agreement, the sale of the Merchandise and FF&E shall be conducted by the Debtors and the Consultant notwithstanding any restrictive provision of any lease, sublease, restrictive covenant, or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Store Closings or the Sales (including the sale of the Merchandise and FF&E) the rejection of leases, abandonment of assets, or "going dark" provisions shall not be enforceable in conjunction with the Store Closings or the Sales.  Breach of any such provisions in these chapter 11 cases in conjunction with the Store Closings or the Sales shall not constitute a default under a lease or provide a basis to terminate the lease; *provided* that the Store Closings and Sales are conducted in accordance with the terms of this Order and the Sale Guidelines.  The Consultant and landlords of the closing locations are authorized to enter into agreements (the "Side Letters") between themselves modifying the Sale Guidelines without further order of the Court, and such Side Letters shall be binding as among the Consultant and any such landlords, *provided* that nothing in such Side Letters affects the

6

provisions of this Order.  In the event of any conflict between the Sale Guidelines and any Side Letter, the terms of such Side Letter shall control.

25.     Except as expressly provided for herein or in the Sale Guidelines, no person or entity, including, but not limited to, any landlord, licensor, service providers, utilities, and creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sales or the sale of Merchandise or FF&E, or the advertising and promotion (including the posting of signs and exterior banners or the use of sign-walkers) of such sales, and all such parties and persons of every nature and description, including, but not limited to, any landlord, licensor, service providers, utilities, and creditor and all those acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, obstructing, or otherwise impeding, the conduct of the Store Closings, and/or (b) instituting any action or proceeding in any court (other than in the Bankruptcy Court) or administrative body seeking an order or judgment against, among others, the Debtors, the Consultant, or the landlords at the closing locations that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sales or sale of the Merchandise or FF&E or other liquidation sales at the closing locations and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, license, or contract based upon any relief authorized herein.

26.     In accordance with and subject to the terms and conditions of the Consulting Agreement, the Consultant shall have the right to use the Stores and all related Store services, furniture, fixtures, equipment and other assets of the Debtors for the purpose of conducting the Sales, free of any interference from any entity or person, subject to compliance with the Sale Guidelines and this Order.

27.     All sales of Store Closure Assets shall be "as is" and final.  Returns related to the purchase of Store Closure Assets shall not be accepted at stores that are not participating in the Store Closings.

28.     The Consultant shall not be liable for sales taxes except as expressly provided in the Consulting Agreement and the payment of any and all sales taxes is the responsibility of the Debtors.  The Debtors are directed to remit all taxes arising from the Sales to the applicable Governmental Units as and when due, *provided* that in the case of a *bona fide* dispute the Debtors are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental Unit.  For the avoidance of doubt, sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected.  The Consultant shall collect, remit to the Debtors and account for sales taxes as and to the extent provided in the Consulting Agreement.  This Order does not enjoin, suspend, or restrain the assessment, levy or collection of any tax under state law, and does not constitute a declaratory judgment with respect to any party's liability for taxes under state law.

29.     Pursuant to section 363(f) of the Bankruptcy Code, the Consultant, on behalf of the Debtors, is authorized to sell and all sales of Store Closure Assets, whether by the Consultant or the Debtors, shall be free and clear of any and all of any liens, claims, encumbrances, and other interests; provided, however, that any such of any liens, claims, encumbrances, and other interests shall attach to the proceeds of the sale of the Store Closure Assets with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Store Closure Assets, subject to any claims

and defenses that the Debtors may possess with respect thereto and the Consultant's fees and expenses (as provided in the Consulting Agreement).

30.    To the extent that the Debtors propose to sell or abandon FF&E which may contain personal and/or confidential information about the Debtors' employees and/or customers (the "Confidential Information"), the Debtors shall remove the Confidential Information from such items of FF&E before such sale or abandonment.

31.    The Debtors and/or the Consultant (as the case may be) are authorized and empowered to transfer Store Closure Assets among, and into, the Stores.  The Consultant is authorized to sell the Debtors' FF&E and abandon the same, in each case, as provided for and in accordance with the terms of the Consulting Agreement.  Landlords of the closing locations may, in their sole discretion and without further order of this Court, utilize and/or dispose of such abandoned property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

32.    Notwithstanding this or any other provision of this Order, nothing shall prevent or be construed to prevent the Consultant (individually, as part of a joint venture, or otherwise) or any of its affiliates from providing additional services to and/or bidding on the Debtors' assets not subject to the Consulting Agreement pursuant to an agency agreement or otherwise (the "Additional Assets").  The Consultant (individually, as part of a joint venture, or otherwise) or Additional Assets, or offer to provide additional services, notwithstanding anything to the contrary in the Bankruptcy Code or other applicable law, *provided* that such services guarantee, transaction, or acquisition is approved by separate order of this Court.

33.    The Debtors and the Consultant are authorized and empowered to include Additional Consultant Goods in the Sale in accordance with this Order and the Closing Store

Agreement. Sales of Additional Consultant Goods shall be run through the Debtors' cash register systems; provided, however, that the Consultant shall mark the Additional Consultant Goods using either a "dummy" SKU or department number, or in such other manner so as to distinguish the sale of Additional Consultant Goods from the sale of Merchandise. The Consultant shall provide signage in the Closing Stores notifying customers that Additional Consultant Goods has been included in the sale.

34.   Subject solely to the Consultant's obligations to pay the Additional Consultant Goods Fee, at all times and for all purposes, the Additional Consultant Goods and their proceeds shall be the exclusive property of the Consultant, and no other person or entity (including, without limitation, the Debtors, or any third person claiming a security interest in the Debtors' property, including the Debtor's secured lenders), shall have any claim against any of the Additional Consultant Goods or their proceeds. Subject solely to Consultant's obligations to pay the Debtors the Additional Consultant Goods Fee and the security interest of the lenders in such Additional Consultant Goods Fee, the Additional Consultant Goods and the identifiable proceeds thereof are not properly of the Debtors or their estates and do not constitute property of the Debtors' or their estates subject to any lender's lien. The Additional Consultant Goods shall at all times remain subject to the exclusive control of the Consultant, and the Liquidation Consultant shall insure the Additional Consultant Goods and, if required, promptly file any proofs of loss with regard thereto.

