## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., | ) | Case No. 19-80064 TLS |
| *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MCKESSON CORPORATION INC.'S MOTION FOR CLARIFICATION OF ORDER [DOCKET NO. 184] GRANTING APPLICATION TO EMPLOY HOULIHAN LOKEY CAPITAL, INC., AS FINANCIAL ADVISOR FOR DEBTOR SPECIALTY RETAIL SHOPS HOLDING CORP.

McKesson Corporation Inc. ("McKesson"), respectfully make this motion for clarification of the Order ("Order") Granting Application to Employ Houlihan Lokey Capital, Inc. ("Houlihan") as Financial Advisor For Debtor ("Debtor") Specialty Retail Shops Holding Corp. (the "Motion") and states the following in support of this Motion:

### Introduction

1.     Debtors' Application for Entry of an Order Authorizing Employment and Retention of Houlihan Lokey Capital, Inc. as Financial Advisor and Investment Banker to the Debtors *Nunc Pro Tunc* to the Petition Date ("Employment Application") was filed on January 24, 2019 and was approved by docket entry of this Court the following day before parties in interest had any opportunity to raise concerns about the proposed terms of employment.  Since

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); ShopKo Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin, 54304 (collectively, the "Debtors")

the terms of employment are ambiguous regarding the extent of Debtor's indemnification of Houlihan, this Motion seeks clarification of those terms in order to eliminate any potential harm to creditors that could result from future litigation of this issue.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska.  McKesson confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Request and the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 6003(a) and 9024, and Rule 9013(d) of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules").

### Background

5.      On January 16, 2019 each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").  The Employment Application was filed eight days later on January 24, 2019.

6.      The Employment Application sought to employ Houlihan "pursuant to and in accordance with the terms and conditions set forth in that certain engagement agreement dated December 19, 2018 (the "Engagement Agreement")…(b) approving the provisions of the Engagement Agreement… and (d) granting further relief."  Employment Application at ¶ 1. Although the Employment Agreement referenced an Engagement Agreement annexed as Exhibit A, that Exhibit consists of an Amended Agreement dated "As of December 19, 2018" that "supersedes in all respects the original Agreement executed August 1, 2018" and a separate

Agreement dated "As of May 17, 2017." In all, the documents attached as Exhibit A that define the "terms and conditions" of the engagement of Houlihan total 35 pages.

7.      The Employment Application first references indemnification of Houlihan at page 16, where three paragraphs are devoted to indemnification "pursuant to the Engagement Agreement." The second of those three paragraphs provides: "notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall indemnify [Houlihan]…for any claims arising out of…the Engagement Agreement…but not for any claim arising from…[Houlihan's] post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefor are approved by this Court." Employment Application ¶ 29 (a). The description of the proposed indemnification of Houlihan contains no other reference to the distinction between services provided prior to the petition date and those provided post-petition. The Declaration of Saul E. Burian filed in support of the Employment Application also does not make clear whether the indemnification sought by Houlihan includes services performed prior to the Petition Date.

8.      On January 25, 2019, one day after the Employment Application was filed, an Order Granting Application to Employ Houlihan Lokey Capital, Inc., as Financial Advisor and Investment Banker filed by Debtor Specialty Retail Shops Holding Corp. was entered on the docket as Docket No. 184. An accurate copy of that docket entry is annexed to this Motion as Exhibit 1.

## **Basis for Relief**

9.      McKesson seeks clarification of whether the indemnification provided in the Employment Application includes pre-petition services provided by Houlihan. If so, McKesson requests the opportunity to subsequently object to the employment application on that basis, as this issue could have significant bearing upon the return to creditors in Debtors' cases.

10.      The relief requested is appropriate on numerous grounds, as interested parties did not receive an adequate opportunity to review and object to the relief requested. The Employment Application included among the bases for relief Rule 9013-1C of the Nebraska

Rules of Bankruptcy Procedure, which requires 21 days notice to interested parties. No separate notice of the Employment Application delineating objection deadlines appears on the docket, and only a single day passed before the Docket Entry Order approving the Employment Application was entered.

11.    The Employment Application also failed to provide any basis for an exception to Bankruptcy Rule 6003, which prohibits a court from issuing an order granting an application under Rule 2014 within 21 days after the filing of the petition unless necessary to avoid immediate irreparable harm. The Docket Entry Order was entered eight days after the Petition Date.

12.    While the Employment Application references multiple other cases that include indemnification provisions, all but one of those cases conducted hearings on the employment applications after notice to creditors and two of those cases required a subsequent separate review by the court of the reasonableness of the indemnity. Creditors were offered none of those protections by the Employment Application, thereby warranting clarification of the scope of the indemnity in these circumstances and an opportunity to object if the indemnification includes services provided before the petition date.

### Notice

13.    McKesson has provided notice of this Request and the Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Nebraska; (b) counsel to the Committee; (c) the agents under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the District of Nebraska; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. McKesson submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

14.     No prior request for the relief sought in this Request has been made to this or any

other court.

WHEREFORE, McKesson respectfully requests that the Court enter the Order granting

the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.


Dated: February 11, 2019                       CLINE WILLIAMS WRIGHT JOHNSON &
                                               OLDFATHER, L.L.P.


                                               _____/s/ Michael J. Whaley_____
                                               Richard P. Garden, Jr., #17685
                                               Michael J. Whaley, #19390
                                               Sterling Ridge
                                               12910 Pierce Street, Suite 200
                                               Omaha, NE  68124
                                               Telephone: (402) 397-1700
                                               Facsimile:  (402) 397-1806
                                               rgarden@clinewilliams.com
                                               mwhaley@clinewilliams.com

## NOTICE UNDER NEB R. BANKR. P. 9013

TO:     ALL CREDITORS AND PARTIES IN INTEREST

YOU ARE HEREBY ADVISED that this Notice is being furnished to all parties in interest pursuant to Nebraska Rule of Bankruptcy Procedure 9013-1 and that any objection or resistance with respect to the foregoing Motion must be filed with the Bankruptcy Court Clerk – Omaha, Roman L. Hruska Courthouse, 111 South 18th Plaza, Suite 1125, Omaha, NE 68102, and served on Michael J. Whaley and Richard P. Garden, Jr., Cline Williams Wright Johnson & Oldfather, L.L.P., 12910 Pierce Street, Suite 200, Omaha, Nebraska 68144, on or before **March 4, 2019**.  If objections are filed on or before said date, a hearing shall be established by the Bankruptcy Court with Notice being limited to those parties filing objections or resistances.

IF NO OBJECTION OR RESISTANCE is filed on or before the date set forth above, the Bankruptcy Court will consider the approval of the foregoing Motion without further notice or opportunity to be heard.

CLINE WILLIAMS WRIGHT JOHNSON &<br>OLDFATHER, L.L.P.

_/s/ Michael J. Whaley_____
Richard P. Garden, Jr., #17685
Michael J. Whaley, #19390
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE  68124
Telephone: (402) 397-1700
Facsimile:  (402) 397-1806
rgarden@clinewilliams.com
mwhaley@clinewilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2019, I caused the above document to be filed with the Clerk of the Court using the CM/ECF system which gave notification electronically upon all parties who filed an appearance by electronic filing in this case.

_/s/ Michael J. Whaley_____