## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064 (TLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 112** |

### ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) SETTING A BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS, (IV) SETTING AN AMENDED SCHEDULES BAR DATE, (V) SETTING A REJECTION DAMAGES BAR DATE, (VI) SETTING A PREMISE LIABILITY CLAIMS BAR DATE, (VII) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (VIII) APPROVING NOTICE OF THE BAR DATES, AND (IX) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of this Bar Date Order: (I) setting a Claims Bar Date for filing proofs of claim, including claims arising under section 503(b)(9) of the Bankruptcy Code; (II) setting the Governmental Bar Date; (III) setting the Administrative Claims Bar Date; (IV) setting the Amended Schedules Bar Date; (V) setting the Rejection Damages Bar Date; (VI) setting the Premise Liability Claims Bar Date, (VII) approving the form of and manner for filing Proofs of Claim; (VIII) approving the Bar Date Notice and the Publication Notice; and (IX) granting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States

District Court for the District of Nebraska; and that this Court may enter a final order consistent

with Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on

the Motion were appropriate under the circumstances and no other notice need be provided; and

this Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

**I.      The Bar Dates and Procedures for Filing Proofs of Claim and Administrative
Claims.**

2.      Each entity that asserts a claim against the Debtors that arose before the Petition

Date shall be required to file an original, written Proof of Claim, substantially in the form attached

hereto as **Exhibit 1** or Official Form 410.[3]  Except in the cases of governmental units and certain

other exceptions explicitly set forth herein, **all Proofs of Claim must be filed so that they are**

**actually received on or before March 18, 2019, at 11:59 p.m., prevailing Central Time (the**

**"Claims Bar Date"), at the addresses and in the form set forth herein.** The Claims Bar Date

---

[3]     Copies of Official Form 410 may be obtained: (a) from the Claims and Noticing Agent by accessing the website
for the Claims and Noticing Agent at https://cases.primeclerk.com/shopko (b) writing to the Claims and Noticing
Agent at shopkoinfo@primeclerk.com; (c) calling the Claims and Noticing Agent at (212) 257-5450; or (d) at
http://www.neb.uscourts.gov.

applies to all types of claims against the Debtors that arose or are deemed to have arisen before the

Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code, except for

claims specifically exempt from complying with the Claims Bar Date as set forth in this Bar Date

Order.

3.      All governmental units holding claims (whether secured, unsecured priority, or

unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, must

file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition

tax years or periods or prepetition transactions to which the Debtors were a party, **so that such

Proofs of Claim are actually received on or before July 15, 2019, at 11:59 p.m., prevailing

Central Time (the "Governmental Bar Date"), at the addresses and in the form set forth

herein.**

4.      All parties asserting a request for payment of Administrative Claims arising

between the Petition Date and **April 1, 2019** (the "Administrative Claims Bar Date"), but

excluding (a) claims for fees and expenses of professionals retained in these proceedings, (b)

claims for expenses incurred by the members of the official committee of unsecured creditors (the

"Committee") in their performance of the duties of the Committee, (c) claims asserting priority

pursuant to section 503(b)(9) of the Bankruptcy Code and (d) claims held by governmental entities

covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code, are required file a request for

payment of such Administrative Claim with the Court and, if desired, a notice of hearing on such

Administrative Claim[4] **so that the Administrative Claim is actually filed with the Court on or

before April 1, 2019, at 11:59 p.m. (the "Administrative Claims Bar Date")**; provided, that the

Administrative Claims Bar Date shall not apply to claims entitled to administrative priority that

---

[4]    Administrative Claims filed without a notice of hearing shall not be scheduled for hearing.

arise on or after the Administrative Claims Bar Date in the ordinary course of the Debtors'
business.

5.      If the Debtors file a previously unfiled Schedule or amend or supplement the
Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class
mail of any filing, amendment or supplement to holders of claims affected thereby, and the
deadline for those holders to file Proofs of Claim, if necessary, be set as the later of (a) the Claims
Bar Date or the Governmental Bar Date, as applicable, or (b) **11:59 p.m.** prevailing Central Time
on the date that is 30 days from the date the notice of the filing, amendment or supplement is given
(or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

6.      Unless otherwise ordered, all parties asserting claims arising from the rejection of
executory contracts and unexpired leases of the Debtors shall file a Proof of Claim on account of
such rejection by the later of: (a) the Claims Bar Date or the Governmental Bar Date, as applicable;
or (b) **11:59 p.m.** prevailing Central Time on the date that is 30 days following entry of an order
approving the rejection of any such executory contract or unexpired lease (the "Rejection Damages
Bar Date").

