**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064 (TLS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 160** |

**ORDER (I) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR RETAINED PROFESSIONALS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to establish procedures for interim compensation and compensation and reimbursement of expenses for Retained Professionals, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); ShopKo Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592);. The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. All Retained Professionals in these cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or after the 21st day of each month following the month for which compensation is sought, each Retained Professional seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement by hand or overnight delivery, on: (i) the Debtors, Specialty Retail Shops Holding Corp., 700 Pilgrim Way, Green Bay, Wisconsin, 54304, Attn: Susan Buckna, General Counsel; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Robert McLellarn, Esq.; Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Daniel Rudewicz, Esq. (iii) proposed co-counsel to the Debtors, McGrath North Mullin & Kratz, P.C. LLO, 1601 Dodge St., Omaha, Nebraska 68102, Attn: James Niemeier, Esq.; (iv) the Office of the United States Trustee for the District of Nebraska, 111 South 18th Plaza, # 1125 Omaha, Nebraska 68102, Attn: Jerry Jensen, Esq.; (v) counsel to Wells Fargo Bank, N.A., Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn: Chad Simon, Esq. and Daniel Fiorillo, Esq.; (vi) counsel to Shopko Note Holding, LLC successor to Spirit Realty L.P., Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004, Attn: Peter Siroka; (vii) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein and Bradford J. Sandler and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Jeffrey N. Pomerantz; and (viii) proposed co-counsel to the Committee, Goosmann Law Firm, PLC, The Advent Building, Suite 250, Omaha, NE 68118, Attn: Elizabeth M. Lally, Jeana Goosmann, and Joel Carney (collectively, the "Application Recipients")

b. Each Application Recipient will have until 12:00 p.m. (prevailing Central Time) 14 days after service of a Monthly Fee Statement to review the Monthly Fee Statement. Upon expiration of such 14-day period, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement (each, a "CNO"). After a CNO is filed with the Court, the Debtors are authorized and directed to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below.

c. If any Application Recipient objects to a Monthly Fee Statement, the objecting party shall, within 14 days of service of the Monthly Fee Statement, serve a written notice upon the respective Retained Professional and each of the other Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80 percent of the agreed-upon fees and 100 percent of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "Objection") with the Court within 3 business days and serve such Objection on the respective Retained Professional and each of the other Application Recipients. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "Disputed Amount"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

d. Each Retained Professional may submit its first Monthly Fee Statement no earlier than February 28, 2019. This initial Monthly Fee Statement will cover the period from the Petition Date through January 31, 2019. Thereafter, the Retained Professionals may file Monthly Fee Statements in the manner described above.

e. Beginning with the period ending on March 31, 2019, and at three-month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals may file and serve on the Application Recipients an interim fee application (each an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period and prepared in accordance with the Compensation Procedures. Each Retained Professional shall serve notice of its Interim Fee Application (which identifies the Retained Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought and describes the amount of compensation and expenses sought) on all

3

parties that have entered their appearance pursuant to Bankruptcy Rule 2002. Application Recipients will have 14 days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including March 31, 2019. Notwithstanding anything to the contrary in the Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by the Court.

    f.    The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Retained Professional's filing of a CNO if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20 percent holdback) and expenses not previously paid.

    g.    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3.    <u>Committee Member Expenses</u>. The attorneys for the Committee shall be permitted to, in accordance with these Interim Compensation Procedures, submit statements of expenses incurred by the Committee members in their performance of the duties of the Committee (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and file the Committee members' requests for reimbursement.

4.    Neither (a) the payment of or the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Retained Professionals under the

Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

5. In each Interim Fee Application and Final Fee Application all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to the *Order Granting (I) Authority to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Related Relief* [Docket No. 179] shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

6. The Retained Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Applications on the Application Recipients, and (b) notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases.

7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Omaha, Nebraska
Dated: _February 21, 2019       /s/Thomas L. Saladino
                                THE HONORABLE THOMAS L. SALADINO
                                UNITED STATES BANKRUPTCY JUDGE