IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ------------------------------------------------------- X | | |
| In re: | : | Chapter 11 |
| | : | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | : | Case No. 19-80064-TLS |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re:  Docket No. 412** |
| ------------------------------------------------------- X | | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WELLS FARGO
BANK, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT AND
COLLATERAL AGENT, TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II)
APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT
TO CONFIRMATION OF THE DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN,
(III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO,
AND (V) GRANTING RELATED RELIEF**

Wells Fargo Bank, National Association, as administrative agent and collateral agent ("Wells Fargo"), by its undersigned counsel, respectfully submits this Limited Objection and Reservation of Rights to Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures With Respect To Confirmation of the Debtors' Proposed Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Granting Related Relief [Doc. No. 412] (the "DS Motion"), and respectfully states as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); Shopko Holding Company, LLC (0171); Shopko Institutional Care Services Co., LLC (7112); Shopko Optical Manufacturing, LLC (6346); Shopko Properties, LLC (0865); Shopko Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).

5603708.2

## **STATEMENT OF LIMITED OBJECTION AND RESERVATION OF RIGHTS**[2]

1. The Disclosure Statement filed by the Debtors with respect to the First Amended Joint Chapter 11 Plan of Reorganization of Specialty Retail Shops Holding Corp and Its Debtor Affiliates (the "Plan"), describes a plan that is inconsistent with, and if confirmed, would violate, the Final Order approving the debtor-in-possession financing [Doc. No. 425] (the "Final DIP Order"), and the bargained-for rights granted to Wells Fargo and its lender group thereunder. Wells Fargo continues to negotiate in good faith with the Debtors in an attempt to address its numerous concerns with respect to the Disclosure Statement and the Plan. Nonetheless, Wells Fargo's concerns are significant and constrain it to file this limited objection and reservation of rights to the Disclosure Statement for the reasons set forth below, and to expressly reserve its rights to object to the Plan, and to any amended Disclosure Statement that may be filed, at the appropriate time.

2. Notably, the Disclosure Statement and Plan appear to attempt an end run on the Court-approved rights and priorities granted to Wells Fargo and the Lenders set forth in the Final DIP Order and Financing Agreements. Under the Final DIP Order, the Court approved the Ratification Agreement (as defined in the Final DIP Order), which contains various milestones ("Milestones") that the Debtors must reach in the process of pursuing their dual reorganization and liquidation path in these Chapter 11 cases. In relevant part, under the Ratification Agreement, the Debtors' failure to satisfy the "Plan Milestones" (as defined therein), including, *inter alia*, the delivery by the Debtors to Wells Fargo by March 14, 2019 of a commitment letter in form and substance reasonably acceptable to Wells Fargo from one or more Plan sponsors acceptable to Wells Fargo, automatically triggers the "Sale Milestones" (as defined therein). *See*

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Final DIP Order.

5603708.2 2

Ratification Agreement, Exhibit 1 to the Final DIP Order, at §5.4(m) – (p) [Doc 425 at 74-76]. Included among the Sale Milestones is the requirement that the Debtors deliver to Wells Fargo a liquidation budget "in form and substance acceptable" to Wells Fargo before any liquidation of the Debtors' assets may proceed. *Id*. at §5.4(p) [Doc 425 at 75]. Wells Fargo's consent is therefore a prerequisite to either "toggle" of the Debtors' proposed dual path of proceeding. Moreover, Section 5.3 of the Final DIP Order expressly provides that the Debtors shall not "sell, sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral outside the ordinary course of business" without the consent of Wells Fargo.

