# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: <br><br> SPECIALTY RETAIL SHOPS HOLDING CORP., *et al*. <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-80064-TLS <br><br> (Jointly Administered) |

**JOINDER OF SHOPKO NOTE HOLDING, LLC (AS SUCCESSOR TO SPIRIT MTA REIT, L.P.) TO THE OBJECTIONS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT BETWEEN THE DEBTORS AND COLUMN FINANCIAL, INC.**

Shopko Note Holding, LLC (as successor to Spirit MTA REIT, L.P.) ("SNH"), as the Term Loan B-1 Lender under the Third Amended and Restated Loan and Security Agreement dated February 7, 2012, as amended (the "Loan Agreement"), hereby respectfully submits this Joinder to the objections (the "Objection")[1] to the Debtors' Motion (the "Motion") for Entry of an Order approving a settlement between the Debtors and Column Financial Inc. (together with its affiliates, successors and assignees, collectively, "Column") pursuant to the settlement term sheet (the "Settlement Term Sheet") attached as Exhibit A to the Motion, and respectfully states as follows.[2]

---

[1] The Debtors extended SNH's objection deadline to the Motion to March 14, 2019.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

## **OBJECTION**

1.      As this Court is aware from the Debtors' own liquidation analysis submitted with their patently unconfirmable plan of reorganization, the Debtors are on the precipice of administrative insolvency and in less than two months of post-petition operations, the Debtors have already commenced going out business sales for approximately two-thirds of the stores that they operated as of the Petition Date.  It is under these circumstances that the Debtors propose to single out Column and ask this Court to grant the Debtors broad authority to pay Column $1,000,000 for any costs and expenses "incurred in connection with the Master Lease Properties," and to provide Column with a superpriority administrative claim.

2.      The requested relief is most certainly not fair and equitable and in the best interests of the bankruptcy estate.  *See Tri-State Fin'l, LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008) (stating the standard for evaluation of a settlement is whether the settlement is fair and equitable and in the best interests of the estate). There is no need for the Debtors to waste precious estate resources in this manner.  With respect to payment of post-petition rent, the Bankruptcy Code already provides Column with an administrative claim.  As paragraph 16 of the Motion and Column's response [Doc. No. 633] acknowledges, the Debtors already have in hand an extension of time through March 17, 2019 to pay the rental payments due.  So in exchange for a further short extension of the March 17 date, the Debtors propose not only to provide Column with an elevated superpriority administrative claim (which will inure to the detriment of all other administrative claimants), but to pay Column $1,000,000 for the privilege.

3.      To the extent that this ill-advised and limited in benefit rent deferral deal is predicated upon the resolution of go-forward issues relating to the Master Lease, this too falls flat. In the first instance, those negotiations should and must be had with an entity that does not exist

and has not been presented to the Court, namely, a go-forward sponsor for the Debtors' business. Compromising solely with the Debtors achieves nothing. To the extent that Column is otherwise amenable to enter into new leases should there be a go-forward business, Column should negotiate the same with any purchaser of the business, including any adjustments in rental payments, without needing or requiring relief from this Court, especially at this time. Further, as any material benefit offered by Column to the Debtors is inextricably tied to a go-forward business, the Court should defer consideration of the Motion until the confirmation hearing at which time the Court and the Debtors will know whether any sponsor has materialized and whether that sponsor supports or does not support the go-forward relief requested.[3]

4.    SNH also submits that the expense reimbursement provision is outside the bounds of reasonableness and should not be approved, especially given that Column appears to be cutting a deal that is in its own interest to continue as a landlord to a go-forward business. In lieu of any cash reimbursement being paid from the Debtors' estates, if Column wants the benefit of $1,000,000, it can simply adjust its rental payments with any go-forward enterprise to reflect those economics. While the expense reimbursement should be disapproved in its entirety, at bare minimum, any amounts paid to Column for reimbursement of its legal fees should and must be limited. As drafted, the Debtors would be obligated to provide Column with immediate payment for all costs and expenses in connection with the Master Lease Properties and the Debtors' chapter 11 cases. Any reimbursement of Column's expenses should be expressly limited to those expenses incurred in connection with the negotiation and finalization of the Settlement Term Sheet and not include costs and expenses otherwise related to the Master Lease Properties. Further, all invoices

---

[3] SNH understands that the Motion has now appropriately been scheduled for hearing on the date of the confirmation hearing, April 2, 2019. See Doc. No. 631. However, SNH has been constrained to file this pleading at this time in order to reserve its rights if the Debtors elect to proceed with the Motion.

submitted by Column for reimbursement should and must be submitted for review and approval of the agents under the DIP facility (details of which are contained in the Motion), the Official Committee of Unsecured Creditors and the office of the U.S. Trustee for the District of Nebraska prior to any payments being made.

5. Finally, the $1,000,000 cap in relation to the professional fee reimbursement is unreasonably high and disproportionate. The Settlement Term Sheet is only four (4) pages long and therefore the fees incurred by Column's advisers should be significantly less than $1,000,000. Surely, as acknowledged by the Motion, with Column only recently having become the landlord of record for the leases that are subject to the Master Lease, Column's professionals could not have incurred legal fees and expenses that would come close to approximating same. It is hard to imagine how Column would have incurred legal fees in excess of $100,000, let alone $1,000,000.

6. SNH joins in any other objections filed to the Motion, including the objections that have been filed to-date by Wells Fargo, McKesson and the Official Committee of Unsecured Creditors.

## **RELIEF REQUESTED**

For the foregoing reasons, SNH respectfully request that the Court deny approval of the Motion and otherwise fashion relief consistent with this Objection.

Dated:  Omaha, Nebraska
        March 14, 2019

>SHOPKO NOTE HOLDING, LLC (as successor to Spirit MTA REIT, L.P.),
>
>By:/s/ *Brian J. Koenig*
>
>Brian J. Koenig, NE#23807
>KOLEY JESSEN P.C., L.L.O.
>One Pacific Place, Suite 800
>1125 South 103rd Street
>Omaha, NE  68124-1079
>(402) 390-9500
>(402) 390-9005 (facsimile)
>Brian.Koenig@koleyjessen.com
>
>and
>
>Brad Eric Scheler
>Michael C. Keats
>Peter B. Siroka
>FRIED, FRANK, HARRIS, SHRIVER &
>  JACOBSON LLP
>One New York Plaza
>New York, New York 10004-1980
>(212) 859-8000
>Brad.Eric.Scheler@friedfrank.com
>Michael.Keats@friedfrank.com
>Peter.Siroka@friedfrank.com
>
>*Attorneys for Shopko Note Holding, LLC (as successor to Spirit MTA REIT, L.P.)*

**CERTIFICATE OF SERVICE**

On this 14th day of March, 2019, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

/s/ *Brian J. Koenig*
Brian J. Koenig