**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064-TLS <br> ) |
| Debtors. | ) (Jointly Administered) <br> ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS
MAY REMOVE CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

Specialty Retail Shops Holding Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors' deadline to remove civil actions (collectively the "Civil Actions" or, individually, a "Civil Action") pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") is April 16, 2019 (the "Expiration Date"). The Debtors seek entry of an order: (a) enlarging the time within which the Debtors may remove Civil Actions (the "Removal Period") through the later of (i) October 14, 2019, which date is 180 days beyond the Expiration Date, or (ii) with respect to any particular Civil Action, 30 days after entry of an order terminating the automatic stay with respect to the particular Civil Action sought to be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

KE 59111617

removed, in each case without prejudice to the Debtors' right to seek further extensions; and (b) granting related relief.

2. Additionally, the Debtors respectfully request leave to submit a proposed order for the Court's consideration, as to grant the relief requested herein.

### Jurisdiction, Venue, and Procedural Background

3. The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are section 1452 of the Bankruptcy Code, Bankruptcy Rules 9006 and 9027.

### Background

6. The Debtors are engaged in the sale of general merchandise including clothing, accessories, electronics, and home furnishings, as well as company operated pharmacy and optical services departments. The Debtors are headquartered in Green Bay, Wisconsin, and, as of January 16, 2019 (the "Petition Date"), operated approximately 367 stores in 25 states throughout the United States, as well as e-commerce operations. The Debtors and their non-Debtor subsidiaries generated approximately $2.6 billion in revenue in fiscal year 2017 and currently employ approximately 14,000 people throughout the United States.

7. On the Petition Date each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 25]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases. On January 18, 2019, the United States Trustee for the District of Nebraska (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 95].

### Basis For Relief

8. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions related to chapter 11 cases. More specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

3

Fed. R. Bankr. P. 9027(a)(2).

10. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

11. It is well-settled that the Court possesses the authority to enlarge the removal period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a)(3) pursuant to Bankruptcy Rule 9006(b)(1)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

12. Moreover, courts in this Circuit and others have routinely granted similar relief.[2] *See, e.g.*, *In re Armstrong Energy, Inc., et al.*, No 17-47541-659 (order extending deadline to remove actions by 120 days) (Bankr. E.D. Mo. Jan. 17, 2018) (Dkt. No. 410); *In re Payless Holdings LLC, et al.*, No. 17-42267-459 (same) (Bankr. E.D. Mo. May 31, 2017) (Dkt. No. 934); *In re Peabody Energy Corporation, et al.,* No. 16-42529-399 (order extending deadline to remove actions by 180 days) (Bankr. E.D. Mo. June 16, 2016) (Dkt. No. 766); *In re Abengoa Bioenergy US Holding, LLC*, No. 16-41161-659 (order extending deadline to remove actions by 160 days) (Bankr. E.D. Mo. May 20, 2016) (Dkt. No. 404). The extension of time requested herein is well within the range of extensions previously granted by courts in this district under such circumstances.

**Cause Exists to Extend the Removal Period**

13. As noted above, the Debtors' deadline to remove the Civil Actions is set to expire on April 16, 2019. The Debtors' decision regarding whether to seek removal of any particular Civil Action will depend on a number of factors, including: (a) the importance of the Civil Action to the expeditious resolution of the chapter 11 cases; (b) the time required to complete the Civil Action in its current venue; (c) the presence of federal questions in the proceeding that increase the likelihood that one or more aspects thereof may be heard by a federal court; (d) the relationship between the Civil Action and matters to be considered in connection with the Debtors' cases, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Civil Action. Currently, the Debtors are party to

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

5

approximately 21 pending Civil Actions. To make the appropriate determination, the Debtors must analyze each Civil Action in light of the above factors.

14. Under these circumstances, cause exists to extend the time within which the Debtors may remove the Civil Actions. In addition to concentrating on the Debtors' day-to-day business operations, the Debtors' employees and advisors have already conducted multiple marketing processes, filed their schedules and statements, and begun soliciting a chapter 11 plan. Moreover, there are thousands of creditors in these chapter 11 cases whose claims the Debtors will need to spend time analyzing. The Civil Actions involve a variety of types of cases, including, but not limited to, employment-related litigation, litigation regarding intellectual property, reclamation litigation, and personal injury cases.

15. The Debtors are currently still analyzing the Civil Actions, and would benefit from additional time to make the appropriate determinations concerning their potential removal. Absent approval of an extension of the Removal Period, the Debtors are concerned that they will not be afforded sufficient time to properly evaluate whether removal of the Civil Actions is appropriate under the circumstances.[3]

16. Further, the rights of parties to the Civil Actions will not be unduly prejudiced by the proposed extension. If the Debtors ultimately seek to remove any of the Civil Actions pursuant to Bankruptcy Rule 9027, parties to the Civil Actions retain their rights to have such Civil Actions remanded pursuant to 28 U.S.C. §1452(b). Accordingly, the Debtors submit that cause exists for the relief requested herein.

## Notice

17. The Debtors have provided notice of this Motion to the following parties or their

---

[3] The Debtors reserve the right to seek additional extensions of the Removal Period.

respective counsel: (a) the office of the U.S. Trustee for the District of Nebraska; (b) counsel to the Committee; (c) the agents under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the District of Nebraska; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request: (1) that the Court enter an order granting the relief requested herein; and (2) leave to submit a proposed order for the Court's consideration granting such relief.

| | |
|---|---|
| Dated: March 20, 2019<br>Omaha, Nebraska | /s/ *Michael T. Eversden*<br>James J. Niemeier (NE Bar No. 18838)<br>Michael T. Eversden (NE Bar No. 21941)<br>Lauren R. Goodman (NE Bar No. 24645)<br>**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, Nebraska 68102<br>Telephone: (402) 341-3070<br>Facsimile: (402) 341-0216<br>Email: jniemeier@mcgrathnorth.com<br>  meversden@mcgrathnorth.com<br>  lgoodman@mcgrathnorth.com<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>Travis M. Bayer (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: james.sprayregen@kirkland.com<br>  patrick.nash@kirkland.com<br>  travis.bayer@kirkland.com<br><br>- and -<br><br>Steven Serajeddini (*pro hac vice* pending)<br>Daniel Rudewicz (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: steven.serajeddini@kirkland.com<br>  daniel.rudewicz@kirkland.com<br><br>*Co-Counsel to the Debtors* |