# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

In re:

SPECIALTY RETAIL SHOPS HOLDING CORP., *et al*. [1]

Debtors.

Chapter 11

Case No. 19-80064-TLS

(Jointly Administered)

## REQUEST FOR PAYMENT AND HEARING ON ADMINISTRATIVE EXPENSE CLAIM OF
## L & S PROPERTIES OF REDFIELD, LLC

L & S Properties of Redfield, LLC ("Landlord"), by and through its undersigned counsel, files this Request for Payment And Hearing On Administrative Expense Claim (the "Request"), and respectfully states as follows:

### Factual Background

1.  On January 16, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.  A true and correct copy of the Lease the Debtor has with the Landlord is attached to the Landlord's proof of claim (Claim # 1884), and is fully incorporated as if set forth herein

3.  The Lease requires the Debtor to pay monthly base rent and other charges. Additionally, the Lease requires the Debtor to pay real estate taxes.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

4. On February 14, 2019, the Bankruptcy Court entered its *Order (I) Setting a Bar Date for Filing Proofs of Claim, Including Claims Arising under Section 503(b)(() of the Bankruptcy Code, (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Setting an Amended Schedules Bar Date, (V) Setting a Rejection Damages Bar Date, (VI) Setting a Premise Liability Claims Bar Date, (VII) Approving the Form of and Manner for Filing Proofs of Claim, (VIII) Approving Notice of the Bar Dates, and (IX) Granting Related Relief* [Doc. No. 421] (the "Bar Date Order").

5. The Bar Date Order requires parties asserting administrative expense claims arising between the Petition Date and April 1, 2019 (the "Administrative Claim Period"), to "file a request for payment of such Administrative Claim with the Court and, if desired, a notice of hearing on such Administrative Claim. . . ." Bar Date Order, ¶ 4. Accordingly, in compliance with the Bar Date Order, and as set forth below, Landlord files this Request for payment and hearing on its administrative expense claim under the Lease. Moreover, pursuant to ¶ 25 of the Bar Date Order, "this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order."

6. The Debtor continuously occupied the Leased Premises from the Petition Date to the date the property is completely surrendered to the Landlord (the "Use Period").

7. The Debtor has previously promised to pay landlord's base rent or other monthly charges, costs, or expenses (including late fees) due under the Lease for the period beginning on the Petition Date and continuing through the last day of the billing cycle in effect as of the Petition Date (from January 16, 2019 through January 31, 2019) (the "Stub Period").

2

8. As noted in the Landlord's claim (#1884), precise calculation of the final Administrative Claim Amount by the date set for in the Bar Date Order is impracticable for several reasons: (1) for some of the Debtor's stores, the actual Rejection Date and Surrender Date may occur after the April 1st date stated in the Bar Date Order (creating confusing and contradictory timing issues), (2) the Bars Date Order appears to carve out and completely excuse these Landlord's from requiring the filing of and Administrative Claim Request (Bar Date Order ¶10(ix)); (3) many payments for items such as real estate taxes, utilities, etc. are paid directly by the Debtor and not the Landlord (and thus precise calculation and reconciliation of any of these unpaid amounts is not practical in the time periods set forth in the Bar Date Order); (4) the Debtor has not indicated whether it intends to pay real property taxes and other similar charges due under the Lease on a pro-rata basis, or a payment in full approach for any sums coming due during the Use Period, or mixture of methods; and (5) the Debtor has possession and control over its own payment records which will need to be reconciled with Landlord records, and records for the local taxing authorities prior to establishing accurate and final Administrative Claim Amounts.

### **Relief Requested**

9. By this Request, Landlord requests that the Court allow payment of its Administrative Claim and direct the Debtors to pay the Administrative Claim immediately but not later than the date provided pursuant to any confirmed plan, contemporaneously with rejection of the underlying lease, or any order entered by the Court, in an final amount to be agreed between the Landlord and Debtor, after appropriate reconciliation of amounts paid by the Debtor, and the Landlord further requests that absent agreement between the Landlord and Debtor as to the appropriate Administrative Claim amount, that either the Landlord or Debtor be permitted to notify

and request the Clerk of the Bankruptcy Court to set a hearing for determination and final approval and payment of such Administrative Claim.

### Basis for Relief

10.     Section 503(b)(1)(A) of the Bankruptcy Code allows a party to recover "the actual, necessary costs and expenses of preserving the estate" as administrative expenses, and section 507(a)(2) of the Bankruptcy Code accords such administrative expenses priority as set forth therein. 11 U.S.C. §§ 503(B)(1)(a), 507(a)(2). Accordingly, Landlord is entitled to allowance and immediate payment of an administrative expense claim pursuant Section 503(b)(1)(A) with respect to all unpaid amounts due under the Lease for the Administrative Claim Period, or the Use Period, whichever is longer.  Additionally, pursuant to Section 365(d)(3), the Debtor is required to fully comply with the terms of any unexpired lease of nonresidential property from the entry of the order of relief until such lease is assumed or rejected, without landlords having to wait for payment of administrative claims under Section 503(b)(1).

In addition to the Debtor's obligations under Section 365 (d)(3), any of the Debtor/Tenant's lease obligations which accrue from and after the Petition Date but do not become due prior to any date the Lease is formally rejected are nevertheless accorded administrative expense priority status under Sections 503(b)(1) and 507(a)(2).  See generally In re Burival, 613 F.3d 810 (8th Cir. 2010); In re Wedemeir, 237 F.3d 938 (8th Cir. 2001); In re JAS Enters., 180 B.R. 210 (Bankr. D. Neb. 1995).

### Reservation of Rights

11.     Landlord reserves its right to amend, supplement, or modify the Administrative Claim in any manner and for any purpose, including, without limitation, the right to assert the

Administrative Claim against new or different debtors or assert additional damages under the Lease (including, without limitation, attorneys' fees).

