## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., | ) | Case No. 19-80064 TLS |
| *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtor. | ) | |

## DSJ ACQUISTION, INC. d/b/a PORT LOGISTICS GROUP'S REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM

DSJ Acquisition, Inc. d/b/a Port Logistics Group ("Port Logistics") hereby submits this Request for Payment of Administrative Claim (the "Request") against Shopko Stores Operating Co., LLC., one of the debtors in the above captioned jointly administered cases of Specialty Retail Shops Holding Corp. et. al. (collectively, the "Debtors").

1.      The United States Bankruptcy Court for the District of Nebraska has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska.

2.      Port Logistics confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Request to the extent that it is later determined that the Court, absent

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); ShopKo Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin, 54304 (collectively, the "Debtors")

consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The basis for the relief requested herein is United States Bankruptcy Code Section 507(a).

5.      On or about December 9, 2013, Port Logistics and Shopko Stores Operating Co., LLC. ("Shopko SOC") entered into a Consolidation/Warehouse Services Agreement (the "Agreement").   A copy of the Agreement is attached hereto marked Exhibit "A" and incorporated herein by this reference.

5.      On or about February 1, 2016, Port Logistics and Shopko SOC entered into Amendment No. 1 to the Agreement (the "First Amendment").  A copy of the First Amendment is attached hereto marked Exhibit "B" and incorporated herein by this reference.

6.      On or about October 14, 2016, Port Logistics and Shopko SOC entered into Amendment No. 2 to the Agreement (the "Second Amendment").   A cop[y of the Second Amendment is attached hereto marked Exhibit "C" and incorporated herein by this reference.

7.      On or about July 28, 2017, Port Logistics and Shopko SOC entered into an Amendment to Distribution Services Agreement (the "Third Amendment").  A copy of the Third Amendment is attached hereto marked Exhibit "D" and incorporated herein by this reference.

8.      The Agreement, the First Amendment, Second Amendment, Third Amendment and the Third Amendment are sometimes hereinafter collectively referred as the "Agreements."

9.      On January 16, 2019, the Debtors each filed voluntary Chapter 11 bankruptcy petitions in the *United States Bankruptcy Court for the District of Nebraska*.

10.      Since the filing of the Debtors' Chapter 11 bankruptcy petitions, Port Logistics has continued to provide services to the Debtors pursuant to the terms of the Agreements at the Debtors' requests. At this time, the Debtors have paid Port Logistics for all of the post-petition services which have been rendered through April 1, 2019.   That attached hereto marked Exhibit "E" and incorporated herein by this reference are copies of the invoices for the post-petition

2

services provided by Port Logistics and which have now been paid.

11.     The post-petition services provided by Port Logistics to the Debtors constitute actual, necessary costs and expenses of preserving the Debtors' bankruptcy estates. (11 U.S.C. § 503(b)(1)(A)

12.     Port Logistics hereby reserves its right to seek payment for the services it has provided to the Debtors post-petition pursuant to the Agreements.  Port Logistics' post-petition services provided to the Debtors should treated as an 11 U.S.C. §507(a)(2) administrative claim in this bankruptcy proceeding.  As stated above in this Request, at this time, Port Logistics is not owed anything for its post-petition services, however, Port Logistics may provide additional services to the Debtors after April 1, 2019 as the Debtors proceed to conclude their business operations.  If that should happen, Port Logistics reserves its right to amend this Request to include these additional amounts for services rendered.

13.     Port Logistics has made no prior request for relief sought in this Motion in any other Court.

14.     Port Logistics has filed this request in good faith and reserves the right to amend this Request should it deem it necessary as Port Logistics may provide additional services to the Debtor from and after April 1, 2019 and for any other reason and amendment may be necessary.

WHEREFORE, Port Logistics prays this Court for an Order granting it an administrative claim pursuant to 11 U.S.C. §507(a)(2) and 11 U.S.C. 503(b)(1)(A) for any and all services it has provided or will provide to the Debtors post-petition that have not been previously paid and for such other an further relief as the Court deems just and proper.

Dated: April 1, 2019

CLINE WILLIAMS WRIGHT JOHNSON &
OLDFATHER, L.L.P.


*/s/ Michael J. Whaley*_____
Michael J. Whaley, #19390
Cline Williams Wright Johnson &
Oldfather, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE  68144
Telephone:    (402) 397-1700
mwhaley@clinewilliams.com

## NOTICE UNDER NEB R. BANKR. P. 9013

TO:    ALL CREDITORS AND PARTIES IN INTEREST

YOU ARE HEREBY ADVISED that this Notice is being furnished to all parties in interest pursuant to Nebraska Rule of Bankruptcy Procedure 9013-1 and that any objection or resistance with respect to the foregoing Request for Payment of Administrative Claim must be filed with the Bankruptcy Court Clerk – Omaha, Roman L. Hruska Courthouse, 111 South 18th Plaza, Suite 1125, Omaha, NE 68102, and served on Michael J. Whaley, Cline Williams Wright Johnson & Oldfather, L.L.P., 12910 Pierce Street, Suite 200, Omaha, Nebraska 68144, on or before **April 22, 2019**.  If objections are filed on or before said date, a hearing shall be established by the Bankruptcy Court with Notice being limited to those parties filing objections or resistances.

IF NO OBJECTION OR RESISTANCE is filed on or before the date set forth above, the Bankruptcy Court will consider the approval of the foregoing Motion without further notice or opportunity to be heard.

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, I caused the above document to be filed with the Clerk of the Court using the CM/ECF system which gave notification electronically upon all parties who filed an appearance by electronic filing in this case.


*/s/ Michael J. Whaley*_____

4853-1757-2753, v. 1