# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., et. al.[1] | ) Case No. 19-8064-TLS |
| | ) (Jointly Administered) |
| Debtors. | ) |

## DECLARATION OF TAMMY SMITH IN SUPPORT OF THE REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF CISCO SYSTEMS CAPITAL CORPORATION

I, Tammy Smith, declare as follows:

1. I am a Workout Manager for Cisco Systems Capital Corporation (hereinafter "**Cisco Capital**"). I am authorized to make this declaration on behalf of Cisco Capital, I have personal knowledge of the facts stated in this declaration and, if sworn as a witness, I could testify competently thereto.

2. Cisco Capital is a wholly-owned subsidiary of Cisco Systems, Inc. ("**Cisco Systems**") and, among other activities, Cisco Capital enters into agreements to lease equipment (the "**Equipment**")[2] and software (the "**Software**") to third parties, and/or to provide financing with respect to Equipment, Software and services ("**Services**") leased and/or purchased by customers and channel partner resellers (the "**Resellers**") of Cisco

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are  Specialty Retail Shops Holding Corp. (0029), Pamida Stores Operating Co., LLC (6157), Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040), Place's Associates' Expansion, LLC (7526), Retained R/E SPE, LLC (6679), Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161), ShopKo Holding Company, LLC (0171), ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346), ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109), SVS Trucking, LLC (0592). The location of the Debtors' service address is 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] Capitalized terms used in this Declaration, but which are not defined herein, shall have the meanings ascribed to them in the Request for Administrative Expense filed concurrently herewith

Systems, Inc.

3. This declaration is filed in support of the *Request for Allowance and Payment of Administrative Expense Claim of Cisco Systems Capital Corporation* (the "**Request for Administrative Expense**") filed by Cisco Capital with respect to monies owed to Cisco Capital for the use of certain equipment (the "**Equipment**"),[3] software (the "**Software**") and services (the "**Services**") provided to Specialty Retail Shops Holding Corp. and the above-captioned debtors (collectively, the "**Debtors**") pursuant to the Cisco Capital Leases.[4]

<h2 style="text-align:center">MAINTENANCE OF BUSINESS RECORDS</h2>

4. In my official capacity, I have personal knowledge of the method by which Cisco Capital maintains records (collectively, the "**Cisco Capital Records**") of its transactions with its customers, including accounts receivables. As a regular part of its business operations, Cisco Capital records all of its transactions in a computerized accounting system. All amounts due and owing to Cisco Capital by a party (individually, a "**Customer**" and, collectively, "**Customers**") pursuant to these transactions including, but not limited to, payments related to services rendered or equipment subject to a lease or other agreement, taxes, interest, fees and other charges (individually, an "**Obligation**" and, collectively, the "**Obligations**"), are entered in this accounting system at, or near, the time such Obligations are incurred. All payments made by a Customer with respect to Obligations, and all other credits and debits related to such Obligations, are entered in the accounting system at, or near, the time they are received and/or incurred. Each such entry is made in the regular course of business by employees of Cisco Capital who actually process these payments, receipts, credits and debits. If necessary, Cisco Capital can print hard copies of all entries.

5. I also have personal knowledge of the manner by which Cisco Capital maintains records of its written contracts and leases, other documents related to its contracts

---

[3] Capitalized terms used in this Declaration, but which are not defined herein, shall have the meanings ascribed to them in the Request for Administrative Expense filed concurrently herewith

[4] The Cisco Capital Lease is identified more particularly in paragraph 7 of this Declaration

and leases (including, without limitation, schedules, certificates of acceptance, and financing statements), and amendments to any of these documents (individually, a "**Cisco Agreement**" and, collectively, the "**Cisco Agreements**") with its Customers. As a regular part of its business, Cisco Capital maintains permanent records of all documents related to the Cisco Agreements and these records are compiled at the time, or near the time, that the document and/or information was received, or the events or transactions actually occurred.

### THE CISCO CAPITAL CONTRACT

6. I have personally reviewed Cisco Capital's records relating to the Debtor, including the Transactions, the Obligations and the Cisco Systems Capital Corporation Agreements, and I am personally familiar with Debtors' account with Cisco Capital.

7. Based thereon I am informed and state that, on April 12, 213, Cisco Capital (as lessor) and Shopko Stores Operating Co. (as lessee) entered into the *Master Lease and Financing Agreement No. 10161* (the "**MLFA**") and its related Schedules listed below (the "**Schedules**") (the Schedules collectively with the MLFA constitute the "**Cisco Capital Lease**"). A true and accurate copy of the Cisco Capital Lease is attached hereto as <u>Exhibit A</u> and is incorporated by reference herein as if fully set forth.

| Schedule No. | Counter party | Date signed | COA signed |
|---|---|---|---|
| 013-000 | Shopko Stores Operating Co, LLC | 31-Mar-14 | 26-Mar-14 |
| 014-000 | Shopko Stores Operating Co, LLC | 8-May-14 | 5-May-14 |
| 015-000 | Shopko Stores Operating Co, LLC | 28-Apr-14 | 25-Apr-14 |
| 016-000 | Shopko Stores Operating Co, LLC | 8-Aug-14 | 5-Aug-14 |
| 018-000 | Shopko Stores Operating Co, LLC | 15-Sep-14 | 11-Sep-14 |

8. Based on my review of the Cisco Capital Records, I am informed and state that, on the dates listed above, the Debtor executed *Certificates of Acceptance* (the "**Acceptance Certificates**") pertaining to the MLFA. Pursuant to the Acceptance Certificate, the Debtor acknowledged that each item of the Equipment, Software and Services (as specified on Annex A attached thereto) had been delivered to and accepted by the Debtor as of each date listed above. True and accurate copies of the Acceptance Certificates are attached hereto as <u>Exhibit B</u> and are incorporated by reference herein as if

fully set forth.

