# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>SPECIALTY RETAIL SHOPS HOLDING CORP., et. al.[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-80064-TLS<br>)<br>) (Jointly Administered)<br>) |

### REQUEST FOR ALLOWANCE AND PAYMENT OF
### ADMINISTRATIVE EXPENSE CLAIM OF SALESFORCE.COM, INC.

salesforce.com, inc. ("**SFDC**"), by and through the undersigned counsel, hereby Requests (the "**Administrative Expense Request**") entry of an order (the "**Administrative Expense Order**") (a) allowing an administrative expense in an amount not less than **US $221,698.64** (the "**Administrative Expense Claim**") incurred in connection with the provision of the SFDC Services[2] (as hereinafter identified) provided by SFDC to Shopko Stores Operating Co., LLC ("**SSOC**") (SSOC and the other above-captioned debtors and debtors-in-possession, collectively, hereinafter referred to as the "**Debtors**"), and the acceptance and use of the SFDC Services by SSOC, from and after the Petition Date through April 1, 2019, pursuant to the Salesforce Contract, (b) directing the Administrative Expense Claim be paid in full within seven (7) business days after entry of the Administrative Expense Order, or at such time as the Court otherwise orders, (c) approving the *Reservation of Rights* asserted hereinafter, and (d) granting such other and further relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).

[2] All capitalized terms shall have the meaning as set forth in this *Request for Allowance And Payment Of Administrative Expenses* and, if not defined herein, as set forth in the Ramirez Declaration filed in support of this request.

as may be deemed just and proper under the circumstances of this case.

This Administrative Expense Motion is brought pursuant to 11 U.S.C. §§503(b)(1)(A) and 507(a)(2), and is based on the matters set forth herein, the *Declaration of Kevin Ramirez In Support of The Request for Allowance and Payment of Administrative Expense of Salesforce.com* (the "**Ramirez Declaration**") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

SFDC requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## JURISDICTION AND VENUE.

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On January 16, 2019 (the "**Petition Date**"), each of the Debtors filed their respective voluntary petition in the above-captioned Court seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

4. On February 14, 2019, the Court entered its Bar Date Order[3] providing, among other things, that parties asserting a request for allowance and payment of Administrative Expense Claims arising between the Petition Date and April 1, 2019 must

---

[3] *See, Order (I) Setting A Bar Date For Filing Proofs Of Claim, Including Claims Arising Under Section 503(B)(9) Of The Bankruptcy Code, (II) Setting A Bar Date For The Filing Of Proofs Of Claim By Governmental Units, (III) Setting A Bar Date For The Filing Of Requests For Allowance Of Administrative Expense Claims, (IV) Setting An Amended Schedules Bar Date, (V) Setting A Rejection Damages Bar Date, (VI) Setting A Premise Liability Claims Bar Date, (VII) Approving The Form Of And Manner For Filing Proofs Of Claim, (Viii) Approving Notice Of The Bar Dates, And (Ix) Granting Related Relief* [ECF 421] (the "**Bar Date Order**").

file their request with the Court on or before April 1, 2019.

### The Salesforce Contract

**5.** Prior to the Petition Date, SFDC and SSOC entered into certain *Order Forms* (the "**Orders**") whereby (a) SSOC ordered services from SFDC (the "**SFDC Services**") and became obligated to pay the aggregate amount due for these SFDC Services pursuant to the Orders, and (b) SFDC became obligated to provide such SFDC Services. The Orders incorporate by reference the *Master Subscription Agreement* between salesforce.com and the Debtor and any applicable addenda thereto (the "**MSA**," and together with the following Orders, constitute the "**Salesforce Contract**").[4]

| Order No. | Order Date | Order Start | Order end date |
|---|---|---|---|
| Q-02084540 | 18-Sep-18 | 18-Sep-18 | 21-Jun-20 |
| Q-01855462 | 15-Jun-18 | 22-Jun-18 | 21-Jun-20 |
| Q-01123365 | 28-Apr-17 | 1-May-17 | 30-Apr-19 (auto-renew) |

*See Ramirez Declaration at ¶7.*

### The Administrative Expense Claim

6. From and after the Petition Date through April 1, 2019, SFDC provided the SFDC Services and the SSOC accepted and used the SFDC Services for the benefit of the bankruptcy estate. *See Ramirez Declaration at ¶9.*

7. The Debtor has failed to pay all Fees due and owing pursuant to the Salesforce Contract, and more specifically, the amount of not less than **US $221,698.64,** (the "**Administrative Expense Claim**") is due and owing to SFDC pursuant to the Salesforce

---

[4] Pursuant to the terms and conditions of the MSA, each Party to the Salesforce Contract is obligated to maintain the confidentiality of all Confidential Information including, without limitation, (i) the Debtor's Data, (ii) SFDC's Confidential Information (including, without limitation, the SFDC Services and Content), (iii) the terms and conditions of MSA and all Order Forms (including pricing), and (iv) business and marketing plans, technology and technical information, product plans and designs, and business processes disclosed by a Party. Accordingly, a copy of the Salesforce Contract has not been filed in support of the Administrative Expense Motion. However, upon request and subject to adequate procedures protecting the Confidential Information from disclosure, SFDC will make available a copy of the Salesforce Contract to the Debtor, other appropriate representative(s) of the estate, and the Court. *See* Ramirez Declaration at ¶7.

