**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064-TLS |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
BY TMI, LLC, NOTICE OF OBJECTION BAR DATE
AND CERTIFICATE OF SERVICE**

COMES NOW, TMI, LLC. ("**TMI**") and file this, their *Motion for Allowance and Payment of Administrative Expenses Claim* ("**Motion**"), and in support thereof, respectfully state as follows:

**I.
SUBJECT-MATTER JURISDICTION & VENUE**

1. The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and Nebraska General Rule 1.5 of the General Rules of the United States District Court for the District of Nebraska ("**General Rules of Nebraska District Court**").

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and TMI consents to the entry of a final order by the Court in connection with this matter to the extent that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); and SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

**PAGE 1**

it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

4. Prior to the **Petition Date** (as defined herein), TMI sold certain goods ("**Reclamation Goods**") to some of the above-referenced debtors ("**Purchasing Debtors**") in the ordinary course of business. Upon information and belief, the Purchasing Debtors received the Reclamation Goods during the 45 days prior to the filing of the Debtors' chapter 11 bankruptcy cases on January 16, 2019.

5. On January 16, 2019 ("**Petition Date**"), each of the above-referenced debtors ("**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**")—thereby commencing the above-styled Chapter 11 cases ("**Cases**") that have since been jointly administered for procedural purposes only.

6. On January 22, 2019, the Debtors filed their *Debtors' Amended Motion for an Order (I) Setting a Claims Bar Date for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code; (II) Setting the Governmental Bar Date; (III) Setting the Administrative Claims Bar Date; (IV) Setting the Amended Schedules Bar Date; (V) Setting the Rejection Damages Bar Date; (VI) Setting the Premise Liability Claims Bar Date, (VII) Approving the Form of and Manner for Filing Proofs of Claim; (VIII) Approving the Bar Date Notice and the Publication Notice; and (IX) Granting Related Relief* [ECF No. 112] ("**Administrative Expense Motion**").

7. On January 31, 2019, TMI filed its *Notice of Reclamation Demand of TMI, LLC* [ECF No. 257] ("**Reclamation Demand**"), which the Clerk of the Court re-filed as Proof of

Claim No. 148-1 ("**Original Proof of Claim**").  The Reclamation Demand attached TMI's letter dated January 31, 2019 to the Debtors regarding TMI's demand for reclamation of all Reclamation Goods received by the Debtors from TMI ("**Demand Letter**").

8.    On February 14, 2019, the Court rendered its *Order (I) Setting a Claims Bar Date for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code;  (II) Setting the Governmental Bar Date;  (III) Setting the Administrative Claims Bar Date;  (IV) Setting the Amended Schedules Bar Date;  (V) Setting the Rejection Damages Bar Date;  (VI) Setting the Premise Liability Claims Bar Date,  (VII) Approving the Form of and Manner for Filing Proofs of Claim;  (VIII) Approving the Bar Date Notice and the Publication Notice;  and (IX) Granting Related Relief* [ECF No. 421] ("**Administrative Expense Order**").

9.    In the Administrative Expense Order, the Court ordered that "[e]ach entity that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original, written Proof of Claim, substantially in the form attached hereto as **Exhibit 1** or Official Form 410."[2]  The Court further provided that "[e]xcept in the cases of governmental units and certain other exceptions explicitly set forth herein, **all Proofs of Claim must be filed so that they are actually received on or before March 18, 2019, at 11:59 p.m., prevailing Central Time (the "Claims Bar Date"), at the addresses and in the form set forth herein**."[3] Specifically, the Court provided that the Claims Bar Date "applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code."[4]

10.    Further, the Court ordered that:

---

[2] Administrative Expense Order ¶ 2, at 2, ECF No. 421.
[3] *Id*.
[4] *Id*. ¶ 2, at 3.

PAGE 3

> All parties asserting a request for payment of Administrative Claims arising between the Petition Date and **April 1, 2019** (the "Administrative Claims Bar Date"), but excluding (a) claims for fees and expenses of professionals retained in these proceedings, (b) claims for expenses incurred by the members of the official committee of unsecured creditors (the "Committee") in their performance of the duties of the Committee, (c) **CLAIMS ASSERTING PRIORITY PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE** and (d) claims held by governmental entities covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code, are required file a request for payment of such Administrative Claim with the Court and, if desired, a notice of hearing on such Administrative Claim **so that the Administrative Claim is actually filed with the Court on or before April 1, 2019, at 11:59 p.m. (the "Administrative Claims Bar Date")**; provided, that the Administrative Claims Bar Date shall not apply to claims entitled to administrative priority that arise on or after the Administrative Claims Bar Date in the ordinary course of the Debtors' business.[5]

