# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>SPECIALTY RETAIL SHOPS HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Case No. 19-80064 (TLS)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**RE: D.I. 570** |

## OBJECTION OF ROYALE LINENS, INC. TO CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF SPECIALTY RETAIL SHOPS HOLDING CORP. AND ITS AFFILIATED DEBTORS

Royale Linens, Inc. ("Royale"), by its attorneys, hereby files this objection to the confirmation of the Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and its Affiliated Debtors (the "Plan") [Dkt. No. 570]. In support of this Objection, Royale states as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to Sections 157(a), 1334(a) and 1334(d) of Title 28 of the United States Code.

2. This is a "core proceeding" within the meaning of Section 157 of Title 28 of the United States Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

## BACKGROUND

3. On January 16, 2019 (the "Petition Date"), Shopko Stores Operating Co. LLC and certain of its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code (the "Bankruptcy Code").

4. On February 14, 2019, this Court entered its Order (I) Setting a Bar Date for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Setting an Amended Schedules Bar Date, (V) Setting a Rejection Damages Bar Date, (VI) Setting a Premise Liability Claims Bar Date, (VII) Approving the Form and Manner for Filing Proofs of Claim, (VIII) Approving Notice of the Bar Dates and (IX) Granting Related Relief (the "Bar Date Order") [Dkt. No. 421].

5. Pursuant to the Bar Date Order, this Court established March 18, 2019 as the deadline to file claims against the Debtors' estates, including administrative expense claims under 11 U.S.C. § 503(b)(9), and established April 1, 2019 as the deadline to file other administrative expense claims against the Debtors' estates. *See* the Bar Date Order.

6. Royale holds an administrative claim against Debtors in the amount of $23,698.40 (the "Administrative Claim") pursuant to 11 U.S.C. § 503(b)(1) for the value of linens supplied to Debtors for resale in the ordinary course of business for the period from the Petition Date through March 29, 2019.

7. Royale filed its proof of claim on February 6, 2019, which claim was assigned Claim No. 234-1 (the "Proof of Claim"). The Proof of Claim includes the full amount due and owing to Royale on account of goods provided as of the Petition Date. Certain additional amounts came due following the Petition Date and are entitled to administrative priority under

sections 503(b) and 507(a)(2). Accordingly, on April 1, 2019, Royale filed its Motion for Allowance and Payment of Administrative Claim under sections 503(b) and 507(a)(2) [Dkt. No. 837], wherein Royale asserted its Administrative Claim.

8. On March 1, 2019 Debtors filed the Plan.

9. Article II.A. of the Plan provides that "each Holder[2] of an Allowed Administrative Claim or Priority Tax Claim shall receive, in full and final satisfaction, compromise, settlement, and release of all and in exchange for its Claim, its Pro Rata share of the Priority Claims Reserve." Plan, Article II.A. Article II.A. of the Plan also provides that the "failure to object to Confirmation by a Holder of an Allowed Administrative Claim or Priority Tax Claim shall be deemed to be such Holder's consent to receive treatment for such Claim that is different from that set forth in section 1129(a)(9) of the Bankruptcy Code; provided, however, that the Holders of such Claims shall be deemed to consent to the treatment on account of such Claim as provided herein." Plan, Article II.A.

**OBJECTION**

10. Royale objects to the Plan because it violates sections 1129(a)(1) and (9)(A) of the Bankruptcy Code.

11. The Plan does not comply with section 1129(a)(1) of the Bankruptcy Code because it fails to provide for payment in full of the Administrative Claim in full on the Plan's effective date as required by section 1129(a)(9)(A). The Administrative Claim is an allowed administrative claim under section 507(a)(2) (i.e., administrative expense claim allowed under section 503(b)) and therefore must be paid on the effective date, "cash equal to the allowed amount of such claim… unless the creditor agrees to different treatment." 11 U.S.C. § 1129(a)(9)(A).

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Royale has not agreed, and does not agree, to treatment other than the treatment specified under section 1129(a)(9)(A). As such, the Plan cannot be confirmed.

12. Additionally, the Plan violates section 1129(a)(1) because it purports to pay second priority administrative expense claims under §§ 503(b) and 507(a)(2) *pro rata* out of the same funds that will be used to pay eighth priority "Priority Tax Claims" under section 507(a)(8). Such treatment violates the priority scheme of the Bankruptcy Code. Therefore, the Plan cannot be confirmed.

## CONCLUSION

13. For the foregoing reasons, Royale respectfully requests that this Court enter an order: (a) denying the confirmation of the Plan, unless the Plan is revised to pay Royale's Administrative Claim in full on the Effective Date of the Plan; and (b) granting such other and further relief as this Court seems just and appropriate.

Dated: April 5, 2019
Wilmington, Delaware

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Sarah Ennis (DE 5745)
**GELLERT SCALI BUSENKELL & BROWN, LLC**
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone (302) 425-5812
Facsimile  (302) 425-5814
Email: mbusenkell@gsbblaw.com
sennis@gsbblaw.com

*Counsel for Royale Linens, Inc.*

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2019, I caused the above document to be filed with the Bankruptcy Court's CM/ECF system which gave notification electronically upon all parties who filed an appearance or requested notice by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following non-CM/ECF participants:

NONE.                                                                    /s/ Michael Busenkell