# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>SPECIALTY RETAIL SHOPS HOLDING Corp., et al.,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 19-80064-TLS<br><br>(Jointly administered) |

## OBJECTION OF SUMMIT NORTHWEST LLC TO
## *SECOND AMENDED JOINT CHAPTER 11 PLAN OF*
## *SPECIALTY RETAIL SHOPS HOLDING CORP. AND ITS DEBTOR AFFILIATES*

Summit Northwest, LLC ("Landlord"), by and through its undersigned counsel, and hereby files this Objection (the "Objection") to the *Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Affiliated Debtors* [Docket No. 570] (the "Plan"). As more fully set forth in this Objection, Landlord objects to the Plan on a limited basis with respect to the Debtors' attempt to circumvent the express requirements of the Bankruptcy Code[1] by proposing to pay holders of allowed administrative expense claims less than the amount of such claims. In support of this Objection, Landlord respectfully states the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC(7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[1] All references to the "Bankruptcy Code" shall refer to 11 U.S.C. §§ 101, *et seq.*

4830-6337-1411.1

**BACKGROUND**

A.  **The Debtors' Bankruptcy Cases and the Plan.**

1. On or about January 16, 2019 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), including Pamida Stores Operating Co., LLC ("Pamida") each filed their respective voluntary petitions for relief under chapter 11 of 11 U.S.C. § 101 *et seq.*  Each of the Debtors have continued to operate their respective businesses and manage their respective properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. On March 1, 2019, the Debtors filed their Plan and the accompanying *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates* [Docket No. 571] (the "Disclosure Statement").  Pursuant to the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Proposed Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Granting Related Relief* [Docket No. 572], the Court approved, *inter alia*, the Disclosure Statement on March 1, 2019.

3. The hearing on the confirmation of the Plan was originally scheduled on April 2, 2019, but has been rescheduled to April 18, 2019 and may again be rescheduled to May 8, 2019.  *See* Docket Nos. 714 and 911.

B.  **The Property and the Lease.**

4. Landlord is the landlord and debtor Shopko Stores Operating Co., LLC (the "Debtor Tenant") is the tenant under a Lease dated as of June 30, 2015, as amended (the "Lease"),

pertaining to non-residential real property located at 801 Summitview Ave., Yakima, WA as more specifically defined in the Lease (the "Premises").

5.      The Lease is currently effective, has not been terminated, rejected, assigned or otherwise rendered unenforceable or ineffective.

**C.      Administrative Expense Claims Under the Plan.**

6.      Landlord timely filed its motion on April 1, 2019 (Docket No. 853)(the "Motion"), pursuant to 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A), and 507(a)(2), for the entry of an order allowing Landlord a priority administrative expense claim and directing payment of such claim.

7.      Article II.A. of the Plan provides that holders of, *inter alia*, allowed, unpaid administrative expense claims "shall receive, in full and final satisfaction, compromise, settlement, and release of and in exchange for [such claim], its Pro Rata share of the Priority Claims Reserve" unless such holder "and the applicable Debtor(s) agree to less favorable treatment". Plan, Art. II.A. Under the Plan, the "Priority Claims Reserve" will be established by the Reorganized Debtors (as defined in the Plan) to fund distributions to holders of, among other claims, allowed administrative expense claims. Plan, Art. I.A.101.

8.      The Plan further provides that the holder of an allowed administrative expense claim will be *deemed* to consent to receiving less than the full amount of such claim—despite the clear mandate of section 1129(a)(i)(A) of the Bankruptcy Code—unless such holder objects to confirmation of the Plan. Plan, Art. II.A.

## **OBJECTION**

9.      Section 1129(a)(9)(A) of the Bankruptcy Code specifically provides that the Court cannot confirm a proposed chapter 11 plan unless

> [e]xcept to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that with respect to a

> claim of a kind specified in section 507(a)(2) and 507(a)(3) of [the Bankruptcy Code], on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim[.]

11 U.S.C. § 1129(a)(9)(A).

10. Notwithstanding the plain language of section 1129(a)(9) of the Bankruptcy Code, the Debtors' Plan impermissibly seeks to avoid paying allowed administrative expense claims in full by providing for only a *pro rata*—in other words, a *partial*—recovery thereon. *See* Plan, Art. II.A.

11. The Plan improperly provides that holders of such claims will be *deemed* to consent such lesser treatment if they do not object to confirmation of the Plan. *See* Plan, Art. II.A.

12. Landlord does not consent to less than full payment of its administrative expense claim. Accordingly, Landlord hereby objects to the Plan and specifically, to the proposed treatment of any allowed administrative expense claim Landlord now holds or may hold in the future, including without limitation, as requested and set forth in the Administrative Expense Claim Motion. Unless and until the Plan provides for the full cash payment of all allowed administrative expense claims under section 507(a)(2) and 507(a)(3) of the Bankruptcy Code on the effective date of the Plan, confirmation of the Plan must be denied.

**WHEREFORE**, Landlord objects to any confirmation of the Plan until such time as full compliance with the requirements of the Bankruptcy Code including, without limitation, section 1129(a)(9)(A) thereof, has been demonstrated through appropriate modifications to the Plan.

4830-6337-1411.1

Dated:  April 5, 2019

                                  KUTAK ROCK LLP

                            By  */s/ Jeffrey T. Wegner*
                                Jeffrey T. Wegner
                                Nebraska Bar No. 18265
                                1650 Farnam Street
                                Omaha, NE  68102
                                (402) 346-6000 (Telephone)
                                (402) 346-1148 (Facsimile)
                                jeffrey.wegner@kutakrock.com

                                *Attorneys for Summit Northwest LLC*

4830-6337-1411.1

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Objection has been electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the parties on such service list.

Dated this 5st day of April, 2019.

*/s/ Jeffrey T. Wegner*
Jeffrey T. Wegner

4830-6337-1411.1