# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ------------------------------------------------------- X | |
| In re: | : Chapter 11 |
| | : |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | : Case No. 19-80064-TLS |
| | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Re: Docket No. 1020** |
| ------------------------------------------------------- X | |

**RESERVATION OF RIGHTS OF WELLS FARGO BANK, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT, TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF THE DEBTORS' OPTICAL BUSINESS, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) AUTHORIZING A SETTLEMENT OF CLAIMS AND CAUSES OF ACTION, (IV) GRANTING RELIEF RELATED TO THE WIND-DOWN OF THE DEBTORS' REMAINING OPERATIONS, AND (V) GRANTING RELATED RELIEF**

Wells Fargo Bank, National Association, as administrative agent and collateral agent ("Wells Fargo"), by its undersigned counsel, respectfully submits this reservation of rights to Debtors' Motion for Entry of an Order (I) Authorizing the Sale of The Debtors' Optical Business, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (III) Authorizing a Settlement of Claims and Causes of Action, (IV) Granting Relief Related to the Wind-Down of the Debtors' Remaining Operations, and (V) Granting Related Relief [Doc. No. 1020] (the "Sale Motion"), and respectfully states as follows ("Reservation of Rights"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); Shopko Holding Company, LLC (0171); Shopko Institutional Care Services Co., LLC (7112); Shopko Optical Manufacturing, LLC (6346); Shopko Properties, LLC (0865); Shopko Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).

5678931.2

1. Wells Fargo supports the Debtors' efforts to improve liquidity and potentially bring value to the estates through the proposed sale of the Optical Business (the "<u>Optical Business Sale</u>"); however, the Debtors have not provided Wells Fargo with sufficient information, let alone the final terms of any proposed sale of the Optical Business, to allow Wells Fargo to assess whether the proposed sale would accomplish these goals or merely provide an opportunistic investor with a windfall at the expense of all other stakeholders.

2. The Debtors must obtain Wells Fargo's consent to any sale of Collateral outside the ordinary course of business, including the Optical Business, pursuant to Section 5.3 of the Final DIP Order. *See* Final DIP Order, at §5.3. In order for Wells Fargo to consent to any proposed Optical Business Sale, the Debtors must, as a threshold matter, satisfactorily demonstrate to Wells Fargo that the net benefits of any such Optical Business Sale, including adjustments for professional fees, purchase price adjustments at closing, and all other transaction costs related to the Optical Business Sale, exceed the forecasted net liquidation value of the Optical Business. Again, to date, the Debtors have not provided sufficient information to satisfy this basic requirement.

3. Similarly, Wells Fargo supports the Debtors' efforts to limit the amount of professional fees incurred in connection with the wind-down of these Chapter 11 Cases, as set forth in the Sale Motion. While Wells Fargo and the Debtors have been actively negotiating the specific revisions to the Final DIP Order to accomplish the goal of limiting the professional fees, the specific terms of the proposed amendments to the Final DIP Order remain unresolved. Indeed, the commitment of Wells Fargo and its lending group to continue funding these Chapter 11 Cases in accordance with the Final DIP Order and other Financing Agreements is conditioned upon professional fees being limited to the amounts set forth in the Sale Budget.

4. Accordingly, Wells Fargo files this Reservation of Rights to the Sale Motion to the extent it seeks approval of (a) the Optical Business Sale on terms and conditions that are not acceptable to Wells Fargo in violation of the Final DIP Order (defined below); (b) the Optical Business Sale free and clear of Wells Fargo's liens on such assets without directing the proceeds of such sale be paid to Wells Fargo for permanent application to the outstanding Obligations; and (c) amendments to the Final DIP Order that are not consistent with, or fail to fully reflect, the parties' understanding with respect to professional fees.

## **BACKGROUND[2]**

5. On February 14, 2019, the Court entered the Final Order approving debtor-in-possession financing [Doc. No. 425]. The Final DIP Order granted to Wells Fargo, for the benefit of itself and the other Lenders, valid and perfected first-priority security interests and liens in and upon all of the Collateral, which includes those assets subject to the proposed Optical Business Sale. *See* Final DIP Order, at §2.1(a) [Doc. No. 425]. Notably, the Final DIP Order also prohibited the Debtors from selling or otherwise disposing of any portion of the Collateral outside the ordinary course of business without the prior written consent of Wells Fargo and an order of the Court. *See* Final DIP Order, at §5.3 [Doc. No. 425].

