# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064 (TLS) |
| Debtors. | ) (Jointly Administered) |

**STIPULATION BETWEEN THE DEBTORS AND LCN SKO OMAHA (MULTI) LLC RESOLVING OBJECTION TO NOTICE OF ADDITIONAL STORE CLOSINGS AND AUTHORIZING REJECTION OF UNEXPIRED LEASE**

This stipulation (this "Stipulation") is entered into by and between (i) the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and (ii) LCN SKO Omaha (Multi) LLC ("LCN," and, collectively with the Debtors, the "Parties").

## RECITALS

**WHEREAS**, on January 16, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Nebraska (the "Court") for relief under title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

**WHEREAS**, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is permissible pursuant to 28 U.S.C. §§ 1408 and 1409;

**WHEREAS**, on January 17, 2019, the Court entered an *Order (I) Authorizing and Approving the Rejection of Certain Unexpired Leases, (II) Authorizing and Approving Procedures to Assume, Assume and Assign, and Reject Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Rejection Procedures Order") (Docket No. 76);

**WHEREAS**, on February 8, 2019, the Court entered a *Final Order Granting Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Granting Related Relief* ("Store-Closing Order") (Docket No. 369);

**WHEREAS**, the Debtors lease three distribution centers, respectively located in Boise, Idaho, Omaha, Nebraska, and De Pere, Wisconsin (collectively, the "Distribution Centers") from LCN pursuant to a Master Lease dated June 30, 2015 (as amended, the "Master Lease");

**WHEREAS**, on April 5, 2019, pursuant to the Store-Closing Order, the Debtors filed their *Notice of Additional Store Closings* (the "Store-Closing Notice") (Docket No. 989), which listed the Distribution Centers;

**WHEREAS**, on April 10, 2019, LCN filed its *LCN SKO Omaha (Multi) LLC's Objection to Notice of Additional Store Closings* (the "Objection") (Docket No. 1019), requesting that the Debtors file a rejection notice for the Master Lease that complies with the Rejection Procedures Order (the "Applicable Rejection Notice"); and

**WHEREAS**, the Parties have resolved the Objection, subject to the terms and conditions contained in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2. Pursuant to section 365 of the Bankruptcy Code, the Debtors shall reject the Master Lease and relinquish control of the Distribution Centers no later than May 31, 2019 (the "Surrender Date") by (1) vacating the Distribution Centers and (2)(A) turning over the keys, key codes, and security codes, if any, to LCN or (B) notifying LCN in writing that the keys, key codes, and security codes, if any, are not available, but LCN may rekey the Distribution Centers; provided, however, that the effective date of rejection of the Master Lease shall not occur until the later of: (i) the date listed on the Applicable Rejection Notice; or (ii) the Surrender Date.

3. Any personal property of the Debtors remaining in the Distribution Centers shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Surrender Date. LCN may, in its sole discretion and without further order of the Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

4. To the extent that LCN wishes to file a claim with respect to the rejection of the Master Lease, LCN may do so by the dates set forth in the *Order Granting Debtors Amended Motion for an Order (I) Setting a Bar Date for Filing Proofs of Claim, Including Claims Arising under Section 503(b)(9) of the Bankruptcy Code, (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Setting an Amended Schedules Bar Date, (V) Setting a Rejection Damages Bar Date, (VI) Setting a Premise Liability Claims Bar Date, (VII) Approving the Form of and Manner for Filing Proofs of Claim, (VIII) Approving Notice of the Bar Dates, and (IX) Granting Related Relief* [Docket No. 421].

5. This Stipulation shall be binding only on the Parties hereto.

6. LCN agrees that, in exchange for the Debtors' obligations herein, it shall withdraw the Objection immediately upon the filing of this Stipulation.

7. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, whether written or oral, if any, are merged into this Stipulation.

8. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of the Parties.

9. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

10. Neither this Stipulation, nor any actions taken pursuant hereto, shall constitute evidence admissible against the parties in any action or proceeding other than one to enforce the terms of this Stipulation.

11. This Stipulation shall become effective upon execution by or on behalf of each of the Parties.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before this Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Nebraska.

[*Signature page follows.*]

Omaha, Nebraska
April 26, 2019

/s/ *Lauren R. Goodman*
James J. Niemeier (NE Bar No. 18838)
Michael T. Eversden (NE Bar No. 21941)
Lauren R. Goodman (NE Bar No. 24645)
**MCGRATH NORTH MULLIN & KRATZ, P.C.**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:    (402) 341-3070
Facsimile:    (402) 341-0216
Email:    jniemeier@mcgrathnorth.com
    meversden@mcgrathnorth.com
    lgoodman@mcgrathnorth.com

- and -

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Travis M. Bayer (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    patrick.nash@kirkland.com
    travis.bayer@kirkland.com

- and -

Steven Serajeddini (admitted *pro hac vice*)
Daniel Rudewicz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    steven.serajeddini@kirkland.com
    daniel.rudewicz@kirkland.com

*Co-Counsel to the Debtors*

Omaha, Nebraska

April 26, 2019

/s/ *Natasha Wells*

Steven T. Waterman, Esq.
Natasha Wells, Esq.
**DORSEY & WHITNEY LLP**
111 Main Building
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone:    (801) 933-7365
Facsimile:    (801) 933-7373
Email:    waterman.steven@dorsey.com

*Counsel to LCN SKO Omaha (Multi) LLC*