IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., et al., [1] | ) ) ) | Case No. 19-80064-TLS |
| | ) | (Jointly Administered) |
| | ) ) ) | |

**I.J.K. LIMITED (HK)'S OBJECTION TO CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF SPECIALTY RETAIL SHOPS HOLDING CORP. AND ITS DEBTOR AFFILIATES**

I.J.K. Limited (HK) ("IJK"), creditor and party in interest, through counsel, objects to the confirmation of the Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates [Filing #570] (the "Plan"). In support of this objection, IJK states as follows:

1. IJK is an administrative claim creditor, 11 U.S.C. § 503, pursuant to a timely filed Application and Request for Payment of Administrative Expense Claim on April 26, 2019 [Filing #1166], for damages relating to unpaid goods ordered by Debtors and shipped by IJK and received by Debtors, which claim recently arose, on April 19 and 21, 2019. IJK is also a pre-petition unsecured creditor and timely filed a proof of claim on February 10, 2019 [Claim #306] to which no objection has been made.

2. In order for the Court to confirm the Plan, the Plan must satisfy all of the requirements of § 1129(a), which includes that "The plan complies with the applicable

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

provisions of this title." 11 U.S.C. § 1129(a)(1).  The Plan does not.

3. The Plan fails to guarantee payment of all administrative claims in the manner required by 11 U.S.C. § 1129(a)(9)(A), which requires "on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim" unless "the holder of a particular claim has agreed to a different treatment of such claim", and the Plan fails to provide priority of payment provided by § 507(a)(2).  Instead, the Plan provides that holders of administrative claims (except for, conveniently, Professional Fee Claims and DIP Claims) will receive "its Pro Rata share of the Priority Claim Reserve."  The "Priority Claim Reserve" is "the account to be established by the Reorganized Debtors with the Priority Claims Reserve Amount to fund distributions to Holders of Allowed Administrative Claims and Allowed Priority Claims (excluding Professional fee Claims and DIP Claims)." (Plan § I.A.101).  The Plan further provides that the failure to object to the Plan shall be "deemed . . . consent to receive treatment for such Claim that is different from that set forth in Section 1129(a)(9) of the Bankruptcy Code[.]"  The default position of § 1129(a)(9) is payment in full unless the claimholder agrees otherwise. The Plan's attempt to shift the default position to less than payment in full simply is not allowed under § 1129(a).  In all events, IJK has not agreed, and does not agree, to any other treatment of its administrative claim other than in cash in full on the effective date of the Plan.

4. The Plan's substantial releases of Debtors' equity interest holders and officers, directors, and managers from claims without consideration, particularly in nonconsensually releasing these parties from claims of each and every holder of a claim or interest that "does not affirmatively elect to 'opt out' of being a Releasing Party by timely objecting to the Plan's third-party release provisions" (Plan § I.A.114), violates the Bankruptcy Code and the absolute

Case 19-80064-TLS    Doc 1171    Filed 04/26/19    Entered 04/29/19 08:12:22    Desc Main
                Document      Page 3 of 6

priority rule where the Plan proposes to pay nothing to unsecured creditors. The nonconsensual third-party releases violate the provisions of § 524(e). See *Bank of N.Y. Trust Co. v. Official Unsecured Creditors' Comm. (In re Pac. Lumber Co.)*, 584 F.3d 229, 252–53 (5th Cir. 2009); *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1401–02 (9th Cir. 1995); *Landsing Diversified Properties-II v. First Nat'l Bank & Trust Co. of Tulsa (In re W. Real Estate Fund, Inc.)*, 922 F.2d 592, 600–02 (10th Cir. 1990). To be clear, IJK hereby expresses its desire to opt out of the releases granted in the Plan and files this Objection in part to do so, but it should not have to. The Court should not allow the Debtors to cleanse their equity owners and insiders of liability in such an inequitable manner that violates the Code.

