# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) | Case No. 19-80064 (TLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### STATEMENT OF THE SPECIAL COMMITTEE OF INDEPENDENT DIRECTORS OF SPECIALTY RETAIL SHOPS HOLDING CORP. IN RESPONSE TO THE MOTION TO COMPEL DISCOVERY RESPONSES AND DEPOSITIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7037

The Special Committee of Independent Directors (the "Special Committee") of Specialty Retail Shops Holding Corp. ("Specialty Retail," and collectively with the other debtors, the "Debtors"), by its undersigned counsel, Willkie Farr & Gallagher LLP, hereby files this statement (this "Statement") in response to the Official Committee of Unsecured Creditors' (the "UCC") *Motion to Compel Discovery Responses and Depositions Pursuant to Federal Rule of Bankruptcy Procedure 7037* [Docket No. 1186] (the "Motion").

### Statement

1. The Special Committee respectfully submits that the UCC's Motion is moot as it is premised on the Debtors' purported pursuit of confirmation of the *Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and its Debtor Affiliates* [Docket No. 570] (the "Second Amended Plan") with a full and complete release in favor of Sun Capital

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); ShopKo Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin, 54304.

Partners ("Sun Capital"). As the Court is well aware by now, any release of Sun Capital pursuant to the Second Amended Plan is subject to the express approval of the Special Committee, and the Special Committee has not signed off on a blanket release in favor of Sun Capital.

2. To the contrary, as a result of its extensive diligence and analysis of potential claims that the estates may have against insiders, the Special Committee has determined that potential claims may in fact exist against Sun Capital. The UCC has been fully aware of the Special Committee's position for several weeks and knows that the Debtors are *not* moving forward with a Second Amended Plan that provides a release to Sun Capital for no consideration. Over the past several weeks, the Special Committee has engaged with Sun Capital and the UCC, as well as other stakeholders, to determine the best path forward for the estates: (a) whether that is to settle the potential claims now in exchange for significant value; or (b) whether to consent to the UCC's *Motion for Entry of an Order Authorizing the Committee to Prosecute Certain Claims on Behalf of the Bankruptcy Estates* [Docket No. 641] (the "Standing Motion") and allow the UCC to litigate the potential claims against Sun Capital.

3. Recognizing that the potential claims are subject to formidable defenses that will be raised by Sun Capital, the Special Committee has focused on extracting as much value as possible on account of the claims in advance of the objection deadline to the UCC's Standing Motion and has asked the UCC to actively participate in settlement negotiations in the hopes of maximizing value. The Special Committee's advisors and the Debtors have already provided the UCC with a substantial amount of the documents the Special Committee's advisors have reviewed, and the Special Committee's advisors and the UCC have had several meetings to discuss the path forward.

4. The Special Committee is pleased to report to the Court that, as a result of these efforts, and months of arms'-length, hard-fought negotiations with Sun Capital, the Special

Committee has finally reached an agreement in principle with Sun Capital to settle any and all claims in exchange for a $15 million cash payment for the benefit of the estates. Together with the value created through the sale of the Debtors' optical business, the Debtors' ongoing GOB sales process, and other potential claims the estates may hold, the Special Committee believes that the settlement will facilitate the orderly conclusion of these cases through the chapter 11 process.

5. With this positive news in hand, the Special Committee respectfully submits that the UCC's Motion is unnecessary and should be denied. The Special Committee intends to file a motion seeking approval of the proposed settlement as soon as possible and will confer with the parties regarding an appropriate go forward schedule for the settlement motion and the UCC's pending Standing Motion, which is currently scheduled for May 8, 2019. As the Court knows, time is of the essence in these cases and the Special Committee is confident that the parties can reach an agreement on an expeditious path forward that provides the UCC with any additional information (within a reasonable scope) that it needs to evaluate the merits of the proposed settlement and, subject to the Court's permission, allows the Court to consider both the settlement motion and Standing Motion in tandem at the May 8 hearing.

[*Remainder of page intentionally left blank.*]

Dated: May 1, 2019

*/s/ Brian S. Lennon*
Brian S. Lennon (admitted *pro hac vice*)
Todd G. Cosenza (admitted *pro hac vice*)
Matthew A. Feldman
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel:     (212) 728-8000
Fax:    (212) 728-8111
Email:  blennon@willkie.com
            tcozenza@willkie.com
            mfeldman@willkie.com

*Counsel to the Special Committee of
Independent Directors of the Debtors*