**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No.: 19-80064 (TLS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) **Related to Docket No. 425** |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (I) OBJECTION
TO CERTAIN REPRESENTATIONS, COVENANTS, AND WAIVERS IN
FAVOR OF PREPETITION ABL AND TERM LOAN AGENT PURSUANT
TO FINAL FINANCING ORDER AND (II) OBJECTION TO THE CLAIMS
ASSERTED BY THE AGENT AND THE LENDERS AGAINST THE DEBTORS**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby files this objection (this "Objection") with respect to certain representations, covenants, and waivers in favor of Wells Fargo Bank, National Association, as the Agent[2] for the Prepetition ABL Lenders, the Prepetition Term Loan B Lenders, and the Prepetition Term Loan B-1 Lenders, pursuant to the Final Financing Order (as defined below). This Objection is filed consistent with section 4.1 of the Final Financing Order and constitutes a challenge to certain of the acknowledgements and agreements of the Debtors set forth in Recital F of the Final Financing Order. This Objection also constitutes an objection, pursuant to section 502 of the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] Each capitalized term that is not defined herein will have the meaning ascribed to such term in the Final Financing Order (as defined below).

Code and Bankruptcy Rule 3007, to the claims asserted by the Agent and the Lenders against the Debtors.[3]

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007. This Objection is also filed pursuant to section 4.1 of the Final Financing Order.

## Background

4. On January 16, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nebraska (ths "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and are operating and managing their businesses as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

5. On January 18, 2019, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven (7) members: (i) Hanesbrands, Inc.; (ii) Readerlink Distribution Services, LLC; (iii) Home Products International N.A.; (iv) McKesson Corp.; (v) Notations, Inc.; (vi) LCN SKO

---

[3] To the extent necessary, this Objection should be construed as a motion for standing by the Committee to assert the challenges to the liens, claims, and interests of the Agent and the Lender set forth herein.

Omaha (Multi) LLC; and (vii) Realty Income Corporation. *See Appointment of Committee of Unsecured Creditors* [Docket No. 95].

6. On February 14, 2019, this Court entered the *Final Order Pursuant to U.S.C. §§105, 361, 362, 363, 364, and 507 and Fed. R. Bankr. P. 2002, 4001, and 9104 (I) Authorizing Debtors and Debtors-in-Possession to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 425] (the "Final Financing Order"),[4] which, among other things, set a challenge period for the Committee through March 19, 2019, as to the Debtors' various acknowledgments, waivers, and stipulations in the Final Financing Order (the "Challenge Period").

7. On March 19, 2019, the Committee filed the *Motion of the Official Committee of Unsecured Creditors to Extend Challenge Period in Final Financing Order* [Docket No. 695] (the "Extension Motion"), pursuant to which the Committee sought an extension of the Challenge Period through March 22, 2019, subject to further extensions with the consent of the Agent. This Court granted the Extension Motion through a text order entered on the same day that the Extension Motion was filed [Docket No. 699] (the "Extension Order").

8. The Challenge Period was subsequently extended through and including May 3, 2019, with the consent of the Agent, and on behalf of the Lenders, pursuant to stipulations filed with this Court on March 22, 2019 [Docket No. 733], March 29, 2019 [Docket No. 770], April 12, 2019 [Docket No. 1044], and April 19, 2019 [Docket No. 1118].

---

[4] Each capitalized term that is not defined herein will have the meaning ascribed to such term in the Final Financing Order.

9. The Committee has identified certain items that are the subject of a challenge and has proposed a stipulation to the Agent. However, no resolution has been reached.

