# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | Case No. 19-80064 (TLS) |
| Debtors. | (Jointly Administered) |

## DEBTORS' MOTION FOR AN
## ORDER EXTENDING OBJECTION DEADLINES
## FOR REQUESTS FOR ADMINISTRATIVE CLAIMS

Specialty Retail Shops Holding Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state as follows in support of this motion (this "Motion"):

### Jurisdiction

1.  The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is Fed. R. Bankr. P. 9006(b).

**Background and Relief Requested**

4. On February 14, 2019, the Court entered an order (the "Claims Bar Date Order") [Docket No. 421], which established a deadline of April 1, 2019 (the "Administrative Claims Bar Date") for filing all administrative claims having accrued as of the latter date. Administrative claims arising after April 1, 2019 were not subject to the Administrative Claims Bar Date.

5. Since April 1, 2019, thirty-two applications for administrative expenses have been filed. Some of those applications were included in the *Debtors' First Omnibus Response and Objection to Requests for Allowance of Administrative Expenses* [Docket No. 1386], which was filed on May 21, 2019. Those that were not (i.e., the "Administrative Claims")[2] have varying objection deadlines and are not set on the same schedule as the requests that were included in the Debtors' omnibus objection.

6. The Debtors submit that addressing that many Administrative Claims that were filed on different dates would be unnecessarily costly and inefficient for all parties involved. Having a single objection deadline for all Administrative Claims would allow for more efficient use of the estates' and Courts' resources. Further, because some of the Administrative Claims raise the same or similar issues, having a single deadline would allow the Debtors or Reorganized Debtors, as applicable, to respond to such issues together. Lastly, given the amount of time and resources devoted to securing confirmation of their chapter 11 plan (the "Plan") in recent weeks and addressing asserted administrative claims filed prior to May 21, 2019, the Debtors or

---

[2] Those that were not listed in the Debtors' omnibus objection include Docket Nos. 1400, 1414, 1424, 1476, 1514, 1515, 1516, 1531, 1535, 1536, and 1548.

2

Reorganized Debtors, as applicable, will need additional time to reconcile the Administrative Claims.

7. For these reasons, the Debtors request that the Court reschedule the current objection deadlines for the Administrative Claims for July 31, 2019. In connection with the Debtors or Reorganized Debtors' omnibus objection, the Debtors or Reorganized Debtors will include proposed scheduling procedures to deal with the factual and legal issues in an efficient and expeditious manner.

## Notice

8. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Nebraska; (b) counsel for the official committee of unsecured creditors; (c) the agents under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the District of Nebraska; (j) holders of Administrative Claims; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

9. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other relief as the Court may deem appropriate under the circumstances.

Dated: June 12, 2019
Omaha, Nebraska

/s/ *Lauren R. Goodman*
James J. Niemeier (NE Bar No. 18838)
Michael T. Eversden (NE Bar No. 21941)
Lauren R. Goodman (NE Bar No. 24645)
**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:  (402) 341-3070
Facsimile:   (402) 341-0216
Email:        jniemeier@mcgrathnorth.com
                meversden@mcgrathnorth.com
                lgoodman@mcgrathnorth.com

- and -

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Travis M. Bayer (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200
Email:        james.sprayregen@kirkland.com
                patrick.nash@kirkland.com
                travis.bayer@kirkland.com

- and -

Steven Serajeddini (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
Email:        steven.serajeddini@kirkland.com

Co-Counsel to the Debtors