**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064 (TLS) ) |
| Debtors. | ) (Jointly Administered) ) |

**DEBTORS' MOTION FOR ENTRY
OF A SCHEDULING ORDER SETTING THE PROCEDURE
TO HEAR AND DETERMINE THE VALIDITY OF ADMINISTRATIVE CLAIMS**

Specialty Retail Shops Holding Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state as follows in support of this motion (this "Motion"):

**Jurisdiction**

1.  The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is Fed. R. Bankr. P. 9006(b).

**Background and Relief Requested**

4. On February 14, 2019, the Court entered its *Order (I) Setting a Bar Date for Filing Proofs of Claim, Including Claims Arising under Section 503(b)(9) of the Bankruptcy Code, (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests For Allowance of Administrative Expense Claims, (IV) Setting an Amended Schedules Bar Date, (V) Setting a Rejection Damages Bar Date, (VI) Setting a Premise Liability Claims Bar Date, (VII) Approving the Form of And Manner for Filing Proofs of Claim, (VIII) Approving Notice of the Bar Dates, and (IX) Granting Related Relief* (the "Claims Bar Date Order") [Docket No. 421], which established a deadline of 11:59 p.m. on April 1, 2019 (the "Administrative Claims Bar Date") for filing all administrative claims having accrued prior to that time.[2]

5. Nearly 100 administrative claims with approximately 5000 pages of documentation were filed pursuant to the Claims Bar Date Order.

6. On April 11, 2019, the Court entered its *Order Granting Motion for An Order Extending Objection Deadlines and for Setting a Uniform Objection Deadline for Requests for Administrative Claims* [Docket No. 1035] (the "Objection Deadline Order"), setting May 1, 2019

---

[2] The Debtors' counsel granted a limited number of extensions to this deadline, all of which expired on April 8, 2019. Administrative claims that were required to be filed by the Administrative Claims Bar Date set forth in the Claims Bar Date Order or by a later date per agreement with Debtors' counsel are referred to herein as the "Administrative Claims".

2

as the deadline to object to the Administrative Claims. On April 29, 2019, the Court extended that deadline to May 21, 2019 [Docket No. 1174].

7. On May 21, 2019, the Debtors filed *Debtors' First Omnibus Response and Objection to Requests for Allowance of Administrative Claims* (Docket No. 1386) (the "Claims Objection"), responding and objecting to certain of the Administrative Claims that had been filed.

8. On May 22, 2019, the Court entered its *Notice of Trial Date* [Docket No. 1389], which set a trial on the Administrative Claims and the Claims Objection for June 27, 2019.

9. Many of the Administrative Claims involve legal issues that would require little factual development in order for the Court to be able to resolve them. Moreover, these legal issues could be dispositive of a large number of the Administrative Claims. As such, the Debtors believe that the resources of the estates and of the affected parties would be best conserved, and judicial efficiency would be best served, by addressing the potentially dispositive legal issues before conducting extensive discovery to develop the factual issues relating to the Administrative Claims.

10. Therefore, the Debtors would request that the Court bifurcate the Administrative Claims and hear and decide only the following legal issues (the "Legal Issues")[3] that have been asserted in the applicable Administrative Claims at the hearing on June 27, 2019 (the "June 27 Hearing"):

| **Non-Debtor Parties Affected** | **Legal Issue** |
| --- | --- |
|  |  |

---

[3] For the avoidance of doubt, the Debtors propose addressing the Legal Issues only at the June 27 Hearing, as the Debtors believe they can be decided as a matter of law based on the facts and arguments plead in the Administrative Claims. *See In re Nortel Networks, Inc.*, 469 B.R. 478, 497 (Bankr. D. Del. 2012) ("While the Code and Rules do not explicitly analogize proofs of claim to complaints in civil actions, most courts have gone so far as to apply the federal pleading standards to proofs of claim" and, thus, courts can "apply the pleading standards under F.R. Civ. P. 12(b)(6) which requires 'sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face.'"). To the extent the Court rules against the Debtors on any of the Legal Issues or the moving parties further develop the factual record, the Debtors reserve all rights to supplement their objections to the applicable Administrative Claims with any additional factual or legal arguments.

