IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>SPECIALTY RETAIL SHOPS HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Case No. 19-80064 (TLS)<br><br>Chapter 11 |

**MOTION TO ALLOW FILING OF LATE ADMINISTRATIVE
EXPENSE CLAIM OF ROYALE LINENS, INC.**

Creditor Royale Linens, Inc. ("Royale"), by its attorneys, hereby moves this Court for the allowance of its Motion and Allowance of Administrative Expense Claim (the "Motion") to the extent such claim is out of time. In support thereof, Royale respectfully states as follows:

1. This Court has jurisdiction over this matter pursuant to Sections 157(a), 1334(a) and 1334(d) of Title 28 of the United States Code. This is a "core proceeding" within the meaning of Section 157 of Title 28 of the United States Code.

2. On January 16, 2019 (the "Petition Date"), Shopko Stores Operating Co. LLC and certain of its affiliated debtors (collectively, the "Debtor") filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

3. The Debtor is continuing to operate and manage its business as a debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

-2-

4. Prior to and following, the Petition Date, Royale supplied the Debtor with linens for resale in the ordinary course of the Debtor's business.

5. On February 14, 2019, the Court entered an order setting March 18, 2019 as the deadline for the filing of Proofs of Claim and April 1, 2019 as the deadline for filing Proofs of Claim for Administrative Claims. [Dkt. No. 421].

6. Royale filed its proof of claim on February 6, 2019, which claim was assigned Claim No. 234-1 (the "Proof of Claim").

7. Contemporaneously with the filing of this motion, Royale filed its motion to allow an administrative expense in the amount of $22,999.20 for post-petition goods provided, as described in the Motion.

8. Following the Petition Date, Royale continued to supply the Debtor with linen goods for resale in the Debtor's business.

9. As set forth in more detail in Royale's Motion, Royale holds and asserts an Administrative Claim against the Debtor. Royale requests allowance such Administrative Claim to the extent such claim is out of time.

10. Royale has already filed a proof of claim. The Bar Date Order appears to provide a carve-out obviating the need of Royale to file an administrative claim request, and the Debtor has continued to pay amounts owed to Royale and has represented to Royale throughout the pendency of this bankruptcy proceeding that it intends to pay Royale's post-petition invoices. As a result of the foregoing, Royale did not file its Motion seeking allowance and payment of administrative claims by April 1, 2019, as the payments were current, and Royale believed that it was covered by its earlier proof claim being filed. However, given that the Debtor is now behind on payment, Royale filed its Motion out of an abundance of caution.

11. Additionally, the Debtor had notice of the administrative expense, as the purchase order was placed at Debtor's request, and the Debtor has been in communication with Royale regarding payments still owing. As Debtor had notice of the claim, it will suffer no harm if the administrative claim is deemed timely.

12. Further, Royale required additional time to compile and prepare its administrative expense claim due to the fact that Debtor had made some payments and continued to inform Royale that payment would be forthcoming. Royale's administrative expense claim excludes amounts for goods which have already been paid by the Debtor.

13. Accordingly, Royale moves this Court for entry of an order deeming Royale's post-petition administrative expense claim in the amount of $22,999.20 as timely and directing Debtor to remit payment for Royale's post-petition claim under section 365(d)(3) and 503(b) of the Bankruptcy Code together which such other and further relief as may be just and proper.

**RULE 9013-1 NOTICE**

14. Please take notice that pursuant to Rule 9013-1(E), any objection or resistance to this Request for Payment of Administrative Expense Claim must be filed on or before **July 3, 2019** ("Resistance Date"). If no objection or resistance is timely filed on or before the Resistance Date, then pursuant to Rule 9013(D) the Court may enter an order in favor of Royale with respect to the Motion.

Dated: June 14, 2019
Wilmington, Delaware

/s/ Michael Busenkell
Michael Busenkell (admitted pro hac vice)
Sarah Ennis (DE 5745)
**GELLERT SCALI BUSENKELL & BROWN, LLC**
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone (302) 425-5812
Facsimile (302) 425-5814
Email: mbusenkell@gsbblaw.com
sennis@gsbblaw.com

*Counsel for Royale Linens, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2019, I caused the above document to be filed with the Bankruptcy Court's CM/ECF system which gave notification electronically upon all parties who filed an appearance or requested notice by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following non-CM/ECF participants:

NONE.                                                           /s/ Michael Busenkell