## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064-TLS |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER ON DEBTORS' MOTION
## FOR ENTRY OF A SCHEDULING ORDER SETTING THE PROCEDURE
## TO HEAR AND DETERMINE THE VALIDITY OF ADMINISTRATIVE CLAIMS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) setting a schedule to hear and determine the validity of certain asserted administrative claims (the "Administrative Claims', and the holders thereof, the "Administrative Claimants") and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having reviewed the Motion; and this Court

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.    To the extent specified, the Administrative Claims set forth in **<u>Exhibit A</u>** attached hereto are no longer subject to dispute and have either been satisfied, or will be satisfied pursuant to the agreement between the parties, the *Third Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates* [Docket No. 1495] (the "<u>Plan</u>"), or the order confirming the Plan [Docket No. 1557], as applicable.

2.    The schedule set forth in the *Stipulation Between the Debtors and McKesson Corporation for an Agreed Schedule Regarding McKesson Corporation's Asserted Administrative Claims* [Docket No. 1623] is approved and adopted herein.

3.    The Administrative Claims set forth in **<u>Exhibit B</u>** shall be subject to the following schedule.

a.    **July 1, 2019**:  the deadline for creditors to meet, confer and agree on terms of unified reply/replies to Debtors' objection to the Initial Legal Issues[3] (individual creditors may opt out of unified reply).

b.    **July 15, 2019:**  the deadline for creditors to file unified reply/replies to the Initial Legal Issues (and any individual reply).

---

[3]    The Initial Legal Issues are:  (a) whether parties are entitled to immediate payment of allowed administrative-expense claims other than as set forth in the Confirmation Order; (b) whether landlords are entitled to administrative-expense claim for stub rent; (c) whether landlords are entitled to administrative-expense claim for the prorated portion of base rent or additional rent items (e.g. taxes, utilities, etc.) billed or payable post rejection but attributable to the post-petition/pre-rejection period; and (d) whether landlords are entitled to administrative-expense claims for additional rent items attributable to the prepetition period that become due or payable post rejection.

c.      **July 20, 2019:**  the deadline by which all parties must submit affidavit evidence related to the Initial Legal Issues (if any).

d.      **August 6, 2019 at 9:00 a.m. prevailing Central Time:**  hearing/trial on Initial Legal Issues (the "Initial Hearing").

e.      Fourteen days[4] after this Court makes a ruling on the Initial Legal Issues ("Initial Decision"):[5]  deadline all parties to submit supplemental briefing (if any) for factual disputes to the extent not mooted by and related to the hearing on the Initial Legal Issues and the Debtors and applicable parties are unable to reconcile amounts.

f.      Nineteen days following the Initial Decision:  deadline for all parties to submit affidavit evidence (if any) for factual disputes to the extent not mooted by and related to the hearing on the Initial Legal Issues and the Debtors and applicable parties are unable to reconcile amounts.

g.      On or around twenty-one days following the Initial Decision:  hearing/trial on landlord factual disputes to the extent not mooted by the hearing on the Initial Legal Issues and applicable parties are unable to reconcile amounts.

h.      Twenty-seven days following the Initial Decision:  deadline for creditors to file replies regarding the Remaining Legal Issues.[6]

---

[4]     If any date specified herein is not a business day, the date for performance shall be the next succeeding date that is a business day.

[5]     All of the dates and deadlines following the Initial Hearing are subject to adjustment in the discretion of this Court.

