IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: <br><br> SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*[1] | Chapter 11 <br><br> Case No. 19-80064-TLS <br><br> (Jointly Administered) |

**APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
BY KELLERMEYER BERGENSONS SERVICES, LLC
and NOTICE OF OBJECTION DEADLINE**

Kellermeyer Bergensons Services, LLC, AKA Bergensons Property Services ("KBS"), by and through its undersigned counsel, and pursuant to pursuant to 11 U.S.C. §§ 503(a), 503(a)(1)(A), and 507(a)(2), submits this application and request for payment of an administrative priority expense claim for KBS against the above captioned Debtors (the "Debtors") for reasonable and necessary expenses in the amount of $355,075.76 (the "Administrative Claim"). In support of this Application for the Administrative Claim, KBS states as follows:

1. On January 16, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nebraska.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

1

2. The Debtors have continued to operate their respective businesses and manage their affairs as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 14, 2019, the Court entered an order setting certain deadlines including, but not limited to, the deadline for filing of an application for the allowance of administrative expense claims (Doc. No. 421) (the "Order"). However, the Order noted that the administrative claims bar date does not apply to claims entitled to administrative priority that arise on or after the administrative claims bar date in the ordinary course of the Debtors' business (Doc. No. 421).

4. On or about April 26, 2018, KBS and the Debtor Shopko Stores Operating Co., LLC entered into a Master Services Agreement (the "Contract") under which KBS agreed to provide cleaning services and supplies to Shopko for payment of the consideration set forth in the Contract. A copy of the Contract is not being attached because the Contract provides that it is proprietary and to be kept confidential. Upon information and belief, the Debtor has a copy of the Contract, but a copy of it will be made available to the Debtor upon request.

5. Since the Petition Date, KBS has provided post-petition cleaning services to Shopko pursuant to the terms of the Contract. Shopko has not paid certain amounts due and owing to KBS for post-petition services provided pursuant to the terms of the Contract that became due and payable on or after April 1, 2019. At this time, KBS is currently owed the sum of $355,075.76 for post-petition services provided to Shopko.

6. The post-petition store cleaning services which KBS arranged for and provided to Shopko from and after the Petition Date allowed Shopko to continue business operations and constitute actual, necessary costs and expenses of preserving the bankruptcy estates, and these

costs and expenses are entitled to administrative priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, which is entitled to priority under Section 507(a)(2). Pursuant to the Contract, the foregoing amounts were not due and payable until April 1, 2019 or after.

7. KBS specifically reserves the right to amend or supplement this Application to include any additional post-petition amounts due and payable after April 1, 2019 pursuant to the terms of the Contract, or to submit additional requests for payment.

WHEREFORE, KBS requests this Court enter an Order granting it an administrative priority expense claim in the amount of $355,075.76 and directing the Debtors to immediately pay this amount of KBS, and for such other and further relief as this Court deems just and proper.

### NOTICE PURSUANT TO NEBRASKA BANKRUPTCY RULE 9013-1

To all parties in interest:

Pursuant to Neb. R. Bankr. P. 9013, 9014, you are hereby notified the last day to file and serve a resistance or objection to the foregoing Motion is July 24, 2019. Any objection or resistance must be in writing and must specify the factual or legal basis therefore and must be filed with the Court and served upon the undersigned on or before the date set forth above. If an objection or resistance is properly filed and served, the Court will set the matter for hearing upon affidavit evidence. If no objection or resistance is timely filed and served, the Court will consider and decide the Motion and enter an order thereon without further notice or hearing.

Dated: July 3, 2019

        Kellermeyer Bergensons Services, LLC, Creditor

By:  /s/ Martin P. Pelster
Martin P. Pelster, #19223
CROKER, HUCK, KASHER, DeWITT,
  ANDERSON & GONDERINGER, L.L.C.
2120 South 72nd Street, Suite 1200
Omaha, Nebraska 68124
(402) 391-6777
(402) 390-9221 (Fax)
mpelster@crokerlaw.com
Attorneys for Kellermeyer Bergensons Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2019, I caused the above document to be filed in the Bankruptcy Court's CM/ECF system which gave notification electronically upon all parties who filed an appearance or requested notice by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following non-CM/ECF participants:

None.

By  /s/ Martin P. Pelster
Martin P. Pelster, #19223