IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Case No. 19-80064 (TLS) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., et. al.,[1] | ) Chapter 11 |
| Debtors. | ) |

## MOTION TO DEEM ADMINISTRATIVE EXPENSE CLAIM OF GOOGLE LLC TIMELY FILED

Creditor Google LLC (**"Google"**), by its attorneys, hereby moves this Court to deem its Motion for Allowance of Administrative Expense Claim (the **"Motion"**) timely filed and in support thereof states the following:

## BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a), 1334(a) and 1334(d). This is a "core proceeding" within the meaning of 28 U.S.C. § 157.

2. On January 16, 2019 (the **"Petition Date"**), Shopco Stores Operating Co. LLC (the **"Debtor"**) and certain of its affiliates filed voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the District of Nebraska (the **"Bankruptcy Court"**).

3. As more fully described in the Motion, prior to and following the Petition Date, Google supplied the Debtor with online advertising-related services in the ordinary course of the Debtor's business.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

4.     On February 14, 2019, the Court entered an Order setting March 18, 2019 as the deadline for the filing of Proofs of Claim and April 1, 2019 (the **"Administrative Claims Bar Date"**) as the deadline for filing Administrative Claims arising between the Petition Date and April 1, 2019.

5.     Contemporaneously herewith, Google has filed the Motion, which seeks allowance and payment of an administrative expense claim in the amount of $60,544.47 (the **"Administrative Claim"**) for services that Google rendered to the Debtor post-petition, as more fully described in the Motion.  Google hereby requests that the Administrative Claim be deemed timely filed to the extent it is out of time.

6.     The Administrative Claim involves three invoices.  Two of the invoices are for services rendered during the month of February 2019, which were due Saturday, March 30, 2019, two days before the Administrative Claims Bar Date on Monday, April 1, 2019.  By the time Google detected that these invoices had not been timely paid, the Administrative Claims Bar Date had passed.

7.     The third invoice, dated March 31, 2019 and due April 30, 2019 related to services rendered during the month of March 2019.  Insofar as this invoice was not generated until the day before the Administrative Claims Bar Date and not due until well after the Administrative Claims Bar Date, Google submits that this invoice is not subject to the Administrative Claims Bar Date but has included reference to it in this Motion in an abundance of caution.

**DISCUSSION**

8.     Fed. R. Bankr. P. 9006(b)(1) provides:

> … when an act is required or allowed to be done at or within a specified time period … by order of court, the court for cause

> shown may at any time in its discretion … on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).  In assessing whether the failure to meet a deadline constitutes excusable neglect, courts will consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 389 (1993).  As Debtor is still in the process of assessing the validity of other administrative claims, it will suffer no prejudice if the Administrative Claim is deemed timely.  Between the Petition Date and the Administrative Claim Bar Date, the Debtor had been paying for Google's services in the ordinary course.  As such, as of the Administrative Claims Bar Date, the Debtor was substantially current on Google's post-Petition Date invoices and Google in good faith assumed that the Debtor would continue to pay for post-petition services in the ordinary course.  Notably, there was no "buffer" period between the Administrative Claims Bar Date and the time period to which it was intended to apply.  Google submits that, under the circumstances, Google's failure to file the Administrative Claim by the Administrative Claims Bar Date was excusable neglect.

9.    Accordingly, Google moves this Court for entry of an order deeming Google's Administrative Claim timely filed, together with such other and further relief as may be just and proper.

### RULE 9013-1 NOTICE

10.    Please take notice that pursuant to Rule 9013-1(E), any objection or resistance to this Motion to Deem Administrative Expense Claim of Google LLC Timely Filed must be filed on or before **August 1, 2019** (**"Resistance Date"**).  If no objection or resistance is timely filed

on or before the Resistance Date, then pursuant to Rule 9013(D), the Court may enter an order in favor of Google with respect to the Motion.

Dated: July 11, 2019

> */s/ Amy E. Vulpio*
> Amy E. Vulpio (admitted *pro hac vice*)
> WHITE AND WILLIAMS LLP
> 1650 Market Street, 18th Floor
> Philadelphia, PA  19103-7395
> Telephone:  (215) 864-6250
> Facsimile:   (215) 789-7550
> Email:  vulpioa@whiteandwilliams.com
>
> Counsel for Google LLC

### CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2019, I caused the above document to be filed with the Bankruptcy Court's CM/ECF system which gave notification electronically upon all parties who filed an appearance or requested notice by electronic filing in this case, and I hereby certify that I have mailed by first-class United States mail, postage prepaid, the document to the following non-CM/ECF participants:

NONE.                                                                                              */s/ Amy E. Vulpio*