IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | Case No. 19-80064-TLS |
| Debtors. | (Jointly Administered) |

**DEBTORS' REPLY TO THE OBJECTION
OF MCKESSON COPORATION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE SALE OF THE DEBTORS' MOTION FOR ENTRY OF AN
ORDER (A) ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF CERTAIN
REAL PROPERTY AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (this "Reply") in further support of the *Debtors' for Entry of an Order (A) Establishing Bidding Procedures for the Sale of Certain Real Property and (B) Granting Certain Related Relief* (the "Motion") (Doc. 1651) (the "Motion")[2] and in response to McKesson Corporation's Objection to the Motion (Doc. No. 1684)(the "McKesson Objection").

## Reply

1. The Debtors filed the Motion on July 2, 2019, seeking to establish procedures for selling by auction certain parcels of the Debtors' real estate, as more particularly described therein (the "Properties"). Only one objection[3] was received—that of McKesson Corporation (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning set forth in the Motion.

[3] Wells Fargo Bank, National Association, as administrative agent and collateral agent ("Wells Fargo") also filed their Reservation of Rights which sought the inclusion of certain language in the proposed Order that Debtors have agreed to include.

"McKesson Objection") (Doc. 1651). The McKesson Objection raised the concerns that the proposed auction process would move too quickly and that the Debtors' broker, A&G Realty Partners, LLC, has not had enough time to market the Properties appropriately.

2.      Since McKesson filed its objection, the Debtors, A&G and McKesson have conferred regarding McKesson's concerns. The result of those discussions has led the Debtors to agree to a two-week extension of the deadlines proposed in the Motion. In addition to generating additional interest in the Properties, the Debtors have already had productive negotiations with multiple bidders for some or all groups of the Properties during this two-week period. It is the Debtors' position, however, that any further delay of the sale may have the effect of chilling the sale process for the Properties and hence diminish the returns.

3.      The new proposed extended schedule is as follows:

| Action | Deadline |
|---|---|
| Bid Deadline | August 6, 2019 at 4:00 p.m. (prevailing Central Time) as the deadline by which bids for the Properties (as well as all other documentation required under the Bidding Procedures for Potential Bidders (as defined in the Bidding Procedures)) must be actually received (the "Bid Deadline"). |
| Auction | August 8, 2019 at 9:00 a.m. (prevailing Central Time) at the offices of Kirkland & Ellis LLP, located at 300 North LaSalle, Chicago, Illinois 60654, (or at any other location as the Debtors may hereafter designate on proper notice). |
| Transaction Objection Deadline | August 12, 2019 at 4:00 p.m. (prevailing Central Time) as the deadline to object to the Transaction. |
| Reply Deadline | August 15, 2019 at the time of the Transaction Hearing (prevailing Central |

|  | Time) as the deadline to reply to the Transaction Objections, either in writing or in open court at the Transaction Hearing. |
|---|---|
| Transaction Hearing | August 15, 2019 (Central Time) at 1:00 p.m. or as soon thereafter as the Court's calendar would permit. |

4. The Debtors submit this compromise will provide for a successful and value-maximizing sale process.

5. The Debtors have also discussed this compromise and proposed revised deadlines with counsel for Wells Fargo and the Official Committee of the Unsecured Creditors, both of which have indicated their consent to those modifications.

6. The Debtors submit the modified deadlines are a continued valid exercise of their business judgment. "The business judgment rule 'is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action was in the best interests of the company.'" *In re S.N.A. Nut Co.*, 186 B.R. 98, 102 (Bankr. N.D. Ill 1995) (citations omitted); *see also In re Apex Oil Co.*, 92 B.R. 847, 869 (Bankr. E.D. Mo. 1988) (holding that section 363(b) of the Bankruptcy Code is satisfied when using "sound business justifications" and, "absent a showing of bad faith, the debtors entered into the disposition of substantially all of their assets"); *In re Filene's Basement, LLC*, 11-13511 (KJC), 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) ("If a valid business justification exists, then a strong presumption follows that the agreement at issue was negotiated in good faith and is in the best interests of the estate . . . ") (citations omitted); *In re Integrated Res., Inc.*, 147 B.R. at 656 (explaining that the business judgment rule's presumption that corporate directors "acted on informed basis, in good faith and in the honest belief that action taken was in the best interests of

the company"); *In re Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("[A] presumption of reasonableness attaches to a Debtor's management decisions.").

7. Further, the Debtors submit the proposed revisions to the deadlines in the Bid Procedures will help to achieve the goals of maximization of the proceeds received by the estate. *See In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) ("The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate."); *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564–65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Integrated Res., Inc.*, 147 B.R. at 659 ("[I]t is a well-established principle of bankruptcy law that the objective of the bankruptcy rules and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate." (internal citations omitted)).

8. For these reasons, the Debtors submit that the Motion, subject to the extended deadlines stated herein, should be approved. The Debtors further request permission to submit a proposed order for the Court's consideration.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 11, 2019  /s/ *Lauren R. Goodman*
 Omaha, Nebraska  James J. Niemeier (NE Bar No. 18838)
  Michael T. Eversden (NE Bar No. 21941)
  Lauren R. Goodman (NE Bar No. 24645)
  **MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**
  First National Tower, Suite 3700
  1601 Dodge Street
  Omaha, Nebraska 68102
  Telephone: (402) 341-3070
  Facsimile: (402) 341-0216
  Email: jniemeier@mcgrathnorth.com
   meversden@mcgrathnorth.com

lgoodman@mcgrathnorth.com

- and -

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Travis M. Bayer (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
patrick.nash@kirkland.com
travis.bayer@kirkland.com

- and -

Steven Serajeddini (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors*