IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) ) ) | Case No. 19-80064-TLS |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER PURSUANT TO BANKRUPTCY RULE
9019 AND SECTIONS 105(A) AND 1142(B) OF THE BANKRUPTCY
CODE IN AID OF IMPLEMENTATION OF CONFIRMED CHAPTER 11 PLAN**

Specialty Retail Shops Holding Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. By this Motion, the Debtors respectfully seek entry of an order (the "Order"): (a) aiding in the implementation of the *Third Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates* (the "Plan")[2] approving the Settlement, including the Vendor/Landlords Release, (b) authorizing the Debtors to consummate the Settlement on a final basis pursuant to the Confirmation Order (as defined below) and/or the Order on this Motion,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning set forth in the Plan.

and (c) granting related relief. The Debtors also respectfully request leave to submit a proposed Order for the Court's consideration to grant the relief requested herein.

**Preliminary Statement**

2. On June 11, 2019, this Court entered an order confirming the Plan and approving the Settlement [Docket No. 1557] (the "Confirmation Order"). The Confirmation Order provided that it was immediately "effective and enforceable immediately upon its entry [and] the Settlement and the releases provided in connection with the Settlement and the Vendor/Landlords Release shall become effective on the Settlement Effective Date." Confirmation Order, XX.167.

3. On June 21, 2019, McKesson Corporation ("McKesson") appealed the Confirmation Order [Docket No. 1607]. McKesson stated in its *Statement of Issues on Appeal from Confirmation Order* that "McKesson neither challenges nor seeks reversal of the Sun Settlement . . . ." [Docket No. 1658], n 2. Given that the Plan is currently under appeal, Sun Capital, the Credit Agreement Primary Agent, and other parties in interest, have requested entry of an Order providing comfort that the Settlement is approved by the Court and that the Settlement Effective Date may occur, in each case notwithstanding any appeal of the Confirmation Order. The $15.5 million Settlement Amount is the core of the Settlement and key to the feasibility of the Plan. And, the Vendor/Landlords Release was and remains a key component of the Settlement that induced the Debtors' vendors and landlords to support the Plan and Settlement.

4. The Confirmation Order already provides that "[n]otwithstanding any non-occurrence of the Effective Date, upon the Settlement Effective Date, such order shall serve as a separate or independent order approving the Settlement in all respects and the releases provided in connection with the Settlement as set forth in paragraph 95 above and in Article X.A of the Plan shall be valid and binding upon the Settlement Effective Date whether or not the Effective Date

occurs." Confirmation Order, ¶ 96. As such, the Debtors merely seek to effectuate that provision through entry of a separate and independent order approving the Settlement. A separate, final order would make it beyond question that the Settlement is approved regardless of the outcome of the appeal.

5. Importantly, the Debtors, Sun Capital, and the Credit Agreement Primary Agent all support the relief requested herein in order to facilitate the Plan, the Settlement, and the releases effectuated pursuant to the Settlement, including the Vendor/Landlords Release. The Debtors have shared and continue to discuss the relief sought herein with the Creditors' Committee and McKesson. The relief requested does not prejudice any party in interest.

6. While the Confirmation Order has yet to become a Final Order as is required under the express terms of the Settlement, Sun Capital has nevertheless reaffirmed its intention to fund the Settlement immediately upon the Order on this Motion becoming a Final Order. Its willingness, however, is conditioned on the Debtors budgeting sufficient funds to satisfy the administrative severance claims of the Represented Employees and to the extent the Court authorizes the formation of a class of employees that includes the Represented Employees and those similarly situated, the entire Putative Employee Class (as such terms are defined in the Confirmation Order). These employee administrative claims are already required to be paid under the Confirmation Order when allowed and thus no separate approval for the payment of the claims is required. Sun Capital considers their payment critical and time sensitive and has so conditioned its willingness to make its $15.5 million payment prior to the Confirmation Order being final to provide the funds necessary for the Debtors to satisfy their administrative obligations to such employees to the extent their claims are allowed.

7.   Given the foregoing, there is ample authority for the Court to enter an order reaffirming the Settlement under section 1142 of the Bankruptcy Code and Bankruptcy Rule 9019.[3]

8.   For these reasons and others set forth more fully herein, the Debtors respectfully request the Court enter an Order confirming the Settlement, including the Vendor/Landlords Release, in furtherance of implementing the Plan.

### Jurisdiction and Venue

9.   The United States Bankruptcy Court for the District of Nebraska (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.   The bases for the relief requested herein are sections 105(a), 1142 of the Bankruptcy Code, Bankruptcy Rule 9019, and rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the District of Nebraska (the "Local Bankruptcy Rules").

---

[3] The Debtors reassert all applicable arguments and facts raised in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into a Settlement Agreement with Sun Capital Partners and (II) Granting Related Relief* [Docket No. 1254], *Debtors' Brief in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtors Affiliates* [Docket No. 1426], the *Debtors' Supplemental Response in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates* [Docket No. 1449], *Declaration of Adam W. Verost in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp.* [Docket No. 1421].

**Basis for Relief**

**I.   Reaffirmation of the Settlement Will Aid the implementation of the Plan.**

12.   Under section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a Debtors' assets. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (the court can "use its equitable powers to assure the orderly conduct of the reorganization").

