**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) Case No. 19-80064-TLS |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER PURSUANT TO BANKRUPTCY RULE
9019 AND SECTIONS 105(A) AND 1142(B) OF THE BANKRUPTCY
CODE IN AID OF IMPLEMENTATION OF CONFIRMED CHAPTER 11 PLAN**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) aiding in the implementation of the *Third Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and Its Debtor Affiliates* (the "Plan")[2] approving the Settlement, including the Vendor/Landlords Release (as defined below), and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' Estates, their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

[2] The Plan is attached as Exhibit A to the Confirmation Order. For purposes of this Order, capitalized terms used herein but not otherwise defined shall have the meaning set forth in the definitions attached to this Order as Exhibit 1. To the extent not defined on Exhibit 1, all such capitalized terms used but not otherwise defined shall have the meaning set forth in the Confirmation Order and/or the Plan.

creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion; and upon the representations and arguments of counsel to the Debtors, and other evidence introduced at the Confirmation Hearing[3] and the full record of the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS THAT**:

    A.    The findings of fact and conclusions of law herein constitute this Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

    B.    The Court's prior findings of fact made at the Confirmation Hearing and in the Confirmation Order with respect to the Settlement are incorporated by reference and adopted with respect to this Order. In addition to the Court's prior findings of fact with respect to the Settlement, the Court makes the following additional findings of fact related to the Settlement.

    C.    The Settlement reflects a reasonable balance between the possible success of litigation with respect to each of the settled claims and disputes, on the one hand, and the benefits of fully and finally resolving such claims and disputes and allowing the Debtors to expeditiously exit chapter 11, on the other hand.

---

[3] Confirmation Hearing is defined as the hearings conducted by the Court on May 28-29 and June 7, 2019, to consider confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code.

D. Absent the Settlement, there is a likelihood of complex and protracted litigation, with the attendant expense, inconvenience and delay that has a possibility to derail the Debtors' chapter 11 efforts.

E. Each of the parties supporting the Settlement are represented by counsel that is recognized as being knowledgeable, competent, and experienced.

F. The Settlement is the product of arm's-length bargaining and good faith negotiations between sophisticated parties, including the Settlement Parties.

G. The Settlement is fair, equitable, and reasonable and in the best interests of the Debtors, their Estates, any successor to the Debtors (including any Reorganized Debtors, plan administrator, chapter and/or chapter 7 Trustee appointed in these cases) and their respective Estates and property, creditors, and other parties in interest, will maximize the value of the Estates and is essential to the successful implementation of the Plan.

H. Sun Capital would not make the Settlement Payment absent the releases that are contained herein.

I. Sun Capital has an expectation that the funds it is paying under the Settlement will aid in the implementation of the Plan that, as more fully described in the Confirmation Order, contemplates making payments to the Debtors' employees holding Allowed Administrative Claims as well as other Allowed administrative and Secured creditors and thus has agreed to consummate the Settlement subject to the terms of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Settlement, and each component of the Settlement, is hereby approved, authorized and so-ordered in all respects pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rule 9019, and Rule 9019-1 of the Local Rules. This Order

constitutes the Court's approval of the Settlement, as well as a finding by the Court that the Settlement is in the best interests of the Debtors, their Estates, and the Holders of Claims, Interests, and Causes of Action, and is fair, equitable, and reasonable.

2. The Settlement is further reaffirmed, approved, authorized and so-ordered in all respects pursuant to sections 105, 1123 and 1142 of the Bankruptcy Code and Bankruptcy Rule 9019, and this Order constitutes the Court's separate approval of the Settlement on such basis, as well as a finding by the Court that the Settlement is in the best interests of the Debtors, their Estates, and the Holders of Claims, Interests, and Causes of Action, and is fair, equitable, and reasonable, and is in further aid of implementing the Plan

3. **Pursuant to the Settlement, upon the Amended Settlement Effective Date, (a) the Debtors and each of their respective current and former officers, directors, members, managers, principals, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity of such, shall be deemed released and discharged by each other Releasing Party from any and all Settled Claims, and (b) Sun Capital shall be deemed released and discharged by each other Releasing Party from the Settled Claims. The Settlement, including the payment of the Settlement Amount and the release of all Settled Claims, shall be in full satisfaction of all Settled Claims, regardless of whether any of the foregoing Settled Claims are identified herein or could have been asserted.**

4. For the avoidance of doubt, the scope of the Settlement and releases in favor of Sun Capital contained in this Order shall be the same as those contained in the Plan and Confirmation Order.

