**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re:<br><br>SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No.: 19-80064-TLS<br>)<br>) (Jointly Administered)<br>)<br>)<br>) |

**FINAL ORDER SUSTAINING, IN PART, PLAN ADMINISTRATOR'S
EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS
(CLAIMS TO BE RECLASSIFIED, UNLIQUIDATED CLAIMS, CLAIMS TO BE
REDUCED, CLAIMS WITHOUT SUPPORT, CLAIMS WITH NO BASIS, SATISFIED
CLAIMS, 503(B)(9) CLAIMS, DUPLICATE CLAIMS, AND LATE CLAIMS)**

This matter comes before the Court upon the *Plan Administrator's Eighth Omnibus Objection to Certain Claims (Claims to be Reclassified, Unliquidated Claims, Claims to be Reduced, Claims without Support, Claims with No Basis, Satisfied Claims, 503(b)(9) Claims, Duplicate Claims, and Late Claims)* [Docket No. 2958] (the "Objection")[2], pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 2007, and Local Rule 3007, seeking entry of an order (this "Order") disallowing and expunging, reducing, and/or reclassifying the Disputed Claims as set forth on **Exhibits 1-7**.

Pursuant to Neb. R. Bankr. P. 9013-1, the Plan Administrator provided notice ("Notice") of the deadline for claimants to respond to the Objection, which was April 1, 2025. Only Douglas County, Nebraska through its Treasurer, John W. Ewing, Jr. ("Douglas County"), filed a resistance

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

to the Objection. [Docket No. 2962] The Plan Administrator has resolved the resistance of Douglas County, agreeing to the allowance of its claim (Claim No. 2701) in the principal amount of $3,948.68. See Stipulation at Docket No. 2966. No claimant, other than Douglas County, has responded to the Objection with any formal resistance filed with this Court, though the Plan Administrator has received (and resolved) informal objections from the following claimants: (a) Keysheen Industry (Claim No. 867), which agreed to reclassify its $544,788.80 claim amount as a general unsecured claim without prejudice to a future objection by the Plan Administrator; (b) Zhejiang Multiglory Home Textiles Co. (Claim No. 961), which agreed to reclassify its $741,339.56 alleged 11 U.S.C. § 503(b)(9) claim as a general unsecured claim without prejudice to a future objection by the Plan Administrator; and (c) First Sentry Company, LLC (Claim No. 1527), which agreed to reduce its administrative claim to $4,400.00. Additionally, the Plan Administrator has agreed to adjourn the Objection to the claim of The Export-Import Bank of the Republic of China (Claim No. 2679) and the related claim of Commend (H.K. Limited) (Claim No. 540) for 30-days (until May 1, 2025).

      This Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Objection and Notice were duly served on all affected creditors; and this Court having found that the relief requested is in the best interests of the Post-Effective Date Debtors' estates, their creditors, and other parties in interest; and this Court having heard from the affected parties; and this Court having determined that the legal and factual bases establish just cause for the relief granted herein; and the only

resistance having been filed as to the Objection being resolved; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained in part to the extent set forth herein.

2. The Disputed Claims set forth on **Exhibit 1** (the "Reclassified Claims"), **Exhibit 2** (the "Unliquidated Claims"), **Exhibit 3** (the "Reduced Claims"), **Exhibit 4** (the "Unsupported Claims"), **Exhibit 5** (the "No Basis Claims"), **Exhibit 6** (the "Satisfied Claims"), and **Exhibit 7** (the "503(b)(9) Claims") (collectively, the "Disputed Claims") shall be disallowed and expunged, reduced, and or reclassified as set forth on **Exhibits 1 through 7** hereto.

3. A portion of the administrative claims of (a) Douglas County (Claim No. 2701) in the principal amount of $3,948.68 and (b) First Sentry Company, LLC (Claim No. 1527) in the amount of $4,400.00, are allowed, and the remaining portion of such administrative claims are reclassified as general unsecured claims.