35.   The Additional Consultant Goods shall be consigned to Debtors as a true consignment under Article 9 of the Uniform Commercial Code ("UCC"). The Liquidation Consultant is hereby granted a valid, binding and enforceable first priority security interest in and lien upon (i) the Additional Consultant Goods and (ii) the gross proceeds, which security

interest shall be deemed perfected pursuant to this Order without the requirement of filing UCC financing statements or providing notifications to any prior secured parties (provided that Consultant is hereby authorized to deliver (and Debtors shall cooperate with the delivery of) all required notices and file all necessary financing statements and amendments thereof under the applicable UCC identifying Consultant's interest in the Additional Consultant Goods as consigned goods thereunder and the Debtors as the consignees therefor, and Consultant's security interest in and lien upon such Additional Consultant Goods and proceeds thereof).

**IV.    Procedures Relating to Additional Closing Stores.**

36.    To the extent that the Debtors seek to conduct the Sales at any Additional Closing Store, the Sale Guidelines and this Order shall apply to the Additional Closing Stores.

37.    Not less than three days' prior to filing a notice of their intent to conduct the Sales at the Additional Closing Stores (the "Additional Closing Store List") with the Court, the Debtors will provide the Additional Closing Stores List upon professionals for the Official Committee of Unsecured Creditors (the "Committee") along with all reasonably requested financial information that the Committee's financial advisors may reasonably request relating to the Additional Closing Store List.

38.    Prior to conducting the Sales at any Additional Closing Store, the Debtors will (a) consult with the Required Consenting Stakeholders, (b) file a list of such Additional Closing Store List with this Court, and (c) serve a notice of their intent to conduct the Sales at the Additional Closing Stores on the applicable landlords (the "Additional Closing Store Landlords") and interested parties, including the U.S. Trustee, the DIP ABL Agent, the DIP Term Loan B Agent, the Committee, the prepetition secured parties that comprise the Merchant's capital structure, by email (to the extent available to the Debtors) or overnight mail.  With respect to Additional Closing Store Landlords, the Debtors will mail such notice to the notice

11

address set forth in the lease for such Additional Closing Store (or, if none, at the last known

address available to the Debtors) and their counsel, if known.

39.    The Additional Closing Store Landlords and any interested parties shall have

seven days after service of the applicable Additional Closing Store List to object to the

application of this Order.  If no timely objections are filed with respect to the application of this

Order to an Additional Closing Store, the Debtors are authorized, pursuant to sections 105(a),

and 363(b) and (f) of the Bankruptcy Code, to conduct the Sales at the Additional Closing Store

in accordance with this Order, as applicable, the Sale Guidelines, and the Consulting Agreement.

If any objections are filed with respect to the application of this Order, to an Additional Closing

Store, and such objections are not resolved, the objections and the application of this Order to the

Additional Closing Store will be considered by the Court at the next regularly scheduled

omnibus hearing, subject to the rights of any party to seek relief on an emergency basis on

shortened notice, to the extent necessary, but, in any case on not less than 5 days' notice, so that

the Debtors can move promptly to maximize value and minimize expenses for the benefit of their

creditors and stakeholders.

**V.    Dispute Resolution Procedures with Governmental Units.**

40.    Nothing in this Order, the Consulting Agreement, or the Sale Guidelines, releases,

nullifies, or enjoins the enforcement of any liability to a governmental unit under environmental

laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or

injunctive relief) to which any entity would be subject as the owner, lessor, lessee, or operator of

the property after the date of entry of this Order.  Nothing contained in this Order, the Consulting

Agreement, or the Sale Guidelines shall in any way:  (a) diminish the obligation of any entity to

comply with environmental laws; or (b) diminish the obligations of the Debtors to comply with

environmental laws consistent with its rights and obligations as debtor in possession under the

12

Bankruptcy Code.  The Store Closings and the Sales shall not be exempt from laws of general applicability, including, without limitation, public health and safety, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, the "General Laws").  Nothing in this Order, the Consulting Agreement, or the Sale Guidelines, shall alter or affect obligations to comply with all applicable federal safety laws and regulations. Nothing in this Order shall be deemed to bar any Governmental Unit (as such term is defined in section 101(47) of the Bankruptcy Code) from enforcing General Laws in the applicable non-bankruptcy forum, subject to the Debtors' rights to assert in that forum or before this Court that any such laws are not in fact General Laws or that such enforcement is impermissible under the Bankruptcy Code or this Order.  Notwithstanding any other provision in this Order, no party waives any rights to argue any position with respect to whether the conduct was in compliance with this Order and/or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code.  Nothing in this Order shall be deemed to have made any rulings on any such issues.