7.      All parties asserting claims resulting from any injuries allegedly sustained at or on
the premises leased by the Debtors that arose prior to the effective date of any rejection or
assumption of such related unexpired lease of the Debtors shall file a Proof of Claim on account
of such claims by the later of: (a) the Claims Bar Date; or (b) **11:59 p.m.** prevailing Central Time
on the date that is 30 days following entry of an order approving the rejection or assumption of the
unexpired lease for the subject premises (the "Premise Liability Claims Bar Date," and together
with the other bar dates requested herein, the "Bar Dates").

8.       All Proofs of Claim must be filed so as to be actually received by the clerk of Court,

with respect to all filed claims, on or before the applicable Bar Date. In addition, all Administrative

Claims must be filed with the Court so as to be actually received by the Court by the Administrative

Claims Bar Date. If Proofs of Claim and Administrative Claims are not received by the Court, as

applicable, on or before the applicable Bar Date, except in the case of certain exceptions explicitly

set forth herein, the holders of the underlying claims shall be barred from asserting such claims

against the Debtors and precluded from voting on any chapter 11 plans filed in these chapter 11

cases and/or receiving distributions from the Debtors on account of such claims in these chapter

11 cases.

## II.    Parties Required to File Proofs of Claim and Administrative Claims

9.       The following categories of claimants shall be required to file a Proof of Claim or

Administrative Claim arising prior to the Administrative Claims Bar Date by the applicable Bar

Date:

(i)       any entity whose claim against a Debtor is not listed in the applicable
Debtor's Schedules or is listed as "contingent," "unliquidated," or
"disputed" if such entity desires to participate in any of these chapter 11
cases or share in any distribution in any of these chapter 11 cases;

(ii)      any entity who believes that its claim is improperly classified in the
Schedules or is listed in an incorrect amount and who desires to have its
claim allowed in a different classification or amount other than that
identified in the Schedules;

(iii)     any entity that believes that its prepetition claims as listed in the Schedules
is not an obligation of the specific Debtor against which the claim is listed
and that desires to have its claim allowed against a Debtor other than that
identified in the schedules;

(iv)      any entity who believes that its claim against a Debtor is or may be an
administrative expense that arises between the Petition Date and the
Administrative Claims Bar Date (excluding claims for fees and expenses of
professionals retained in these proceedings, claims asserting priority
pursuant to section 503(b)(9) of the Bankruptcy Code, and claims held by
governmental entities covered by section 503(b)(1)(B) or (C) of the

Bankruptcy Code); <u>provided that</u> the Administrative Claims Bar Date shall not apply to claims entitled to administrative priority that arise on or after the Administrative Claims Bar Date in the ordinary course of the Debtors' business; and

(v)     any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

## III.    Parties Exempted from the Bar Dates

10.     The following categories of claimants shall not be required to file a Proof of Claim or Administrative Claim arising prior to the Administrative Claims Bar Date by the applicable Bar Date:

(i)     any entity that already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of Court in a form substantially similar to Official Form 410;

(ii)    any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(iii)   any entity whose claim has previously been allowed by order of the Court;

(iv)    any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(v)     any Debtor having a claim (or any transferee for security of any such Debtor that has a claim) against another Debtor;

(vi)    any of the Debtors' non-Debtor affiliates having a claim (or any transferee for security of any such non-Debtor affiliate that has a claim) against any Debtor;

(vii)   any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

6

(viii)   a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, however, that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(ix)    any entity who is a counterparty to an unexpired lease that has not been assumed, and assigned or rejected as of the Claims Bar Date; provided, however, all such claimants and their claims shall otherwise be subject, in all respects, to the Rejection Bar Date, the Administrative Claims Bar Date and/or the cure claim bar dates set forth in in any order approving a sale of the Debtors' assets (for any assumed leases thereunder), each as the case may be;

(x)    the prepetition secured lenders to the extent provided for in any order approving debtor-in-possession financing;

(xi)    any entity holding a claim for which a separate deadline is fixed by the Court;

(xii)   pursuant to section 503(b)(1)(D) of the Bankruptcy Code, governmental entities holding claims covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code; and

(xiii)  claims for fees and expenses of professionals retained in these proceedings.