3.     The Disclosure Statement disregards this bargained-for, Court-ordered procedure. On its face, the Disclosure Statement simply presupposes that Wells Fargo will acquiesce to the inconsistent structure proposed by the Debtors in the Plan (which Wells Fargo has not and will not do) and eviscerates the requirements put into place by the Final DIP Order. The Disclosure Statement sets forth two alternative scenarios for the satisfaction of claims and equity interests under the Plan – an "Equitization Restructuring" (reorganization) and an "Asset Sale Restructuring" (liquidation) – that do not track the dual path approach under the Final DIP Order and makes no mention of the need for Wells Fargo's consent at key junctures, or the other requirements of the Final DIP Order.[3]

4.     The effect of approving the plan of reorganization would be to allow the Debtors to renege on the deal memorialized, and approved by the Court, in the Final DIP Order and effect a unilateral liquidation outside the confines of the Final DIP Order.[4] Any such liquidation would liquidate the lenders' collateral without the requisite consent and, as such, renders the Plan

---

[3] Further, the Disclosure Statement omits critical details such as the identity of any Plan Sponsor, the identity of any Plan Administrator, the estimated fees attendant to any liquidation, and the budget for any liquidation.

[4] This would not be the first time the Debtors reneged on a deal that they negotiated in these cases. Between the entry of the Interim DIP Order and the Final DIP Order, the terms of the DIP facility had to be revised to accommodate the Debtors' projected failure to maintain compliance with the terms of the Interim DIP Order.

5603708.2                                          3

infirm. Indeed, the Disclosure Statement merely highlights the multiple insurmountable obstacles to Plan confirmation that Wells Fargo intends to raise at the confirmation hearing, including, without limitation: (i) the Plan's attempt, without any basis in fact or law, to bifurcate the lenders of the unitranche facility into different creditor classes (and the misstatement of the collateral securing that facility); (ii) the lack of any evidence that, *inter alia*, any proposed Plan Sponsor or liquidation budget will be acceptable to Wells Fargo; (iii) the Plan's apparent attempt to permit junior secured creditors, administrative claimants and priority creditors to be paid ahead of DIP lenders in contravention of the Final DIP Order and the Bankruptcy Code; (iv) any attempt by the Plan to relinquish liens upon the "Effective Date" (as defined in the Plan) absent such lien holder being paid out in full; (v) the Plan's provision for an unsubstantiated Section 506(c) surcharge of not less than $11 million; and (vi) as further discussed below, the Plan being predicated upon a highly questionable liquidation analysis that is inconsistent with both the Bankruptcy Code and the DIP lenders' rights under the Final DIP Order.

5. The Disclosure Statement seemly fails to provide the "adequate information" required by Section 1125(b) of the Bankruptcy Code as a prerequisite to approval. "The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan." *See Dakota Rail*, 104 B.R. at 142 (citing *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985)). "Adequate information" for purposes of Section 1125 is "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records…that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1129(a)(1). To this end, courts have identified certain nonexclusive and nonexhaustive types of information that should be included in a disclosure statement. *Id.* (enumerating nineteen

different types of information). Among these include, *inter alia*, a complete description of the available assets and their value; a liquidation analysis setting forth estimated return that creditors would receive under chapter 7; information regarding the future management of the debtor; an estimate of all administrative expenses; and any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject a plan. *Id*. (citing *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988)).

6. Fundamentally, the Disclosure Statement describes a Plan that, in its current form, is unconfirmable on its face. *See In re Am. Cap. Equip., LLC*, 668 F.3d 145, 153-54 (3d Cir. 2012) (holding that a bankruptcy court may make a confirmability determination at the disclosure statement stage where there is a defect that makes a plan inherently or patently unconfirmable); *In re Quigley Co., Inc.*, 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007) ("If the plan is patently unconfirmable on its face, the application to approve the disclosure statement must be denied"); *In re Dakota Rail, Inc.*, 104 B.R. 138, 145 (Bankr. D. Minn. 1989) (finding a disclosure statement to be facially defective where vital funding for the debtor's continuing operations will not be available if the proponents' plan were confirmed).

7. Nevertheless, to the extent that the Court is inclined to approve the Disclosure Statement, any Order granting such approval should expressly provide that (a) the rights of Wells Fargo and the Lenders set forth in the Final Order (including the Financing Agreements) are not impaired in any way by the approval of the Disclosure Statement, (b) to the extent of a conflict between the rights of Wells Fargo and the Lenders set forth in the Final DIP Order and anything set forth in the Disclosure Statement or the terms of the order approving the Disclosure Statement, the terms of the Final DIP Order shall prevail, and (c) approval of the Disclosure

5603708.2                                              5

Statement shall neither (i) imply that the Plan is confirmable in its current form or (ii) waive, modify, or impair the rights of Wells Fargo or the Lenders to object to the adequacy of the Disclosure Statement, the Plan Supplement, or Plan in any manner whatsoever at the confirmation hearing.