12.  The Administrative Claim is not intended to be, and shall not be construed as: (1) an election of remedies; (2) a waiver of any defaults; or (3) a waiver or limitation of any rights, remedies, claims, or interests that Landlord may have against the Debtors or third parties.

WHEREFORE, Landlord respectfully requests allowance and payment of its Administrative Claim, and the Court order the Debtors to pay the Administrative Claim immediately but not later than the date provided pursuant to any confirmed plan, contemporaneously with rejection of the underlying lease, or any order entered by the Court, in an final amount to be agreed between the Landlord and Debtor, after appropriate reconciliation of amounts paid by the Debtor, and the Landlord further requests that absent agreement between the Landlord and Debtor, that either the Landlord or Debtor be permitted to notify the Clerk of the Bankruptcy Court to set a hearing on final approval and payment of the Landlord's Administrative Claim, and for such other and further relief as the Court deems appropriate.

## NOTICE OF OBJECTION DEADLINE

**9013-1 NOTICE:**  Please take notice that, pursuant to Rule 9013-1(E), any resistance to this Request for Payment and Hearing on Administrative Expense Claim, or request for hearing as to the same, must be filed on or before **April 22, 2019** (the "Resistance Date").  Unless a resistance or request for hearing is filed and served on or before the Resistance Date, the pursuant to Rule 9013-1(D), the Court may enter an order in favor of the moving party.

Dated:  April 1, 2019.

        L & S PROPERTIES OF REDFIELD, LLC,

By: <u>/s/ R.J. Shortridge</u>
    R.J. Shortridge (#20784)
    PERRY, GUTHERY, HAASE &
      GESSFORD, P.C., L.L.O.
    233 South 13th Street, Suite 1400
    Lincoln, NE 68508
    Telephone: (402) 476-9200
    Facsimile: (402) 476-0094
    E-mail: rshortridge@perrylawfirm.com

*Attorneys for L & S Properties of Redfield, LLC*

# CERTIFICATE OF SERVICE

I, hereby certify that on April 1, 2019, I caused the foregoing to be electronically filed with the Clerk of the United States Bankruptcy Court for the District of Nebraska using the CM/ECF system, which sent notification electronically upon all parties who filed an appearance by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following non CM/ECF participants:

| | | |
|---|---|---|
| Back Bay Management Corporation and its division, The Michael-Shaked Group<br>2 Park Plaza, Suite 500<br>Boston, MA 02116 | IBM Credit LLC<br>Andrew Gravina – Special Handling Group<br>7100 Highlands Pkwy<br>Smyrna, GA 30082-4859 | Oracle America, Inc.<br>Buchalter<br>c/o Shawn M. Christianson<br>55 2nd St 17 Fl<br>San Francisco, CA 94105 |
| Jeanmaire Baer<br>on behalf of Creditor Baylor County<br>Perdue, Brandon, Fielder, Collins & Mott, LLP<br>PO Box 8188<br>Wichita Falls, TX 76307 | Johnson Properties, LLC<br>c/o Patrick C. Summers<br>2100 AT&T Tower<br>901 Marquette Ave.<br>Minneapolis, MN 55402 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 |
| Custer County Treasurer<br>431 Park Avenue<br>16th Floor<br>New York, NY 60022 | Colleen Kelly<br>625 Brownsboro Rd<br>Eagle Point, OR 97524 | Trevor R. Pincock<br>On behalf of Creditor<br>Terence M. Tombari<br>Lukins & Annis, P.S.<br>717 West Sprague Ave., Ste 1600<br>Spokane, WA 99201 |
| Ducera Partners, LLC<br>499 Park Avenue, 16th Floor<br>New York, NY 60022 | Richard C. Kelly<br>625 Brownsboro Rd<br>Eagle Point, OR 97524 | Prime Clerk LLC<br>830 3rd Avenue, 3rd Floor<br>New York, NY 10022 |

6

| | | |
|---|---|---|
| Matthew A. Feldman<br>Willkie Farr & Gallagher, LLP<br>787 Seventh Avenue<br>New York, NY 10019 | Dennis Lutgen<br>Westwind Plaza<br>1108 North Independence<br>Box 504<br>Beloit, KS 67420 | Steven T. Waterman<br>On behalf of Creditor LCN SKO<br>Omaha (Multi) LLC<br>Dorsey & Whitney LLP<br>111 So. Main Street, 21st Floor<br>Salt Lake City, UT 84111 |
| Greenfield Community Development Corporation<br>215 S. First Street<br>Greenfield, IA 50849 | Jennifer L. Marines<br>On behalf of Creditor<br>United Parcel Service, Inc.<br>Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY 10019-9601 | Wisconsin Rapids Water Works and Lighting Commission<br>Attn: Jeff Kuhn, CPA<br>221 16th St.<br>PO Box 399<br>Wisconsin Rapids, WI 54495 |
| Hilco Real Estate, LLC<br>5 Revere Drive, Suite #206<br>Northbrook, IL 60062 | Patrick J. Nash, Jr.<br>On behalf of Debtor<br>Specialty Retail Shops Holding Corp.<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654 | Zhangusa Investments, LLC<br>dba ZiMart Kermit LLC<br>3420 Pine Ave.<br>Waco, TX 76708 |
| Holly Plaza LLC<br>2055 Driscoll Dr.<br>Reno, NV 89509 | Northwest Natural Gas Company<br>Attn: Ashlee Minty, CCRA, CBA<br>220 NW 2nd Avenue<br>Portland, OR 97209 | Specialty Retail Shops Holding Corp.<br>700 Pilgrim Way<br>Green Bay, WI 54304 |

*/s/ R.J. Shortridge*
R. J. Shortridge