9.  Pursuant to the Cisco Capital Lease, Cisco Capital leased certain personal property and equipment (the "**Equipment**") to the Debtors and the Debtor granted security interests *in* certain personal property subject to the Cisco Capital Lease (collectively, the "**Cisco Collateral**") as security for performance of its obligations under the Cisco Capital Lease. On June 19, 2014, Cisco Capital recorded Financing Statement No. 20142422814 (the "**UCC-1**") with the Secretary of State of Delaware and thereby perfect its security interest in the Cisco Collateral.[5] A true and accurate copy of the UCC-1 is attached hereto as Exhibit C and is incorporated by reference herein as if fully set forth.

10.  The Debtors have continued to use the Equipment from and after the Petition Date.

## BANKRUPTCY CASE

11.  Based upon information and belief, I am informed that, on January 16, 2019 (the "**Petition Date**"), the above-captioned Debtor filed its voluntary petitions in the above-captioned Court seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

12.  Based on information and belief, I am informed that on February 14, 2019, the Court entered its Bar Date Order[6] providing, among other things, that parties asserting a request for allowance and payment of Administrative Expense Claims arising between the

---

[5] Although the Parties intended to enter into Schedule 017-000 in conjunction with the MLFA, the transaction was modified and, accordingly, this Schedule 017-000 never was funded. Therefore, on September 25, 2014, Cisco Capital filed UCC Financing Statement Amendment No. 20143834991 with the Secretary of State of Delaware releasing its interest in all collateral described on Annex to Schedule 017-000. The Administrative Expense Claim asserted by this Request for Administrative Expense does not include any amounts with respect to equipment that otherwise would have been subject to Schedule 017-000.

[6] *See, Order (I) Setting A Bar Date For Filing Proofs Of Claim, Including Claims Arising Under Section 503(B)(9) Of The Bankruptcy Code, (II) Setting A Bar Date For The Filing Of Proofs Of Claim By Governmental Units, (III) Setting A Bar Date For The Filing Of Requests For Allowance Of Administrative Expense Claims, (IV) Setting An Amended Schedules Bar Date, (V) Setting A Rejection Damages Bar Date, (VI) Setting A Premise Liability Claims Bar Date, (VII) Approving The Form Of And Manner For Filing Proofs Of Claim, (VIII) Approving Notice Of The Bar Dates, And (IX) Granting Related Relief* [ECF 421] (the "**Bar Date Order**")

Petition Date and April 1, 2019 must file their request with the court on or before April 1, 2019.

## THE ADMINISTRATIVE EXPENSE CLAIM

13. Based upon my review of Cisco Capital's books and records pertinent to the Debtors' account, I declare and state that, from the commencement of the Cisco Capital Lease through the date of this Declaration, the Debtors have failed to pay all Fees due and owing pursuant to the Cisco Capital Lease and, more specifically, an amount of not less than **US $16,585.69, (the "Administrative Expense Claim")** remains due and owing to Cisco Capital pursuant to the Cisco Capital Lease for amounts due from the Petition Date through April 1, 2019.

A summary of the Administrative Expense Claim is set forth below.

| Schedule No. | Invoice No. | Due Date | Invoice Balance | Admin Accrued | Future Exposure |
|---|---|---|---|---|---|
| 013-000 | 423101 | 01-Mar-19 | $ 2,702 07 | $ 2,702 07 | |
| 014-000 | 423090 | 01-Mar-19 | $ 12,590 68 | $ 12,590 68 | |
| 014-000 | TBD | 01-Apr-19 | $ 12,590 68 | | $ 12,590 68 |
| 014-000 | TBD | 01-May-19 | $ 12,590 68 | | $ 12,590 68 |
| 015--000 | 423097 | 01-Mar-19 | $ 491 48 | $ 491 48 | |
| 015--000 | TBD | 01-Apr-19 | $ 491 48 | | $ 491 48 |
| 016-000 | 423093 | 01-Mar-19 | $ 231 90 | $ 231 90 | |
| 016-000 | TBD | 01-Apr-19 | $ 231 90 | | $ 231 90 |
| 016-000 | TBD | 01-May-19 | $ 231 90 | | $ 231 90 |
| 016-000 | TBD | 01-Jun-19 | $ 231 90 | | $ 231 90 |
| 016-000 | TBD | 01-Jul-19 | $ 231 90 | | $ 231 90 |
| 016-000 | TBD | 01-Aug-19 | $ 231 90 | | $ 231 90 |
| 018-000 | 423096 | 01-Mar-19 | $ 569 56 | $ 569 56 | |
| 018-000 | TBD | 01-Apr-19 | $ 569 56 | | $ 569 56 |
| 018-000 | TBD | 01-May-19 | $ 569 56 | | $ 569 56 |
| 018-000 | TBD | 01-Jun-19 | $ 569 56 | | $ 569 56 |
| 018-000 | TBD | 01-Jul-19 | $ 569 56 | | $ 569 56 |
| 018-000 | TBD | 01-Aug-19 | $ 569 56 | | $ 569 56 |
| 018-000 | TBD | 01-Sep-19 | $ 569 56 | | $ 569 56 |
| | | | | $ 16,585.69 | $ 30,249 70 |

14. Based upon my review of Cisco Capital's books and records pertinent to the Debtors' account, I declare and state that, from and after Petition Date through April 1, 2019, Cisco Capital provided, and the Debtor knowingly accepted and used the Equipment, Software and Services, pursuant to the Cisco Capital Lease, and such use was in the ordinary

course of business of the parties.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of March 2019 at San Jose, California

_____
Tammy Smith