Contract for Services provided from the Petition Date through April 1, 2019.  A summary of the Administrative Expense Claim is set forth below.[5]  *See Ramirez Declaration at ¶12.*

| Invoice No. | Invoice Date | Invoice Due Date | Service Period | Invoice Amount | Pre-petition | Admin. Expense Accrued | Amount Paid |
|---|---|---|---|---|---|---|---|
| 13713653 | 11/21/2018 | 12/21/2018 | 12/22/2018 to 3/21/2019 | $221,698.64 | $61,336.62 | | $160,362.02 |
| 14230596 | 2/19/2019 | 3/21/2019 | 3/22/2019 to 6/21/2019 | $221,698.64 | | $221,698.64 | |

## LEGAL AUTHORITY

### Administrative Expenses Are Allowed for Actual, Necessary Costs And Expenses of Preserving the Estate.

8.     Pursuant to the United States Bankruptcy Code, claims for "the actual, necessary costs and expenses of preserving the estate" shall be allowed as administrative expenses, 11 U.S.C. §503(b)(1)(A), and "the administrative expenses of the debtor-in-possession receive highest priority in corporate bankruptcy proceedings.  11 U.S.C. § 507(a)(1)." *Supplee v. Bethlehem Steel Corporation (In re Bethlehem Steel Corp.*), 479 F.3d 167, 172 (2d Cir. 2007).  *Accord, In re Williams*, 246 B.R. 591, 593–94 (B.A.P. 8th Cir. 1999); *In re Centennial Communications, Inc*., 2006 WL 379796 (D. Neb. 2006).  The policy behind this favored treatment is to encourage creditors to continue to do business with an insolvent entity, thus allowing a debtor's estate to maximize the value of its assets for the benefit of creditors during the process of a liquidation or reorganization.  *In re Williams,* 246 B.R. at 595; *In re Centennial Communications, Inc*., 2006 WL 379796 at *3.

9.     It is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those

---

[5]  Pursuant to the obligation to maintain the confidentiality of the Confidential Information, SFDC has not attached a copy of the Invoice hereto.  However, upon request and subject to adequate procedures protecting the Confidential Information from disclosure in violation of the MSA, SFDC will make available a copy of the Invoice to the Debtor or other appropriate representative of the Debtor's estate.  *See* Ramirez Declaration at ¶12.

services." *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984). Further, where a debtor-in-possession or trustee knowingly and willingly uses a non-debtor's property or services, after the commencement of a case and prior to rejection of the underlying contract to preserve and maximize estate assets, it is liable for an administrative claim at the contract rate, even if it did not "profit" from such use. *See e.g., In re Patient Education Media, Inc.,* 221 B.R. 97 (Bankr. S.D.N.Y. 1998); *In re Adelphia Bus. Sols., Inc.,* 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003).

10. "In determining whether a claim is an "actual, necessary 'cost and expense' of preserving the estate," courts generally consider whether the expense arose from a transaction with the estate, and whether it benefitted the estate in some demonstrable way." *In re Centennial Commc'ns, Inc.,* No. 81-82295, 2006 WL 379796, at *3 (D. Neb. 2006). *Accord, In re Tama Beef Packing, Inc.,* 290 B.R. 90, 96 (B.A.P. 8th Cir. 2003); *In re Williams*, 246 B.R. at 594- 95. Essentially, the administrative expense claimant must demonstrate that the expenses provided a tangible benefit to the bankruptcy estate. *Id. Accord, Reiter v. Fokkena* (*In re Wedemeier*), 239 B.R. 794, 798 (8th Cir. BAP 1999).

11. SFDC submits that its right to allowance and payment of the Administrative Expense Claim is clear: (A) SFDC provided the SFDC Services from the Petition Date though April 1, 2019 pursuant to the Salesforce Contract; (B) SSOC (in its capacity as debtor-in-possession) knowingly and willingly accepted the SFDC Services; (C) the SFDC Services were "supplied to and beneficial to the debtor in possession in the operation of [its] business," *In re Adelphia Bus. Sols., Inc.,* 296 B.R. at 662; and, (D) regardless whether, ultimately, the estate is liquidated or its business operations are sold as a going concern, utilization of the SFDC Services by SSOC and/or the other Debtors preserves the Debtors' estates. Accordingly, SFDC submits that the provision of the SFDC Services, unquestionably, constitute "actual, necessary costs and expenses of preserving the estate" that should be allowed as administrative expenses, 11 U.S.C. §503(b)(1)(A), and should receive the highest priority in payment in this bankruptcy proceeding pursuant to 11 U.S.C.