11. On February 21, 2019, TMI filed an Amended Proof of Claim No. 518-1 ("**First Amended Proof of Claim**") claiming $615,081.38 as the amount claimed for "[g]oods sold" and indicated that $444,199.13 was entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).[6]

12. On March 1, 2019, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates* [ECF No. 570] ("**Second Amended Plan**") and the *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp and Its Debtor Affiliates* [ECF No. 571]. As relevant here, the Second Amended Plan provided as follows:

> Except as otherwise provided in this Article II.A and except with respect to Administrative Claims that are Professional Fee Claims or subject to 11 U.S.C. § 503(b)(1)(D), requests for payment of Allowed Administrative Claims must be Filed and served on the Reorganized Debtors pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order no later than the Administrative Claims Bar Date. Holders of Administrative Claims that are required to, but do not, File and serve a request for payment of such Administrative Claims by such date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors or their property, and such Administrative Claims shall be deemed discharged as of the

---

[5] *Id.* ¶ 4, at 3–4 (first emphasis added).
[6] First Am. Proof of Claim at 2–3, Claim No. 518-1.

Effective Date.  Objections to such requests, if any, must be Filed and served on the Reorganized Debtors and the requesting party by the Claims Objection Bar Date.

. . . .

The failure to object to Confirmation by a Holder of an Allowed Administrative Claim or Priority Tax Claim shall be deemed to be such Holder's consent to receive treatment for such Claim that is different from that set forth in section 1129(a)(9) of the Bankruptcy Code;  *provided*, *however*, that the Holders of such Claims shall be deemed to consent to the treatment on account of such Claims as provided herein.  Notwithstanding the foregoing, no request for payment of an Administrative Claim need be Filed with respect to an Administrative Claim Allowed by Final Order.

If the Asset Sale Restructuring occurs, any amounts remaining in the Priority Claims Reserve after payment of all Allowed Administrative Claims and all Allowed Priority Claims shall promptly be transferred to the General Account and shall be distributed according to the priority set forth in Article VIII.G without any further action or order of the Bankruptcy Court.[7]

13. On March 15, 2019, TMI filed its Second Amended Proof of Claim No. 518-2 ("**Second Amended Proof of Claim**") claiming $615,081.38 as the amount claimed for "[g]oods sold" and $444,199.13 as the amount entitled to administrative priority pursuant to § 503(b)(9). A true and correct copy of the Second Amended Proof of Claim is attached hereto as **Exhibit 1** and is incorporated herein for all purposes.  The Second Amended Proof of Claim attached the Demand Letter, the invoices for the Reclamation Goods sold and shipped to the Debtors, the Reclamation Demand, and a letter dated March 14, 2019 to the Clerk of the Court enclosing the Second Amended Proof of Claim.

14. The amount of Reclamation Goods sold and delivered to the Purchasing Debtors is $615,081.38.  The amount entitled to an administrative priority under § 503(b)(9) and/or the Second Amended Plan is upon information and belief, no less than $310,569.54 and no more than $444,199.13 ("**§ 503(b)(9) Claim Amount**").

---

[7] Second Am. Plan art. II, pt. A, at pp. 14–15.

# III.
# ARGUMENT

15. TMI repeats, restates, and realleges the foregoing paragraphs as if fully set forth herein.

16. Section 546(c) of the Bankruptcy Code provides in pertinent part as follows:

> (1) Except as provided in subsection (d) of this section and in section 507(c), and subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof, the rights and powers of the trustee under sections 544(a), 545, 547, and 549 are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—
>
>> (A) not later than 45 days after the date of receipt of such goods by the debtor; or
>>
>> (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.
>
> (2) If a seller of goods fails to provide notice in the manner described in paragraph (1), the seller still may assert the rights contained in section 503(b)(9).

11 U.S.C. § 546(c)(1)–(2).

17. Section 503(b)(1) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including—(1)(A) the actual, necessary costs and expenses of preserving the estate . . . , [and] (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." *Id*. § 503(b)(1)(A), (9).

18. As set forth in the Reclamation Demand, the Original Proof of Claim, the First Amended Proof of Claim, and/or the Second Amended Proof of Claim, which are attached hereto and/or incorporated herein by reference for all purposes, TMI is entitled to allowance and

payment of, at a minimum, its § 503(b)(9) Claim Amount as well as any other administrative claim amounts to which it is entitled under applicable law and hereby requests such allowance and payment as an **Administrative Expense Claim** (as defined in the Second Amended Plan).