6. Wells Fargo has engaged in ongoing discussions with the Debtors and the Special Committee since the filing of the Sale Motion with the goal of finalizing an Optical Business Sale. While the Debtors have provided Wells Fargo with term sheets and draft sale agreements, Wells Fargo understands that, as of the filing of this Reservation of Rights, the terms of the proposed Optical Business Sale remain subject to ongoing negotiation, including critical terms that may affect the net benefit (if any) to the estates.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Final DIP Order or Sale Motion, as applicable.

**STATEMENT OF RESERVATION OF RIGHTS**

7.  The Final DIP Order requires the Debtors to obtain Wells Fargo's consent to any sale of Collateral outside the ordinary course of business. *See* Final DIP Order, at §5.3 [Doc. No. 425]. Indeed, the right to consent to any sale of the Collateral is a fundamental right of Wells Fargo pursuant to the Financing Agreements and was critical to Wells Fargo's decision to provide financing to the Debtors.

8.  The Sale Motion provides that the Debtors will finalize definitive documentation to implement the terms of the winning bid and file a notice of such winning bidder with the court no later than April 16, 2019 at 10:00 a.m. (prevailing Central Time); however, as of the filing of this Reservation of Rights no notice has been filed and no definitive documentation has been provided to Wells Fargo.

9.  The Optical Business Sale cannot be implemented without Wells Fargo's consent, as provided in the Final DIP Order. While Wells Fargo is optimistic that the Optical Business Sale will be finalized on terms and conditions that bring net value to the estates and to which Wells Fargo would consent, Wells Fargo has not - and cannot - provide such necessary consent, until it has an opportunity to review the definitive documentation related to the sale.

10. Notably, Section 2.1(c) of the Final DIP Order further provides that the right of Wells Fargo to repayment from the sale or other disposition of the Collateral, or any proceeds thereof, "…shall be first and senior in priority to all other rights of repayment of every kind, nature, and description (other than the Carve-Out)." *See* Final DIP Order, at §2.1(c) [Doc. No. 425]. Wells Fargo reserves its right to object to the Sale Motion to the extent any order would approve the Optical Business Sale free and clear of the liens granted to Wells Fargo without also

directing that the cash purchase price of such sale be paid at closing directly to Wells Fargo for permanent application to the outstanding Obligations.

11. Wells Fargo is hopeful that the Debtors will negotiate a fully consensual Optical Business Sale; however, to the extent that the final documentation of any Optical Business Sale is not acceptable in form and substance to Wells Fargo, Wells Fargo reserves its rights relating to the proposed transaction. Such rights include, but are not limited to, supplementing this Reservation of Rights and objecting to any proposed Optical Business Sale, either in writing or in open court at the hearing to consider the Sale Motion, and asserting its right under the Final DIP Order and other Financing Agreements to consent (or withhold its consent) to the final terms of any Optical Business Sale at the time of closing.

12. Finally, Wells Fargo and the Debtors have been actively negotiating specific revisions to the Final DIP Order to limit the amount of professional fees incurred by the estates. Wells Fargo expects to resolve any issues with the specific terms of the proposed amendments with the Debtors; however, to the extent the parties are not successful, Wells Fargo reserves its right to object to the proposed modifications described in the Sale Motion, either in writing or in open court, at the hearing to consider the Sale Motion.

Dated: April 16, 2019

        BAIRD HOLM LLP

        */s/ Brandon R. Tomjack*
        Brandon R. Tomjack (#22981)
        1700 Farnam St., Suite 1500
        Omaha, Nebraska 68102-2068
        Tel.: (402) 344-0500
        Fax: (402) 344-0588
        btomjack@bairdholm.com

        -and-

        OTTERBOURG P.C.

        */s/ Daniel F. Fiorillo*
        Daniel F. Fiorillo
        Chad B. Simon
        (Admitted *Pro Hac Vice*)
        230 Park Avenue
        New York, New York 10169
        Tel.: (212) 661-9100
        Fax: (212) 682-6104
        dfiorillo@otterbourg.com
        csimon@otterbourg.com

        *Counsel for Wells Fargo Bank, National Association, as Agent for the ShopKo Credit Facility, Creditor and Interested Party*

## CERTIFICATE OF SERVICE

On this 16th day of April, 2019, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

        */s/Brandon R. Tomjack*