5.      The Plan is also unconfirmable under § 1129(a)(1) because the Plan provides for a discharge of the Debtors' debts when the Debtors are not entitled to a discharge under § 1141(d)(3) of the Bankruptcy Code. That section provides:

The confirmation of a plan does not discharge a debtor if—

(A)   the plan provides for the liquidation of all or substantially all of the property of the estate;

(B)   the debtor does not engage in business after consummation of the plan; and

(C)   the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3). Each of the foregoing requirements is satisfied in this Case.

6.      The Debtors have not been successful in finding an equity partner, so the Plan will automatically "toggle" to a liquidation under Article IV(H) of the Plan. During this process, the Debtors will only "continue in existence for the purposes of . . . winding down the Debtors' business and affairs[.]" Finally, as corporate debtors, the Debtors would not receive a discharge

Case 19-80064-TLS    Doc 1171    Filed 04/26/19    Entered 04/29/19 08:12:22    Desc Main
                    Document      Page 4 of 6

under 11 U.S.C. § 727(a). Accordingly, the Debtors do not meet the requirements of § 1141(d)(3) and are not entitled to the releases or discharge for which the Plan provides; as a result, the Plan cannot be confirmed with these provisions.

7. The Plan also cannot be confirmed because it violates the "best interests of creditors test" § 1129(a)(7) as to general unsecured creditors. The Debtors must demonstrate that the holders of general unsecured claims—which the Debtors project will receive no recovery under both the Plan or chapter 7—will in fact receive at least as much under the Plan as they would receive in a chapter 7.

8. However, the Debtors cannot meet that burden because of the significant releases the Debtors are providing to the Debtors' equity interest holders, officers, directors, and managers. These releases would not be granted in a Chapter 7 case; instead, the Chapter 7 trustee would have the opportunity to pursue these claims (which would not be encumbered by secured claims) for the benefit of unsecured creditors. Given the choice between release of the Debtors' equity interest holders, officers, directors, and managers with no recovery and no release of the Debtors' equity holders, officers, directors, and managers with preservation of a potential recovery, it seems clear that the latter, which would only occur in a Chapter 7, is preferable to the Debtors' Plan.

WHEREFORE, Creditor I.J.K. Limited (HK) prays that this Court sustain its objection to the Plan and enter an Order denying confirmation of the Plan, and grant such further relief as is just and equitable.

Dated: April 26, 2019

                                  I.J.K. LIMITED (HK), Creditor

By:   /s/ David J. Skalka
       David J. Skalka, #21537
       CROKER, HUCK, KASHER, DeWITT,
         ANDERSON & GONDERINGER, L.L.C.
       2120 South 72nd Street, Suite 1200
       Omaha, Nebraska  68124
       (402) 391-6777
       (402) 390-9221 (Fax)
       dskalka@crokerlaw.com

       and

       Joseph H. Huston, Jr. (DE. Bar No. 4035)
       919 North Market Street, Suite 1300
       Wilmington, Delaware 19801
       (302) 425-3311
       jhh@stevenslee.com
       Attorneys for I.J.K. Limited (HK)

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2019, I caused the above document to be filed in the Bankruptcy Court's CM/ECF system which gave notification electronically upon all parties who filed an appearance or requested notice by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following non-CM/ECF participants:

Specialty Retail Shops Holding Corp.
Attn.: Russ Steinhorst
700 Pilgrim Way
Green Bay, Wisconsin 54304

Kirkland & Ellis LLP
Attn.: Patrick J. Nash, Jr., P.C. and Travis Bayer
300 North LaSalle
Chicago, Illinois 60654

Kirkland & Ellis LLP
Attn.: Steven Serajeddini and Daniel Rudewicz
601 Lexington Avenue
New York, NY 10022

(with Debtors' remaining counsel receiving a copy via the CM/ECF system)

By /s/ David J. Skalka
David J. Skalka, #21537

00805053.DOCX