10. The Committee therefore files this Objection in order to preserve its rights under the Final Financing Order.

**Objection**

11. Pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and section 4.1 of the Final Financing Order, the Committee submits that the Pre-Petition Collateral under the Pre-Petition Loan Documents does not include, and/or the Agent and the Lenders have failed to perfect their respective asserted liens, claims, and interests in, the following assets: (a) Money[5] held by any of the Debtors as of the Petition Date other than (i) the identifiable proceeds of the Pre-Petition Collateral and (ii) money held with, by, or under the custody or control of the Agent; (b) funds in deposit accounts maintained by any of the Debtors at any bank or financial institution other than the Agent, which accounts are not the subject of a control agreement executed prepetition between such bank or financial institution, the applicable Debtors, and the Agent; *provided that*, the Pre-Petition Collateral does include the identifiable proceeds of the Pre-Petition Collateral in any deposit account; (c) any of the Debtors' vehicles or other assets (and the proceeds thereof) as to which a certificate of title (whether a physical (*i.e.*, paper title certificate), an electronic certificate, or other evidence of title under applicable law) for such vehicle or asset does not indicate, as of the Petition Date, the lien or security interest of the Agent where such notation on the certificate or other evidence of title under applicable law is a condition of perfection; (d) any commercial tort claims held by any of the Debtors, and the proceeds thereof; (e) any real property of the Debtors, including any owned or leased real estate

---

[5] "Money" has the meaning set forth in section 1-201(b)(24) of the Uniform Commercial Code as in effect from time to time in the State of New York.

interests of the Debtors, and the proceeds thereof, except the real property that is the subject of mortgages in favor of the Agent located in (i) Fort Madison, Iowa; (ii) Scott City, Kansas; (iii) Township of Lake, Michigan; and (iv) Ontonagon, Michigan; (f) any copyrights registered with the U.S. Copyright Office; (g) the Debtors' insurance policies and the proceeds thereof other than proceeds of insurance arising from a loss of property in which the Agent otherwise has perfected liens, and (h) any assets excluded from the definition of "Collateral" as defined in the Pre-Petition Loan Documents (together, each of the foregoing items (a) through (h), the "Unencumbered Assets").  The Committee submits that there is no evidentiary basis for a finding that the Agent and the Lenders have a valid, perfected lien, claim, or interest in any of the Unencumbered Assets and any inconsistent finding should be stricken from the Final Financing Order.

12. The Committee further submits that none of the Debtors' various acknowledgments, waivers, and stipulations in the Final Financing Order should have any impact on any rights, claims, defenses, offsets, or causes of action that the Committee or any of the Debtors' estates may have against any of the Lenders unrelated to the Pre-Petition Loan Documents and the Pre-Petition Obligations.

13. Finally, the Committee objects to the finding in Recital F(iii) of the Final Financing Order that: "As of the Petition Date, the Pre-Petition Obligations were fully secured pursuant to the Pre-Petition Loan Documents . . . ."  To the extent that the foregoing provision constitutes a finding that the value of the Pre-Petition Collateral equaled or exceeded the amount of the outstanding Pre-Petition Obligations as of the Petition Date, the Committee submits that there is no evidentiary basis for such finding and therefore that it should be stricken from the Final Financing Order.

14. The Committee objects to the liens and claims of the Agent and the Lenders against the Debtors or their estates to the extent inconsistent with the foregoing.

WHEREFORE, the Committee seeks a determination from the Court disallowing and clarifying the liens, claims, and interests of the Agent and the Lenders to the extent set forth herein, and granting such other and further relief to which the Committee may be entitled.

Dated: April 12, 2019

| PACHULSKI STANG ZIEHL & JONES LLP | GOOSMANN LAW FIRM, PLC |
|---|---|
| Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>E-mail: rfeinstein@pszjlaw.com<br>    bsandler@pszjlaw.com<br>-and-<br>Jeffrey N. Pomerantz, Esq.<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>E-mail: jpomerantz@pszjlaw.com | */s/ Elizabeth M. Lally*<br>Elizabeth M. Lally, Esq.<br>Jeana L. Goosmann, Esq.<br>Joel Carney, Esq.<br>The Advent Building<br>17838 Burke Street, Suite 250<br>Omaha, NE 68118<br>Telephone: (402) 280-7648<br>Facsimile: (402) 505-3967<br>E-mail: lallye@goosmannlaw.com<br>    goosmannj@goosmannlaw.com<br>    carneyj@goosmannlaw.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* |