3

| Parties listed in **Exhibit A** | Whether parties are entitled to immediate payment of allowed administrative-expense claims other than as set forth in the Confirmation Order |
|---|---|
| Landlords listed in **Exhibit B**, as applicable | Whether landlords are entitled to administrative-expense claim for stub rent |
| Landlords listed in **Exhibit B**, as applicable | Whether landlords are entitled to administrative-expense claim for prorated taxes that will not come due until after rejection of lease |
| Landlords listed in **Exhibit B**, as applicable | Whether landlords are entitled to administrative-expense claim for taxes, rent, or other charges that were due after the Debtors rejected the applicable lease |

11. In connection with the June 27 Hearing, the Debtors request that the Court set the hearing for affidavit/declaration evidence only, and the following briefing schedule.

| Date | Deadline |
|---|---|
| June 18, 2019 | Deadline by which the Debtors must file any supplement to the arguments they raised in the Claims Objection regarding the Legal Issues |
| June 21, 2019 | Deadline by the applicable parties must file replies |
| June 24, 2019 | Deadline by which parties must submit affidavit evidence (if any) |

12. The Debtors further request that, once the Legal Issues are decided, the Court hold a scheduling conference (the "Scheduling Conference") to discuss the process for resolving the remaining factual and legal issues concerning the Administrative Claims. In advance of the Scheduling Conference, the Debtors will work with the parties in interest to develop appropriate scheduling for the remaining legal and factual disputes regarding the Administrative Claims.

13. The Debtors, of course, continue to be receptive and willing to discuss and negotiate reasonable, prompt and fair resolutions of the remaining Administrative Claims with all claimants, and the scheduling requested herein will allow all parties time to pursue those settlement efforts. In addition, the Debtors submit that bifurcating these proceedings as proposed herein would

4

streamline the claims-resolution process, saving the estate administrative costs and promoting judicial economy.

11.     For these reasons, the Debtors request that the Court enter a scheduling order to determine the Administrative Claims consistent with the process proposed above.

## Notice

12.     The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Nebraska; (b) counsel to the official committee of unsecured creditors; (c) the agents under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the District of Nebraska; (j) holders' of Administrative Claims; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

13.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request: that the Court enter the Order granting the relief requested herein and such other relief as the Court may deem appropriate under the circumstances.

| | |
|---|---|
| Dated: June 13, 2019<br>Omaha, Nebraska | /s/ Michael T. Eversden<br>James J. Niemeier (NE Bar No. 18838)<br>Michael T. Eversden (NE Bar No. 21941)<br>Lauren R. Goodman (NE Bar No. 24645)<br>**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, Nebraska 68102<br>Telephone:   (402) 341-3070<br>Facsimile:    (402) 341-0216<br>Email:           jniemeier@mcgrathnorth.com<br>                     meversden@mcgrathnorth.com<br>                     lgoodman@mcgrathnorth.com<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Travis M. Bayer (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:           james.sprayregen@kirkland.com<br>                     patrick.nash@kirkland.com<br>                     travis.bayer@kirkland.com<br><br>- and -<br><br>Steven Serajeddini (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           steven.serajeddini@kirkland.com<br><br>Co-Counsel to the Debtors |

## Exhibit A

| Docket Number of Application | Claimant |
|---|---|
| 793 & 1214 | higi SH LLC |
| 794 | Flintock Capital, LLC |
| 795 | Robin Manitowoc, LLC & Bobo Manitowoc, LLC |
| 796 | Robin Menasha, LLC, RMD Menasha, LLC E&A Menasha, LLC and Genna Menasha, LLC |
| 797 | Robin Ellsworth, LLC |
| 800 | Brainstorm Products, LLC |
| 801 | SHS Building, LLC, Boise Shopko LLC, GFS Building, LLC, and Foothill Shadows, LLC |
| 802 | Elizabeth Trainor, LLC |
| 803 | Cole SH L'Anse MI, LLC |
| 812 | Vereit SH Cokato MN, LLC |
| 815 | SH Broken Bow NE, LLC |
| 817 | Vereit SH Webster City IA, LLC |
| 818 | CGP Canadian, Ltd. |
| 819 | CGP Orofino, LLC |
| 821 | Vereit SH Cherokee IA, LLC |
| 822 | CGP Seymour, LTD |
| 824 | Vereit SH Ballard UT, LLC |
| 827 | Vereit SH Nephi UT, LLC |
| 828 | ARCP SH Larned KS, LLC |
| 829 | Hanging Valley Investments, LLC |
| 831 | SFI Limited Partnership 100 |
| 832 | ARCP SH Valentine NE, LLC |
| 833 | Lund 144 Center, LLC and Wolf Building Partnership |
| 838 | 1st Avenue Self Storage, LLC |
| 841 | The Christensen Corporation |
| 842 | L&S Properties of Webster, LLC |
| 843 | L&S Properties of Redfield, LLC |
| 845 | L&S Properties of Milbank, LLC |
| 846 | Stettinger Enterprises, Ltd. |
| 847 | East Dakota Properties |
| 849 | R. Lewis & R. Lewis Brillion, Inc. |
| 852 | Shopkodell LLC |