[6]     The Remaining Legal Issues include: (a) repair/maintenance obligations are not administrative; (b) goods not received are not administrative; (c) rejection damages are not administrative (cleanup costs, attorney fees, etc.); and (d) any other legal disputes other than those with McKesson Corporation.

i.  Thirty-two days following the Initial Decision:  deadline by which all parties must submit affidavit evidence (if any) regarding Remaining Legal Issues.

j.  On or around thirty-five days following the Initial Decision:  hearing/trial on the Remaining Legal Issues (the "Remaining Legal Issues Hearing").

k.  Fourteen days following the Remaining Legal Issues Hearing:  deadline for all parties to submit supplemental briefing (if any) for factual disputes to the extent not mooted by and related to the hearing on the Remaining Legal Issues and the Debtors and applicable parties are unable to reconcile amounts.

l.  Twenty-one days following the Remaining Legal Issues Hearing:  deadline to meet and confer for the applicable parties.  To the extent it is necessary to adjust scheduling, the parties shall file a supplemental schedule by this time.

m.  Twenty-eight days following the Remaining Legal Issues Hearing: deadline to submit affidavit evidence (if any) for factual disputes to the extent not mooted by and related to the hearing on the Remaining Legal Issues and the Debtors and applicable parties are unable to reconcile amounts.

n.  Thirty-five days following the Remaining Legal Issues Hearing: hearing/trial of factual disputes relating to the Remaining Legal Issues to the extent not mooted by and related to the hearing on the Remaining Legal Issues and the parties are unable to reconcile amounts.

4.  This Order shall be binding on the Administrative Claimants, the Debtors, the Reorganized Debtors, the Plan Administrator, and each of their successors and assigns.

5.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

4

6.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Omaha, Nebraska
Dated: July 3, 2019                          s/ Thomas L. Saladino
                                             THE HONORABLE THOMAS L. SALADINO
                                             UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

| Claim No(s). | Creditor | Satisfied as of 6/26 |
|---|---|---|
| 888 | Payless Shoesource, Inc. | Yes |
| 762 | East E Street Realty, LLC | No |
| 789, 1200 | Dent Enterprises | Yes |
| 790 | Danecraft, Inc. | Yes |
| 877 | Jimco Lamp & Manufacturing | Yes |
| 1026 | Tall Tree Imports, LLC | Yes |
| 1183 | Comfort Systems UA/Accu-Temp, LLC | Yes |
| 837 | Royale Linens, Inc. | Yes |
| 853 | Summit Northwest LLC | Yes |
| 787 | Resolute Tissue, LLC | Yes |
| 881 | TMI, LLC | Yes |
| 872 | Fba International USA | Yes |
| 775 | Ferrandino & Son, Inc. | Yes |
| 844, 851 | 2105 Lazelle Street LLC | Satisfied only to the extent specified in Docket No. 1598 |
| 690, 1303 | Verbatim Americas LLC | Yes |
| 792 | Readerlink Distribution Services, LLC | Yes |
| 819 | CGP Orofino, LLC | No |
| 818 | CGP Canadian, LTD | No |
| 822 | CGP Seymour, LTD | No |
| 823 | CGSK Tulia, LTD | No |

| 834 | Direct Link Sourcing, LLC | Yes |
|---|---|---|
| 781 | KRK Dubuque 847, Inc. | Yes |
| 814 | Aspirus Keweenaw Hospital | Yes |
| 882 | Upper Great Lakes Family Health Center | Yes |
| 826 | SobelWestex, Inc. | No |
| 798 | Watertown Shopping Center, Inc. | Yes |
| 863 | Cisco Systems Capital Corporation | No |
| 754 | Panacea Products Corporation | No |
| 785 | Li & Fung (Trading) Limited | No |
| 1105 | Xerox Corporation | Yes |
| 1148 | Dramm Corporation | Yes |
| 1166 | I.J.K. Limited | Yes |
| 1246 | iSTAR Jewelry, LLC | Yes |
| 1353 | Kforce, Inc. | No |
| 836 | Yusen Logistics (Americas) Inc. | No |
| 806 | ISACO International | No |