13.   Pursuant to the Confirmation Order, the Debtors are authorized "to take any action necessary or appropriate to implement, effectuate, consummate, or further evidence the Plan in accordance with its terms and the terms hereof, or take any or all corporate actions authorized to be taken pursuant to the Plan or this Confirmation Order." Confirmation Order, ¶ 92. Moreover, section 1142(b) of the Bankruptcy Code states, in relevant part, that the "court may direct the debtor and any other necessary party . . . to perform any . . . act . . . that is necessary for the consummation of the plan." 11 U.S.C. §1142(b). Courts have recognized that "pursuant to section 1142(b), the court may issue any order necessary for the implementation of the plan," *In re Worldcom, Inc.*, 352 B.R. 369 (Bankr. S.D.N.Y. 2006) (quoting 8 *Collier on Bankruptcy* ¶ 1142.03 (Alan N. Resnick & Henry J. Sommer et al. eds., 15th ed. rev. 2006)). Accordingly, section 1142(b) "empowers the bankruptcy court to enforce the unperformed terms of a confirmed plan." *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002). *see also Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 587 n.11 (9th Cir. 1993) ("[A] bankruptcy court has

5

statutory jurisdiction under 11 U.S.C. § 1142(b) to ensure that any act necessary for the consummation of the plan is carried out and it has continuing responsibilities to satisfy itself that the plan is being properly implemented."). Pursuant to that power, courts have entered a wide variety of orders under 1142 to assist in implementation of a plan, suggesting the section's application is universal. *See*, *e.g.*, *In re Water Gap Vill.*, 99 B.R. 226, 230 (Bankr. D.N.J. 1989) (approving a sale that was authorized under the chapter 11 plan); *In re Internet Corp.*, No. 08-11859KG, 2009 WL 2868749, at *5 (Bankr. D. Del. Sept. 2, 2009) (entering an order under sections 105 and 1142 finding the "conditions to effectiveness of the Chapter 11 Plan ha[d] been satisfied"); *In re Saab Cars North America, Inc.*, No. 12-10344 (CSS) (Bankr. D. Del. Apr. 22, 2015) (approving distribution procedures to aid in the implementation of the chapter 11 plan); *In re Triangle USA Petroleum Corporation*, No. 16-11566 (MFW) (Bankr D. Del. July 20, 2018) (extending deadline for debtors to object to claims under chapter 11 plan).

14.     Bankruptcy Rule 9019 provides that after notice and a hearing, the court may approve a compromise, including one such as the Settlement at issue here. The Settlement, however, has already been approved based upon the briefing and evidence submitted in support of the multi-day Confirmation Hearing. Accordingly, the Debtors submit that no additional evidence on the merits of the Settlement is required in light of the only party appealing the Confirmation Order (McKesson) having indicated that it has no opposition to the Settlement. The findings of fact and conclusions of law the Court made in support of the entry of the Confirmation Order and Plan amply support this Motion, the entry of the Order approving it, and the prompt consummation of all aspects of the Settlement and the releases contemplated thereunder on a standalone basis and/or in aid of implementation of the Plan.

15.  Here, the Court already approved the Settlement and Vendor/Landlords Release, and the Confirmation Order and Plan already provide that the Settlement and Vendor/Landlords Release may go effective prior to and notwithstanding the effectiveness of the Plan and that the Settlement and Vendor/Landlords Release is severable from the Plan.  Confirmation Order, XX.167.  Accordingly, in furtherance of implementing the Settlement, the Vendor/Landlords Release, and Plan, entry of an Order reaffirming the Settlement and the releases provided therein, including the Vendor/Landlords Release, is appropriate and authorized under sections 105(a) and 1142(b) of the Bankruptcy Code.

## Notice

16.  The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Nebraska; (b) counsel to the official committee of unsecured creditors; (c) the agents under the Debtors' prepetition asset-based facility; (d) the agents under the proposed DIP Facility; (e) the agents under the Debtors' prepetition term loan facility; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the District of Nebraska; (j) counsel to Sun Capital; (k) counsel for McKesson; (l) counsel for Putative Employee Class; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17.  No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: July 19, 2019<br>Omaha, Nebraska | /s/ *Lauren R. Goodman*<br>James J. Niemeier (NE Bar No. 18838)<br>Michael T. Eversden (NE Bar No. 21941)<br>Lauren R. Goodman (NE Bar No. 24645)<br>**MCGRATH NORTH MULLIN & KRATZ, P.C. LLO**<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, Nebraska 68102<br>Telephone:   (402) 341-3070<br>Facsimile:    (402) 341-0216<br>Email:          jniemeier@mcgrathnorth.com<br>                    meversden@mcgrathnorth.com<br>                    lgoodman@mcgrathnorth.com |
| | - and - |
| | James H.M. Sprayregen, P.C.<br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Travis M. Bayer (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          james.sprayregen@kirkland.com<br>                    patrick.nash@kirkland.com<br>                    travis.bayer@kirkland.com |
| | - and - |
| | Steven Serajeddini (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          steven.serajeddini@kirkland.com |
| | *Co-Counsel to the Debtors* |