5. Notwithstanding any non-occurrence of the Effective Date of the Plan, upon the Amended Settlement Effective Date, this Order shall serve as a separate or independent order approving the Settlement in all respects and the releases provided in connection with the Settlement as set forth in paragraph 3 above and in Article X.A of the Plan shall be valid and binding upon the Amended Settlement Effective Date whether or not the Effective Date of the Plan occurs.

6. Other than as specifically noted in this Order, the Settlement and the release of the Settlement Parties shall be binding on all Holders of Claims and Interests including all such Holders that filed objections to the third-party release provisions by seeking to "opt-out" from being a "Released Party" or "Releasing Party" under the Plan, with all such objections being expressly overruled as to the Settlement.

7. On the Amended Settlement Effective Date, all Avoidance Actions against the Debtors' vendors and landlords shall be deemed waived, relinquished, and extinguished (other than with respect to any Holder of a Claim or Interest set forth in this Order that "opted out" of granting releases by timely objecting to the Plan's third-party release provisions) (the "Vendor/Landlords Release"), and no such Avoidance Action shall revert to the Debtors, the Reorganized Debtors, their successors, or any chapter 11 or chapter 7 trustee.

8. If the Amended Settlement Effective Date occurs, (a) the Settlement shall continue in full force and effect and shall not be null and void, and all actions to occur upon the Amended Settlement Effective Date shall continue to be approved and authorized, and (b) the Vendor/Landlord Release shall be and remain in full force and effect and shall be binding upon the Debtors and their Estates, and any successor to the Debtors (including any Reorganized Debtors, plan administrator, and/or chapter 11 or chapter 7 Trustee appointed in these cases).

9. Upon the Amended Settlement Effective Date, the *Motion of the Official Committee of Unsecured Creditors for Reconsideration of Order Granting Application to Employ Ducera Partners, LLC, as Financial Advisor to Special Committee of Independent Directors* [Docket No. 447], *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute Certain Claims on Behalf of the Bankruptcy Estates and Granting Related Relief* [Docket No. 641], *Motion for an Order Pursuant to 11 U.S.C. § 1112(b) and 11 U.S.C. § 105(a) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [Docket No. 1152], *Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1155], *Official Committee of Unsecured Creditors' (I) Objection to Certain Representations, Covenants, and Waivers In Favor of Prepetition ABL and Term Loan Agent Pursuant to Final Financing Order and (II) Objection to the Claims Asserted By the Agent and the Lenders Against the Debtors* [Docket No. 1221], and *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute Certain Lien Challenge Claims on Behalf of the Bankruptcy Estates* [Docket No. 1222] shall be deemed withdrawn with prejudice.

### *Payment of Indenture Trustee Fees and Treatment of Senior Note Claims*

10. Notwithstanding anything in the Plan to the contrary or this Order, on or as soon as reasonably practicable after the Amended Settlement Effective Date, the Debtors or Reorganized Debtors (as applicable) shall pay the Indenture Trustee in Cash up to $200,000 of any reasonable and documented Indenture Trustee Fees incurred by the Indenture Trustee without the need for the Indenture Trustee to file fee applications with the Court. The Indenture

Trustee shall not be entitled to assert any Claims for Indenture Trustee Fees against the Debtors or Reorganized Debtors in excess of $200,000, and shall waive any such Indenture Trustee Fee Claims against the Debtors or Reorganized Debtors in excess of $200,000; provided that the foregoing shall not affect or impair (i) the Claims asserted by the Indenture Trustee on behalf of the holders of the 9.25% Senior Notes due 2022 (the "Senior Note Claims") issued pursuant that certain Indenture dated March 12, 1992 (as amended, modified or supplemented) by and among Shopko Stores Operating Co., LLC, as Issuer, and the Indenture Trustee (the "Indenture"), which Claims shall be treated as Class 4 Claims to the extent Allowed, and (ii) the Indenture Trustee's right under the Indenture to exercise any lien or other priority in payment against distributions on account of the Senior Note Claims.