4. The administrative claims of Keysheen Industry (Claim No. 867) and Zhejiang Multiglory Home Textiles Co. (Claim No. 961) are reclassified as general unsecured claims without prejudice to a future objection by the Plan Administrator;

5. The Plan Administrator is authorized to modify the Claims Register to reflect the relief granted by this Order.

6. This Order shall be binding on the applicable parties, the Post-Effective Date Debtors, and the Plan Administrator, as applicable.

7. This Order is a final order as to the administrative portion of the claims referred to in **Exhibits 1-7**.

8.  Unless explicitly set forth herein, nothing in this Order shall be deemed (i) an admission as to the validity of any claim or as an allowance of any claim; (ii) a waiver of the Post-Effective Date Debtors' or Plan Administrator's rights to dispute any claim, including the claims set forth on **Exhibits 1-7**, on any grounds, including, but not limited to, pursuant to section 502(d) of the Bankruptcy Code; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in the Objection; (v) a waiver or limitation of any of the Post-Effective Date Debtors' or Plan Administrator's rights under the Plan, the Bankruptcy Code, or applicable law; or (vi) a waiver of any other substantive objection to the claims set forth on **Exhibit 1-7**.

9.  Each claim and the objections by the Post-Effective Date Debtors thereto, as set forth on **Exhibit 1-7**, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each such claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Exhibits to the Objection or this Order.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Omaha, Nebraska
Dated: April 11, 2025


/s/ Thomas L. Saladino
THE HONORABLE THOMAS L. SALADINO
UNITED STATES BANKRUPTCY JUDGE

Case 19-80064-TLS    Doc 2969    Filed 04/11/25    Entered 04/11/25 11:51:44    Desc Main
Document    Page 5 of 15

**8th Omnibus Objection--Exhibit 1--Reclassified Claims**

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Asserted Claim Amount | | Reclassified Claim Amount | | Basis for Reclassification and Disposition |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | 2300 South 48th Street #1<br>2300 South 48th Street #1<br>Lincoln, NE 68506 | 1/29/2019 | 159 | 112 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $57,904.32<br><br><br>$65,603.16<br>$123,507.48 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br><br>$123,507.48<br>$123,507.48 | Claim seeks administrative priority for prepetition lease claim under section 507(a)(2). Prepetition claims are not entitled to administrative or other priority under the Bankruptcy Code. Administrative claim should be reclassified as a general unsecured claim. |
| 2 | Hinky Supermarkets, Inc.<br>Warner Norcross + Judd LLP<br>Stephen B. Grow<br>111 Lyon Street N.W., Suite 900<br>Grand Rapids, MI 49503 | 6/13/2019 | 2811 | 2577 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$100,000.00<br><br><br><br>$100,000.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br><br>$100,000.00<br>$100,000.00 | Claim asserted an administrative priority claim arising from an alleged indemnification obligation with respect to leased premises and in connection with a personal injury allegedly incurred on the premises. Lease was rejected, and any claim related thereto is entitled to, at best, general unsecured claim status. In addition, claim is unliquidated and insufficiently supported. In addition, claim was received after the April 1, 2019, administrative claim bar date. |
| 3 | Zhangusa Investments, LLC<br>3420 Pine Ave<br>Waco, TX 76708-3130 | 3/8/2019 | 1173 | 1064 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$940,220.00<br><br><br>$14,805.93<br>$955,025.93 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br><br>$955,025.93<br>$955,025.93 | This claim related to a lease. The attachment refers to a prepetition component of $14,805.93 for 1/1/19 to 1/15/19 and a post-petition component of $940,220 for the period 1/15/19 through 9/30/22. The latter component appears to be a lease rejection claim, which would, at best, general unsecured claim status. Moreover, based upon the Debtors' books and records, it appears that any and all legitimately administrative components were satisfied in the ordinary course of business. |
| 4 | Keysheen Industry (Shanghai) Co., Ltd<br>Brown & Joseph LLC<br>C/O Don Leviton<br>PO Box 59838<br>Schaumburg, IL 60159 | 3/6/2019 | 910 | 867 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$544,788.80<br><br><br><br>$544,788.80 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br><br>$544,788.80<br>$544,788.80 | Claim relates to goods allegedly supplied post-petition and provides invoice detail with respect to post-petition due dates. However, claim supplies no or insufficient information to determine whether goods in question were received prepetition or post-petition and/or are entitled to administrative priority. In addition, claim refers to Collection Trust Deed and thereby suggests amounts may have been satisfied by insurance. No basis per the Debtors' books and records. Administrative claim should be reclassified as a general unsecured claim. |
| 5 | Zhejiang Multi Glory Home Textiles Co., Ltd<br>Brown & Joseph, Ltd.<br>c/o Don Leviton<br>P.O. Box 59838<br>Schaumburg, IL 60159 | 3/7/2019 | 999 | 961 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br>$741,339.56<br><br>$88,821.50<br>$830,161.06 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br><br>$830,161.06<br>$830,161.06 | Claim appears to seek administrative priority under 503(b)(9) but may be seeking post-petition administrtive priority. Insufficient support to demonstrate claim is entitled 503(b)(9) priority. Specifically, while there are attachments describing certain FOB sales and invoices by due date, they fail to establish that the goods in question were all actually received by the Debtors within the 20 days prior to the petition date. The claim provides no support for a post-petition administrative claim. Administrative claim should be reclassified as a general unsecured claim. |