41.    To the extent that the sale of Store Closure Assets is subject to any Liquidation Sale Laws, including any federal, state or local statute, ordinance, or rule, or licensing requirement directed at regulating "going out of business," "store closing," similar inventory liquidation sales, or bulk sale laws, laws restricting safe, professional and non-deceptive, customary advertising such as signs, banners, posting of signage, and use of sign-walkers solely in connection with the sale and including ordinances establishing license or permit requirements, waiting periods, time limits or bulk sale restrictions that would otherwise apply solely to the sale of the Store Closure Assets, the dispute resolution procedures in this section shall apply.

i.    Provided that the Sales are conducted in accordance with the terms of this Order, as applicable, and the Sale Guidelines, and in light of the provisions in the laws of many Governmental Units that exempt court-ordered sales from their provisions, the Debtors and the Consultant will be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Sales in accordance with the terms of this Order, as applicable, and the Sale Guidelines without the necessity of further showing compliance with any Liquidation Sale Laws.

ii.    Within three business days after entry of this Order, the Debtors will serve by first-class mail, copies of this Order, the Consulting Agreement, and the Sale Guidelines on the following:  (a) the Attorney General's office for each state where the Sales are being held; (b) the county consumer protection agency or similar agency for each county where the Sales are being held; (c) the division of consumer protection for each state where the Sales are being held; (d) the chief legal counsel for the local jurisdiction; and (e) the landlords for the Stores (collectively, the "Dispute Notice Parties").

iii.    With respect to any Additional Closing Stores, within three business days after filing any Additional Closing Store List with the Bankruptcy Court, the Debtors will serve by first-class mail, copies of this Order, as applicable, the Consulting Agreement, and the Sale Guidelines on the Dispute Notice Parties.

iv.    To the extent that there is a dispute arising from or relating to the Sales, this Order, as applicable, the Consulting Agreement, or the Sale Guidelines, which dispute relates to any Liquidation Sale Laws (a "Reserved Dispute"), the Bankruptcy Court shall retain exclusive jurisdiction to resolve the Reserved Dispute.  Any time within ten days following entry of this Order, or service of an Additional Closing Store List, as applicable, any Governmental Unit may assert that a Reserved Dispute exists by sending a notice (the "Dispute Notice") explaining the nature of the dispute to:  (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Travis Bayer and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini; (b) proposed local counsel to the Debtors McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha, Nebraska 68102, Attn: James Niemeier, Esq., and (c) Riemer Braunstein, Seven Times Square, New York New York 10036, Attn: Steven Fox, Esq.  If the Debtors and the Governmental Unit are unable to resolve the Reserved Dispute within 15 days after service of the notice, the Governmental Unit may file a motion with the Bankruptcy Court requesting that the Bankruptcy Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

v.    In the event that a Dispute Resolution Motion is filed, nothing in this Order, as applicable, shall preclude the Debtors, a landlord, or any other interested party from asserting (A) that the provisions of any Liquidation Sale Laws are preempted by the Bankruptcy Code, or (B) that neither the terms of this Order nor the conduct of the Debtors pursuant to this Order violates such Liquidation Sale Laws.  Filing a Dispute Resolution Motion as set forth herein shall not be deemed

to affect the finality of this Order or to limit or interfere with the Debtors' or the Consultant's ability to conduct or to continue to conduct the Sales pursuant to this Order, absent further order of the Bankruptcy Court.  Upon the entry of this Order, as applicable, the Bankruptcy Court grants authority for the Debtors and the Consultant to conduct the Sales pursuant to the terms of this Order, as applicable, the Consulting Agreement, and/or the Sale Guidelines and to take all actions reasonably related thereto or arising in connection therewith.  The Governmental Unit will be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Liquidation Sale Laws or the lack of any preemption of such Liquidation Sale Laws by the Bankruptcy Code.  Nothing in this Order will constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

42.    Subject to paragraphs 35 and 36 above, each and every federal, state, or local agency, departmental, or Governmental Unit with regulatory authority over the Sales and all newspapers and other advertising media in which the Sales are advertised shall consider this Order as binding authority that no further approval, license, or permit of any Governmental Unit shall be required, nor shall the Debtors or the Consultant be required to post any bond, to conduct the Sales.

43.    Provided that the Sales are conducted in accordance with the terms of this Order, the Consulting Agreement, and the Sale Guidelines, and in light of the provisions in the laws that exempt court-ordered sales from their provisions, the Debtors and Consultant shall be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Sales in accordance with the terms of this Order and the Sale Guidelines without the necessity of further showing compliance with any such Liquidation Sale Laws.

## VI.    Other Provisions.

44.    The Consultant shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against Consultant, in each case, other than as expressly provided for in the Consulting Agreement.

15

45.    To the extent the Debtors are subject to any state "fast pay" laws in connection with the Store Closings, the Debtors shall be presumed to be in compliance with such laws to the extent, in applicable states, such payroll payments are made by the later of:  (a) the Debtors' next regularly scheduled payroll; and (b) seven calendar days following the termination date of the relevant employee, and in all such cases consistent with, and subject to, any previous orders of this Court regarding payment of same.

46.    The Debtors are parties to the License Agreement, dated July 23, 1999, between Shopko Stores, Inc. and Payless ShoeSource Inc. ("Payless") (as may be amended, modified, or supplemented from time to time, the "1999 License Agreement") and to the License Agreement (Washington Shopko Big Box Stores) between ShopKo Stores Operating Co. and Payless ShoeSource, Inc. (as may be amended, modified, or supplemented from time to time, the "Washington License Agreement" and together with the 1999 License Agreement, the "License Agreements").  Pursuant to the License Agreements, the Debtors are permitted to continue to sell Payless inventory (the "Payless Inventory") in the Debtors' stores subject to the express terms of the License Agreements.   The Payless Inventory that is in the Stores (as defined in the Consulting Agreement, and attached as Schedule 1 hereto) is Non-Merchandise Goods (as defined in the Consulting Agreement) and any sale of the Payless Inventory in the Stores shall remain subject to the express terms of the License Agreements, including the obligation of the Debtors to remit proceeds of sales of the Payless Inventory pursuant to sections 5.4 and 5.5 of the License Agreements without any reduction for fees that may be owed to the Consultant in connection with such sales.    Any Non-Merchandise Fee (as defined in the Consulting Agreement) owed to the Consultant on account thereof shall be paid by the Debtors.