## IV.    Substantive Requirements of Proofs of Claim

11.    The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

(i)    Contents. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(ii)    Section 503(b)(9) Claim. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(iii) <u>Original Signatures Required</u>. Only <u>original</u> Proofs of Claim may be deemed acceptable for purposes of claims administration. Proofs of Claim may be submitted by facsimile upon permission from the Court.

(iv) <u>Identification of the Debtor Entity</u>. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 19-80064 (TLS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Specialty Retail Shops Holding Corp.

(v) <u>Claim Against Multiple Debtor Entities</u>. Each Proof of Claim must state a claim against <u>only one</u> Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

(vi) <u>Supporting Documentation</u>. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; <u>provided</u>, <u>however</u>, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.[5]

(vii) <u>Timely Service</u>. Each Proof of Claim must be filed, including supporting documentation, either (i) electronically on the Court's ECF system by accessing the E-filing Claims (ePOC) link at **www.neb.uscourts.gov,** or (ii) in paper form by U.S. Mail or other hand delivery system, so as to be **actually received** by the clerk of Courts on or before the applicable Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court). Any Proof of Claim filed in paper form must be submitted to the Clerk of Court at the following address:

Clerk of the Bankruptcy Court
111 South 18th Plaza
Suite 1125
Omaha, NE 68102

---

[7]    Similarly, to the extent that any supporting documentation may be required to be submitted with any Administrative Claim, upon prior written consent of Debtors' counsel, such Administrative Claim may include a summary of such documentation or an explanation as to why such documentation is not available; <u>provided</u>, <u>however</u>, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten (10) days from the date of such request.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(viii)    <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.    Identification of Known Creditors

12.    The Debtors shall mail notice of the Bar Dates only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## VI.    Procedures for Providing Notice of the Bar Date

### A.    Mailing of Bar Date Notices

13.    No later than three business days after the Court enters this Bar Date Order, the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "<u>Bar Date Notice</u>") and a Proof of Claim Form (together, the "<u>Bar Date Package</u>") to be mailed via first class mail to the following entities:

(i)    the Office of the United States Trustee for the District of Nebraska;

(ii)    the Office of the United States Attorney for the District of Nebraska;

(iii)    counsel to the Creditors' Committee;

(iv)    the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis);

(v)    the state attorneys general for states in which the Debtors conduct business;

(vi)    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(vii)    the Nebraska Department of Revenue;

(viii)    the Securities and Exchange Commission;

(ix)    the United States Internal Revenue Service;

(x)     co-counsel to the administrative agent, (i) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Daniel F. Fiorillo;

(xi)    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

(xii)   all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date hereof;

(xiii)  all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

(xiv)   all entities who are party to executory contracts and unexpired leases with the Debtors;

(xv)    all entities who are party to litigation with the Debtors; and

(xvi)   all current and former employees (to the extent that contact information for former employees is available in the Debtors' records).

14.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses;[6] (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

---

[8]     However, if notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.

**B.      Publication of Bar Date Notice**

15.      The Debtors shall cause notice of the Bar Dates to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Publication Notice, in substantially the form annexed hereto as **Exhibit 3**, to be published on one occasion in the *Omaha World-Herald*, and/or a national publication acceptable to the Debtors as soon as reasonably practicable after entry of an order approving the Bar Dates and no later than February 25, 2019, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7) that such notice be published at least 21 days before the Claims Bar Date.

**VII.   Consequences of Failure to File a Proof of Claim**

16.      Subject to section 506(d)(2) of the Bankruptcy Code, any entity who is required, but fails, to file a Proof of Claim or an Administrative Claim in accordance with this Bar Date Order on or before the applicable Bar Date may be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim or Administrative Claim arising prior to the Administrative Claims Bar Date with respect thereto) and the Debtors and their property may be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule F of the Schedules as not contingent, not disputed, and not unliquidated.

## VIII.  Miscellaneous

17.     The Debtors reserve all rights to contest any claims filed or asserted in these chapter 11 cases.

18.     The Debtors do not waive any claims they may have against any party that files a Proof of Claim or Administrative Claim.

19.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Local Rule 6004-1(A) are satisfied by such notice.