Dated: February 26, 2019

BAIRD HOLM LLP

*/s/ Brandon R. Tomjack*
Brandon R. Tomjack (#22981)
1700 Farnam St., Suite 1500
Omaha, Nebraska 68102-2068
Tel.: (402) 344-0500
Fax: (402) 344-0588
btomjack@bairdholm.com

-and-

OTTERBOURG P.C.

*/s/ Daniel F. Fiorillo*
Daniel F. Fiorillo
Chad B. Simon
(Admitted *Pro Hac Vice*)
230 Park Avenue
New York, New York 10169
Tel.: (212) 661-9100
Fax: (212) 682-6104
dfiorillo@otterbourg.com
csimon@otterbourg.com

*Counsel for Wells Fargo Bank, National Association, as Agent for the ShopKo Credit Facility, Creditor and Interested Party*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2019, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the following CM/ECF participants:

Paul Arrow
parrow@buchalter.com

Jennifer A. Asher
jasher@orrick.com

Arend Baack
abaack@gilawfirm.com
maddog1954@aol.com

Jeanmarie Baer

David M. Blau
dblau@clarkhill.com

Kevin M. Capuzzi
kcapuzzi@beneschlaw.com
debankruptcy@beneschlaw.com
mbarrie@beneschlaw.com
jhoover@beneschlaw.com

Michael E Collins
mcollins@manierherod.com
rmiller@manierherod.com

Rainero D'Aversa
rdaversa@orrick.com
nymao@orrick.com

Michael T. Eversden
meversden@mcgrathnorth.com
ecf-8b2b25b3605e@ecf.pacerpro.com

Brian J. Koenig
brian.koenig@koleyjessen.com
brianjkoenig@gmail.com
teri.gibbons@koleyjessen.com
angela.annan@koleyjessen.com

Robert L. LeHane
kdwbankruptcydepartment@kelleydrye.com
MVicinanza@ecf.inforuptcy.com

Laura Metzger
lmetzger@orrick.com
nymao@orrick.com

James J Niemeier
jniemeier@mcgrathnorth.com
mhernandez@mcgrathnorth.com

Trev Peterson
tpeterson@knudsenlaw.com
lryman@knudsenlaw.com

Claire Ann Resop
cresop@steinhilberswanson.com
jsteele@steinhilberswanson.com
1922193420@filings.docketbird.com

Clay M. Rogers
crogers@smithslusky.com

Brad Eric Scheler
brad.eric.scheler@friedfrank.com
managingattorneysdepartment@fried

Steven E. Fox
sfox@riemerlaw.com
dromanik@riemerlaw.com

Richard P. Garden
rgarden@clinewilliams.com
dhilger@clinewilliams.com

Michael I. Gottfried
mgottfried@lgbfirm.com,
srichmond@lgbfirm.com
vrichmond@lgbfirm.com

Evan C. Hollander
echollander@orrick.com
nymao@orrick.com

Jerry Jensen
ustpregion13.om.ecf@usdoj.gov
Jerry.L.Jensen@usdoj.gov

Michael Courtney Keats
michael.keats@friedfrank.com
managingattorneysdepartment@friedfrank.com

Brian A. Kilmer
bkilmer@kcq-lawfirm.com

J.P. Sam King
samking@mgwl.com

Jeffrey Weston Shields
jshields@joneswaldo.com

Michelle E. Shriro
mshriro@singerlevick.com
scotton@singerlevick.com

Peter Brian Siroka
peter.siroka@friedfrank.com
managingattorneysdepartment@friedfrank.com

Michael J. Whaley
mwhaley@clinewilliams.com
tlostaglia@clinewilliams.com

John F. Zimmer
jzimmer@clinewilliams.com

                              s/Brandon R. Tomjack