§507(a)(1).

## RESERVATION OF RIGHTS

12. Notwithstanding the foregoing, SFDC expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies (collectively, its "**Rights**") including, without limitation, the right to amend, modify and/or supplement (A) any proof of claim filed by SFDC and/or any other claim or proof of claim that it may be filed in the future (collectively, the "**Claims**"), (B) the Administrative Expense Claim asserted hereby and/ or any further administrative expenses as may be asserted hereinafter (collectively, the "**Administrative Expenses**"), (C) a judicial determination of the amount(s) due and owing with regard to the Claims and/or the Administrative Expenses, (D) this Administrative Expense Request in response to any submission by any party-in-interest including, without limitation, any objection to this Administrative Expense Request or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to the Claims, this Administrative Expense Claim, any other Administrative Expenses or the Administrative Expense Requests as may be filed hereinafter (collectively, the "**Reservation of Rights**").

**WHEREFORE**, SFDC respectfully requests the Court enter its Administrative Expense Order –

(A) Allowing an administrative expense to claim, in the amount not less than of **US $221,698.64**, pursuant to the Salesforce Contract for SFDC Services provided from the Petition Date through April 1, 2019;

(B) Directing the Debtors to pay the Administrative Expense Claim, in full, within seven (7) business days after entry of the Administrative Expense Order, or at such time as the Court otherwise orders;

(C) approving the Reservation of Rights; and

(D) granting such other and further relief as may be deemed just and proper under the circumstances of this case.

Dated: April 1, 2019

Respectfully submitted

CLINE, WILLIAMS, WRIGHT, JOHNSON & OLDFATHER

By: */s/ Gregory S. Frayser*
Gregory S. Frayser - #24400
233 South 13 Street
Suite 1900
Lincoln Nebraska 68508
Telephone: 402-474-6900
Facsimile:
E-mail: GFrayser@CLINEWILLIAMS.com

And

BIALSON, BERGEN & SCHWAB
Lawrence M. Schwab (Cal. Bar No. 85600)
Thomas M. Gaa (Cal. Bar. No. 130720)
A Professional Corporation
633 Menlo Avenue, Suite 100
Menlo Park, California 94025
Telephone: 650/857-9500
Facsimile: 650/494-2738
E-mail: tgaa@bbslaw.com

Attorneys for salesforce.com, inc.

Request Payment AdminExp v5 4848-7566-6321 v.1.docx          7          Request for Allowance and Payment of
Administrative Expense Claim of
salesforce.com, inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re:<br><br>SPECIALTY RETAIL SHOPS HOLDING CORP., et. al.<br><br>Debtors. | Chapter 11<br><br>Case No.  19-80064-TLS<br><br>(Jointly Administered) |

**NEB. R. BANKR. P. 9013-1
NOTICE OF MOTION AND DEADLINE TO
FILE AND SERVE RESISTANCE OR REQUEST FOR HEARING**

On April 1, 2019, salesforce.com, inc. filed and served the foregoing Motion for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. §§503(b)(1)(A) and 507(a)(2) (the "Motion") with this Court. You are hereby notified that any (i) objections or resistance to (collectively, "Objections"), or (ii) requests for a hearing (collectively, "Requests") on the Motion must be filed and served on or before **April 22, 2019.** If no Objection or Request is timely filed and served upon the undersigned on or before **April 22, 2019**, the United States Bankruptcy Court for the District of Nebraska may enter an Order on the Motion without further notice or hearing. If an Objection to or Request on the Motion is timely filed and served, a hearing will be scheduled by the Court on the Motion and any Objections thereto.

Dated: April 1, 2019

Respectfully submitted

CLINE, WILLIAMS, WRIGHT, JOHNSON & OLDFATHER

By: */s/ Gregory S. Frayser*
Gregory S. Frayser - #24400
233 South 13 Street
Suite 1900
Lincoln Nebraska  68508
Telephone: 402-474-6900
Facsimile:
E-mail: GFrayser@CLINEWILLIAMS.com

And

BIALSON, BERGEN & SCHWAB
A Professional Corporation
Thomas M. Gaa (Cal. Bar. No. 130720)
633 Menlo Avenue, Suite 100
Menlo Park, California 94025
Telephone: 650/857-9500
Facsimile: 650/494-2738
E-mail: tgaa@bbslaw.com


Attorneys for salesforce.com, inc.


## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing Motion of salesforce.com, inc. for Allowance and Payment of Administrative Expense Claim and Neb. R. Bankr. P. 9013-1 Notice of Motion and Deadline to File and Serve Resistance or Request for Hearing has been electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the parties on such service list.

                                            */s/ Gregory S. Frayser*
                                            Gregory S. Frayser

4848-7566-6321, v. 1