## IV.
## RESERVATION OF RIGHTS

19. TMI repeats, restates, and realleges the foregoing paragraphs as if fully set forth herein.

20. TMI files this Motion with full reservation of all of its rights to amend and/or supplement this Motion or to serve and file additional demands or claims as well as its right to assert any other rights under applicable law.

## V.
## CONCLUSION

For the reasons stated above, TMI respectfully requests that the Court grant TMI the relief requested in the Motion and such other relief to which it may be justly entitled.

Dated: April 1, 2019

TMI, LLC, Creditor

By: ____s/ Sam King_____
Sam King, #19442
MCGILL, GOTSDINER,
WORKMAN & LEPP, P.C., L.L.O.
First National Plaza – Suite 500
11404 West Dodge Road
Omaha, NE  68154-2584
402-492-9200
402-492-9222 (Facsimile)
samking@mgwl.com
ATTORNEYS FOR TMI, LLC

**NOTICE PURSUANT TO NEBRASKA BANKRUPTCY RULE 9013-1**

On April 1, 2019, TMI, LLC, filed its Motion for Allowance and Payment of Administrative Expense (the "Motion") with this Court. You are hereby notified that any objections or requests for hearing (collectively, "Objections") on the Application must be filed and served on or before <u>April 22, 2019</u>. If no Objections are timely filed and served upon the undersigned on or before <u>April 22, 2019</u>, the United States Bankruptcy Court for the District of Nebraska may enter an Order on the Application without further notice of hearing. If an Objection is timely filed and served, a hearing will be scheduled by the Court on the Application and any Objections thereto.

**CERTIFICATE OF SERVICE**

I certify that on April 1, 2019, I electronically filed the Application for Allowance and Payment of Administrative Expense Claim by TMI, LLC with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered with the CM/ECF system. I further certify that on April 1, 2019, I served the following parties by first class, U.S. Mail, postage prepaid:

Back Bay Management Corporation
and its division, The Michael-Shaked Group
2 Park Plaza
Suite 500
Boston, MA 02116

Dennis Lutgen
Westwind Plaza
1108 North Independence
Box 504
Beloit, KS 67420

Jeanmarie Baer
Perdue,Brandon,Fielder,Collins&Mott, LLP
PO Box 8188
Wichita Falls, TX 76307

Jennifer L. Marines
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019-9601

Custer County Treasurer
431 S 10TH Ave
Broken Bow, NE 68822

Ducera Partners, LLC
499 Park Avenue, 16th Floor
New York, NY 60022

Patrick J. Nash
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Northwest Natural Gas Company
Attn: Ashlee Minty, CCRA, CBA
220 NW 2nd Avenue
Portland, OR 97209

| | |
|---|---|
| Matthew A. Feldman<br>Willkie Farr & Gallagher, LLP<br>787 Seventh Avenue<br>New York, NY 10019 | Oracle America, Inc.<br>Buchalter<br>c/o Shawn M. Christianson<br>55 2nd St 17 Fl<br>San Francisco, CA 94105 |
| Greenfield Community Development Corporation<br>215 S. First Street<br>Greenfield, IA 50849 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 |
| Hilco Real Estate, LLC<br>5 Revere Drive<br>Suite #206<br>Northbrook, IL 60062 | Trevor R. Pincock<br>Lukins & Annis, P.S.<br>717 West Sprague Ave., Ste. 1600<br>Spokane, WA 99201 |
| Holly Plaza LLC<br>2055 Driscoll Dr.<br>Reno, NV 89509 | Colleen Kelly<br>625 Brownsboro Rd.<br>Eagle Point, OR 97524 |
| IBM Credit LLC<br>Andrew Gravina - Special Handling Group<br>7100 Highlands Pkwy<br>Smyrna, GA 30082-4859 | Steven T. Waterman<br>Dorsey & Whitney LLP<br>111 So. Main Street, 21st Floor<br>Salt Lake City, UT 84111 |
| Johnson Properties, LLC<br>c/o Patrick C. Summers<br>2100 AT&T Tower<br>901 Marquette Ave.<br>Minneapolis, MN 55402 | Wisconsin Rapids Water Works and Lighting Commission, Attn: Jeff Kuhn, CPA<br>221 16th St.<br>PO Box 399<br>Wisconsin Rapids, WI 54495 |
| Prime Clerk LLC<br>830 3rd Avenue<br>3rd Floor<br>New York, NY 10022 | Zhangusa Investments, LLC dba ZiMart<br>Kermit LLC, a Texas series limited liab. Co.<br>3420 Pine Ave.<br>Waco, TX 76708 |
| Richard C. Kelly<br>625 Brownsboro Rd.<br>Eagle Point, OR 97524 | |

   /s/ Sam King  
   Sam King