2

| | | |
|---|---|---|
| | 854 | Thompson Associates Corp. |
| | 855 | Shopkocham LLC |
| | 863 | Cisco Systems Capital Corporation |
| | 866 | salesforce.com, inc. |
| | 876 | Woods Super Market, Inc. |
| | 880 | Waste Connections, Inc. |
| | 879 | Menard, Inc. |
| | 883 | Spectrum America Supply Chain Solutions Inc. |
| | 885 | The City of Clintonville, Wisconsin |
| | 889 | Davidson Children's Trust 1 & 2 |
| | 890 | FIDC XXIII LLC, FIDC XXX LLC, FIDC XXXVI LLC, FIDC 50 LLC |
| | 927 | Diane Mayer Survivor's Trust et al |
| | 1066 | CHL Neenah LLC |
| | 1067 | CHL Winona LLC |

## Exhibit B

| Docket Number of Application | Claimant |
|---|---|
| 718 | 2DF NO. 2, L.C. and Orbit 1, LLC |
| 735 | Richard Kelly and Colleen Kelly |
| 744 | DSL Construction and Co-Trustee of the Don Levin Trust |
| 749 | LCN SKO Omaha (Multi) LLC |
| 755 | R.A. Bogue Limited Liability Partnership, Richard L. Mau and Donna C. Mau |
| 763 | Brian Bass of Friedman Brokerage Company - WI, LLC |
| 778 | Richard Kelly and Colleen Kelly |
| 794 | Flinklock Capital, LLC |
| 795 | Robin Manitowoc, LLC and Bobo Manitowoc, LLC |
| 796 | Robin Menasha, LLC, RMD Menasha, LLC, E&A Menasha, LLC and Genna Menasha, LLC |
| 797 | JMV Development, LLC |

| | |
|---|---|
| 801 | Boise Shopko, LLC, GFS Building, LLC and Foothill Shadows, LLC |
| 802 | Elizabeth Trainor LLC |
| 803 | Cole SH L'Anse MI, LLC |
| 807 | Jubilee Family Investments, LLC |
| 808 | Pelstar Kimball, LLC |
| 811 | Realty Income Corporation |
| 812 | Vereit SH Cokato MN, LLC |
| 815 | ARCP SH Broken Bow NE, LLC |
| 816 | Haile Tekle and Hiwot Tekle |
| 817 | Vereit SH Webster City IA, LLC |
| 821 | Vereit SH Cherokee IA, LLC |
| 823 | CGSK Tulia, LTD |
| 824 | Vereit SH Ballard UT, LLC |
| 827 | Vereit SH Nephi UT, LLC |
| 828 | ARCP SH Larned KS, LLC |
| 829 | Hanging Valley Investments, LLC |
| 831 | SFI Limited Partnership 100 |
| 832 | ARCP SH Valentine NE, LLC |
| 833 | Lund 144 Center, LLC and Wolf Building Partnership |

| | |
|---|---|
| 838 | 1st Avenue Self Storage, LLC |
| 839 | Theodore A. & Evangeline Laliotis, Trustees for the Theodore A. and Evangeline Laliotis 2012 Revocable Trust |
| 841 | The Christensen Corporation |
| 842 | L&S Properties of Webster, LLC |
| 843 | L&S Properties of Redfield, LLC |
| 845 | L&S Properties of Milbank, LLC |
| 846 | Stettinger Enterprises, LTD |
| 847 | East Dakota Properties |
| 849 | R. Lewis & R. Lewis Brillion, Inc. |
| 851 | 2105 Lazelle Street LLC |
| 852 | Shopkodell LLC |
| 855 | Shopkocham LLC |
| 858 | Thompson Associates Corp. |
| 861 | St. Croix Trail, LLC |
| 864 | Patten Group Limited Partnership |
| 869 | Woods Super Markets, Inc. |
| 870 | Quincy 28 -13, LLC |
| 873 | Haar Properties LLC |

| | |
|---|---|
| 875 | Corvalis Wa, LLC |
| 876 | Woods Super Markets, Inc. |
| 879 | Menard, Inc. |
| 889 | Davidson Children's Trust 1 & 2 |
| 890 | FIDC XXIII, LLC, FIDC XXX LLC, FIDC XXXVI, FIDC 50 LLC |
| 910 | Capview Income & Value Fund IV, LP |
| 927 | Diane M. Mayer, Trustee of Diane Mayer Survivor's Trust and Trustee of Gene Mayer Marital Trust |
| 995 | SVK Capital, LLC |
| 996 and 997 | 5 G's Corporation |
| 1004 | Ron's Supermarket, Inc. |
| 1006 | Peterson Ventures LLC |
| 1066 | CHL Neenah LLC |
| 1067 | CHL Winona LLC |
| 1089 | Hanging Valley Investments, LLC |