**Exhibit B**

| Claim No(s). | Creditor |
|---|---|
| 718 | 2DF NO. 2, L.C. and Orbit 1, LLC |
| 749 | LCN SKO Omaha (Multi) LLC |
| 763 | Brian Bass of Friedman Brokerage Company - WI, LLC |
| 793 | higi SH LLC |
| 802 | Elizabeth Trainor LLC |
| 801 | Boise Shopko, LLC, GFS Building, LLC and Foothill Shadows, LLC |
| 844, 851 | Column Financial Inc. (with respect to four properties subject to Overleases as specified in Docket No. 1598) |
| 850 | 3M Company |
| 852 | Shopkodell LLC |
| 861 | St. Croix Trail, LLC |
| 870 | Quincy 28 - 13, LLC |
| 995 | SVK Capital, LLC |
| 996, 997 | 5 G's Corporation |
| 1214 | High SH LLC |
| 829, 1089 | Hanging Valley Investments, LLC |
| 855 | Shopkocam LLC |
| 1006 | Peterson Ventures LLC |
| 910 | Capview Income & Value Fund IV, LP |
| 1066 | CHL Neenah LLC |
| 1067 | CHL Winona LLC |
| 1004 | Ron's Supermarket, Inc. |
| 927, 1378 | Kellogg Shopko Properties, LLC |
| 890 | FIDC XXIII, LLC, FIDC XXX LLC, FIDC XXXVI, FIDC 50 LLC |
| 857 | IREIT West Bend main, L.L.C. |
| 854, 858 | Thompson Associates Corp. |
| 778 | Richard Kelly and Colleen Kelly |
| 811 | Realty Income Corporation |
| 816 | Haile Tekle and Hiwot Tekle |
| 819 | CGP Orofino, LLC |
| 833 | Lund 144 Center, LLC and Wolf Building Partnership |
| 839 | Theodore A. & Evangeline Lilotis, Trustees for the Theodore A. and Evangeline Laliotis 2012 Revocable trust |
| 841 | The Christensen Corporation |
| 842 | L&S Properties of Webster, LLC |
| 843 | L&S Properties of Redfield, LLC |
| 845 | L&W Properties of Milbank, LLC |
| 846 | Stettinger Enterprises, LTD |

| 847 | East Dakota Properties |
| 848 | DSJ Acquisition, Inc. D/b/a/ Port Logistics Group |
| 849 | R. Lewis & R. Lewis Brillion, Inc. |
| 755 | R.A. Bogue Limited Liability Partnership, Richard L. Mau and Donna C. Mau |
| 794 | Flintlock Capital, LLC |
| 795 | Robin Manitowoc, LLC and Bobo Manitowoc, LLC |
| 796 | Robin Menasha, LLC RMD Menasha, LLC E&A Menasha, LLC and Genna Menasha, LLC |
| 823 | CGSK Tulia, LTD |
| 831 | SFI Limited Partnership 100 |
| 879 | Menard, Inc. |
| 869 | Woods Super Markets, Inc. |
| 889 | Davidson Children's Trust 1&2 |
| 878, 880 | Waste Connections, Inc. |
| 744 | DSL Construction and Co-Trustee of the Don Levin Trust |
| 797 | JMV Development, LLC |
| 803 | Cole SH L'Anse MI, LLC |
| 807 | Jubilee Family Investments, LLC |
| 808 | Pelstar Kimball, LLC |
| 812 | Vereit SH Cokato MN, LLC |
| 815 | ARCP SH Broken Bow NE, LLC |
| 817 | Vereit SH Webster City IA, LLC |
| 821 | Vereit SH Cherokee IA, LLC |
| 824 | Vereit SH Ballard UT, LLC |
| 827 | Vereit SH Nephi UT, LLC |
| 828 | ARCP SH Larned KS, LLC |
| 832 | ARCP SH Valentine NE, LLC |
| 838 | 1st Avenue Self Storage, LLC |
| 864 | The Patton Group |
| 876 | Woods Super Markets, Inc. |
| 873 | Haar Properties LLC |
| 875 | Corvalis, WA, LLC |
| 883 | Spectrum America Supply Chain Solutions, Inc. |
| 885 | City of Clintonville, Wisconsin |
| 866 | Salesforce.com, inc. |
| 783 | The Hilsinger Company a/k/a Hilco Vision |
| 1373 | Beaver Development LLC |
| 800 | Brainstorm Products, LLC |
| 797 | Robin Ellsworth, LLC |