### *CGP Matters*

11.    CGP Canadian, Ltd., CGP Seymour, Ltd., CGSK Tulia, Ltd., CGP Orofino, LLC, CGP Comanche, Ltd., CGP Jacksboro, Ltd., CGP Cotulla, Ltd., CGP Prosser, LLC, and CGP Clifton, Ltd. (collectively, "CGP") shall not provide releases to (a) any causes of action arising out of or related to the facts (the "CGP Causes of Action") set forth in the complaint filed on May 6, 2019, at Docket No. 1 in the action entitled *CGP Canadian, Ltd. et al v. Sun Capital Partners Group, Inc., et al.*, No. 19-80602 (DMM) (S.D. Fl. 2019) (the "Complaint") currently pending in the United States District Court for the Southern District of Florida (the "Florida Litigation") as against (i) the defendants named in the Complaint and (ii) Sun Capital, provided that causes of action may be asserted against an individual only with approval of a court of competent jurisdiction after a showing of direct evidence of involvement by the individual in the facts set forth in the Complaint ((i) and (ii) collectively, the "Sun Parties") and (b) the Released Parties that are not Settlement Parties.  For the avoidance of doubt, CGP shall be deemed a

releasor and shall provide the third-party releases under Article X.A of the Plan and/or this Order to (a) any Settlement Party that is not a Sun Party, and (b) to the Sun Parties for all claims and causes of action other than the CGP Causes of Action, and the other provisions in the Confirmation Order in paragraphs 154-157 regarding CGP shall remain unmodified by this Order.

### *McKesson Matters and Approval of Stipulation Waiving All Rights to Appeal From This Order*

12. McKesson Corporation ("McKesson") shall not be a Releasing Party, except with respect to Sun Capital. Nothing contained within this Orders shall affect McKesson's right to pursue any actions against any non-Debtor entity, other than Sun Capital (the "McKesson Actions"). This Order shall not confer jurisdiction over the McKesson Actions to the Court.

13. The "Stipulation" attached hereto as Exhibit 2 regarding McKesson's waiver of all rights to appeal from this Order is approved.

### *Administrative Claim Matters*

14. For the avoidance of doubt, nothing herein shall affect the priority or status of any Administrative Claim.

### *Plan Release Opt Outs*

15. The following parties shall be deemed to have opted out of the third-party release under Article X.E of the Plan, and are not "Releasing Parties" except with respect to the Settlement Parties: Marshall Pottery [Docket No. 965]; Oracle America, Inc., successor in interest to BEA Systems, Inc., MICROS Systems, Inc., and Hyperion Systems Solutions, Inc. and Oracle Credit Corporation [Docket Nos. 978/1441]; Sobel Westex, Inc. [Docket No. 970]; and I.J.K. Limited [Docket No. 1167]; the State of Ohio, Department of Taxation, Ohio Bureau

of Workers' Compensation, and Ohio Department of Job and Family Services [Docket No. 893]; Payless ShoeSource, Inc. [Docket No. 1056]; Blackhawk Network, Inc., Blackhawk Network California, Inc., and Blackhawk Engagement Solutions, Inc. [Docket No. 1379]; and the Texas Comptroller of Public Accounts and the Texas Workforce Commission.

### *Miscellaneous*

16. Upon receipt by the Debtors, the Settlement Amount shall be: (a) paid first to the Credit Agreement Primary Agent for application against all outstanding DIP Claims, Prepetition ABL Claims, and Term Loan Secured Claims until such Claims are Satisfied in accordance with Article II.C and Article III.B of the Plan and the Confirmation Order; and (b) any portion of the Settlement Amount not paid to the Credit Agreement Primary Agent shall be reserved in a segregated account (the "Settlement Reserve").  Any funds in the Settlement Reserve shall not be used for any purpose until either (a) the Confirmation Order becomes a Final Order or (b) further order of this Court.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order including, without limitation, the Stipulation attached hereto as Exhibit 2.