Exhibit 2
Unliquidated Claims to be Disallowed

8th Omnibus Objection--Exhibit 2--Unliquidated Claims

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Asserted Claim Amount | | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Claim Nature | Claim Amount | |
| 1 | AIG Property Casualty Inc. 80 Pine Street 13th Floor New York, NY 1005 | 3/6/2019 | 924 | 874 | Specialty Retail Shops Holding Corp. | Secured Admin 503(b)(9) Priority GUC Total | Unliquidated Unliquidated  Unliquidated Unliquidated | Claim is an unliquidated, protective insurance claim with respect to certain insurance coverage. No effort has been made to liquidate the claim, and the Plan Administrator is unaware of any outstanding obligations. In addition, the Plan Administrator reached a negotiated disposition with Chubb and affiliated entities regarding all claims. |
| 2 | AIG Property Casualty Inc. 80 Pine Street 13th Floor New York, NY 1005 | 3/6/2019 | 926 | 876 | Specialty Retail Shops Holding Corp. | Secured Admin 503(b)(9) Priority GUC Total | Unliquidated Unliquidated  Unliquidated Unliquidated | Claim is an unliquidated, protective insurance claim with respect to certain insurance coverage. No effort has been made to liquidate the claim, and the Plan Administrator is unaware of any outstanding obligations. In addition, the Plan Administrator reached a negotiated disposition with Chubb and affiliated entities regarding all claims. |