47.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim, (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, priority or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

48.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

49.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

50.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

51.     Cause exists to shorten the notice period set forth in Bankruptcy Rule 2002, to the extent possible.

52.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

53.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Omaha, Nebraska
Dated: February 8, 2019                    /s/Thomas L. Saladino
                                           _____
                                           UNITED STATES BANKRUPTCY JUDGE

**Schedule 1: List of Stores with Payless Inventory**

| ADDRESS | ADDRESS | CITY | STATE | ZIP | COUNTY |
|---|---|---|---|---|---|
| SHOPKO HOMETOWN | 56835 N STATION DR | CALUMET | MI | 49913-0000 | HOUGHTON |
| SHOPKO HOMETOWN | 1907 S STOCKTON AVE | MONAHANS | TX | 79756-0000 | WARD |
| SHOPKO HOMETOWN | 509 BLAIR ST | DALHART | TX | 79022-0000 | DALLAM |
| SHOPKO HOMETOWN | 2008 W HWY 12 | MOBRIDGE | SD | 57601-0000 | WALWORTH |
| EAST POINTE CENTRE | 2200 LINCOLN ST | RHINELANDER | WI | 54501-3631 | ONEIDA |
| SHOPKO HOMETOWN | 650 US 41 WEST | ISHPEMING | MI | 49849-3411 | MARQUETTE |
| SHOPKO HOMETOWN | 1001 NORTH CENTER AVENUE | HARDIN | MT | 59034-0000 | BIG HORN |
| SHOPKO HOMETOWN | 1903 N BUCKEYE AVE | ABILENE | KS | 67410-0000 | DICKENSON |
| SHOPKO HOMETOWN | 340 SOUTH HIGHWAY 65 | MORA | MN | 55051-1619 | KANABEC |
| SHOPKO HOMETOWN | 1203 N MAIN ST | ANDREWS | TX | 79714-0000 | ANDREWS |
| SHOPKO HOMETOWN | 471 WINE COUNTRY ROAD | PROSSER | WA | 99350-0000 | BENTON |
| 255 JOHN F KENNEDY RD | | DUBUQUE | IA | 52002-5313 | DUBUQUE |
| 216 S MILITARY AVE | | GREEN BAY | WI | 54303-2498 | BROWN |
| 301 BAY PARK SQ | | GREEN BAY | WI | 54304-5104 | BROWN |
| 3415 CALUMET AVE | | MANITOWOC | WI | 54220-5427 | MANITOWOC |
| 2430 E MASON ST | | GREEN BAY | WI | 54302-3759 | BROWN |
| 230 N WISCONSIN ST | | DE PERE | WI | 54115-2799 | BROWN |
| 4344 MORMON COULEE RD | | LA CROSSE | WI | 54601-7908 | LA CROSSE |
| 1105 E GRAND AVE | | ROTHSCHILD | WI | 54474-1096 | MARATHON |
| 1306 N CENTRAL AVE | | MARSHFIELD | WI | 54449-1597 | WOOD |
| 1150 W WASHINGTON | | MARQUETTE | MI | 49855-4099 | MARQUETTE |
| 500 S CARPENTER AVE | | KINGSFORD | MI | 49802-4597 | DICKINSON |
| 1100 E RIVERVIEW EXPRESSWAY | | WISCONSIN RAPIDS | WI | 54494-5483 | WOOD |
| 822 PARK AVE | | BEAVER DAM | WI | 53916-2292 | DODGE |
| 1000 W NORTHLAND AVE | | APPLETON | WI | 54914-1496 | OUTAGAMIE |
| 2530 1ST AVE N | | ESCANABA | MI | 49829-1396 | DELTA |
| 4161 2ND ST S | | SAINT CLOUD | MN | 56301-3761 | STEARNS |
| 1710 S MAIN ST | | WEST BEND | WI | 53095-4998 | WASHINGTON |
| 701 S CHURCH ST | | WATERTOWN | WI | 53094-6293 | JEFFERSON |
| 2400 ROSE ST | | LA CROSSE | WI | 54603-1612 | LA CROSSE |
| 1850 MADISON AVE | | MANKATO | MN | 56001-5475 | BLUE EARTH |
| 1900 N MAIN ST | | MITCHELL | SD | 57301-1160 | DAVISON |
| 125 MAIN ST N | | HUTCHINSON | MN | 55350-1807 | MCLEOD |
| 955 CLAIREMONT AVE | | EAU CLAIRE | WI | 54701-6198 | EAU CLAIRE |
| 1200 E SOUTHVIEW DR | | MARSHALL | MN | 56258-3110 | LYON |
| 2761 PRAIRIE AVE | | BELOIT | WI | 53511-2296 | ROCK |
| 4801 WASHINGTON AVE | | RACINE | WI | 53406-4299 | RACINE |
| 800 E MAES ST | | KIMBERLY | WI | 54136-1596 | OUTAGAMIE |
| 7401 MINERAL POINT RD | | MADISON | WI | 53717-1793 | DANE |
| 2500 US HWY 14 | | JANESVILLE | WI | 53547-0833 | ROCK |
| 5300 52ND ST | | KENOSHA | WI | 53144-2398 | KENOSHA |
| 2101 W BROADWAY | | MONONA | WI | 53713-1698 | DANE |
| 1578 APPLETON RD | | MENASHA | WI | 54952-1192 | WINNEBAGO |
| 2820 HWY 63 S | | ROCHESTER | MN | 55904-5571 | OLMSTED |
| 3708 HWY 63 N | | ROCHESTER | MN | 55906-3927 | OLMSTED |
| 2677 STATE HWY 53 | | CHIPPEWA FALLS | WI | 54729-7506 | CHIPPEWA |
| 2208 N WEBB RD | | GRAND ISLAND | NE | 68803-1739 | HALL |
| 4200 S 27TH ST | | LINCOLN | NE | 68502-5897 | LANCASTER |
| 3025 HAMILTON BLVD | | SIOUX CITY | IA | 51104-2495 | WOODBURY |
| 1209 18TH AVE NW | | AUSTIN | MN | 55912-1881 | MOWER |
| 1300 KOELLER ST | | OSHKOSH | WI | 54902-6196 | WINNEBAGO |
| 601 GALVIN RD S | | BELLEVUE | NE | 68005-2249 | SARPY |
| 100 S 66 ST | | LINCOLN | NE | 68510-2310 | LANCASTER |
| 2005 KRENZIEN ST | | NORFOLK | NE | 68701-4601 | MADISON |
| 500 N HWY 281 | | ABERDEEN | SD | 57401-1821 | BROWN |
| 616 W JOHNSON ST | | FOND DU LAC | WI | 54935-3134 | FOND DU LAC |
| 1425 JANESVILLE AVE | | FORT ATKINSON | WI | 53538-2705 | JEFFERSON |
| 615 S MONROE AVE | | MASON CITY | IA | 50401-5061 | CERRO GORDO |
| 510 E PHILIP AVE | | NORTH PLATTE | NE | 69101-5538 | LINCOLN |
| 700 9TH AVE SE | | WATERTOWN | SD | 57201-5222 | CODINGTON |
| 1200 MAIN ST | | STEVENS POINT | WI | 54481-2863 | PORTAGE |
| 14445 W CENTER RD | | OMAHA | NE | 68144-5401 | DOUGLAS |
| 405 COTTONWOOD DR | | WINONA | MN | 55987-1914 | WINONA |