20.     Nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any amount based on any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; or (e) a waiver of the Debtors' rights under the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

21.     Nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

22.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

25.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Omaha, Nebraska
Dated: _February 14__, 2019

_/s/Thomas L. Saladino_
THE HONORABLE THOMAS L. SALADINO
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Proof of Claim Form**

| Fill in this information to identify the case (Select only one Debtor per claim form): |  |  |
|---|---|---|
| ☐ Specialty Retail Shops Holding Corp. (Case No. 19-80064) | ☐ Retained R/E SPE, LLC (Case No.19-80068) | ☐ ShopKo Optical Manufacturing, LLC (Case No. 19-80073) |
| ☐ Pamida Transportation, LLC (Case No. 19-80063) | ☐ ShopKo Finance, LLC (Case No.19-80069) | ☐ ShopKo Properties, LLC (Case No. 19-80074) |
| ☐ Pamida Stores Operating Co., LLC (Case No. 19-80065) | ☐ ShopKo Gift Card Co., LLC (Case No. 19-80070) | ☐ ShopKo Stores Operating Co., LLC (Case No. 19-80075) |
| ☐ Penn-Daniels, LLC (Case No. 19-80066) | ☐ ShopKo Holding Company, LLC (Case No. 19-80071) | ☐ SVS Trucking, LLC (Case No. 19-80076) |
| ☐ Place's Associates Expansion, LLC (Case No.19-80067) | ☐ ShopKo Institutional Care Services Co., LLC (Case No. 19-80072) |  |

## <u>Modified Official Form 410</u>

# Proof of Claim

4/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

| 1. Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim) _____ |
|---|---|
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☐ No ☐ Yes. From whom? _____ |
|---|---|

| 3. Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Name _____ | Name _____ |
| | Number Street _____ | Number Street _____ |
| | City State ZIP Code | City State ZIP Code |
| | Contact phone _____ | Contact phone _____ |
| | Contact email _____ | Contact email _____ |

| 4. Does this claim amend one already filed? | ☐ No ☐ Yes. Claim number on court claims registry (if known)_____ | Filed on _____ MM / DD / YYYY |
|---|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No ☐ Yes. Who made the earlier filing? _____ |
|---|---|

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

❑ No
❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____ . **Does this amount include interest or other charges?**

❑ No
❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No
❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
❑ Motor vehicle
❑ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
❑ Fixed
❑ Variable

**10. Is this claim based on a lease?**

❑ No
❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

❑ No
❑ Yes. Identify the property: _____

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:* | |
| | | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:  Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐  I am the creditor.<br>☐  I am the creditor's attorney or authorized agent.<br>☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____ (mm/dd/yyyy)<br><br><br>_____<br>Signature<br>**Print the name of the person who is completing and signing this claim:** |

|  |  |  |  |
|---|---|---|---|
| Name | _____ | _____ | _____ |
| | First name | Middle name | Last name |
| Title | _____ | | |
| Company | _____ | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | _____ | | |
| | Number         Street | | |
| | _____ | | |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/shopko. *The official Court docket and claims register can be found at www. PACER.gov.*

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Clerk of the Bankruptcy Court
111 South 18th Plaza
Suite 1125
Omaha, NE 68102

---

**Do not file these instructions with your form**

## **<u>Exhibit 2</u>**

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| In re: | ) )  Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | )  Case No. 19-80064 (TLS) |
| Debtors. | )  (Jointly Administered) |
|  | )  **Re:  Docket No. __** |

### NOTICE OF DEADLINES FOR FILING OF (I) PROOFS OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION 503(B)(I) OF THE BANKRUPTCY CODE, (II) ADMINISTRATIVE CLAIMS, (III) REJECTION DAMAGE CLAIMS, AND (IV) PREMISE LIABILITY CLAIMS

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES**

| DEBTOR | CASE NO. |
|---|---|
| Specialty Retail Shops Holding Corp. | 19-80064 (TLS) |
| Pamida Stores Operating Co., LLC | 19-80065 (TLS) |
| Pamida Transportation LLC. | 19-80063 (TLS) |
| Penn-Daniels, LLC | 19-80066 (TLS) |
| Place's Associates' Expansion, LLC | 19-80067 (TLS) |
| Retained R/E SPE, LLC | 19-80068 (TLS) |
| Shopko Finance, LLC | 19-80069 (TLS) |
| Shopko Gift Card Co., LLC | 19-80070 (TLS) |
| ShopKo Holding Company, LLC | 19-80071 (TLS) |
| ShopKo Institutional Care Services Co., LLC | 19-80072 (TLS) |
| ShopKo Optical Manufacturing, LLC | 19-80073 (TLS) |
| ShopKo Properties, LLC | 19-80074 (TLS) |
| ShopKo Stores Operating Co., LLC | 19-80075 (TLS) |
| SVS Trucking, LLC | 19-80076 (TLS) |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

**PLEASE TAKE NOTICE THAT:**

On January 16, 2019 (the "<u>Petition Date</u>"), Specialty Retail Shops Holding Corp. and 13 of its affiliates, as debtors (collectively, the "<u>Debtors</u>"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Nebraska (the "<u>Court</u>").