21. This Order is a Final Order and the period in which an appeal must be filed will commence upon entry of this Order.

Omaha, Nebraska
Dated: __August 21__, 2019            /s/Thomas L. Saladino
                                                   THE HONORABLE THOMAS L. SALADINO
                                                   UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1
[Definitions]

Capitalized terms used in this Exhibit 1 but not otherwise defined herein shall have the meanings set forth in that certain *Order Confirming the Third Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and its Debtor Affiliates*, entered by the Court on June 11, 2019 at Docket No. 1557 in the Chapter 11 Cases (the "Confirmation Order") and/or the *Third Amended Joint Chapter 11 Plan of Specialty Retail Shops Holding Corp. and its Debtor Affiliates* ("Plan") attached to the Confirmation Order as Exhibit A.

1. "*Amended Settlement Effective Date*" means, with respect to the Settlement, the date no later than 15 days after entry of the Order approving the Motion (or the first Business Day thereafter if such 15th day is not a Business Day) that is the earliest date on which all the following events have occurred (or such other date as the Debtors, the Credit Agreement Primary Agent, the Creditors' Committee, and Sun Capital may agree): (a) this Order has become a Final Order; (b) the Debtors have received the Settlement Amount; (c) all DIP Claims, Prepetition ABL Claims, and Term Loan Secured Claims have been, or will be upon closing of the Settlement, satisfied as set forth in Article II.C and Article III.B of the Plan; and (d) the Debtors have filed a notice on the docket stating that the Settlement has become effective.

2. "*Causes of Action*" means any claims, damages, remedies, causes of action, demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, in tort, law, equity, or otherwise. Causes of Action also include: (a) all rights of setoff, counterclaim, or recoupment and claims on contracts or for breaches of duties imposed by law; (b) the right to object to or otherwise contest Claims or Interests; (c) claims pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; and (d) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code.

3. "*Claim*" means a claim, as defined in section 101(5) of the Bankruptcy Code, asserted against a Debtor.

4. "*Final Order*" means: (a) an order or judgment of the Bankruptcy Court, as entered on the docket in any Chapter 11 Case (or any related adversary proceeding or contested matter) or the docket of any other court of competent jurisdiction; or (b) an order or judgment of any other court having jurisdiction over any appeal from (or petition seeking certiorari or other review of) any order or judgment entered by the Bankruptcy Court (or any other court of competent jurisdiction, including in an appeal taken) in the Chapter 11 Case (or in any related adversary proceeding or contested matter), in each case that has not been reversed, stayed, modified, or amended, and as to which the time to appeal, or seek certiorari or move for a new trial, reargument, or rehearing has expired according to applicable law and no appeal or petition for certiorari or other proceedings for a new trial, reargument, or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been or may be timely Filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought or the new trial, reargument, or rehearing shall have been denied, resulted in no modification of such order, or has otherwise been dismissed with prejudice; *provided* that the possibility a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or the Local Bankruptcy Rules of the Bankruptcy Court, may be filed relating to such order shall not prevent such order from being a Final Order.

5. "*Released Party*" means each of the following in their capacity as such: (a) the Debtors and Reorganized Debtors; (b) the Debtors' current and former officers, directors, and managers; (c) the Credit Agreement Primary Agent; (d) the DIP Lenders; (e) the Term Loan B-1 Agent and Term Loan Lenders; (f) the Settlement Parties; and (g) each of the foregoing Entities' respective predecessors, successors and assigns, and current and former stockholders, members, limited partners, general partners, equity holders, Affiliates and its and their subsidiaries, principals, partners, parents, equity holders, members, employees, agents, officers, directors, managers, trustees, professionals, representatives, advisors, attorneys, financial advisors, accountants, investment bankers, and consultants, in each case solely in their capacity as such; *provided* that any Holder of a Claim or Interest that elects to "opt out" of granting releases by timely objecting to the Plan's third-party release provisions shall not be a "Released Party."