**8th Omnibus Objection--Exhibit 3--Claims to Be Reduced**

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Asserted Claim Amount | | Reduced Claim Amount | | Basis for Reduction and Disposition |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | ARAMARK<br>Hawley Troxell Ennis & Hawley, LLP<br>c/o Sheila R. Schwager<br>P.O. Box 1617<br>Boise, ID 83701-1617 | 12/31/2019 | 2984 | 935 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br>$12,548.54<br>$165,305.25<br>$177,853.79 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br>$3,756.44<br>$165,305.25<br>$169,016.69 | Per the Debtors' books and records, the administrative and priority components of claims 2984, 2982, and 921 were satisfied by payment of $16,460.47 via check #37989736 on 09/17/2019, leaving a total administrative claim of $3,756.44, which has been allocated to Claim No. 2984. |
| 2 | ARAMARK<br>Hawley Troxell Ennis & Hawley, LLP<br>c/o Sheila R. Schwager<br>P.O. Box 1617<br>Boise, ID 83701-1617 | 12/31/2019 | 2982 | 934 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$7,553.98<br><br><br>$4,980.36<br>$12,534.34 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$0.00<br><br><br>$4,980.36<br>$4,980.36 | Per the Debtors' books and records, the administrative and priority components of claims 2984, 2982, and 921 were satisfied by payment of $16,460.47 via check #37989736 on 09/17/2019, leaving a total administrative claim of $3,756.44, which has been allocated to Claim No. 2984 while showing the administrative component of this claim as satisfied in full. |
| 3 | ARAMARK<br>Hawley Troxell Ennis & Hawley, LLP<br>c/o Sheila R. Schwager<br>P.O. Box 1617<br>Boise, ID 83701-1617 | 3/7/2019 | 921 | 933 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$114.39<br><br><br>$342.15<br>$456.54 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$0.00<br><br><br>$342.15<br>$342.25 | Per the Debtors' books and records, the administrative and priority components of claims 2984, 2982, and 921 were satisfied by payment of $16,460.47 via check #37989736 on 09/17/2019, leaving a total administrative claim of $3,756.44, which has been allocated to Claim No. 2984 while showing the administrative component of this claim as satisfied in full. |
| 4 | City of Arcadia Wisconsin<br>203 W. Main Street<br>Arcadia, WI 54612 | 3/18/2019 | 2024 | 1833 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$1,700.23<br><br><br>$3,514.97<br>$5,215.20 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$1,534.77<br><br><br>$3,514.97<br>$4,689.74 | A paymet of $165.46 was made on 11/26/19 via check #37987402. Administrative claim should be reduced accordingly. |
| 5 | First Sentry Company, LLC<br>Dickinson Wright PLLC<br>Doron Yitzchaki<br>350 S. Main Street, Suite 300<br>Ann Arbor, MI 48104 | 5/15/2019 | 2724 | 1527 | Pamida Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$17,584.75<br><br><br>$634,956.55<br>$652,541.30 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$4,400.00<br><br><br>$634,956.55<br>$639,356.55 | Late claim. Claim filed after Apri 1, 2019, administrative claim bar date. Administrative claim should be reduced to $4,400, |

Exhibit 4
No Support Claims to be Disallowed

**8th Omnibus Objection--Exhibit 4--No Supporting Documents**

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Claim Nature | Asserted Claim Amount<br>Claim Amount | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Carrollton Municipal Utilities<br>500 S Main<br>P.O. Box 460<br>Carrollton, MO 64633 | 3/14/2019 | 1811 | 1568 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br><br>$5,696.07<br>$5,696.07 | Claimant supplies no or insufficient support to document claim; no basis per the Debtors' books and records. |
| 2 | City of Gallatin<br>112 East Grand<br>Gallatin, MO 64640 | 3/15/2019 | 1852 | 1620 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br><br>$946.49<br>$946.49 | Claimant supplies no or insufficient support to document claim; no basis per the Debtors' books and records. |

**8th Omnibus Objection--Exhibit 5--No Basis Claims**

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Claim Nature | Asserted Claim Amount<br>Claim Amount | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | INSIDE OUT INTERNATIONAL LLC<br>122 NOBLE COURT<br>GREEN BAY, WI 54311 | 2/15/2019 | 493 | 427 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br><br>$1,844,196.83<br>$1,844,196.83 | No basis per the Debtors' books and records. Pursuant to the Debtors' books and records, the claims of this significant vendor were being satisfied in the ordinary course of business. |
| 4 | Meghji, Mohsin<br>[Address Redacted] | 3/18/2019 | 2055 | 1786 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>Unliquidated<br><br>$12,850.00<br>Unliquidated<br>$12,850.00 | Claim asserts D&O indemnification claim, with any priority component allegedly arisiing within 180 dats prior to the petition date and the balance as administrative.  Claim is unliquidated and unsupported.  Any such claims against directors and officers were released under Plan X.D. & E.  No basis per the Debtors' books and records. |
| 2 | Texas Workforce Commission Regulatory Integrity Division - SAU<br>Office of the Attorney General<br>Bankruptcy – Collection Division MC 008<br>P.O. Box 12548<br>Austin, TX 78711-2548 | 5/8/2019 | 2708 | 2497 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$2,078.01<br><br><br><br>$2,078.01 | No basis per the Debtors' books and records. |