| | | | | | |
|---|---|---|---|---|---|
| 1755 N HUMINSTON AVE | | WORTHINGTON | MN | 56187-1757 | NOBLES |
| 1001 S HWY 15 | | FAIRMONT | MN | 56031-4456 | MARTIN |
| 2610 N BRIDGE AVE | | ALBERT LEA | MN | 56007-2099 | FREEBORN |
| 501 HWY 10 SE | | SAINT CLOUD | MN | 56304-2227 | STEARNS |
| 301 NORTHWEST BYPASS | | GREAT FALLS | MT | 59404-4125 | CASCADE |
| 4215 YELLOWSTONE HWY | | POCATELLO | ID | 83202-2419 | BANNOCK |
| 2100 CALDWELL BLVD | | NAMPA | ID | 83651-1510 | CANYON |
| 8105 FAIRVIEW AVE | | BOISE | ID | 83704-8486 | ADA |
| N 9520 NEWPORT HWY | | SPOKANE | WA | 99218-1219 | SPOKANE |
| 1649 POLE LINE RD E | | TWIN FALLS | ID | 83301-8397 | TWIN FALLS |
| 800 E 17 ST | | IDAHO FALLS | ID | 83404-6151 | BONNEVILLE |
| 217 W IRONWOOD DR | | COEUR D ALENE | ID | 83814-2651 | KOOTENAI |
| E 13414 SPRAGUE AVE | | SPOKANE VALLEY | WA | 99216-0848 | SPOKANE |
| SHOPKO HOMETOWN | 1120 STATE HIGHWAY 67 | KIEL | WI | 53042-0000 | MANITOWOC |
| 2120 THAIN GRADE | | LEWISTON | ID | 83501-4105 | NEZ PERCE |
| 2530 RUDKIN RD | | UNION GAP | WA | 98903-1632 | YAKIMA |
| SHOPKO HOMETOWN | 1174 N NANIN ST | NEPHI | UT | 84648-0000 | JUAB |
| 2510 S RESERVE ST | | MISSOULA | MT | 59801-7546 | MISSOULA |
| 1601 W 41ST ST | | SIOUX FALLS | SD | 57105-6388 | MINNEHAHA |
| SHOPKO HOMETOWN | 6475 HIGHWAY 93 S #15 | WHITEFISH | MT | 59937-0000 | FLATHEAD |
| 1845 HAINES AVE | | RAPID CITY | SD | 57701-0663 | PENNINGTON |
| 200 S 18TH AVE | | WAUSAU | WI | 54401-4252 | MARATHON |
| 2201 ZEIER RD | | MADISON | WI | 53704-7415 | DANE |
| 5801 SUMMIT VIEW AVE | | YAKIMA | WA | 98908-3006 | YAKIMA |
| 5959 S STATE ST | | MURRAY | UT | 84107-7222 | SALT LAKE |
| 2165 E 9400 S | | SANDY | UT | 84093-3201 | SALT LAKE |
| 1553 W 9000 S | | WEST JORDAN | UT | 84088-9219 | SALT LAKE |
| 5800 S REDWOOD RD | | TAYLORSVILLE | UT | 84123-5327 | SALT LAKE |
| 1018 WASHINGTON BLVD | | OGDEN | UT | 84404-4949 | WEBER |
| 1150 N MAIN | | LAYTON | UT | 84041-4853 | DAVIS |
| 1651 W ROSE STREET | | WALLA WALLA | WA | 99362-1690 | WALLA WALLA |
| 1771 WISCONSIN AVE | | GRAFTON | WI | 53024-2437 | OZAUKEE |
| 1341 N MAIN ST | | LOGAN | UT | 84341-2221 | CACHE |
| 867 N COLUMBIA CENTER BLVD | | KENNEWICK | WA | 99336-7771 | BENTON |
| 60 NE BEND RIVER MALL AVE | | BEND | OR | 97701-7528 | DESCHUTES |
| 2655 S BROADWAY AVE | | BOISE | ID | 83706-4700 | ADA |
| 55 LAKE BLVD | | REDDING | CA | 96003-2500 | SHASTA |
| 4850 W 3500 S | | WEST VALLEY | UT | 84120-2927 | SALT LAKE |
| 2815 CHAD DR | | EUGENE | OR | 97408-7335 | LANE |
| 9366 STATE HWY 16 | | ONALASKA | WI | 54650-8526 | LA CROSSE |
| 699 GREEN BAY RD | | NEENAH | WI | 54956-3153 | WINNEBAGO |
| 4501 E ARROWHEAD PKWY | | SIOUX FALLS | SD | 57110-2701 | MINNEHAHA |
| 2741 ROOSEVELT RD | | MARINETTE | WI | 54143-3833 | MARINETTE |
| SHOPKO HOMETOWN | 1635 E HIGHWAY 40 | BALLARD | UT | 84066-0000 | UNITAH |
| 747 S MAIN | | BRIGHAM CITY | UT | 84302-3359 | BOX ELDER |
| 125 S STATE ST | | OREM | UT | 84058-5419 | UTAH |
| 905 S 24 W | | BILLINGS | MT | 59102-7408 | YELLOWSTONE |
| 955 N MAIN ST | | SPANISH FORK | UT | 84660-1150 | UTAH |
| 4060 RIVERDALE RD | | RIVERDALE | UT | 84405-1518 | WEBER |
| 1230 LANCASTER DR SE | | SALEM | OR | 97301-5800 | MARION |
| 3101 MONTANA AVE | | HELENA | MT | 59602-7813 | LEWIS AND CLARK |
| 5500 MARTIN WAY | | LACEY | WA | 98516-6326 | THURSTON |
| 801 W CENTRAL ENTRANCE | | DULUTH | MN | 55811-5468 | ST LOUIS |
| 518 S TAYLOR DR | | SHEBOYGAN | WI | 53081-4253 | SHEBOYGAN |
| SHOPKO HOMETOWN | 440 W MAIN ST | TREMONTON | UT | 84337-0000 | BOX ELDER |
| SHOPKO HOMETOWN | 145 BROADWAY AVE N | COKATO | MN | 55321-0000 | WRIGHT |
| 1350 N GALENA AVE | | DIXON | IL | 61021-1010 | LEE |
| 405 W 8TH ST | | MONROE | WI | 53566-1063 | GREEN |
| 1340 N WENATCHEE AVE | | WENATCHEE | WA | 98801-1558 | CHELAN |
| 900 W MEMORIAL DR | | HOUGHTON | MI | 49931-2481 | HOUGHTON |
| SHOPKO HOMETOWN | 702 WESTVIEW LANE | STANLEY | ND | 58784-0000 | MOUNTRAIL |
| 555 W SOUTH ST | | FREEPORT | IL | 61032-6792 | STEPHENSON |
| 1450 E GENEVA ST | | DELAVAN | WI | 53115-2025 | WALWORTH |
| 1370 HWY 2 E | | KALISPELL | MT | 59901-3221 | FLATHEAD |
| 4515 S REGAL ST | | SPOKANE | WA | 99223-7938 | SPOKANE |
| 1777 PAULSON RD | | RIVER FALLS | WI | 54022-8299 | PIERCE |
| 320 S ACCESS RD | | RICE LAKE | WI | 54868-8572 | BARRON |