On _____, 2019 the Court entered an order [Docket. No. _____] the ("<u>Bar Date Order</u>")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file (a) proofs of claim ("<u>Proofs of Claim</u>"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, Rejection Damages Claims, and Premise Liability Claims, and (b) requests for payment of Administrative Claims.

For your convenience, enclosed with this notice (this "<u>Notice</u>") is a Proof of Claim form that may also be used for claims arising under section 503(b)(9) of the Bankruptcy Code.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Nebraska. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim and Administrative Claims in these chapter 11 cases (the "<u>Bar Dates</u>").

      b.      <u>The Claims Bar Date</u>. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code, **are required to file Proofs of Claim so that such Proofs of Claim are actually received by the Clerk of Court, with respect to all filed claims, by the Claims Bar Date (i.e., on or before March 18, 2019, at 11:59 p.m., prevailing Central Time)**. The **Claims Bar Date applies to all types of claims against the Debtors that arose**

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

**prior to the Petition Date, including, without limitation, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code.**

c.    The Governmental Bar Date. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date **are required to file proofs of claim so that such Proofs of Claim are actually received by the Clerk of Court, with respect to all filed claims, by the Governmental Bar Date (i.e., by July 15, 2019, at 11:59 p.m., prevailing Central Time)**. The **Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.**

d.    The Administrative Claims Bar Date. Pursuant to the Bar Date Order, all claimants holding Administrative Claims against the Debtors' estates arising between the Petition Date and the Administrative Claims Bar Date, excluding claims for fees and expenses of professionals retained in these proceedings, claims for expenses incurred by the members of the official committee of unsecured creditors (the "Committee") in their performance of the duties of the Committee, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code, and claims held by governmental entities covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code, **are required to file a request for payment of such Administrative Claim with the Court and, if desired, a notice of hearing on such Administrative Claim by the Administrative Claims Bar Date (i.e., on or before April 1, 2019, at 11:59 p.m., prevailing Central Time)**; provided, that the Administrative Claims Bar Date shall not apply to claims entitled to administrative priority that arise on or after the Administrative Claims Bar Date in the ordinary course of the Debtors' business.

e.    The Amended Schedules Bar Date. Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or amendment or supplement to the Schedules **are required to file Proofs of Claim so that such Proofs of Claim are actually received by the Clerk of Court, with respect to all filed claims, by the Amended Schedules Bar Date (i.e., by the later of (y) the Claims Bar Date or the Governmental Bar Date, as applicable, or (z) 11:59 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors provide notice of such filing, amendment or supplement)**.

f.     The Rejection Damages Bar Date. Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease **are required to file Proofs of Claim with respect to such rejection so that such Proofs of Claim are actually received by the Clerk of Court, with respect to all filed claims, by the Rejection Damages Bar Date (i.e., by the later of (y) the Claims Bar Date or the Governmental Bar Date, as applicable, or (z) 11:59 p.m., prevailing Central Time, on the date that is 30 days following entry of an order approving such rejection)**.

g.     The Premise Liability Claims Bar Date. Pursuant to the Bar Date Order, all parties asserting claims against the Debtors estates arising from any injuries allegedly sustained at or on the premises leased by the Debtors that arose prior to the effective date of any rejection or assumption of such related unexpired lease of the Debtors **are required to file Proofs of Claim with respect thereto so that such Proofs of Claim are actually received by the Clerk of Court, with respect to all filed claims, by the Premise Claims Bar Date (i.e., by the later of (y) the Claims Bar Date, or (z) 11:59 p.m., prevailing Central Time, on the date that is 30 days following entry of an order approving such rejection or assumption)**.