6. "*Releasing Party*" means, collectively, and in each case solely in its capacity as such: (a) the Debtors, the Debtors' Estates, and the Reorganized Debtors; (b) the Credit Agreement Primary Agent; (c) the DIP Lenders; (d) the Term Loan B-1 Agent and Term Loan Lenders; (e) each Holder of a Claim or Interest entitled to vote to accept or reject the Plan that (i) votes to accept the Plan or (ii) votes to reject the Plan or does not vote to accept or reject the Plan but does not affirmatively elect to "opt out" of being a Releasing Party by timely objecting to the Plan's third-party release provisions; (f) each Holder of a Claim or Interest that is Unimpaired and presumed to accept the Plan; (g) each Holder of a Claim or Interest that is deemed to reject the Plan that does not affirmatively elect to "opt out" of being a Releasing Party by timely objecting to the Plan's third-party release provisions; (h) with respect to the Settlement and releases of Sun Capital contained in Article X.A of the Plan, all Holders of Claims and Interests other than those noted in the Confirmation Order that affirmatively elected to "opt out" of being a Releasing Party with respect to Sun Capital by timely objecting to the Settlement's third-party release provisions; and (i) with respect each of the foregoing Entities described in clauses (a) through (h), such Entities' current and former affiliates, and such Entities' and such affiliates' partners, subsidiaries, predecessors, current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), members, principals, employees, agents, managed accounts or funds, advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals, together with their respective successors and assigns.

7. "*Settlement*" means the settlement of the Settled Claims pursuant to Article X.A. of the Plan and/or this Order.

8. "*Settlement Amount*" means $15,500,000 in Cash that will be contributed by Sun Capital to the Debtors on the Amended Settlement Effective Date as part of the Settlement, which amount shall be applied first to the DIP Claims, Prepetition ABL Claims, and Term Loan Secured Claims owing to the Credit Agreement Primary Agent and Lenders and then distributed in accordance with this Order.

9. "*Settled Claims*" means all Claims and Causes of Action made, or which could have been made, against the Settlement Parties in any way related to the Debtors, including, but not limited to, any Claims or Causes of Action on account of actual fraudulent transfer, constructive fraudulent transfer, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of contract, unjust enrichment, tortious interference with contract, and illegal dividends under state law.

10. "*Sun Capital*" means (a) Sun Capital Partners, Inc., Sun SKO, LLC, Sun Capital Partners IV, LP, SKO Group Holding, LLC, Sun Capital Partners Management IV, LLC, and each of their respective current and former affiliates, parents, equity holders, shareholders, stockholders, subsidiaries and co-investors, successors, assigns, equity holders, shareholders, stockholders, officers, directors, members, managers, principals, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, insurers and other professionals, each in

their capacity as such, and (b) Donald Roach, Casey Lanza, Rick Walters, T. Scott King, Christopher Metz, David Mezzanotte, Aaron Wolfe, Bruce Roberson, Clarence (Bud) Terry, Michael McConvery, and Melissa Klafter, each in their capacity as an individual in clause (a) of this definition and as an officer and/or director of the Debtor.

      11. "*Settlement Parties*" means (a) the Debtors, and each of their respective current and former officers, directors, members, managers, principals, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such and (b) Sun Capital.

**EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] ) | Case No. 19-80064-TLS |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**STIPULATION BY AND AMONG THE DEBTORS, SUN CAPITAL PARTNERS, INC., AND McKESSON CORPORATION REGARDING WAIVER OF ALL RIGHTS TO APPEAL FROM THAT CERTAIN ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND SECTIONS 105(a) AND 1142(b) OF THE BANKRUPTCY CODE IN AID OF IMPLEMENTATION OF CONFIRMED CHAPTER 11 PLAN**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this Stipulation (this "Stipulation") attached as Exhibit 2 to the Settlement Order (defined below) upon the agreement of the Debtors, Sun Capital Partners, Inc. ("Sun Capital"), and McKesson Corporation ("McKesson," and collectively with the Debtors and Sun Capital, the "Parties") and, based on the following recitals, stipulate as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592). The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

## Recitals[2]

A. On July 19, 2019, the Debtors filed that certain *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and Sections 105(a) and 1142(b) of the Bankruptcy Code in Aid of Implementation of Confirmed Chapter 11 Plan* [Dkt. No. 1730] ("Settlement Motion");

B. On August 2, 2019, McKesson filed a limited objection to the Settlement Motion styled as *McKesson Corporation's Limited Objection and Reservation of Rights to Debtors' Motion for Entry of Order in Aid of Confirmation* [Dkt. No. 1763] (the "McKesson Limited Objection");

C. On August 13, 2019, the Debtors filed a reply to the McKesson Limited Objection [Dkt. No. 1809];

D. At a hearing conducted on August 15, 2019 at 1:00 p.m. (CT) (the "Hearing"), the Court granted the Settlement Motion pursuant to the terms stated on the record, and overruled both the McKesson Limited Objection as well as all other objections raised by McKesson to the Settlement Motion at the Hearing (together with the McKesson Limited Objection, the "McKesson Objections");

E. The Parties negotiated the terms and conditions of the form of order approving the Settlement Motion styled as that certain *Order Pursuant to Bankruptcy Rule 9019 and Sections*

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning set forth in the Settlement Motion.