**8th Omnibus Objection--Exhibit 6--Satisfied Claims**

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Claim Nature | Asserted Claim Amount | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | CGP Canadian, Ltd.<br>c/o Capital Growth Buchalter, Inc.<br>361 Summit Blvd., Suite 110<br>Birmingham, AL 35243 | 3/18/2019 | 2016 | 520 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$2,455.36<br><br><br>$75,185.31<br>$77,640.67 | Allowed in Confirmation Order for $2,455.36. The Debtors paid $27,083 per month for three months of February, March, and April 2019 for a total of $81,249 by check numbers 72085149, 72083622 and 72084458. All administrative amounts were satisfied by the Debtors. |
| 2 | CGP Orofino, LLC<br>c/o Capital Growth Buchalter, Inc.<br>361 Summit Boulevard Suite 110<br>Birmingham, AL 35243 | 6/6/2019 | 2777 | 2553 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$21,351.77<br><br><br>$721,884.49<br>$743,236.26 | Allowed in Confirmation Order for $14,246.56. The Debtors paid $27,083 per month for three months of February, March, and April 2019 for a total of $81,249 by check numbers 72085149, 72083622 and 72084458. All administrative amounts were satisfied by the Debtors. |
| 3 | CGP Seymour, Ltd.<br>c/o Capital Growth Buchalter, Inc.<br>361 Summit Blvd., Suite 110<br>Birmingham, AL 35243 | 3/20/2019 | 2021 | 524 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$13,298.97<br><br><br>$822,064.59<br>$835,363.56 | Allowed in Confirmation Order for $13,298.97. The Debtors paid $27,083 per month for three months of February, March, and April 2019 for a total of $81,249 by check numbers 72085149, 72083622 and 72084458. All administrative amounts were satisfied by the Debtors. |
| 4 | CGSK Tulia, Ltd.<br>c/o Capital Growth Buchalter, Inc.<br>361 Summit Boulevard, Suite 110<br>Birmingham, AL 35243 | 3/18/2019 | 2003 | 521 | ShopKo Optical Manufacturing, LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$11,707.26<br><br><br>$733,090.03<br>$744,797.29 | Allowed in Confirmation Order for $11,707.26. The Debtors paid $27,083 per month for three months of February, March, and April 2019 for a total of $81,249 by check numbers 72085149, 72083622 and 72084458. All administrative amounts were satisfied by the Debtors. |
| 5 | City of New Hampton<br>112 E Spring St<br>New Hampton, IA 50659 | 3/1/2019 | 808 | 747 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br><br><br>$4,710.25<br><br>$4,710.25 | All utility payments were satisfied by 3rd-party provider Ecova. No basis per the Debtors' books and records. |
| 6 | Cocca Development Ltd<br>100 DeBartolo Place, Suite 400<br>Boardman, OH 44512 | 4/1/2019 | 2504 | 2345 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$47,375.58<br><br><br><br>$47,375.58 | All administrative obligations were satisfied by the Debtors, including but not limited to by (a) $15,828.39 paid by check #72086515 on 10/04/2019, (b) payments of $30,667.50 each for February, March, April and May 2019, and (c) $21,467.25 payment for June 2019. |
| 7 | Coteau des Prairies Hospital<br>c/o Woods, Fuller, Shultz & Smith P.C.<br>Attn: Jordan J. Feist<br>300 S. Phillips Ave., Ste. 300<br>Sioux Falls, SD 57104 | 3/14/2019 | 1673 | 1508 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$25,441.14<br><br><br>$149,984.40<br>$175,425.54 | All administrative obligations were satisfied by the Debtors, including but not limited to by the settlement with respect to certain prescription drugs entered into with McKesson Corporation, Docket No. 2556 and 2562. |