| | | | | | |
|---|---|---|---|---|---|
| 1400 BIG THUNDER BLVD | | BELVIDERE | IL | 61008-1726 | BOONE |
| 1450 S GRAND AVE | | PULLMAN | WA | 99163-4900 | WHITMAN |
| 3200 BROADWAY | | QUINCY | IL | 62301-3712 | ADAMS |
| 1964 W MORTON AVE | | JACKSONVILLE | IL | 62650-2621 | MORGAN |
| 313 NORTH ROOSEVELT AVE | | BURLINGTON | IA | 52601-1757 | DES MOINES |
| 4810 AVE O | | FORT MADISON | IA | 52627-9677 | LEE |
| SHOPKO HOMETOWN | 1010 S MAINLINE | SEYMOUR | WI | 54165-0000 | OUTAGAMIE |
| SHOPKO HOMETOWN | 525 E HIGHWAY 20 | VALENTINE | NE | 69201-0000 | CHERRY |
| 1190 N 6TH ST RD | | MONMOUTH | IL | 61462-9672 | WARREN |
| SHOPKO HOMETOWN | 2050 HORICON ST | MAYVILLE | WI | 53050-0000 | DODGE |
| SHOPKO HOMETOWN | 406 GATEWAY AVE | MAUSTON | WI | 53948-0000 | JUNEAU |
| SHOPKO HOMETOWN | 1610 N 2ND ST | CHEROKEE | IA | 51012-0000 | CHEROKEE |
| SHOPKO HOMETOWN | 22422 HIGHWAY 9 | CRESCO | IA | 52136-0000 | HOWARD |
| SHOPKO HOMETOWN | 1180 S 16TH STREET | CLARINDA | IA | 51632-0000 | PAGE |
| SHOPKO HOMETOWN | 660 N MAIN STREET | BEAVER | UT | 84713-0000 | BEAVER |
| SHOPKO HOMETOWN | 1951 EAST KING AVENUE | CHAMBERLAIN | SD | 57325-0000 | BRULE |
| 3400 N 27TH ST | | LINCOLN | NE | 68521-1314 | LANCASTER |
| 1800 PLOVER RD | | PLOVER | WI | 54467-3978 | PORTAGE |
| 6845 SOUTH 27TH | | LINCOLN | NE | 68512-4823 | LANCASTER |
| 2320 LINEVILLE RD | | GREEN BAY | WI | 54313-8836 | BROWN |
| 5630 ST CROIX TRAIL | | NORTH BRANCH | MN | 55056-0000 | CHISAGO |
| N66W25201 SILVER SPRING DRIVE | | SUSSEX | WI | 53089-0000 | WAUKESHA |
| SHOPKO HOMETOWN | 126 CHARLES STREET | OCONTO | WI | 54153-0000 | OCONTO |
| SHOPKO HOMETOWN | 802 N MAIN | KEWAUNEE | WI | 54216-0000 | KEWAUNEE |
| SHOPKO HOMETOWN | 1011 E SPRUCE ST | ABBOTSFORD | WI | 54405-9647 | CLARK |
| SHOPKO HOMETOWN | 1208 NORTH HIGHWAY 77 | DELL RAPIDS | SD | 57022-0000 | MINNEHAHA |
| SHOPKO HOMETOWN | 2001 E 9TH ST | TRENTON | MO | 64683-2599 | GRUNDY |
| SHOPKO HOMETOWN | 100 CROSS COUNTRY PLAZA | BATESVILLE | IN | 47006-8833 | FRANKLIN |
| SHOPKO HOMETOWN | 1515 E MAIN ST | REEDSBURG | WI | 53959-1406 | SAUK |
| SHOPKO HOMETOWN | 220 LINCOLN ST | ADAMS | WI | 53910-9459 | ADAMS |
| SHOPKO HOMETOWN | 810 N RAILROAD ST | EAGLE RIVER | WI | 54521-8834 | VILAS |
| SHOPKO HOMETOWN | 717 E LAKESHORE DR | MANISTIQUE | MI | 49854-1682 | SCHOOLCRAFT |
| SHOPKO HOMETOWN | 1008 E DIVISION | NEILLSVILLE | WI | 54456-0000 | CLARK |
| SHOPKO HOMETOWN | 1009 7TH AVE | TWO HARBORS | MN | 55616-6000 | LAKE |