## WHO MUST FILE A PROOF OF CLAIM OR ADMINISTRATIVE CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date must file Proofs of Claim or Administrative Claims on or before the applicable Bar Date:

a.     any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.     any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the schedules;

d.     any entity who believes that its claim against a Debtor is or may be an administrative expense that arises between the Petition Date and the Administrative Claims Bar Date, excluding claims for fees and expenses of professionals retained in these proceedings, claims for expenses incurred by the members of the official committee of unsecured creditors (the

"<u>Committee</u>") in their performance of the duties of the Committee, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code, and claims held by governmental entities covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code; and

e.     any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

## PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM OR <u>ADMINISTRATIVE CLAIM</u>

Certain parties are not required to file Proofs of Claim or Administrative Claims arising prior to the Administrative Claims Bar Date. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim or Administrative Claims for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need **not** file Proofs of Claims or Administrative Claims:

f.     any entity that already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of Court in a form substantially similar to Official Form 410;

g.     any entity whose claim is listed on the Schedules if: (i) the claim is **<u>not</u>** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

h.     any entity whose claim has previously been allowed by order of the Court;

i.     any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

j.     any Debtor having a claim (or any transferee for security of any such Debtor that has a claim) against another Debtor;

k.     any of the Debtors' non-Debtor affiliates having a claim (or any transferee for security of any such non-Debtor affiliate that has a claim) against any Debtor;

l.     any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; <u>provided</u>, <u>however</u>, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

m.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, however, that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

n.      any entity who is a counterparty to an unexpired lease that has not been assumed, and assigned or rejected as of the Claims Bar Date; provided, however, all such claimants and their claims shall otherwise be subject, in all respects, to the Rejection Bar Date, the Administrative Claims Bar Date and/or the cure claim bar dates set forth in in any order approving a sale of the Debtors' assets (for any assumed leases thereunder), each as the case may be;

o.      the prepetition secured lenders to the extent provided for in any order approving debtor-in-possession financing;

p.      any entity holding a claim for which a separate deadline is fixed by the Court;

q.      pursuant to section 503(b)(1)(D) of the Bankruptcy Code, governmental entities holding claims covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code; and

r.      claims for fees and expenses of professionals retained in these proceedings.

## **INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

s.      Contents. Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

t.      Section 503(b)(9) Claim. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: ( i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

u.     <u>Original Signatures Required</u>. Only <u>original</u> Proofs of Claim may be deemed acceptable for purposes of claims administration. Proofs of Claim may be submitted by facsimile upon permission from the Court.

v.     <u>Identification of the Debtor Entity</u>. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 19-80064 (TLS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Specialty Retail Shops Holding Corp.

w.     <u>Claim Against Multiple Debtor Entities</u>. Each Proof of Claim must state a claim against <u>only one</u> Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

x.     <u>Supporting Documentation</u>. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; <u>provided</u>, <u>however</u>, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.[3]

y.     <u>Timely Service</u>. Each Proof of Claim must be filed, including supporting documentation, either (i) electronically on the Court's ECF system by accessing the E-filing Claims (ePOC) link at <u>www.neb.uscourts.gov,</u> or (ii) in paper form by U.S. Mail or other hand delivery system, so as to be **<u>actually received</u>** by the Clerk of Court, with respect to all filed claims, on or before the applicable Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court). Any Proof of Claim filed in paper form must be submitted to the Clerk of Court at the following address:

Clerk of the Bankruptcy Court
111 South 18th Plaza

---

[3]   Similarly, to the extent that any supporting documentation may be required to be submitted with any Administrative Claim, upon prior written consent of Debtors' counsel, such Administrative Claim may include a summary of such documentation or an explanation as to why such documentation is not available; <u>provided, however</u>, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than 10 days from the date of such request.

Suite 1125
Omaha, NE 68102

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

z.   <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their paper-filed Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## CONSEQUENCES OF FAILING TO
## <u>TIMELY FILE YOUR PROOF OF CLAIM OR ADMINISTRATIVE CLAIM</u>

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim or Administrative Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

aa.   YOU MAY BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

bb.   THE DEBTORS AND THEIR PROPERTY MAY BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

cc.   YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

dd.   YOU MAY NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## <u>AMENDMENTS TO THE DEBTORS' SCHEDULES</u>

If, subsequent to the date of this Notice, the Debtors file a previously unfiled Schedule or amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim, or (b) 11:59 p.m. prevailing Central Time on the date that is 30 days after the date that on which the Debtors provide notice of the filing, amendment or supplement to the Schedules (or another time period as may be fixed by the Court) (the "<u>Amended Schedules Bar Date</u>").

## RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the Debtors' Schedules on file with the Court, which may be inspected as described below in Section

***It is your responsibility to determine that the claim is accurately listed in the Schedules.***

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection on the Claims and Noticing Agent's website at https://cases.primeclerk.com/shopko. The Schedules and other filings in these chapter 11 cases also are available at the Court's website at http://www.neb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 4:30 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Courthouse, 111 South 18th Plaza, Suite 1125, Omaha, Nebraska 68102.