2

*105(a) and 1142(b) of the Bankruptcy Code in Aid of Implementation of Confirmed Chapter 11 Plan* (the "<u>Settlement Order</u>");

F. McKesson, as stated on the record at the Hearing, fully supports the Settlement with Sun Capital and the payment of the $15.5 million Settlement Amount to the Debtors' estates, and thus waives all rights to appeal from the Settlement Order; and

G. In light of the overruled McKesson Objections, the Parties have further agreed to memorialize McKesson's waiver of all rights to appeal from the Settlement Order to permit the prompt payment of the Settlement Amount.

H. NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:

**Stipulation**

1. The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2. McKesson agrees to waive any and all rights to appeal from the Settlement Order pursuant to 28 U.S.C. § 158 or otherwise, and upon Court approval of this Stipulation the Settlement Order shall be deemed a Final Order[3] as to McKesson and all other parties.

3. This Stipulation shall not be deemed to be a waiver of any of McKesson's rights in connection with its pending appeal from the Confirmation Order to the Bankruptcy Appellate Panel for the Eighth Circuit pursuant to 28 U.S.C. § 158(b) [Dkt. No. 1607].

4. This Stipulation and its terms shall be subject to the approval of the Court as set forth in the Settlement Order. Upon entry of the Settlement Order by the Court this Stipulation shall be immediately binding upon the Parties and their respective heirs, executors, successors

---

[3] As defined in the Settlement Order.

3

and assigns. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation. In the event an Settlement Order is not entered by the Court, this Stipulation shall be deemed null and void.

5. Each Party agrees to bear its own costs, expenses, and attorneys' fees incurred in connection with the negotiation and preparation of this Stipulation and to not seek reimbursement of any such costs, expenses, or attorneys' fees from the other Party.

6. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

7. This Stipulation may be executed in multiple counterparts and by facsimile or by PDF attached to an email, with each such facsimile or PDF counterpart being deemed an original and constituting one original document when combined.

IN WITNESS WHEREOF, Parties hereto, intending to be legally bound, have caused the Stipulation to be duly executed as set forth below.

Dated: August 20, 2019

*/s/ James J. Niemeier*

James J. Niemeier (NE Bar No. 18838)
Michael T. Eversden (NE Bar No. 21941)
Lauren R. Goodman (NE Bar No. 24645)
**MCGRATH NORTH MULLIN & KRATZ, P.C.**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone: (402) 341-3070
Facsimile: (402) 341-0216
Email: jniemeier@mcgrathnorth.com
meversden@mcgrathnorth.com
lgoodman@mcgrathnorth.com

Dated: August 20, 2019

*/s/ Michael J. Whaley*

Michael J. Whaley, Esq.
**CLINE WILLIAMS WRIGHT JOHNSON OLDFATHER, LLP**
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, Nebraska 68124
Telephone: (402) 397-1700
Facsimile: (402) 505-3967
Email: mwhaley@clinewilliams.com

-and-

Jeffrey K. Garfinkle, Esq.

4

-and-

James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (admitted pro hac vice)
Travis M. Bayer (admitted pro hac vice)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
patrick.nash@kirkland.com
travis.bayer@kirkland.com

*Counsel to the Debtors*

Paul K. Arrow, Esq.
**BUCHALTER, PC**
18400 Von Karmen Ave.
Irvine, CA 92612
Telephone: (949) 760-0182
Email: jgarfinkle@buchalter.com

*Counsel to McKesson Corporation*

Dated: August 20, 2019

/s/ Craig A. Wolfe

Craig A. Wolfe, Esq.
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178-0600
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
Email: craig.wolfe@morganlewis.com

*Counsel to Sun Capital Partners, Inc.*

5