**Exhibit 6**
**Satisfied Claims to be Disallowed**

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Claim Nature | Asserted Claim Amount / Claim Amount | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 8 | Davis County Hospital<br>509 N. Madison Street<br>Bloomfield, IA 52537 | 2/20/2019 | 490 | 513 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | Unliquidated<br><br><br><br>$30,984.85<br>$30,984.85 | All administrative obligations were satisfied by the Debtors, including but not limited to by the settlement with respect to certain prescription drugs entered into with McKesson Corporation, Docket No. 2556 and 2562. In addition, claim is unliquidated and no support has been provided for any amounts owing. |
| 9 | Franchise Tax Board [CA]<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento, CA 95812-2952 | 5/24/2019 | 2750 | 665 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | Unliquidated<br>Unliquidated<br><br>Unliquidated<br>Unliquidated<br>Unliquidated | Claim is unliquidated and no support has been provided for any amounts owing. All administrative and priority obligations were satisfied by the Debtors, including but not limited to a payment of $1,520 made via wire on 04/15/2020. |
| 10 | Hilltopper Refuse & Recycling SVC, Inc.<br>3439 East Avenue South<br>c/o Phillip James Addis<br>La Crosse, WI 54601-5460 | 4/4/2022 | 3097 | 2774 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $3,573.68<br><br><br><br><br>$3,573.68 | All waste-related payments were satisfied by 3rd-party provider DRM Waste Management. No basis per the Debtors' books and records. |
| 11 | P.J. Investments, Inc.<br>c/o Peter J. Lindell<br>PO Box 12356<br>Jackson, WY 83002 | 10/30/2019 | 2955 | 2094 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $163,011.73<br><br><br><br><br>$163,011.73 | All administrative obligations were satisfied by the Debtors, including but not limited to by (a) payment of February, March, April, May, June, and July 2019 monthly rent at $25,538.25 per month and (b) payment of $62,081.60 via check #72086031 on 06/11/2019 for Real Estate taxes. |
| 12 | R.C.M. Wausau LLC<br>Pederson Houpt<br>Larry Byrne, John S. Delnero<br>161 N. Clark<br>Chicago, IL 60601 | 2/13/2019 | 413 | 391 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $833.55<br><br><br>$20,942.90<br>$21,776.45 | All administrative obligations were satisfied by the Debtors, including but not limited to (a) January 2019 pre and post petition payments of $923.92 each and (b) via a wire transfer dated 5/15/19 for $5,785.19. |
| 13 | Reliant Energy Retail Services, LLC<br>P.O. Box 1046<br>Houston, TX 77251 | 3/11/2019 | 1158 | 1079 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $3,736.25<br><br><br>$3,132.65<br>$6,868.90 | All utility payments were satisfied by 3rd-party provider Ecova. No basis per the Debtors' books and records. |

**Exhibit 6**
**Satisfied Claims to be Disallowed**

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Claim Nature | Asserted Claim Amount — Claim Amount | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 14 | Ringgold County Hospital<br>504 N Cleveland Street<br>Mount Ayr, IA 50854-2201 | 2/20/2019 | 512 | 512 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$8,120.12<br><br><br>$298,197.19<br>$306,317.31 | All administrative obligations were satisfied by the Debtors, including but not limited to by the settlement with respect to certain prescription drugs entered into with McKesson Corporation, Docket No. 2556 and 2562. |
| 15 | SHASTA COUNTY TAX COLLECTOR<br>PO BOX 99-1830<br>REDDING, CA 96099-1830 | 3/12/2019 | 1640 | 1400 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>$5,596.27<br><br><br><br>$5,596.27 | All administrative obligations were satisfied by the Debtors, including but not limited to by a payment of $5,378.01 via check # 37988656 dated 08/29/2019. |
| 16 | Sun Capital Partners Management IV, LLC<br>Morgan, Lewis & Bockius LLP<br>c/o Craig A. Wolfe and Jason R. Alderson<br>101 Park Avenue<br>New York City, NY 10178 | 3/14/2019 | 1659 | 1547 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | <br>Unliquidated<br><br><br>$1,208,829.24<br>$1,208,829.24 | All obligations to the claimant were resolved and settled in connection with the Plan and per Docket No. 1361. |