| SHOPKO HOMETOWN | 1500 E SHERIDAN ST | ELY | MN | 55731-1855 | SAINT LOUIS |
| SHOPKO HOMETOWN | 1625 E BLASCHKO AVE | ARCADIA | WI | 54612-1835 | TREMPEALEAU |
| SHOPKO HOMETOWN | 650 W BEAVERBROOK AVE | SPOONER | WI | 54801-7674 | WASHBURN |
| SHOPKO HOMETOWN | 1333 4TH AVE SOUTH | PARK FALLS | WI | 54552-1926 | PRICE |
| SHOPKO HOMETOWN | 133 TROTTER AVENUE | ORD | NE | 68862-0000 | VALLEY |
| SHOPKO HOMETOWN | 1215 E MAIN ST | ATTICA | IN | 47918-8053 | FOUNTAIN |
| SHOPKO HOMETOWN | 211 S 23RD ST | PLATTSMOUTH | NE | 68048-2903 | CASS |
| SHOPKO HOMETOWN | 3225 10TH ST EAST | GLENCOE | MN | 55336-3369 | MCLEOD |
| SHOPKO HOMETOWN | 291 S MAIN STREET | CLINTONVILLE | WI | 54929-1604 | WAUPACA |
| SHOPKO HOMETOWN | 2541 SOUTH BAYSHORE DR | SISTER BAY | WI | 54234-9158 | DOOR |
| SHOPKO HOMETOWN | 1201 12TH AVE SE | DYERSVILLE | IA | 52040-2415 | DUBUQUE |
| SHOPKO HOMETOWN | 1625 HWY 61 | LANCASTER | WI | 53813-9448 | GRANT |
| SHOPKO HOMETOWN | 11250 N MISSION RD | CLARE | MI | 48617-9301 | CLARE |
| SHOPKO HOMETOWN | 3825 S HURON RD | STANDISH | MI | 48658-9474 | ARENAC |
| SHOPKO HOMETOWN | 2656 E. MONROE RD | TECUMSEH | MI | 49286-9727 | LENAWEE |
| SHOPKO HOMETOWN | 1995 S CEDAR ST | IMLAY CITY | MI | 48444-9605 | LAPEER |
| SHOPKO HOMETOWN | 2278 N COMFORT DR | HART | MI | 49420-8155 | OCEANA |
| SHOPKO HOMETOWN | 400 S MAIN ST | BROOKLYN | MI | 49230-9368 | JACKSON |
| SHOPKO HOMETOWN | 174 JAMES ROBERTSON DR | GLADWIN | MI | 48624-0000 | GLADWIN |
| SHOPKO HOMETOWN | 190 SOUTHGATE DR | AITKIN | MN | 56431-7407 | AITKIN |
| SHOPKO HOMETOWN | 300 JAKE ST | PERHAM | MN | 56573-0000 | OTTER TAIL |
| SHOPKO HOMETOWN | 710 COUNTY RD 21 S | GLENWOOD | MN | 56334-9145 | POPE |
| SHOPKO HOMETOWN | 106 EAST HWY 28 | MORRIS | MN | 56267-0000 | STEVENS |
| SHOPKO HOMETOWN | 1087 3RD STREET NW | ROSEAU | MN | 56751-0000 | ROSEAU |
| SHOPKO HOMETOWN | 1140 E 5TH ST | WINNER | SD | 57580-2149 | TRIPP |
| SHOPKO HOMETOWN | 800 S WASHINGTON AVE | MADISON | SD | 57042-0000 | LAKE |
| SHOPKO HOMETOWN | 405 W INTERSTATE DR | LUVERNE | MN | 56156-2266 | ROCK |
| SHOPKO HOMETOWN | 1002 7TH ST SE | PIPESTONE | MN | 56164-2076 | PIPESTONE |
| SHOPKO HOMETOWN | 2155 1ST AVE N | WINDOM | MN | 56101-1286 | COTTONWOOD |
| SHOPKO HOMETOWN | 1712 SD HWY 10 | SISSETON | SD | 57262-2523 | ROBERTS |
| SHOPKO HOMETOWN | 1950 W ROOSEVELT HWY | SHELBY | MT | 59474-1549 | TOOLE |
| SHOPKO HOMETOWN | 804 US HWY 2 WEST | GLASGOW | MT | 59230-1600 | VALLEY |
| SHOPKO HOMETOWN | 31071 US HWY 2 | LIBBY | MT | 59923-3134 | LINCOLN |