If you require additional information regarding the filing of a proof of claim, you may contact the Claims and Noticing Agent directly by writing to: shopkoinfo@primeclerk.com, or contact the Debtors' restructuring hotline at: (844) 205-7495 (domestic), (347) 576-1550 (international). You may also contact the Court directly at (402) 661-7444.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

| | |
|---|---|
| Dated:    [_____], 2019<br>    Omaha, Nebraska | /s/ *DRAFT*<br>James J. Niemeier (NE Bar No. 18838)<br>Michael T. Eversden (NE Bar No. 21941)<br>Lauren R. Goodman (NE Bar No. 24645)<br>**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, Nebraska 68102<br>Telephone:    (402) 341-3070<br>Facsimile:    (402) 341-0216<br>Email:        jniemeier@mcgrathnorth.com<br>                meversden@mcgrathnorth.com<br>                lgoodman@mcgrathnorth.com<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Travis M. Bayer (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:        james.sprayregen@kirkland.com<br>                patrick.nash@kirkland.com<br>                travis.bayer@kirkland.com<br><br>- and -<br><br>Steven Serajeddini (admitted *pro hac vice*)<br>Daniel Rudewicz (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:        steven.serajeddini@kirkland.com<br>                daniel.rudewicz@kirkland.com<br><br>*Co-Counsel to the Debtors* |

## Exhibit 3

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) | Case No. 19-80064 (TLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF (A) PROOFS OF
CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION 503(B)(9)
OF THE BANKRUPTCY CODE, (B) ADMINISTRATIVE CLAIMS,
(C) REJECTION DAMAGES CLAIMS, AND (D) PREMISE LIABILITY CLAIMS**

---

**THE CLAIMS BAR DATE IS MARCH 18, 2019**

**THE GOVERNMENTAL CLAIMS BAR DATE IS JULY 15, 2019**

**THE ADMINISTRATIVE CLAIMS BAR DATE IS APRIL 1, 2019**

**THE REJECTION DAMAGES BAR DATE IS THE LATER OF (A) THE CLAIMS BAR
DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE; OR (B) THE DATE
THAT IS 30 DAYS FOLLOWING ENTRY OF AN ORDER APPROVING THE
REJECTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE**

**THE PREMISE LIABILITY CLAIMS BAR DATE IS THE LATER OF (A) THE
CLAIMS BAR DATE; OR (B) THE DATE THAT IS 30 DAYS FOLLOWING ENTRY OF
AN ORDER APPROVING THE REJECTION OR ASSUMPTION OF THE RELATED**

**UNEXPIRED LEASE OF THE DEBTORS**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Deadlines for Filing Proofs of Claim and Administrative Claims Arising Prior to the
Administrative Claims Bar Date**. On _____, 2019 the Court entered an order [Docket.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida
Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained
R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding
Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing,
LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC
(0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

No. _____] the ("Bar Date Order")[2] establishing certain dates by which parties holding
prepetition claims against the Debtors must file (a) proofs of claim ("Proofs of Claim"), including
claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code,
Rejection Damages Claims, and Premise Liability Claims, and (b) requests for payment of
Administrative Claims (as defined herein) arising prior to the Administrative Claims Bar Date (as
defined herein).

| DEBTOR | CASE NO. |
|---|---|
| Specialty Retail Shops Holding Corp. | 19-80064 (TLS) |
| Pamida Stores Operating Co., LLC | 19-80065 (TLS) |
| Pamida Transportation LLC. | 19-80063 (TLS) |
| Penn-Daniels, LLC | 19-80066 (TLS) |
| Place's Associates' Expansion, LLC | 19-80067 (TLS) |
| Retained R/E SPE, LLC | 19-80068 (TLS) |
| Shopko Finance, LLC | 19-80069 (TLS) |
| Shopko Gift Card Co., LLC | 19-80070 (TLS) |
| ShopKo Holding Company, LLC | 19-80071 (TLS) |
| ShopKo Institutional Care Services Co., LLC | 19-80072 (TLS) |
| ShopKo Optical Manufacturing, LLC | 19-80073 (TLS) |
| ShopKo Properties, LLC | 19-80074 (TLS) |
| ShopKo Stores Operating Co., LLC | 19-80075 (TLS) |
| SVS Trucking, LLC | 19-80076 (TLS) |

**The Bar Dates**.

The Claims Bar Date. Pursuant to the Bar Date Order, all entities, including individuals,
partnerships, estates, and trusts who have a claim or potential claim against the Debtors, including
claims arising under section 503(b)(9) of the Bankruptcy Code, that arose prior to the Petition
Date, no matter how remote or contingent such right to payment or equitable remedy may be,
MUST FILE A PROOF OF CLAIM on or before **March 18, 2019, at 11:59 p.m., prevailing
Central Time** (the "Claims Bar Date").