**8th Omnibus Objection--Exhibit 7--503(b)(9) Claims**

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Claim Nature | Asserted Claim Amount | Basis for Reclassification |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Claim Amount | |
| 1 | Emery Jensen Distribution, LLC<br>Carlson Dash, LLC<br>Attn: Kurt M. Carlson, Esq.<br>216 S. Jefferson Street, Suite 504<br>Chicago, IL 60661 | 3/12/2019 | 1245 | 1293 | Specialty Retail Shops Holding Corp. | Secured<br>Admin<br>503(b)(9) Priority<br>GUC<br>Total | <br><br>$116,261.89<br>$459,446.07<br>$575,707.96 | Insufficient support to demonstrate claim is entitled 503(b)(9) priority.  Specifically, while there are attachments, they fail to establish that the goods in question were actually received by the Debtors within the 20 days prior to the petition date. |
| 2 | Escudo International Corp.<br>Suit 802, 8TH Fl.<br>131 Sung Chiang Rd.<br>Taipei, Taiwan 104<br>ROC | 5/12/2020 | 3049 | 107 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9) Priority<br>GUC<br>Total | <br><br>$129,844.94<br><br>$129,844.94 | Insufficient support to demonstrate claim is entitled 503(b)(9) priority.  Specifically, while there are numerous attachments describing certain goods shipped FOB, they fail to establish that the goods in question were all actually received by the Debtors within the 20 days prior to the petition date.   In addition, the claim is late insofar as it was received after the 3/18/19 deadline for filing 503(b)(9) claims. |
| 3 | H20 Furnishings LLC, 161 Gardner Road, Brookline, MA 02445<br>Attn: Dennis Caya<br>161 Gardner Road<br>Brookline, MA 02445 | 3/18/2019 | 2337 | 1858 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9) Priority<br>GUC<br>Total | <br><br>$38,860.00<br><br>$38,860.00 | Claim appears to seek administrative priority under 503(b)(9) but may be seeking post-petition administrtive priority.  Insufficient support to demonstrate claim is entitled 503(b)(9) priority.  Specifically, while there are attachments describing certain goods shipped FOB, they fail to establish that the goods in question were all actually received by the Debtors within the 20 days prior to the petition date.  The claim provides no support for a post-petition administrative claim. |
| 4 | Lifetime Brands<br>Cole Schotz P.C<br>David M. Bass, Esq.<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019 | 3/14/2019 | 1815 | 1595 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9) Priority<br>GUC<br>Total | <br><br>$13,414.70<br><br>$62,787.90<br>$76,202.60 | Insufficient support to demonstrate claim is entitled 503(b)(9) priority.  Specifically, while there are attachments, they fail to establish that the goods in question were actually received by the Debtors within the 20 days prior to the petition date. |

Exhibit 7

503(b)(9) Claims to be Disallowed

| # | Name of Claimant | Date Claim Filed | Kroll Claim Number | Court Claim Number | Debtor Name | Claim Nature | Asserted Claim Amount | Basis for Reclassification |
|---|---|---|---|---|---|---|---|---|
| 5 | PEAG LLC dba JLab Audio<br>17950 Preston Rd #360<br>Dallas, TX 75252 | 4/19/2019 | 2646 | 2450 | ShopKo Stores Operating Co., LLC | Secured<br>Admin<br>503(b)(9) Priority<br>GUC<br>Total | <br><br>$389,843.09<br><br>$389,843.09 | Insufficient support to demonstrate claim is entitled 503(b)(9) priority. Specifically, while there are attachments, they fail to establish that the goods in question were actually received by the Debtors within the 20 days prior to the petition date. In addition, the claim is late insofar as it was received after the 3/18/19 deadline for filing 503(b)(9) claims. |