| | | | | | |
|---|---|---|---|---|---|
| SHOPKO HOMETOWN | 825 W FULTON ST | WAUPACA | WI | 54981-1471 | WAUPACA |
| SHOPKO HOMETOWN | 409 JUNCTION AVE | STANLEY | WI | 54768-8011 | CHIPPEWA |
| SHOPKO HOMETOWN | 200 COMMERCE DRIVE | COLUMBUS | WI | 53925-9567 | COLUMBIA |
| SHOPKO HOMETOWN | 540 JENNER DR | ALLEGAN | MI | 49010-1517 | ALLEGAN |
| SHOPKO HOMETOWN | 91 W PINE LAKE DR | NEWAYGO | MI | 49337-9331 | NEWAYGO |
| SHOPKO HOMETOWN | 1101 N INDIANA AVE | SYRACUSE | IN | 46567-1019 | KOSCIUSKO |
| SHOPKO HOMETOWN | 56419 POKAGON ST | DOWAGIAC | MI | 49047-7721 | CASS |
| SHOPKO HOMETOWN | 660 W MILWAUKEE ST | NEW HAMPTON | IA | 50659-1013 | CHICKASAW |
| SHOPKO HOMETOWN | 1341 S FREDERICK AVE | OELWEIN | IA | 50662-3060 | FAYETTE |
| SHOPKO HOMETOWN | 819 11TH AVE SW | WAUKON | IA | 52172-7593 | ALLAMAKEE |
| SHOPKO HOMETOWN | 402 E HIGHWAY 92 | WINTERSET | IA | 50273-2416 | MADISON |
| SHOPKO HOMETOWN | 2220 HWY 175 W | ONAWA | IA | 51040-0000 | MONONA |
| SHOPKO HOMETOWN | 1305 141ST ST | PERRY | IA | 50220-8128 | DALLAS |
| SHOPKO HOMETOWN | 2099 CHATBURN AVE | HARLAN | IA | 51537-1845 | SHELBY |
| SHOPKO HOMETOWN | 2353 SOUTH E | BROKEN BOW | NE | 68822-0000 | CUSTER |
| SHOPKO HOMETOWN | 1520 W 9TH ST | MOUNT CARMEL | IL | 62863-2909 | WABASH |
| SHOPKO HOMETOWN | 825 VALLEY ST ROUTE 183 | MINERVA | OH | 44657-1578 | COLUMBIANA |
| SHOPKO HOMETOWN | 378 LEWISVILLE RD | WOODSFIELD | OH | 43793-0000 | MONROE |
| SHOPKO HOMETOWN | 777 BYPASS RD | BRANDENBURG | KY | 40108-1603 | MEADE |
| SHOPKO HOMETOWN | 3402 MAIN STREET | EMMETSBURG | IA | 50536-0000 | PALO ALTO |
| SHOPKO HOMETOWN | 727 15TH AVE SW | VALLEY CITY | ND | 58072-3630 | BARNES |
| SHOPKO HOMETOWN | 932 W 12TH ST | GRAFTON | ND | 58237-2122 | WALSH |
| SHOPKO HOMETOWN | 1900 HWY 49 | BEULAH | ND | 58523-9157 | MERCER |
| SHOPKO HOMETOWN | 2701 HWY 18 W | HOT SPRINGS | SD | 57747-6604 | FALL RIVER |
| SHOPKO HOMETOWN | 1701 16TH ST | WHEATLAND | WY | 82201-2243 | PLATTE |
| SHOPKO HOMETOWN | 1 NORTH 5TH AVE | BELLE FOURCHE | SD | 57717-1172 | BUTTE |
| SHOPKO HOMETOWN | 1950 E RICHARDS ST | DOUGLAS | WY | 82633-3049 | CONVERSE |
| SHOPKO HOMETOWN | 1105 BRIDGER DR | GREEN RIVER | WY | 82935-5895 | SWEETWATER |
| SHOPKO HOMETOWN | 205 BOYD AVE | NEWCASTLE | WY | 82701-2965 | WESTON |
| SHOPKO HOMETOWN | 100 W WASHINGTON ST | LIVINGSTON | MT | 59047-4200 | PARK |
| SHOPKO HOMETOWN | 801 N BROADWAY ST | RED OAK | IA | 51566-1404 | MONTGOMERY |
| SHOPKO HOMETOWN | 598 LUCAS LANE | ELLSWORTH | WI | 54011-0000 | PIERCE |
| SHOPKO HOMETOWN | 1002 OLD MINNESOTA AVE | SAINT PETER | MN | 56082-0000 | NICOLLET |
| SHOPKO HOMETOWN | 79 HOMETOWN DRIVE | TOMAHAWK | WI | 54487-0000 | LINCOLN |
| SHOPKO HOMETOWN | 679 S WASHINGTON ST | AFTON | WY | 83110-0000 | LINCOLN |
| SHOPKO HOMETOWN | 701 GREAT BASIN BLVD | ELY | NV | 89301-0000 | WHITE PINE |
| SHOPKO HOMETOWN | 814  13TH AVE SW | QUINCY | WA | 98848-0000 | GRANT |
| SHOPKO HOMETOWN | 1026 SOUTH CHALLIS STREET | SALMON | ID | 83467-0000 | IDAHO |
| SHOPKO HOMETOWN | 301 MANTORVILLE AVENUE SOUTH | KASSON | MN | 55944-0000 | DODGE |
| SHOPKO HOMETOWN | 429 MICHIGAN AVENUE | OROFINO | ID | 83544-0000 | CLEARWATER |
| SHOPKO HOMETOWN | 6355 MAIN STREET | BONNERS FERRY | ID | 83805-0000 | BOUNDARY |
| SHOPKO HOMETOWN | 94 NORTH 400 EAST | DELTA | UT | 84624-0000 | MILLARD |
| SHOPKO HOMETOWN | 67 SELKIRK WAY | OLDTOWN | ID | 83822-0000 | BONNER |