Governmental Bar Date. Governmental entities who have a claim or potential claim against
the Debtors that arose prior to the Petition Date, no matter how remote or contingent such right to
payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **July 15,
2019, at 11:59 p.m., prevailing Central Time** (the "Governmental Bar Date").

Administrative Claims Bar Date. Parties asserting Administrative Claims against the
Debtors' estates arising between the Petition Date and the Administrative Claims Bar Date (as
hereinafter defined) (but excluding claims for fees and expenses of professionals retained in these
proceedings, claims for expenses incurred by the members of the official committee of unsecured
creditors (the "Committee") in their performance of the duties of the Committee, claims asserting
priority pursuant to section 503(b)(9) of the Bankruptcy Code and governmental entities holding

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date
Order.

claims covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code), are required to file a request for payment of such Administrative Claim arising prior to the Administrative Claims Bar Date with the Court on or before **April 1, 2019, at 11:59 p.m., prevailing Central Time** (the "Administrative Claims Bar Date"); provided, that the Administrative Claims Bar Date shall not apply to claims entitled to administrative priority that arise on or after the Administrative Claims Bar Date in the ordinary course of the Debtors' business.

Amended Schedules Bar Date. All parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or an amendment or supplement to the Schedules are required to file Proofs of Claim by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors provide notice of a previously unfiled Schedule or amendment or supplement to the Schedules** (the "Amended Schedules Bar Date").

Rejection Damages Bar Date. All parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim by the **later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m. prevailing Central Time on the date that is 30 days following entry of an order approving such rejection** (the "Rejection Damages Bar Date").

The Premise Liability Claims Bar Date. All parties asserting claims against the Debtors estates arising from injuries allegedly sustained at or on the premises leased by the Debtors that arose prior to the effective date of any rejection or assumption of such related unexpired lease of the Debtors must file a Proof of Claim by the **later of (a) the Claims Bar Date, or (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days following entry of an order approving such rejection or assumption** (the "Premise Liability Claims Bar Date").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY CLAIMS ARISING UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, OR WHO FAILS TO FILE AN ADMINISTRATIVE CLAIM WITH THE COURT, IN EACH CASE ON OR BEFORE THE APPLICABLE BAR DATE, MAY NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**. Each Proof of Claim must be filed, including supporting documentation, either (i) electronically on the Court's ECF system by accessing the E-filing Claims (ePOC) link at www.neb.uscourts.gov. or (ii) in paper form by U.S. Mail or other hand delivery system, so as to be **actually received** by the Clerk of Court, with respect to all filed claims, on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein). Any Proof of Claim filed in paper form must be submitted to the Clerk of Court at the following address:

Clerk of the Bankruptcy Court
111 South 18th Plaza
Suite 1125
Omaha, NE 68102

**Contents of Proofs of Claim**. Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based. **Please note** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Specialty Retail Shops Holding Corp.

**Section 503(b)(9) Requests for Payment**. Any proof of claim asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information**. If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by: (i) calling the Debtors' restructuring hotline at: (844) 205-7495 (domestic), (347) 576-1550 (international); (ii) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/shopko; (iii) writing to shopkoinfo@primeclerk.com; and/or (iv) calling the Court at (402) 661-7444. **Please note** that the Claims and Noticing Agent **cannot** offer legal advice or advise whether you should file a proof of claim.

Dated:   [_____], 2019
  Omaha, Nebraska

/s/ *DRAFT*
_____

James J. Niemeier (NE Bar No. 18838)
Michael T. Eversden (NE Bar No. 21941)
Lauren R. Goodman (NE Bar No. 24645)
**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:   (402) 341-3070
Facsimile:   (402) 341-0216
Email:   jniemeier@mcgrathnorth.com
      meversden@mcgrathnorth.com
      lgoodman@mcgrathnorth.com

- and -

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Travis M. Bayer (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
      patrick.nash@kirkland.com
      travis.bayer@kirkland.com

- and -

Steven Serajeddini (admitted *pro hac vice*)
Daniel Rudewicz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   steven.serajeddini@kirkland.com
      daniel.rudewicz@kirkland.com

*Co-Counsel to the Debtors*